## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLAE, LLC,<br>a Delaware limited liability company,<br><br>      Plaintiff,<br><br>vs.<br><br>HERSHEY CANADA, INC.,<br>a Canadian corporation,<br><br>      Defendant. | )<br>)<br>)<br>)  C.A. No. _____<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff Solae, LLC ("Solae"), by and through its undersigned counsel, and for its Complaint against Defendant Hershey Canada, Inc. ("Hershey") states as follows:

### NATURE OF THIS ACTION

1.     This is a civil action for declaratory relief, for breach of contract, and for associated relief. Plaintiff Solae seeks a determination of the parties' respective rights and obligations arising from the sale of two lots of lecithin manufactured by Solae for Hershey's use at its facility in Smith Falls, Ontario, Canada. Defendant Hershey has demanded of Solae full payment, irrespective of contract limitations, arising from Hershey's use of one lot of Solae lecithin allegedly contaminated with *Salmonella* and the alleged consequences of that use. Hershey has also wrongfully terminated its contract

of purchase and refused to pay for a second lot of lecithin manufactured and supplied at Hershey's request.

## PARTIES

2.      Plaintiff Solae is a Delaware limited liability company with its principal place of business in St. Louis, Missouri.

3.      Defendant Hershey is a Canadian corporation with its principal place of business in Mississauga, Ontario.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this dispute arises in whole or in part under the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), to which both the United States and Canada are parties and signatories.  This dispute thus presents federal questions within this Court's jurisdiction.

5.      This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), in that this dispute is between a citizen of a state and a citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.      This Court has personal jurisdiction over Hershey, as Hershey, among other things, agreed to a forum selection clause which governs the transactions at issue and which provides that courts of Delaware shall have exclusive jurisdiction over this dispute.

## FACTS

8.      Solae produces soy lecithin, a combination of phospholipids naturally occurring in soybeans that can be used in its natural state or refined for use in a variety of finished consumer goods.  Food manufacturers and producers, such as Hershey, purchase lecithin for use as an emulsifier.

9.      On or about June 21, 2006, in accordance with an established sales relationship, Hershey submitted an order to Solae for the purchase of a specific quantity of soy lecithin ("Lot 1").  A page of this order purports to contain terms and conditions. These purported terms and conditions specify that the Hershey order "is not a firm offer . . . ."

10.     On or about June 22, 2006, Solae transmitted an order confirmation to Hershey, acknowledging receipt of the Hershey order for Lot 1 ("Lot 1 Order Confirmation").  The Solae Lot 1 Order Confirmation contains conditions of sale, setting forth the terms that would govern the transaction ("Conditions of Sale").

11.     The Conditions of Sale specify that they "contain[ ] all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder." Conditions of Sale, ¶ 18.

12.     The Conditions of Sale prescribe conditions whereby its terms might be rejected or accepted.   They provide: "Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such

notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof." Conditions of Sale, ¶ 18.

13.     Solae received no such "writing to the contrary."

14.     The Conditions of Sale specify, and limit, Solae's liability in the event of a breach or defect. Among other terms, they provide: "Buyer's exclusive and sole remedy for any claim shall be a refund of the amount of the purchase price paid for the product in respect of which damages are claimed, and in no event shall seller's liability for any claim be greater than that amount." Conditions of Sale, ¶ 4.

15.     Solae processed Hershey's order of Lot 1. On or about June 27, 2006, Solae shipped Lot 1 from its facility in Gibson City, Illinois, to a Hershey facility in Smith Falls, Ontario.

16.     Included with Solae's shipment of Lot 1 was an invoice, again containing the Conditions of Sale.

17.     Hershey accepted the shipment of Lot 1 and rendered payment in full, and without objection to or rejection of the Conditions of Sale.

18.     On or about October 17, 2006, Hershey submitted an order to Solae for purchase of a second lot soy lecithin ("Lot 2").

19.     On or about October 18, 2006, Solae transmitted an order confirmation to Hershey, acknowledging receipt of the Hershey order for Lot 2 ("Lot 2 Order Confirmation"). The Lot 2 Order Confirmation contained the Conditions of Sale.

20.     The purchase price of Lot 1 and Lot 2 combined totals in excess of $75,000.

4

21.    On or about November 13, 2006, Solae received word from Hershey that *Salmonella* had been discovered at Hershey's Smith Falls facility, resulting in shutdown of production and a product recall. Hershey asserted that the Lot 1 lecithin acquired from Solae was the source of the *Salmonella*, and that Hershey would "hold Solae responsible for all losses suffered as a result of this incident."

