IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SOLAE, LLC,
a Delaware limited liability company,   )
                                        )
                                        )
            Plaintiff,                   )
                                        )
vs.                                     )        C.A. No. 07-140-JJF
                                        )
HERSHEY CANADA INC.,                    )
an Ontario, Canada corporation,         )
                                        )
            Defendant.                   )
_____ )

## OPENING BRIEF OF HERSHEY CANADA INC.
## IN SUPPORT OF ITS MOTION TO DISMISS

OF COUNSEL:

Craig S. Primis, P.C.
John R. Phillips
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

Dated: April 18, 2007

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...........................................................................................ii

STATEMENT OF THE NATURE AND STAGE OF PROCEEDING.................................1

STATEMENT OF FACTS ..............................................................................................1

SUMMARY OF ARGUMENT .......................................................................................2

ARGUMENT ................................................................................................................2

I.     THE COURT SHOULD EXERCISE ITS EQUITABLE DISCRETION TO
       DISMISS SOLAE'S ABUSIVE DECLARATORY JUDGMENT ACTION. ............4

       A.     This Court Has Discretion To Dismiss A Declaratory Judgment
              Action.......................................................................................................4

       B.     Solae's Bad Faith And Forum Shopping Warrant Dismissal. ...................5

II.    SOLAE'S CAUSE OF ACTION HAS NO CONNECTION TO DELAWARE
       AND SHOULD BE DISMISSED ON *FORUM NON CONVENIENS*
       GROUNDS. ................................................................................................9

       A.     The Courts Of Ontario Provide An Adequate Alternative Forum...............10

       B.     The "Private Interest" Factors Weigh Strongly In Favor Of Dismissal...........11

       C.     The "Public Interest" Factors Also Counsel Strongly In Favor Of
              Dismissal..................................................................................................14

III.   A DELAWARE COURT HAS NO PERSONAL JURISDICTION OVER
       HERSHEY CANADA. ................................................................................17

CONCLUSION..............................................................................................20

# TABLE OF AUTHORITIES

## CASES

*AmSouth Bank v. Dale,*
  386 F.3d 763 (6th Cir. 2004) ................................................................ 5, 7

*At Home Corp. v. Cox Commc'ns, Inc., No. Civ. A. 02-1486-JJF,*
  2003 WL. 22350925 (D Del. Oct. 8, 2003) ............................................. 15

*Banco Nominees Ltd v. Iroquois Brands, Ltd.,*
  748 F. Supp. 1070 (D. Del. 1990) .................................................... 15, 17

*Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.,*
  295 F. Supp. 2d 400 (D. Del. 2002) ............................................... *passim*

*Brillhart v. Excess Insurance Co. of America,*
  316 U.S. 491 (1942) .......................................................................... 4, 9

*Chateau des Charmes Wines Ltd. v. Sabate USA, Inc.,*
  328 F.3d 528 (9th Cir. 2003) ................................................................ 18

*Consolidated Rail Corp. v. Grand Trunk Western Railroad Co.,*
  592 F. Supp. 562 (E.D. Pa. 1984) ................................................... *passim*

*Continental Cas. Co. v. American Home Assurance Co.,*
  61 F. Supp. 2d 128 (D. Del. 1999) .................................................. 11, 14

*Dahl v. United Technologies Corp.,*
  472 F. Supp. 696 (D. Del. 1979), *aff'd,* 632 F.2d 1027 (3d Cir. 1980) .................. 14

*Dahl v. United Techs. Corp.,*
  632 F.2d 1027 (3d Cir. 1980) ..................................................... 10, 11, 15

*Drugstore-Direct, Inc. v. Cartier Division of Richemont North America, Inc.,*
  350 F. Supp. 2d 620 (E.D. Pa. 2004) ................................................... 5, 8

*EEOC v. University of Pennsylvania,*
  850 F.2d 969 (3d Cir. 1988) ................................................................ 3, 5

*FMC Corp. v. AMVAC Chemical Corp.,*
  379 F. Supp. 2d 733 (E.D. Pa. 2005) ....................................................... 8

*Great American Insurance Co. v. Houston General Insurance Co.,*
  735 F. Supp. 581 (S.D.N.Y. 1990) ........................................................ 5, 7

ii

*Gulf Oil Corp. v. Gilbert,*
    330 U.S. 501 (1947).................................................................................11, 15

*HPF, LLC v. Nu Skin Enterprises, Inc., No. Civ. A. 99-CV-1505,*
    1999 WL. 782573 (E.D. Pa. Sept. 28, 1999) ...............................................7

*Hanson PLC v. Metro-Goldwyn-Mayer Inc.,*
    932 F. Supp. 104 (S.D.N.Y. 1996) ...............................................................8

*Howe v. Goldcorp Investments, Ltd.,*
    946 F.2d 944 (1st Cir. 1991)........................................................................10

*Jones Pharma, Inc. v. KV Pharm. Co., No. Civ. A. 03-786 JJF,*
    2004 WL. 323109 (D. Del. Feb. 17, 2004)..................................................11

*Lacey v. Cessna Aircraft Co.,*
    862 F.2d 38 (3d Cir. 1988)...........................................................................15

*Naghiu v. Inter-Continental Hotels Group, Inc.,*
    165 F.R.D. 413 (D. Del. 1996) .....................................................................16

*One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.,*
    987 F. Supp. 317 (D. N.J. 1997) ..................................................................8