22.    On or about December 8, 2006, Hershey notified Solae that it was terminating the Lot 2 order and would neither accept delivery nor pay for the goods already manufactured.

23.    From December 2006 through February 2007, Solae made further attempts to gain Hershey's acceptance of the Lot 2 lecithin manufactured specifically for Hershey, to no avail.

## COUNT I

### DECLARATORY JUDGMENT

**[Liability Regarding Lot 1 Under the United Nations Convention on Contracts for the International Sale of Goods ("CISG")]**

24.    Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

25.    Solae seeks a judicial determination that the transaction between the parties for Lot 1 is governed by the Conditions of Sale, which, by their terms, limit any Solae liability for amounts claimed by Hershey to no more than the purchase price paid for Lot 1.

26.    An actual and justiciable controversy exists between the parties concerning the parties' respective rights and obligations with respect to damages and

costs claimed by Hershey. Hershey seeks to "hold Solae responsible for all losses suffered as a result of this incident." Solae disputes Hershey's legal right to do so. Issuance of the relief requested will resolve this existing controversy.

27.    The CISG applies, with exceptions not material here, to contracts for sale of goods between parties whose places of business are in different states that are parties to the CISG. For purposes of the CISG countries are "states." Both the United States and Canada are participating "state" signatories to the Convention.

28.    The CISG governs formation of the contract between Solae and Hershey and the rights and obligations of Solae and Hershey arising there under. The CISG provides the governing body of law for transactions it governs.

29.    By the CISG's terms, the Lot 1 Order Confirmation and Conditions of Sale constitute the parties' agreement governing this transaction.

30.    Under the Conditions of Sale, Hershey's recovery for any claimed damages is limited to "a refund of the amount of the purchase price paid for the product in respect of which damages are claimed."

31.    Solae is entitled to a declaration that under governing law, Solae is required to pay no more than the purchase price of Lot 1 if found liable for Hershey's damages and costs.

## COUNT II

### DECLARATORY JUDGMENT
### [Liability Regarding Lot 1 Under Delaware Law]

32.    Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

33.    By way of alternative pleading, Solae states that, should the CISG not apply in whole or part, Delaware law applies pursuant to the parties' agreement, as set forth in the Conditions of Sale that govern the Lot 1 transaction.

34.    Solae seeks a judicial determination that under Delaware law the Lot 1 transaction between the parties is governed by the Conditions of Sale which, by their terms, limit any Solae liability for amounts claimed by Hershey to no more than the purchase price paid for Lot 1.

35.    An actual and justiciable controversy exists between the parties concerning the parties' respective rights and obligations with respect to the damages and costs claimed by Hershey.  Hershey seeks to "hold Solae responsible for all losses suffered as a result of this incident."  Solae disputes Hershey's legal right to do so. Issuance of the relief requested will resolve this existing controversy.

36.    The Lot 1 Order Confirmation and Conditions of Sale constitute the parties' agreement governing this transaction.

37.    Under the Conditions of Sale, Hershey's recovery for any claimed damages is limited to "a refund of the amount of the purchase price paid for the product in respect of which damages are claimed."

38.    Solae is entitled to a declaration that under governing law, Solae is required to pay no more than the purchase price of Lot 1 if found liable for Hershey's damages and costs.

## COUNT III

### DECLARATORY JUDGMENT

**[Liability Regarding Lot 2 Under the United Nations Convention on Contracts for the International Sale of Goods]**

39.     Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

40.     Solae seeks a judicial determination that the transaction between the parties for Lot 2 is governed by the Lot 2 Order Confirmation and Conditions of Sale which, under the CISG, contain the terms and conditions that govern the Lot 2 transaction.

41.     An actual and justiciable controversy exists between the parties as Hershey violated the CISG by failing to pay the price for the Lot 2 goods it ordered on the date fixed by and determinable from the contracts of purchase without the need for request by Solae.

42.     By the CISG's terms, the Lot 2 Order Confirmation and Conditions of Sale constitute the parties' agreement governing this transaction.

43.     Solae is entitled to a declaration that under CISG law the Lot 2 Order Confirmation and Conditions of Sale constitute the parties' agreement governing this transaction.

<u>COUNT IV</u>

**DECLARATORY JUDGMENT**
**[Liability Regarding Lot 2 Under Delaware Law]**

44.    Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

45.    By way of alternative pleading, Solae states that, should the CISG not apply in whole or part, Delaware law applies pursuant to the parties' agreement, as set forth in the Conditions of Sale that govern the Lot 2 transaction.