*Piper Aircraft Co. v. Reyno,*
    454 U.S. 235 (1981).................................................................................11, 13

*Plum Tree, Inc. v. Stockment,*
    488 F.2d 754 (3d Cir. 1973).........................................................................14

*Shane v. JCB Belgium N.V.,*
    2003 WL. 22597736 (Ont. S. Ct. J. Nov. 14, 2003) ...................................16

*Shell Oil Co. v. Frusetta,*
    290 F.2d 689 (9th Cir. 1961) ........................................................................7

*Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.,*
    127 S. Ct. 1184 (2007) .................................................................................17

*SportsMEDIA Tech. Corp. v. Upchurch,*
    839 F. Supp. 8 (D. Del. 1993)......................................................................14

*Stratos Lightwave, Inc. v. E20 Commc'ns, Inc., No. Civ. A. 01-309-JJF,*
    2002 WL. 500920 (D. Del. Mar. 26, 2002) ................................................11

*Van Cauwenberghe v. Biard,*
    486 U.S. 517 (1988)........................................................................................15

*Wilderman v. Cooper & Scully, P.C.,*
    428 F.3d 474 (3d Cir. 2005)............................................................................5

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995)......................................................................................4, 9

**Statutes**

10 <u>Del. C.</u> § 3104(c)........................................................................................17

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2)..........................................................2

Ont. R. Civ. P. 17.02......................................................................................10

iv

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

Plaintiff Solae, LLC ("Solae") has filed an action for declaratory judgment seeking a determination of its rights and obligations under its contract with defendant Hershey Canada Inc. ("Hershey Canada"). Hershey Canada seeks to dismiss this action on the grounds that this litigation belongs in Ontario, Canada.

## STATEMENT OF FACTS

On September 29, 2006, Solae delivered 40,000 pounds of soy lecithin tainted with Salmonella from its plant in Gibson City, Illinois to a third-party warehouse in Smiths Falls, Ontario. (Kuehl Decl. ¶¶ 13, 15; Nugent Decl. ¶ 5.) This soy lecithin was subsequently sent to Hershey Canada's production facility in Smiths Falls for use in its manufacturing of chocolate products. (Kuehl Decl. ¶ 15.) Solae's delivery was made pursuant to a contractual relationship between Solae and Hershey Canada, under which Hershey Canada had agreed to purchase soy lecithin from Solae during the year 2006. (*Id.* ¶ 5.)

Through routine testing, Hershey Canada discovered the presence of Salmonella in chocolate manufactured at the Smiths Falls facility in October 2006. A subsequent investigation traced the Salmonella to the September 29, 2006 delivery from Solae. (Nugent Decl. ¶¶ 3, 5.) As a result of the contamination, Hershey Canada was forced to shut down its Smiths Falls plant from the time of discovery through December 2006 and initiate a massive nationwide recall of Hershey products in Canada. Hershey Canada officials worked closely with the Canadian Food Inspection Agency ("CFIA") and the Office of Food Safety and Recall ("OFSR") to clean the facility, quarantine contaminated materials and recall 2 million units of chocolate product that had already been distributed throughout Canada. (*Id.* ¶¶ 6-10, 12-15.)

Hershey Canada contacted Solae in November 2006 to make clear that it would hold Solae responsible for all damages incurred as a result of the contamination but that it wished to pursue settlement negotiations in order to resolve the issue amicably. (Angele Decl. ¶ 5.) Solae retained legal counsel, and the parties executed a written agreement for the express purpose of commencing settlement negotiations. (*Id.* ¶¶ 12-16.) These negotiations proceeded for more than three months and were scheduled to culminate in a meeting on March 8, 2007. (*Id.* ¶ 19.) On the evening of March 7, 2007, however, Solae's counsel left two voicemail messages for Hershey Canada requesting a postponement of the meeting due to a purported inability to contact either Solae's insurer or a key settlement decisionmaker. (*Id.* ¶ 20-21.) Without any further communication to Hershey Canada, Solae filed this Complaint on March 9, 2007. (*Id.* ¶ 24.)

## SUMMARY OF ARGUMENT

1. The Court should exercise its equitable discretion to dismiss Solae's declaratory judgment action because it was motivated by bad faith and forum shopping.

2. The Court should dismiss this case on *forum non conveniens* grounds because it has no connection to the state of Delaware and a comparable case is already pending in the proper forum of Ontario, Canada.

3. The Court should dismiss this action under Federal Rule of Civil Procedure 12(b)(2) because it has no personal jurisdiction over Hershey Canada.

## ARGUMENT

This case poses the question whether Solae can avoid judgment in Canada — where its misconduct endangered the public health and caused Hershey Canada millions of dollars in damages — by filing a declaratory judgment action in this District, which has absolutely

2

no connection to the underlying dispute. The obvious answer to this question is "no," and this action should be dismissed, for three independent reasons.

*First*, Solae forfeited the right to invoke this Court's equitable jurisdiction to hear a declaratory judgment action when, in the midst of pre-litigation settlement talks, it filed an anticipatory action in this Court while Hershey in good faith held off on filing its own action in Ontario. Courts have made clear time and again that such abusive tactics will not be tolerated, and that the federal courts' equitable jurisdiction may not be invoked where putative defendants file anticipatory declaratory judgment actions in bad faith during settlement negotiations in order to deprive the real plaintiff-in-interest of its forum. *See, e.g., EEOC v. Univ. of Penn*, 850 F.2d 969, 976 (3d Cir. 1988); *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, 592 F. Supp. 562, 568 (E.D. Pa. 1984). The same result is proper here.