46.    An actual and justiciable controversy exists between the parties regarding the terms and conditions that govern the Lot 2 transaction.

47.    The Lot 2 Order Confirmation and Conditions of Sale constitute the parties' agreement governing this transaction.

48.    Solae is entitled to a declaration that under Delaware law that the Lot 2 Order Confirmation and Conditions of Sale constitute the parties' agreement governing this transaction.

<u>COUNT V</u>

**BREACH OF CONTRACT**
**[Liability Regarding Lot 2 Under the United Nations Convention on Contracts for the International Sale of Goods]**

49.    Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

50.    Hershey agreed to purchase Lot 2.

51.    Hershey breached the Conditions of Sale by wrongfully terminating the contract of purchase and refusing to pay for Lot 2.

9

52.     Hershey violated the CISG by failing to pay the price for the goods it ordered per the terms of the contract of purchase.

53.     Hershey violated the CISG by failing to pay the price for the goods it ordered on the date fixed by and determinable from the contracts of purchase without the need for request by Solae.

54.     As a direct and proximate cause of Hershey's wrongful termination and breach regarding Lot 2, Solae has been damaged through the loss of business and profit.

55.     Under governing law, Hershey's wrongful termination and refusal to pay for Lot 2 order entitles Solae to damages in an amount to be determined at trial.

## COUNT VI

### BREACH OF CONTRACT
### [Liability Regarding Lot 2 Under Delaware Law]

56.     Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

57.     Hershey violated Delaware law by failing to pay the price for the goods it ordered per the terms of the contract of purchase.

58.     Hershey violated Delaware law by failing to pay the price for the goods it ordered on the date fixed by and determinable from the contracts of purchase without the need for request by Solae.

59.     As a direct and proximate cause of Hershey's wrongful termination and breach regarding Lot 2, Solae has been damaged through the loss of business and profit.

10

60.    Under Delaware law, Hershey's wrongful termination and refusal to pay for Lot 2 order entitles Solae to damages in an amount to be determined at trial.

## **RELIEF**

WHEREFORE, Solae respectfully prays for relief as follows:

a.    That the Court declare that the terms and conditions contained in the Conditions of Sale are the terms and conditions that govern the parties' transactions for both Lot 1 and Lot 2;

b.    That the Court declare that amounts to be paid by Solae to Hershey in connection with Lot 1, if any, are limited to no more than the purchase price paid by Hershey;

c.    That the Court find Hershey to have breached its agreement with Solae in declining to pay Solae for Lot 2;

d.    That Solae be awarded its reasonable attorneys' fees and costs as appropriate;

e.    That the Court grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Solae demands a trial by jury on all issues so triable.

Respectfully submitted,

March 9, 2007

P. Clarkson Collins, Jr. (I.D. No. 739)
Katherine J Neikirk (I.D. No. 4124)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899
(302) 888-6800
(302) 571-1750 (fax)
pcollins@morrisjames.com
kneikirk@morrisjames.com

Scott L. Winkelman
Monica M. Welt
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2595
(202) 264-2500

Attorneys for Plaintiff Solae, LLC

1538369

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

SOLAE, LLC

**DEFENDANTS**

HERSHEY CANADA, INC.

**(b)** County Of Residence Of First Listed Plaintiff   New Castle County, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County Of Residence Of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address And Telephone Number)
P. Clarkson Collins, Jr. (#739)
Katherine J. Neikirk (#4129)
Morris  James LLP
500 Delaware Avenue, P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800

Attorneys (If Known)

## II.  BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES    (Place An 'X' In One Box For Plaintiff And One Box For Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT    (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Property Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury Med. Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities– Employment
- ☐ 445 Amer. w/Disabilities– Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl Ret Inc Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS     Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 420 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of I Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V.  ORIGIN    (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from State Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION    (Cite The U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. § 1331; 28 U.S.C. § 1332

Brief description of cause:   Declaratory Judgment, Breach of Contract

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY    (See instructions)

JUDGE _____    DOCKET NUMBER _____

DATE
MARCH 9, 2007

SIGNATURE OF ATTORNEY OF RECORD   *(#4129)*

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 7 - 1 4 0

# ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____5_____ COPIES OF AO FORM 85.

_____3/9/07_____

(Date forms issued)

_____

(Signature of Party or their Representative)

_____Kevin Reinbold_____

(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action