*Second*, this case is a hornbook candidate for dismissal on grounds of *forum non conveniens*. Indeed, this case has no connection whatsoever to Delaware: none of the events transpired here, none of the witnesses or documents are here, none of the facilities are here, and neither party has its principal place of business here. The contaminated soy lecithin that Solae sold to Hershey Canada never passed through Delaware, and no one involved in the purchase or sale of that product is located in Delaware. Instead, this case should proceed in Ontario, Canada, where Hershey Canada has filed its own lawsuit, and where virtually all of the underlying events took place. *See Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 411 (D. Del. 2002).

*Third*, on top of all the other problems with Solae's filing, this Court also lacks personal jurisdiction over Hershey Canada — a corporation organized under the federal laws of Canada with no employees or operations in this State. Solae's sole basis for asserting personal jurisdiction in this forum is the reverse side of a form invoice that Solae uses, which contains a Delaware forum-selection clause. Even if that boilerplate form to which Hershey

3

Canada never assented were enough to confer personal jurisdiction (and it plainly is not), Solae did not send those reverse-side terms to Hershey Canada prior to, or at the time of, delivery of the contaminated shipment of soy lecithin at issue in this case.

For these reasons and the reasons set forth below, Hershey Canada respectfully requests that this Court dismiss this action with prejudice in favor of Hershey Canada's lawsuit currently pending in the Superior Court of Justice in Ontario, Canada.

## I.    THE COURT SHOULD EXERCISE ITS EQUITABLE DISCRETION TO DISMISS SOLAE'S ABUSIVE DECLARATORY JUDGMENT ACTION.

Solae's declaratory judgment action — filed in the midst of ongoing settlement negotiations to secure a more favorable forum for Solae — is an abuse of the Declaratory Judgment Act and should be dismissed. The United States Supreme Court made clear more than six decades ago that a federal district court has the discretion to decline jurisdiction over a declaratory judgment action. *Brillhart v Excess Ins. Co. of Am*, 316 U.S. 491, 495 (1942); *Wilton v Seven Falls Co*, 515 U.S. 277, 290 (1995) (reaffirming *Brillhart*). And district courts routinely exercise that discretion where, as here, a plaintiff uses the declaratory judgment device to short-circuit pre-litigation settlement talks and to deprive the true plaintiff-in-interest of its forum. In these circumstances, a plaintiff is not entitled to invoke the court's equitable jurisdiction, and the declaratory judgment action should be dismissed. That is all the more so here, where the chosen forum has no connection at all to the underlying dispute but was selected solely to avoid the forum where the cause of action accrued.

### A.    This Court Has Discretion To Dismiss A Declaratory Judgment Action.

As the Supreme Court has stated, "'there is ... nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action.'" *Wilton v. Seven Falls Co*, 515 U.S. 277, 287 (1995) (quoting E. Borchard, *Declaratory Judgments*, at 313 (2d ed. 1941)). Rather, "[i]n the declaratory judgment context, the normal

4

principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.*

These considerations of "wise judicial administration" require dismissal where, as in this case, the defendant-in-fact has filed a declaratory judgment action in anticipation of being sued to gain a procedural advantage and deprive the actual plaintiff of its choice of forum. *See, e.g., Consol Rail Corp. v. Grand Trunk W. R.R. Co.,* 592 F. Supp. 562, 568 (E.D. Pa. 1984); *Drugstore-Direct, Inc. v. Cartier Div. of Richemont N. Am., Inc.,* 350 F. Supp. 2d 620, 623-24 (E.D. Pa. 2004); *Great Am. Ins. Co. v. Houston Gen. Ins. Co.,* 735 F. Supp. 581, 586 (S.D.N.Y. 1990). As the Third Circuit has written, the manipulative use of a declaratory judgment action for "forum shopping subverts the policies of the Declaratory Judgment Act." *Wilderman v. Cooper & Scully, P.C.,* 428 F.3d 474, 476 n.1 (3d Cir. 2005); *see also AmSouth Bank v. Dale,* 386 F.3d 763, 788 (6th Cir. 2004) ("Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum."). Indeed, even where the declaratory plaintiff files its action before the injured party and the injured party brings suit in another federal court, the Third Circuit has made clear that "[b]ad faith and forum shopping have always been regarded as proper bases for" not entertaining the earlier-filed action. *EEOC v. Univ. of Penn,* 850 F.2d 969, 976 (3d Cir. 1988) (internal citations omitted).

**B.    Solae's Bad Faith And Forum Shopping Warrant Dismissal.**

The circumstances surrounding the filing of Solae's anticipatory filing in this Court leave no doubt that it is the result of both "bad faith and forum shopping." *See EEOC,* 850 F.2d at 976. When Solae filed suit against Hershey Canada, the parties had been negotiating a settlement for more than three months. (*See* Angele Decl. ¶¶ 5-20.) Hershey Canada had informed Solae that it would "hold Solae responsible for all losses suffered as a result of" its

5

contaminated shipment, and the parties had entered into a written confidentiality agreement for the express purpose of "attempting to resolve liability and damages issues currently in dispute." (Nov. 13, 2006 Ltr. from B. Snyder to C. Levitt (Ex. B to Angele Decl.); Dec. 19, 2006 Agreement (Ex. G to Angele Decl.))  As made clear by the parties' confidentiality agreement, both parties understood that there would be "litigation related to the matters in dispute" if settlement negotiations failed. (*See* Dec. 19, 2006 Agreement (Ex. G to Angele Decl.); Angele Decl. ¶¶ 12-14.)  In light of the impending litigation, Solae had retained the co-chair of Crowell & Moring's tort practice to communicate with Hershey Canada in settlement discussions, (*id* ¶¶ 9-10, 16-22), and had repeatedly given Hershey Canada assurances that it intended to resolve the parties' dispute amicably, without resort to litigation, (*id.* ¶¶ 18-19).  Relying on these assurances, Hershey Canada opened its books to Solae for the ostensible purpose of allowing Solae to substantiate its damages in the preparation of a settlement offer and had delayed bringing suit against Solae in its preferred forum of Ontario, Canada. (*Id.* ¶¶ 15-17.)

Settlement discussions were to culminate at a March 8, 2007 meeting in Hershey, Pennsylvania.  Solae assured Hershey that its representatives would present Solae's response to Hershey's settlement demands at that meeting and would have settlement authority. (*Id.* ¶ 19.)  At 8 p.m. on the eve of the March 8, 2007 meeting, however, Solae's outside counsel, Scott Winkelman, left two voicemail messages for Hershey, stating that he had "learned that an insurance meeting with [Solae's] insurer that was supposed to set up [the March 8] meeting with [Hershey] did not happen as planned" and that he had been unable to speak with a particular "decision maker." (Transcription of March 7, 2007 voicemail to B. Snyder (Ex. J to Angele Decl.).)  Accordingly, Mr. Winkelman said, Solae needed "to ***postpone*** tomorrow's meeting." (*Id.* (emphasis added).)

6

As it turns out, Solae had not decided to "postpone" the meeting at all, and it did not cancel the meeting for logistical reasons. Instead, while Hershey Canada awaited Solae's response, Solae rushed to this Court to file its Complaint without so much as notice to Hershey, seeking a declaratory judgment related to the very same matters on which Hershey Canada had threatened to bring suit. Hershey Canada filed its suit in Ontario, Canada the next business day. (*Id.* ¶ 24.)

The obvious purpose of Solae's pretextual "postponement" of the March 8, 2007 settlement conference was to use the declaratory judgment device in an effort to deprive Hershey Canada, the injured party and plaintiff in fact, of its choice of forum. This constitutes blatant "misuse" of the Declaratory Judgment Act, requiring dismissal of Solae's action. *Consol. Rail*, 592 F. Supp. at 568. As courts have long recognized, "[i]t is not the purpose of the Declaratory Judgment Act to encourage a race to the courthouse for the purpose of transferring litigation to the federal courts from [foreign] courts." *Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961); *see also Great Am.*, 735 F. Supp. at 586 ("The Declaratory Judgment Act was not meant to countenance ... procedural manipulation of forums and actions."). Accordingly, a pre-emptive declaratory judgment action like the one filed by Solae has "no real value ... except to guarantee to the declaratory plaintiff her choice of forum — a guarantee that cannot be given consonant with the policy underlying the Declaratory Judgment Act." *AmSouth Bank*, 386 F.3d at 788.

Indeed, as numerous courts have recognized, if a putative defendant were able to subvert a plaintiff's choice of forum simply by rushing to get a declaratory judgment action on file, as Solae has tried to do here, no plaintiff would ever attempt to resolve its dispute amicably, without first filing a lawsuit. *See, e.g., HPF, LLC v. Nu Skin Enters., Inc.*, No. Civ. A. 99-CV-1505, 1999 WL 782573, at *3 (E.D. Pa. Sept. 28, 1999) ("The [Declaratory Judgment] Act should not be applied to encourage would-be ... plaintiffs to file suit rather

7

than resolve their disputes amicably by providing the incentive of forum choice to file suit quickly.") (citation omitted); *Hanson PLC v. Metro-Goldwyn-Mayer Inc.*, 932 F. Supp. 104, 107 (S.D.N.Y. 1996). Solae should not be permitted to subvert the policies of the Declaratory Judgment Act in this manner.

Not surprisingly, the courts in this Circuit have declined time and again to entertain declaratory judgment actions, like the one filed by Solae, that are preemptively filed to gain a procedural advantage in the midst of active settlement negotiations. *Consol. Rail*, 592 F. Supp. at 568.[1] Indeed, in *Consolidated Rail*, the Eastern District of Pennsylvania dismissed a declaratory judgment action in circumstances almost identical to those in this case. Like Hershey Canada, the true plaintiff in *Consolidated Rail* had engaged in settlement negotiations with the putative defendant, making clear that it would pursue relief in court if the parties were not able to settle their differences amicably. *Id.* at 565. And, like Solae here, the would-be defendant assured the plaintiff that it would be prepared to settle at the parties' next meeting. *Id.* Instead of attending the meeting, however, the defendant "headed for the courthouse" to file a declaratory judgment action. *Id.* at 568. Just as in this case, in the place of a settlement offer, "the next communication received by the [would-be plaintiff] ... was a copy of the present complaint ...." *Id.* at 565. Like Hershey Canada, the plaintiff-in-fact in *Consolidated Rail* filed an affirmative action in another venue the next day, and moved to dismiss the declaratory judgment action. As in this case, it argued that the "the only reason [the putative defendant's] complaint was first filed was due to its having misled [the plaintiff] into believing it was engaging in good faith settlement discussions." *Id.* at 568. The court agreed and granted the motion, explaining that, "in light of [the putative defendant's]

---

[1]    *See also FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 743-44 (E.D. Pa. 2005); *Drugstore-Direct*, 350 F. Supp. 2d at 623; *One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 328 (D. N.J. 1997).

8

unseemly conduct in winning the race to the courthouse when the [plaintiff] did not even know there was a race, allowing this action to proceed would condone a misuse of the Declaratory Judgment Act." *Id.* The same conclusion is required in this case.

For these reasons — and because "the questions in controversy between the parties to [this] suit ... can better be settled in the proceeding pending in" Canada, *see Wilton*, 515 U.S. at 282 (quoting *Brillhart*, 316 U.S. at 495), where almost all of the conduct underlying this dispute occurred and where critical evidence is located — the Court should exercise its discretion to dismiss Solae's declaratory judgment action.

## II.     SOLAE'S CAUSE OF ACTION HAS NO CONNECTION TO DELAWARE AND SHOULD BE DISMISSED ON *FORUM NON CONVENIENS* GROUNDS.

Even setting aside Solae's gamesmanship in bringing its action in Delaware, the Court should dismiss this action on *forum non conveniens* grounds. Solae's declaratory judgment is a stranger to this forum and has no business proceeding here. The contract at issue was breached in Ontario, Hershey Canada suffered damages in Ontario, and Solae's breach threatened the public health of Canadian citizens in Ontario and throughout Canada. None of the relevant conduct occurred in Delaware, none of the documents or witnesses are located in Delaware, and there is no indication that Delaware is a convenient forum for anyone involved in this dispute. Maintaining this forum would serve only to burden Hershey Canada and deprive it of the proper forum in Ontario, while at the same time draining Delaware's resources for a matter of no interest to the people of Delaware. It would also require this Court to resolve the parties' dispute without access to critical witnesses or the ability to view important physical evidence located in Ontario. This is a hornbook example of a case ripe for dismissal under the doctrine of *forum non conveniens.*

The doctrine of *forum non conveniens* "permits a court to decline jurisdiction even though venue and jurisdiction are proper, on the theory that for the convenience of the litigants and the witnesses, the action should be tried in another judicial forum." *Dahl v*

9

*United Techs Corp*, 632 F.2d 1027, 1029 (3d Cir. 1980). As this Court has recognized, "dismissal will be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc*, 295 F. Supp. 2d 400, 411 (D. Del. 2002). This test is easily satisfied here.

Indeed, this case is almost on all fours with *Bell Helicopter*, where this Court dismissed a case against Canadian defendants on *forum non conveniens* grounds. As in *Bell Helicopter*, "[t]here is an adequate, alternative forum, Ontario, Canada, that has jurisdiction over the dispute and the parties," and "Canada has an interest in the decision of this controversy, whereas Delaware does not." 295 F. Supp. 2d at 412. Hershey Canada respectfully submits that the same result should apply here.

A.    **The Courts Of Ontario Provide An Adequate Alternative Forum.**

The initial question in any *forum non conveniens* analysis is whether an appropriate alternative forum exists. *Bell Helicopter*, 295 F. Supp. 2d at 411. An alternative forum exists for purposes of satisfying the threshold issue in a *forum non conveniens* analysis "when the defendant is 'amenable to process' in the other jurisdiction." *Id.* It cannot be disputed that this factor is satisfied here. For its part, Hershey Canada is a Canadian corporation with its principal place of business in Ontario. In addition, Solae is amenable to process in Ontario under Rule 17.02 of the Ontario Rules of Civil Procedure as a result of the breach of contract that occurred in Ontario, the Canadian tort claim that arose in Ontario, and the damage caused to Hershey Canada in Ontario. And Solae has already been served with process in the Canadian action. (Angele Decl. ¶ 25.) Thus, an appropriate alternative forum exists in Ontario with respect to both parties. *See Howe v. Goldcorp Invs., Ltd*, 946 F.2d 944, 951-52

10

(1st Cir. 1991) (holding Canada to be an appropriate alternative forum and finding that "Canada will not deprive the plaintiff of relevant legal advantages").

**B.      The "Private Interest" Factors Weigh Strongly In Favor Of Dismissal.**

Once it is established that an adequate alternative forum exists, the district court then must weigh both the "private interests affecting the convenience of the litigants" and "public interests affecting the convenience of the chosen forum." *Bell Helicopter*, 295 F. Supp. 2d at 411. Relevant private interest factors include:

> "the relative ease of access to sources or proof; availability of compulsory process for attendance of the unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Dahl*, 632 F.2d at 1030 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Analysis of these various factors confirms that it makes eminent sense for this case to proceed in Ontario while at the same time revealing the lack of any reason for it to go forward in Delaware.

As an initial matter, it bears emphasis that Solae has not chosen its home forum by filing suit in Delaware. Although a plaintiff's choice of forum is entitled to some deference, less deference is warranted when the plaintiff has not chosen its home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981). And, as this Court has noted, "home turf" is a corporation's principal place of business, not its state of incorporation. *See Jones Pharma, Inc. v. KV Pharm. Co.*, No. Civ. A. 03-786-JJF, 2004 WL 323109, at *2 (D. Del. Feb. 17, 2004); *Stratos Lightwave, Inc. v. E20 Commc'ns, Inc.*, No. Civ. A. 01-309-JJF, 2002 WL 500920, at *2 (D. Del. Mar. 26, 2002). Because the plaintiff in this case "has not chosen its home turf or a forum where the alleged wrongful activity occurred," it is entitled to less of a presumption that an alternate forum would be inconvenient. *Cont'l Cas. Co. v. Am. Home Assur. Co.*, 61 F.Supp.2d 128, 131 (D. Del. 1999).

11

In contrast, the practical inconveniences of maintaining this litigation in Delaware are significant. Because none of the relevant conduct occurred in Delaware, none of the sources of proof — documents, witnesses, or physical evidence — will be easily accessible here for either party. In contrast, the vast majority of documents, witnesses and physical evidence are in Ontario. For example:

- Hershey Canada is a company incorporated under the federal laws of Canada, with its corporate headquarters in Mississauga, Ontario. Hershey Canada does no business in Delaware. (Angele Decl. ¶ 2.)

- Solae's principal place of business is in St. Louis, Missouri. Solae has no facilities or operations in Delaware. (*Id.* ¶ 28.)

- The Quantity Contract governing the relationship between Hershey Canada and Solae for the year 2006 was negotiated in email communications between Kimberly McLucas of Hershey's Commodities Department in Hershey, Pennsylvania and Solae account manager Laurie Cradick in Wisconsin. Neither of the individuals who negotiated the Quantity Contract is based in Delaware. (Kuehl Decl. ¶¶ 5-6.)

- The purchase order giving rise to this litigation, PO# 4500257993, was transmitted by James Kuehl of Hershey Canada in Ontario to Laura Titus, a Solae customer service representative working either in St. Louis or Chicago (but not Delaware), who generated the corresponding order confirmation. (Kuehl Decl. ¶¶ 9-11.)

- The raw material used by Solae in its production of the contaminated lots was imported from Brazil to Chicago and then sent to Solae's plant in Gibson City, Illinois for further processing. The product in question never passed through Delaware. (Kuehl Decl. ¶¶ 13-14.)

- Solae shipped its soy lecithin from the Gibson City, Illinois plant to Wills Warehouse in Smiths Falls, Ontario, a warehouse operated by a third party contractor, Wills Transfer. Wills Transfer employee Keith Chapman received the shipment and accompanying shipping documents for the order at issue in this case. (Kuehl Decl. ¶¶ 13, 15.)

- As a result of Solae's conduct, Hershey Canada was forced to shut down its Smiths Falls factory, quarantine and undergo extensive cleaning of its equipment and inventory in Smiths Falls, and temporarily lay off nearly all of its Smiths Falls employees. (Nugent Decl. ¶¶ 5, 9.)

- Also as a result of Solae's conduct, Hershey Canada voluntarily recalled over 2 million units of product distributed throughout Canada and issued a press release explaining to the Canadian public the basis for the recall and the actions Hershey

12

had taken to protect the Canadian public. Hershey Canada's recall had no impact on the citizens of Delaware. (Nugent Decl. ¶¶ 8, 12.)

- At present, Hershey Canada is holding 4500 pallets—118 truckloads—of quarantined and recalled materials at a warehouse near Toronto. Pursuant to Solae's request, Hershey Canada has not yet begun destruction of these materials. (Nugent Decl. ¶ 16.)

- Representatives of the Canadian Food Inspection Agency ("CFIA"), which is based in Ottawa, Ontario and is responsible for enforcement of the Canadian *Food and Drug Regulations*, have been heavily involved in the investigation and recall efforts and communicated with Hershey Canada on a daily basis beginning November 9, 2006. (Nugent Decl. ¶¶ 6-15.)

- Representatives of the Office of Food Safety and Recall ("OFSR"), a division of Health Canada (the Canadian equivalent to the U.S. Department of Health) and based in Ottawa, Ontario, were also heavily involved in the investigation and recall efforts from November to December 2006. (Nugent Decl. ¶¶ 6-8.)

These extensive Canadian contacts and the complete absence of any Delaware contacts confirm that a "trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience'" of proceeding in Delaware. *Bell Helicopter*, 295 F. Supp. 2d at 411 (quoting *Piper Aircraft*, 454 U.S. at 241).

A trial in Canada would also provide the Court and jury with access to evidence and witnesses that would be unavailable in Delaware. Most important, a Canadian court could secure the availability of nonparty witnesses, such as the numerous CFIA and OFSR officials who confirmed that the contamination originated with Solae and who participated in the recall. Also beyond this Court's subpoena power will be James Kuehl, the Hershey Canada employee who ordered and later received the tainted product from Solae. As of April 27, 2007, Mr. Kuehl will be a former employee no longer subject to Hershey Canada's control. (Kuehl Decl. ¶ 19.) Similarly, the key witness regarding the arrival of the tainted soy lecithin at Wills Warehouse in Smiths Falls — Keith Chapman — is the employee of a nonparty independent contractor in Canada, (*see* Kuehl Decl. ¶ 15), and beyond this Court's subpoena power. As a result, Hershey Canada would not be able to compel the attendance of any of

13

these third-party, Canadian witnesses to a trial in Delaware. *See, e g , Dahl v. United Techs Corp* , 472 F. Supp. 696, 700 (D. Del. 1979), *aff'd*, 632 F.2d 1027 (3d Cir. 1980).

In addition, it is highly likely that a jury would benefit from a visit to Hershey Canada's Smiths Falls manufacturing facility, where the contamination occurred, and the Wills Warehouse, where the product was received, in order to assess fault and damages. A jury could also benefit from a visit to the Toronto warehouse where the recalled materials are currently being held. Again, however, such a site visit could happen only if this case is litigated in Canada. *Bell Helicopter*, 295 F. Supp. 2d at 412 ("A view of the premises of USCAN and Cannon may be helpful, but can only happen in Canada.").

Finally, the forum selection clause in Solae's form should not affect the Court's analysis. Indeed, with respect to the contaminated order of soy lecithin, Hershey Canada did not even receive the reverse-side terms of Solae's form order confirmation prior to, or at the time of, the delivery of the shipment. (Kuehl Decl. ¶ 11.) Solae's transmittal of the order confirmation on June 23, 2006 was a one-sided one-page fax. (*Id.*) But even if Hershey had received Solae's form, and even if the Court were to determine that Solae's form somehow contained the terms of the parties' agreement, a forum selection clause would not be sufficient to outweigh the other convenience factors, which point overwhelmingly to Ontario. *See, e g , SportsMEDIA Tech. Corp v Upchurch*, 839 F. Supp. 8, 10 (D. Del. 1993); *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 758 (3d Cir. 1973); *Cont'l*, 61 F. Supp. 2d at 133. For purposes of this analysis, therefore, Solae's forum selection clause is not dispositive or even particularly informative.

C. **The "Public Interest" Factors Also Counsel Strongly In Favor Of Dismissal.**

The next step of the *forum non conveniens* analysis is to evaluate the "public interests affecting the convenience of the chosen forum." *Bell Helicopter*, 295 F. Supp. 2d at 411. Important public interest factors include:

14

administrative difficulties flowing from court congestion; local interest in having localized controversies decided at home; avoidance of unnecessary problems in conflict of laws, or in application of foreign law; unfairness of burdening citizens with jury duty in an unrelated forum; and interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action.

*Id* (citing *Gulf Oil*, 330 U.S. at 509). Once again, these factors point strongly away from Delaware and towards Ontario, Canada, where the citizens have a significant interest in having their courts police matters that affect the public health and impact employees of local companies like Hershey Canada.

The Third Circuit has made clear that an evaluation of the public interest factors in a *forum non conveniens* analysis requires consideration of "the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988)). Here, the "locus of alleged culpable conduct" cannot even be described as a disputed issue; there is simply no connection to Delaware. As this Court and many others have recognized, there is value in local controversies being litigated in their local courts. *See Bell Helicopter*, 295 F. Supp. 2d at 412; *At Home Corp. v. Cox Commc'ns, Inc.*, No. Civ. A. 02-1486-JJF, 2003 WL 22350925, at *2 (D. Del. Oct. 8, 2003). Where the forum at issue has no local interest in the matter, it is a waste of judicial resources and an imposition on the citizens of the forum (particularly those burdened with jury duty) to allow litigation to proceed there. *See, e.g., Dahl*, 632 F.2d at 1032 ("We therefore conclude that the commitment of Delaware judicial time and resources to this case is not justified by any nexus Delaware has with what is essentially a Norwegian case."). The fact that Solae is a Delaware LLC is insufficient under the circumstances to establish a local interest in the controversy that warrants maintaining this forum. *See id.* (affirming district court's dismissal where only connection to Delaware was defendant's incorporation there); *see also Banco Nominees Ltd. v. Iroquois Brands, Ltd.*, 748 F. Supp.

15

1070, 1077 (D. Del. 1990) (granting motion to dismiss where defendant was a Delaware corporation).

Although courts have recognized the value of litigating a case in a forum that is "at home with the law that must govern the action," *Bell Helicopter*, 295 F. Supp. 2d at 411, Solae does not even rely on Delaware substantive law for resolution of this case, pleading instead under the United Nations Convention on Contracts for the International Sale of Goods ("CISG") and invoking Delaware law only in the event that the CISG does not apply. (*See, e.g.*, Solae Compl. ¶ 33.) This Court is in no better position than a Canadian court to evaluate Solae's numerous claims under the CISG; indeed, unlike in Delaware (which has no decisions under the CISG reported on Westlaw), courts in Ontario have experience applying the CISG in commercial disputes. *See, e.g.*, *Shane v. JCB Belgium N.V.*, 2003 WL 22597736 (Ont. S. Ct. J. Nov. 14, 2003). Furthermore, Delaware's choice of law rules, which include a "most significant relationship" test for questions sounding in contract, *see Naghiu v. Inter-Continental Hotels Group, Inc.*, 165 F.R.D. 413, 419-20 (D. Del. 1996), would require this Court to apply the substantive law of Ontario, an area beyond this Court's expertise. Nor can this Court be expected to have familiarity with the Canadian *Food and Drugs Act*, R.S.C. 1985 c.F-27, and section B.04.012 of the Canadian *Food and Drug Regulations*, C.R.C. c.870, both of which are implicated by Solae's shipment of a Salmonella-infested product. (Hershey Compl. ¶¶ 10, 18 (Ex. M to Angele Decl.)); *see Bell Helicopter*, 295 F. Supp. 2d at 412 ("The Court is unfamiliar with Canadian law and may have to rely on experts from Canada, thereby increasing the costs for trial.")

In addition, Hershey Canada has tort claims arising under Canadian law against Solae that would not be resolved by this litigation, (*see* Hershey Compl. ¶¶ 1, 19-20, 25 (Ex. M to Angele Decl.)), thus requiring duplicative judicial efforts to be expended in Ontario regardless of the outcome of this litigation. It should go without saying that the interests of

16

justice and judicial economy would be better served if this matter was litigated in a forum that could efficiently and effectively resolve all of the many facets of the dispute in one fell swoop. As this Court has acknowledged in the past: "It is a waste of judicial resources to require two courts to attend to this matter when there is the chance that the cases could be consolidated in [Canada]." *Banco Nominees*, 748 F. Supp. at 1078.

## III.    A DELAWARE COURT HAS NO PERSONAL JURISDICTION OVER HERSHEY CANADA.

Although the Court may dismiss Solae's Complaint without even addressing the question,[2] it is perfectly clear that this Court lacks personal jurisdiction over Hershey Canada. As this Court has recognized, "in order for personal jurisdiction to exist over a defendant, two requirements, one statutory and one constitutional, must be satisfied." *Bell Helicopter*, 295 F. Supp. 2d at 402. Hershey Canada's contacts with the state of Delaware are insufficient to satisfy either requirement.

As a statutory matter, no provision of the Delaware long-arm statute even arguably applies to Hershey Canada. Hershey Canada (1) transacts no business and performs no work or service in Delaware; (2) has never contracted to supply services or goods in Delaware; (3) has caused no tortious injury in Delaware; (4) has no interest in real property in Delaware; and (5) has never contracted to insure or act as a surety in any capacity in Delaware. *See* 10 Del. C. § 3104(c); (Angele Decl. ¶ 2). Hershey Canada's contacts with Delaware similarly fall short of constitutional requirements. As this Court has recognized, it violates due process to haul a defendant into Delaware where, as here, the defendant's "business contacts with Delaware and its residents are not continuous and systematic," the defendant "has not availed

---

[2]    *See Sinochem Int'l Co. Ltd v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1186 (2007) ("[A] district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection," including jurisdictional issues).

17

itself of Delaware resources," and has "no employees, bank accounts, or real estate in Delaware." *Bell Helicopter*, 295 F. Supp. 2d at 406.

Because none of Hershey Canada's actions even remotely subject it to jurisdiction in Delaware, Solae relies on a forum selection clause that the company apparently includes on the back of its pre-printed order confirmations and invoices. (Solae Compl. ¶ 7.) This argument can be easily dismissed as well. Even assuming that Hershey Canada could be said to "consent" to jurisdiction in Delaware based on the terms of a form contract which the parties never discussed and regarding which Hershey Canada never communicated its agreement, such consent cannot be imputed to Hershey Canada here because neither the order confirmation nor the shipping documents included the reverse-side contract terms on which the forum-selection clause appears. (*See* Kuehl Decl. ¶¶ 11, 17.) As was often the case, Solae did not fax those terms with its confirmation of the order in question. (*Id.* ¶ 11.) Solae also failed to include those terms in the shipping documents accompanying the contaminated shipment of soy lecithin when it was delivered to a third party in Canada. (*Id.* ¶ 17.) Thus, there is no conceivable way that those terms could be incorporated into a contract between Solae and Hershey Canada, much less establish Hershey Canada's consent to jurisdiction in Delaware.[3]

---

[3]   Moreover, even the assumption that Solae's boilerplate form — if actually delivered — could confer jurisdiction does not hold up. Solae's complaint simply omits the facts that (i) Hershey Canada had its own standard order form with which Solae is familiar that includes its own forum selection clause setting Ontario, Canada as the forum for disputes, and (ii) Hershey Canada and Solae had established their contractual relationship with a Quantity Contract effective January 2006 that could not be altered unilaterally by a Solae invoice, even assuming (contrary to fact) that the reverse side of that invoice made its way to Hershey Canada. *See Chateau des Charmes Wines Ltd. v. Sabate USA, Inc.*, 328 F.3d 528, 530 (9th Cir. 2003) (applying the CISG to hold that forum-selection clauses that appeared on a shipping invoice "were not part of any agreement between the parties").

In sum, Hershey Canada has not taken any actions, either directly or contractually, that subject it to this Court's jurisdiction. For this reason as well, this Court should dismiss Solae's Complaint.

## CONCLUSION

For all the reasons set forth herein, Hershey Canada respectfully requests that its Motion to Dismiss be granted.

OF COUNSEL:

Craig S. Primis, P.C.
John R. Phillips
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Dated: April 18, 2007

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

20

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2007, I electronically filed the foregoing with the Clerk

of Court using CM/ECF which will send notification of such filing(s) to the following and which

has also been served as noted:

### BY HAND

P. Clarkson Collins, Jr.
Katherine J. Neikirk
Morris James, LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19899


I further certify that on April 19, 2007, the foregoing document was sent to the following

non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Scott L. Winkelman
Monica M. Welt
Crowell & Moring LLP
1001 Pennsylvania Ave. N.W.
Washington, D.C. 20004-2595

_____
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com