# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET

JEFFREY L. MOYER
DIRECTOR

WILMINGTON, DELAWARE 19801
(302) 651-7700
Fax (302) 651-7701
WWW.RLF.COM

DIRECT DIAL NUMBER
302-651-7525
MOYER@RLF.COM

April 27, 2007

**VIA E-FILING and HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

Re:    **Solae LLC v. Hershey Canada Inc., C.A. No. 07-140-JJF**

Dear Judge Farnan:

Hershey Canada Inc. ("Hershey Canada") respectfully submits this letter to supplement the record on its motion to dismiss the complaint in the above-referenced action. The materials submitted with this letter were filed by the plaintiff Solae, LLC ("Solae") in the concurrently pending action in Ontario, Canada *after* Hershey Canada filed its motion in this case. Hershey Canada submits this material both so that the Court will have a complete record for considering Hershey Canada's motion to dismiss and so that Solae will have the opportunity to consider and address the complete record in its opposition to Hershey Canada's motion, which is not due to be filed until next week.

Hershey Canada specifically supplements its motion with the following documents, which are attached to this letter:

1.    Solae's Notice of Motion filed in Ontario on April 23, 2007 (attached hereto as Exhibit A); and

2.    The supporting affidavit of Laurie Cradick, a Solae executive, dated April 19, 2007, and accompanying exhibits (attached hereto as Exhibit B).

These materials warrant the Court's consideration not only because they contain important factual information bearing on Solae's claim that Delaware is an appropriate forum for this case, but also because they contain admissions that contradict the key forum-related allegations in Solae's complaint and make clear that Solae's complaint is in error in critical respects.

Specifically, Solae's Canadian filing confirms three errors or omissions in the Delaware complaint relating to this Court's jurisdiction:

The Honorable Joseph J. Farnan, Jr.
April 27, 2007
Page 2

*First, Solae's reverse-side terms were not sent with its order confirmation.* In its complaint in this case, Solae alleged that "[o]n or about June 22, 2006, Solae transmitted an order confirmation to Hershey" that "contains conditions of sale, setting forth the terms that would govern the transaction." (Compl. ¶ 10.) In its filing in Ontario, however, Solae makes clear, through the affidavit of Ms. Cradick, that the order confirmation in question consisted of a one-sided, one-page fax that did not contain any terms and conditions relating to forum selection, choice of law, or any of Solae's other reverse-side terms. (*See* Cradick Aff. ¶ 22; Ex. 4 to Cradick Aff.)

*Second, Solae's reverse-side terms were not included in the shipping documents.* Solae also alleged in its Delaware complaint that "[i]ncluded with Solae's shipment of Lot 1 was an invoice, again containing the Conditions of Sale." (Compl. ¶ 16.) In Ontario, however, Ms. Cradick's affidavit and accompanying exhibits clearly indicate that none of the shipping documents arriving with this delivery contained any of the reverse-side terms and conditions in question. (Cradick Aff. ¶ 23; Ex. 5 to Cradick Aff.)

*Third, the only attempt Solae made to send Hershey Canada its terms came after Hershey Canada had received the goods.* Although Solae did not mention it in its Delaware complaint (and instead relied on the erroneous allegations that it had sent its terms with the confirmation and shipping documents), the most that Solae claims in its Canada filing is that it mailed a form invoice with reverse-side boilerplate terms that Hershey Canada received *after* Solae delivered the goods to Hershey Canada. (*See* Cradick Aff. ¶ 24; Ex. 6 to Cradick Aff.) Such terms, transmitted unilaterally by Solae and received only after the goods were received, cannot be construed as part of the parties' contract.

In light of Solae's admissions in the Canada court, it is clear both that there are material mistakes in Solae's complaint relating to key issues in the case and that the sole basis for Solae's attempt to secure this forum is in error. For these reasons and the reasons previously set out in Hershey Canada's motion, Hershey Canada respectfully requests that this case be dismissed in favor of the pending litigation in Ontario, Canada.

Respectfully submitted,

Jeffrey L. Moyer (#3309)

JLM/th
Enclosures
cc:    P. Clarkson Collins, Jr., Esq.
       Katherine J. Neikirk, Esq.
       Scott L. Windelman, Esq.
       Monica M. Welt, Esq.

EXHIBIT A

Court File No.: 07-CV-329291PD2

*ONTARIO*
SUPERIOR COURT OF JUSTICE

B E T W E E N:

HERSHEY CANADA, INC.

Plaintiff

- and -

SOLAE, LLC

Defendant

NOTICE OF MOTION

The defendant, Solae, LLC ("Solae"), will make a motion to a judge on Friday, the 3rd day of August, 2007 at 10:00 a.m., or as soon thereafter as this matter can be heard at Osgoode Hall, 130 Queen Street West, Toronto, Ontario.

PROPOSED METHOD OF HEARING:

The motion is to be heard orally.

THE MOTION IS FOR:

1. An Order staying or dismissing this action;

2. In the alternative, an order extending the time for delivery of Solae's statement of defence until thirty days following the final determination of this motion proceeding;

3. Solae's costs of this motion fixed on an appropriate scale; and

4. Such further and other relief as this Honourable Court deems just.

- 2 -

2

**THE GROUNDS FOR THIS MOTION ARE:**

1.          Another proceeding is pending between the same parties in respect of the same subject-matter.    Shortly before the plaintiff, Hershey Canada Inc. ("Hershey Canada"), commenced this action, Solae commenced a legal proceeding against Hershey Canada in the State of the Delaware in respect of the same subject-matter as in this action.    Therefore, this Honourable Court should decline jurisdiction over this action to avoid a multiplicity of proceedings;

2.          The State of Delaware in the United States of America is clearly more appropriate than Ontario for the conduct of this action, for various reasons including the following:

(a)      The parties have contractually agreed that the courts of the State of Delaware in the United States of America have exclusive jurisdiction over the subject-matter of this action and that the laws of the State of Delaware should apply;

(b)      Solae is a corporation organized pursuant to the laws of the State of Delaware;

(c)      This action relates to a sale of soy lecithin by Solae to Hershey Canada.  This sale transaction stemmed from an underlying supply and pricing agreement for soy lecithin that was made in the United States between Solae and Hershey Canada's parent corporation, The Hershey Company, for application to both Hershey and Hershey Canada.

(d)      Hershey is a corporation incorporated pursuant to the laws of the State of Delaware.

(e)      In this action, the plaintiff alleges that Solae's soy lecithin product was contaminated with salmonella at the time that the plaintiff received it from Solae.

- 3 -

*3*

Thus, primary matters in issue relevant to liability will include the manner in which Solae produced, tested, packaged and shipped the soy lecithin product. Solae produced, tested and packaged the soy lecithin at its facilities in the United States, and Solae shipped the soy lecithin to the plaintiff from its plant in the U.S.;

(f)    Most or all of the evidence relevant to those matters is in the U.S., and most of the relevant witnesses reside in the U.S.;

(g)    Some of these relevant witnesses are not in the employ of Solae. Accordingly, Solae would have no ability to compel the physical attendance of these witnesses at a trial before a court in Ontario;

(h)    The conduct of this action in Ontario would increase the cost of litigation since, among other things, the parties would be required to adduce expert evidence on the laws of the State of Delaware if this action were tried in Ontario;

(i)    Solae accepts the jurisdiction of the United States District Court for the District of Delaware over the subject-matter of this action;

(j)    The pre-trial discovery rules of the United States District Court for the District of Delaware are substantially broader than the pre-trial discovery rules in Ontario. Given the nature of the issues raised in this action, this difference constitutes a legitimate juridical advantage in favour of the State of Delaware.

3.    Rules 1.04(2), 17.06, 21.01(3)(c), and 37 of the Rules of Civil Procedure;

4.    Section 106 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43; and

- 4 -

4

5.          Such further and other grounds as counsel may advise and this Honourable Court may permit.

THE FOLLOWING DOCUMENTARY EVIDENCE will be used at the hearing of this motion:

1.          The Affidavit of Laurie Cradick, sworn April 19, 2007;

2.          The Affidavit of Edward M. McNally sworn April 20, 2007; and

3.          Such further and other evidence as counsel may advise and this Honourable Court may permit.

April 23, 2007                          **FASKEN MARTINEAU DuMOULIN LLP**
                                        Barristers & Solicitors
                                        66 Wellington Street West
                                        Suite 4200, Toronto Dominion Bank Tower
                                        P.O. Box 20, Toronto-Dominion Centre
                                        Toronto, Ontario  M5K 1N6

                                        **Robert S. Harrison** (LSUC#14046D)
                                        Tel: 416 865 4384
                                        **Peter J. Pliszka** (LSUC#29634T)
                                        Tel: 416 868 3336
                                        Fax:    416 364 7813
                                        Solicitors for the Defendant

**TO:**    **McMILLAN BINCH MENDELSOHN LLP**
           Barristers & Solicitors
           BCE Place, Suite 4400
           Bay Wellington Tower
           181 Bay Street
           Toronto, Ontario  M5J 2T3

           **Scott Maidment**  (LSUC #33797R)
           Tel: 416 865 7911
           **Teresa Dufort** (LSUC#23677J)
           Tel: 416 865 7145
           Fax: 416 865 7048
           Solicitor for the Plaintiff

EXHIBIT B

6

Court File No.: 07-CV-329291PD2

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

B E T W E E N:

### HERSHEY CANADA, INC.

Plaintiff

- and -

### SOLAE, LLC

Defendant

### AFFIDAVIT OF LAURIE CRADICK
(sworn April *19*, 2007)

I, LAURIE CRADICK, of the City of St. Louis, Missouri, in the United States of America, MAKE OATH AND SAY:

1.    I have been employed by the defendant, Solae, LLC ("Solae") and one of its predecessor companies since December 1999. Since October 1, 2006, I have been in the position of Director of Sales - North America. Prior to that, I was an Account Manager - Lecithin Division. As Account Manager - Lecithin Division I was responsible for Solae's sales of soy lecithin products to, and customer relationship with, The Hershey Company ("Hershey"). I have knowledge of the matters to which I hereinafter depose, except for those matters that I have stated in this affidavit are based on information provided to me by others, all of which information I believe to be true.

### PURPOSE AND SUMMARY OF THIS AFFIDAVIT

2.    The plaintiff, Hershey Canada, Inc. ("Hershey Canada"), has commenced this action in Ontario. Hershey Canada alleges that soy lecithin, which was supplied by Solae in late

7

- 2 -

September 2006 and used by Hershey Canada in its production of chocolate products, was contaminated with salmonella.

3.          Solae is applying for an order staying this action. It is Solae's position that the Ontario Superior Court should stay this action because there is another proceeding pending between the same parties in respect of the same subject-matter in the State of Delaware, and the State of Delaware is a clearly more appropriate forum for the hearing and determination of the issues raised in this action.

4.          Shortly before Hershey Canada issued its statement of claim in this action, Solae had already issued a Complaint before the United States District Court for the District of Delaware for various declarations relevant to the issues between the parties in this action. Attached hereto as **Exhibit "1"** is a copy of Solae's Complaint, issued in Delaware on March 9, 2007. Attached hereto as **Exhibit "2"** is a copy of Hershey Canada's statement of claim in this action, issued on March 12, 2007

5.          Further, as particularized below, the parties have contractually agreed that the courts of Delaware have exclusive jurisdiction over any disputes or issues arising under the sale agreement in question in this action and that the laws of Delaware govern the parties' rights and obligations; the subject sale of soy lecithin to Hershey Canada arose from a prior underlying supply and pricing agreement that was made in the U.S. between Solae and Hershey; and much of the evidence relevant to primary issues in this action is located in the U.S., and many relevant witnesses reside in the U.S.

DM_ TOR/272673-00001/2193866 1

8

- 3 -

## THE PARTIES

6.        Solae is a limited liability corporation organized pursuant to the laws of the State of Delaware, in the United States of America.

7.        Solae was formed effective April 1, 2003. Solae is the successor corporation of Protein Technologies International Inc. In connection with its formation, Solae also acquired and succeeded to all of the soy protein and lecithin business and assets of Central Soya Company Inc. ("Central Soya"), which included the recently acquired soy protein business and lecithin assets of Bunge Limited.

8.        Solae's global corporate headquarters, and research and development headquarters are in St. Louis, Missouri. Solae has several manufacturing plants in the U.S. Solae does not have any manufacturing plants in Canada. Solae also does not have any commercial offices in Canada (Solae has one employee – a sales manager in its soy protein division, as opposed to the soy lecithin division – who works out of his home office in Stouffville, Ontario)

9.        Solae manufactures a range of soy-ingredient products including textured vegetable proteins, textured and functional soy concentrates, soy protein isolates, specialty lecithins and polymers, which Solae sells to commercial users.

10.       The plaintiff, Hershey Canada, is a wholly-owned subsidiary of Hershey. Hershey's corporate headquarters is in Hershey, Pennsylvania. Hershey Canada's office is in Mississauga, Ontario.

*9*

- 4 -

## BUSINESS RELATIONSHIP BETWEEN SOLAE AND HERSHEY

11.        Hershey has been a customer of Solae and Central Soya since the early 1990s. Over the years, Central Soya and Solae have sold various soy-based products to Hershey.

12.        For most of the time between December 1999 and October, 2006, I was the account manager responsible for Central Soya's, and subsequently Solae's (after April 1, 2003), sales of soy lecithin products to Hershey. Solae's soy lecithin products were used by various confectionary manufacturing facilities operated by Hershey and its subsidiaries, including Hershey Canada.

13.        For the entire time that I was responsible for the Hershey account, Hershey's purchasing department in Hershey, Pennsylvania, negotiated the underlying agreements for the purchase of Solae's soy lecithin products for itself and its subsidiary, Hershey Canada Typically, on an annual basis I would meet with Hershey's representatives at Hershey's offices in Pennsylvania to negotiate the projected aggregate volume of soy lecithin products that would be ordered by manufacturing plants of Hershey and Hershey Canada over the course of the next year, and the price that would apply to those purchases.

14.        · Once such a supply-pricing agreement was in effect, various manufacturing facilities of Hershey and Hershey Canada would then send purchase orders to Solae (and previously Central Soya) from time to time to trigger specific shipments of soy lecithin by Solae pursuant to the supply-pricing agreement

## SOLEC™ SUPPLY AGREEMENT FOR 2006

15.        One of the Solae products that I sold to Hershey was SOLEC™ 3 F-UB-1P ("SOLEC"). SOLEC is "an identity preserved" product, which means that it is a non-genetically modified soy lecithin. Central Soya developed SOLEC in 2002 and 2003. (Originally, the brand

*10*

- 5 -

name was "Centrol 3 F-UB-IP", but the name was changed to SOLEC in or about 2005. Throughout this affidavit, this product will be referred to as "SOLEC".)

16.        In 2002 or 2003, I presented SOLEC to Hershey's representatives in Hershey, Pennsylvania for its consideration. Hershey and Hershey Canada began to purchase SOLEC in or about 2003.

17.        In or about late 2005, I had discussions with Kim McLucas of Hershey's purchasing department to negotiate the agreement for supplying Solae's soy lecithin products, including SOLEC, for Hershey and Hershey Canada manufacturing plants in 2006. As far as I can recall, these discussions were conducted by telephone.

18.        Ms. McLucas and I negotiated the projected volume of soy lecithin products, including SOLEC, that would be ordered by manufacturing plants of Hershey and Hershey Canada during 2006, and the sale price that would apply during that period.

19        Specifically with respect to SOLEC, in about mid-December, 2005, Ms. McLucas and I agreed that for the period from January 1, 2006 to December 31, 2006 Hershey Canada would order up to 250,000 pounds of SOLEC at a price of US$1.2565 per pound (the "SOLEC Supply Agreement"). As far as I am aware, Solae's standard sale terms would apply to these sales under the SOLEC Supply Agreement. Consistent with past business practice with Hershey, the agreed arrangement was that throughout 2006, Hershey Canada would send Solae purchase orders to trigger the shipment of SOLEC, and in response Solae would ship SOLEC to the Hershey Canada manufacturing plant at the above-noted price to which Hershey had agreed on behalf of Hershey Canada.

_11_

- 6 -

## SUPPLY OF SOLEC TO SMITH FALLS PLANT

20.         Pursuant to the SOLEC Supply Agreement, on or about June 21, 2006, Hershey Canada's manufacturing plant in Smith Falls, Ontario sent Solae a purchase order for 39,682.8 pounds of SOLEC at the price of US$1.2565 per pound, in accordance with the SOLEC Supply Agreement.

21.         A copy of Hershey Canada's purchase order dated June 21, 2006 (the "Purchase Order") is attached hereto as **Exhibit "3"**. The Purchase Order was faxed to Solae's Customer Service department at Solae's headquarters in St. Louis, Missouri. The fax transmission line at the top of the Purchase Order appears to indicate that this fax transmission included a second page. Solae's Customer Service file relating to Hershey does not contain a copy of any other page that accompanied this Purchase Order. I did not see the fax when it was received, and I do not know what other page may have been faxed to Solae. Laura Titus, who was the Solae customer service representative, who received, processed and filed the Purchase Order, has told me that she cannot recall what other page came by fax with the Purchase Order.

22.         Ms. Titus has told me that after she verified that the quantity of SOLEC stated in the Purchase Order was available for the stated delivery date and confirmed that the price corresponded to the SOLEC Supply Agreement, Ms. Titus then faxed to Hershey Canada's Smith Falls plant a document entitled "Order Confirmation 234910" (the "Order Confirmation") on June 22, 2006. A copy of the Order Confirmation is attached as **Exhibit "4"**.

23.         Solae manufactured the ordered quantity of SOLEC at Solae's manufacturing plant in Gibson City, Illinois (the "Gibson City Plant"). On or about September 27, 2006, the supply of SOLEC was shipped from the Gibson City Plant to Hershey Canada's manufacturing plant in Smith Falls. Attached as **Exhibit "5"** are copies of Solae's delivery documents which

*12*

- 7 -

accompanied the shipment, comprising the Straight Bill of Lading Short Form, the Delivery Note No. 80290104 and two Certificates of Analysis, one in respect of each of the two batches of SOLEC that were shipped.

24.    Upon shipping the SOLEC product to Smith Falls, Solae sent the invoice for this sale by mail. Lisa Affunti, who works in Solae's accounting department in St. Louis, has informed me that on or about September 27, 2006 she printed Solae Invoice No. 90308495 (the "Invoice"), inserted the Invoice into an envelope and posted that envelope for mailing to Hershey Canada's Smith Falls plant. The Invoice is double-sided. The reverse side of the Invoice is headed "Attachment 1 - Conditions of Sale", and it lists 18 terms that applied to this sale of SOLEC. Ms. Affunti has told me that those "Conditions of Sale" were printed on the reverse side of the Invoice. Ms Affunti said that her standard procedure is to check twice that the Conditions of Sale are printed on the reverse side of each invoice--once when she takes the invoices from the computer printer tray, and again when she folds and inserts the invoices into mailing envelopes. A copy of the Invoice, including the reverse side that sets out the conditions of sale, is attached as **Exhibit "6"**.

## GOVERNING JURISDICTION AND LAW CLAUSES

25.    Clause 17 of the Conditions of Sale listed on the reverse side of the Invoice states as follows:

> 17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, USA, without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom. (Emphasis added)

*13*

- 8 -

26.        Clause 18 of the Conditions of Sale states as follows:

> 18.  This Agreement contains all of the terms and conditions with
> respect to the purchase and sale of the Products sold hereunder.
> These terms and conditions supersede any of previous date and no
> modification thereof shall be binding on Seller unless separately
> contracted in writing and agreed to by a duly authorized
> representative of Seller.  No modification shall be effected by the
> acknowledgement or acceptance of purchase order forms stipulating
> different conditions.  Unless Buyer shall notify Seller in writing to
> the contrary as soon as practicable after receipt of this Agreement
> by Buyer, Buyer shall be deemed to have accepted the terms and
> conditions hereof and, in the absence of such notification, Buyer's
> acceptance of the Products shall be equivalent to Buyer's assent to
> the terms and conditions hereof.  (Emphasis added)

27.        Hershey Canada accepted the shipment of SOLEC, and paid the price stated on

the Invoice.  Attached as **Exhibit "7"** is a copy of a cheque dated October 27, 2006 in the

amount of U.S.$49,861.80 that was received from Hershey Canada as payment in full of the

Invoice.

28.        Neither Hershey nor Hershey Canada ever expressed any objection to me about

any of the Conditions of Sale set out on the reverse side of the Invoice.  I understand from Lisa

Affunti that the Conditions of Sale have been set out on Solae's invoices for the sale of SOLEC

and other soy-based products to Hershey and Hershey Canada since about 2003  No one at

Hershey or Hershey Canada has ever previously expressed to me any objection to the

applicability of any of those Conditions of Sale at any time in the past.

29.        Further, Laura Titus in Customer Service and Lisa Affunti in Accounting have

told me that no one from Hershey Canada or Hershey ever expressed any objection to either of

them about any of those Conditions of Sale, in connection with either the Invoice dated

*14*

- 9 -

September 27, 2006 or any prior sale transaction. Beyond that, I have never heard from anyone else at Solae of any instance where Hershey or Hershey Canada objected to any of those Conditions of Sale.

## LOCATION OF EVIDENCE AND WITNESSES RELEVANT TO ISSUES IN ACTION

30.         According to the allegations in Hershey Canada's statement of claim, the Smith Falls plant used the September, 2006 supply of SOLEC in the production of chocolate in mid to late October. Subsequently, Hershey Canada allegedly discovered salmonella in its chocolate. Hershey Canada alleges it conducted testing to identify the source of the salmonella, and Hershey Canada alleges that the testing revealed that SOLEC was the source of the salmonella. Hershey Canada alleges it then ceased production of chocolate at its Smith Falls plant, shut down operations at the plant, and conducted a recall of chocolate products that had been manufactured at the plant.

31.         Hershey Canada alleges in paragraph 18 of the statement of claim that the SOLEC was contaminated with salmonella at the time that it was shipped by Solae in late September 2006. Thus, Hershey Canada alleges that Solae breached contractual obligations. Further, Hershey Canada alleges in paragraph 20 of the statement of claim that Solae was negligent by permitting the introduction of salmonella into the SOLEC and failing to detect the presence of salmonella in the SOLEC.

32.         Jack Self, who is Global Director of Lecithin of Solae, has informed me that Solae denies all liability for the claims advanced by Hershey Canada. John Hoffman, who is Associate Director of Quality Assurance of Solae, has informed me that Hershey Canada's allegations that the SOLEC was contaminated at the time of delivery to the Smith Falls plant and that Solae was

*15*

- 10 -

negligent in failing to detect the salmonella, raise issues respecting most or all of Solae's processes of production, testing and shipment of this SOLEC, such as:

(a)    The importation from Brazil of the base lecithin that was used by Solae for the manufacture of SOLEC;

(b)    the manner in which the base lecithin was shipped to Solae's Gibson City Plant in Illinois, and any storage of the soy bean pending production;

(c)    the manner in which SOLEC was manufactured at Solae's Gibson City Plant;

(d)    the steps that were taken by Solae to maintain appropriately hygienic conditions in its Gibson City Plant;

(e)    the testing and quality assurance processes that were undertaken by Solae in Gibson City and/or St. Louis in respect of the SOLEC; and

(f)    the manner in which the SOLEC was sealed in containers and shipped from Gibson City, Illinois to Smith Falls.

33          Mr. Hoffman has informed me that most, if not all, of the evidence relevant to those issues is situated in the U.S.  For example, Solae's physical facilities as well as all documents relating to those operations are in the U.S.  Similarly, all of the witnesses who would be in a position to give evidence relating to those matters are employees of Solae who reside in the U.S.  Mr. Hoffman has informed me that he estimates that from five to ten Solae employees would likely be required to give evidence regarding the above-noted matters at a trial of this action.  (Mr. Self and Mr. Hoffman are employed at Solae's headquarters in St. Louis, and reside in or near St. Louis.)

16

- 11 -

34.        In addition to those witnesses, I believe that the following individuals, who reside in the U.S., would be relevant witnesses on issues relating to the commercial sale transaction between the parties:

(a)    Laura Titus was Solae's customer service representative for the Hershey account. The nature of Ms. Titus' involvement has been referred to above.  Ms. Titus ceased being employed at Solae in August 2006; at that time she returned to her prior state of Indiana where she currently resides.

(b)    Lisa Affunti is employed in the accounting department of Solae.  The nature of Ms. Affunti's involvement was referred to above.  Ms. Affunti is employed at the Solae headquarters in St. Louis, Missouri and Ms. Affunti has informed me that she resides in St. Louis County, Missouri.

(c)    Kim McLucas was employed as a purchasing agent in the purchasing department of Hershey in Hershey, Pennsylvania.  As mentioned above, Ms. McLucas was the Hershey contact with whom I negotiated the SOLEC Supply Agreement for the supply of SOLEC to Hershey and Hershey Canada facilities in 2006.  As far as I know, Ms. McLucas is still employed at Hershey headquarters in Hershey, and as far as I can recall, Ms. McLucas also resides in Hershey, Pennsylvania (Hershey, Pennsylvania is less than 100 miles from the Court in Delaware where Solae has commenced the U.S. legal proceeding in respect of this subject matter).

(d)    I was involved in the formation of the SOLEC Supply Agreement as described above.  I am employed at the headquarters of Solae in St. Louis and I reside in St. Louis.

DM_US\272673-00001/2193866 1

*17*

- 12 -

## PREJUDICE TO SOLAE IF ACTION IS CONDUCTED IN ONTARIO

35.       If the trial of this action were to be conducted in Ontario, Solae would incur a
substantial increase in expense, relative to a trial in Delaware. It would be necessary for Solae to
pay for travel and accommodation for most of those witnesses to travel from their homes in the
U.S. to testify at the court in Toronto.

## ACCEPTANCE OF JURISDICTION OF DELAWARE

36.       It is Solae's position that the Ontario court should order a stay of this action in
Ontario and that Delaware is a clearly more appropriate jurisdiction than Ontario for the trial of
this action. Solae accepts the jurisdiction of the United States District Court for the District of
Delaware over the subject-matter of this action.

37.       I am swearing this affidavit in support of a motion by Solae for an order staying
this action.

SWORN BEFORE ME at the City of St.        )
Louis, in the State of Missouri, this      )
_19th_ day of April, 2007.                  )
                                             )
                                             )
                                             )
A Notary Public or Commissioner for        )    LAURIE CRADICK
taking Affidavits in and for the State of
Missouri, in the United States of America

SHERI P. WEST
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: July 31, 2009
Commission # 05403515

David L. Narkiewitz
Licensed Attorney, Solae, LLC

# EXHIBIT 1

*18*

This is Exhibit....../......................referred to in the
affidavit of.......*Laurie Cradick*......................

sworn before me, this................................

day of........*April* ...*19*,...20.*07*....

...........................................................
                    A COMMISSIONER FOR TAKING AFFIDAVITS

*Sheri P. West*

SHERI P. WEST
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: July 31, 2009
Commission # 05403515

*David L. Narkiewicz,*
*Licensed Attorney,*
*Solar, LLC*

*19*

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _____

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Plaintiff
V.

Case Number:    0 7 - 1 4 0

Defendant

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____
Date                              United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

20

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SOLAE, LLC,                                )
a Delaware limited liability company,      )
                                           )
    Plaintiff,            )    C.A. No. _____ 0 7 – 1 4 0
                                           )
vs.                                        )
                                           )    **JURY TRIAL DEMANDED**
HERSHEY CANADA, INC.,                      )
a Canadian corporation,                    )
                                           )
    Defendant.            )
_____)

## COMPLAINT

COMES NOW Plaintiff Solae, LLC ("Solae"), by and through its undersigned

counsel, and for its Complaint against Defendant Hershey Canada, Inc. ("Hershey")

states as follows:

### NATURE OF THIS ACTION

1.    This is a civil action for declaratory relief, for breach of contract, and for

associated relief. Plaintiff Solae seeks a determination of the parties' respective rights

and obligations arising from the sale of two lots of lecithin manufactured by Solae for

Hershey's use at its facility in Smith Falls, Ontario, Canada. Defendant Hershey has

demanded of Solae full payment, irrespective of contract limitations, arising from

Hershey's use of one lot of Solae lecithin allegedly contaminated with *Salmonella* and

the alleged consequences of that use. Hershey has also wrongfully terminated its contract

21

of purchase and refused to pay for a second lot of lecithin manufactured and supplied at Hershey's request.

## PARTIES

2.      Plaintiff Solae is a Delaware limited liability company with its principal place of business in St. Louis, Missouri.

3.      Defendant Hershey is a Canadian corporation with its principal place of business in Mississauga, Ontario.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this dispute arises in whole or in part under the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), to which both the United States and Canada are parties and signatories. This dispute thus presents federal questions within this Court's jurisdiction.

5.      This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), in that this dispute is between a citizen of a state and a citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.      This Court has personal jurisdiction over Hershey, as Hershey, among other things, agreed to a forum selection clause which governs the transactions at issue and which provides that courts of Delaware shall have exclusive jurisdiction over this dispute.

2

22

## FACTS

8.      Solae produces soy lecithin, a combination of phospholipids naturally occurring in soybeans that can be used in its natural state or refined for use in a variety of finished consumer goods. Food manufacturers and producers, such as Hershey, purchase lecithin for use as an emulsifier.

9.      On or about June 21, 2006, in accordance with an established sales relationship, Hershey submitted an order to Solae for the purchase of a specific quantity of soy lecithin ("Lot 1"). A page of this order purports to contain terms and conditions. These purported terms and conditions specify that the Hershey order "is not a firm offer . . . ."

10.     On or about June 22, 2006, Solae transmitted an order confirmation to Hershey, acknowledging receipt of the Hershey order for Lot 1 ("Lot 1 Order Confirmation"). The Solae Lot 1 Order Confirmation contains conditions of sale, setting forth the terms that would govern the transaction ("Conditions of Sale").

11.     The Conditions of Sale specify that they "contain[ ] all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder." Conditions of Sale, ¶ 18.

12.     The Conditions of Sale prescribe conditions whereby its terms might be rejected or accepted. They provide: "Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such

3

23

notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof." Conditions of Sale, ¶ 18.

13.    Solae received no such "writing to the contrary."

14.    The Conditions of Sale specify, and limit, Solae's liability in the event of a breach or defect.  Among other terms, they provide: "Buyer's exclusive and sole remedy for any claim shall be a refund of the amount of the purchase price paid for the product in respect of which damages are claimed, and in no event shall seller's liability for any claim be greater than that amount." Conditions of Sale, ¶ 4.

15.    Solae processed Hershey's order of Lot 1.  On or about June 27, 2006, Solae shipped Lot 1 from its facility in Gibson City, Illinois, to a Hershey facility in Smith Falls, Ontario.

16.    Included with Solae's shipment of Lot 1 was an invoice, again containing the Conditions of Sale.

17.    Hershey accepted the shipment of Lot 1 and rendered payment in full, and without objection to or rejection of the Conditions of Sale.

18.    On or about October 17, 2006, Hershey submitted an order to Solae for purchase of a second lot soy lecithin ("Lot 2").

19.    On or about October 18, 2006, Solae transmitted an order confirmation to Hershey, acknowledging receipt of the Hershey order for Lot 2 ("Lot 2 Order Confirmation").  The Lot 2 Order Confirmation contained the Conditions of Sale.

20.    The purchase price of Lot 1 and Lot 2 combined totals in excess of $75,000.

4

24

21.    On or about November 13, 2006, Solae received word from Hershey that *Salmonella* had been discovered at Hershey's Smith Falls facility, resulting in shutdown of production and a product recall.  Hershey asserted that the Lot 1 lecithin acquired from Solae was the source of the *Salmonella*, and that Hershey would "hold Solae responsible for all losses suffered as a result of this incident."

22.    On or about December 8, 2006, Hershey notified Solae that it was terminating the Lot 2 order and would neither accept delivery nor pay for the goods already manufactured.

23.    From December 2006 through February 2007, Solae made further attempts to gain Hershey's acceptance of the Lot 2 lecithin manufactured specifically for Hershey, to no avail.

### COUNT I

### DECLARATORY JUDGMENT

**[Liability Regarding Lot 1 Under the United Nations Convention on Contracts for the International Sale of Goods ("CISG")]**

24.    Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

25.    Solae seeks a judicial determination that the transaction between the parties for Lot 1 is governed by the Conditions of Sale, which, by their terms, limit any Solae liability for amounts claimed by Hershey to no more than the purchase price paid for Lot 1.

26.    An actual and justiciable controversy exists between the parties concerning the parties' respective rights and obligations with respect to damages and

25

costs claimed by Hershey. Hershey seeks to "hold Solae responsible for all losses suffered as a result of this incident." Solae disputes Hershey's legal right to do so. Issuance of the relief requested will resolve this existing controversy.

27.    The CISG applies, with exceptions not material here, to contracts for sale of goods between parties whose places of business are in different states that are parties to the CISG. For purposes of the CISG countries are "states." Both the United States and Canada are participating "state" signatories to the Convention.

28.    The CISG governs formation of the contract between Solae and Hershey and the rights and obligations of Solae and Hershey arising there under. The CISG provides the governing body of law for transactions it governs.

29.    By the CISG's terms, the Lot 1 Order Confirmation and Conditions of Sale constitute the parties' agreement governing this transaction.

30.    Under the Conditions of Sale, Hershey's recovery for any claimed damages is limited to "a refund of the amount of the purchase price paid for the product in respect of which damages are claimed."

31.    Solae is entitled to a declaration that under governing law, Solae is required to pay no more than the purchase price of Lot 1 if found liable for Hershey's damages and costs.

## COUNT II

### DECLARATORY JUDGMENT
[Liability Regarding Lot 1 Under Delaware Law]

32.    Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

6

26

33.    By way of alternative pleading, Solae states that, should the CISG not apply in whole or part, Delaware law applies pursuant to the parties' agreement, as set forth in the Conditions of Sale that govern the Lot 1 transaction.

34.    Solae seeks a judicial determination that under Delaware law the Lot 1 transaction between the parties is governed by the Conditions of Sale which, by their terms, limit any Solae liability for amounts claimed by Hershey to no more than the purchase price paid for Lot 1.

35.    An actual and justiciable controversy exists between the parties concerning the parties' respective rights and obligations with respect to the damages and costs claimed by Hershey.  Hershey seeks to "hold Solae responsible for all losses suffered as a result of this incident."  Solae disputes Hershey's legal right to do so. Issuance of the relief requested will resolve this existing controversy.

36.    The Lot 1 Order Confirmation and Conditions of Sale constitute the parties' agreement governing this transaction.

37.    Under the Conditions of Sale, Hershey's recovery for any claimed damages is limited to "a refund of the amount of the purchase price paid for the product in respect of which damages are claimed."

38.    Solae is entitled to a declaration that under governing law, Solae is required to pay no more than the purchase price of Lot 1 if found liable for Hershey's damages and costs.

## COUNT III

### DECLARATORY JUDGMENT

**[Liability Regarding Lot 2 Under the United Nations Convention on Contracts for
the International Sale of Goods]**

39.    Solae incorporates by reference all prior paragraphs of this Complaint as if
fully set forth herein.

40.    Solae seeks a judicial determination that the transaction between the
parties for Lot 2 is governed by the Lot 2 Order Confirmation and Conditions of Sale
which, under the CISG, contain the terms and conditions that govern the Lot 2
transaction.

41.    An actual and justiciable controversy exists between the parties as
Hershey violated the CISG by failing to pay the price for the Lot 2 goods it ordered on
the date fixed by and determinable from the contracts of purchase without the need for
request by Solae.

42.    By the CISG's terms, the Lot 2 Order Confirmation and Conditions of
Sale constitute the parties' agreement governing this transaction.

43.    Solae is entitled to a declaration that under CISG law the Lot 2 Order
Confirmation and Conditions of Sale constitute the parties' agreement governing this
transaction.

28

## COUNT IV

### DECLARATORY JUDGMENT
[Liability Regarding Lot 2 Under Delaware Law]

44.    Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

45.    By way of alternative pleading, Solae states that, should the CISG not apply in whole or part, Delaware law applies pursuant to the parties' agreement, as set forth in the Conditions of Sale that govern the Lot 2 transaction.

46.    An actual and justiciable controversy exists between the parties regarding the terms and conditions that govern the Lot 2 transaction.

47.    The Lot 2 Order Confirmation and Conditions of Sale constitute the parties' agreement governing this transaction.

48.    Solae is entitled to a declaration that under Delaware law that the Lot 2 Order Confirmation and Conditions of Sale constitute the parties' agreement governing this transaction.

## COUNT V

### BREACH OF CONTRACT
[Liability Regarding Lot 2 Under the United Nations Convention on Contracts for the International Sale of Goods]

49.    Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

50.    Hershey agreed to purchase Lot 2.

51.    Hershey breached the Conditions of Sale by wrongfully terminating the contract of purchase and refusing to pay for Lot 2.

9

29

52.    Hershey violated the CISG by failing to pay the price for the goods it ordered per the terms of the contract of purchase.

53.    Hershey violated the CISG by failing to pay the price for the goods it ordered on the date fixed by and determinable from the contracts of purchase without the need for request by Solae.

54.    As a direct and proximate cause of Hershey's wrongful termination and breach regarding Lot 2, Solac has been damaged through the loss of business and profit.

55.    Under governing law, Hershey's wrongful termination and refusal to pay for Lot 2 order entitles Solae to damages in an amount to be determined at trial.

## COUNT VI

### BREACH OF CONTRACT
[Liability Regarding Lot 2 Under Delaware Law]

56    Solae incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

57.    Hershey violated Delaware law by failing to pay the price for the goods it ordered per the terms of the contract of purchase.

58.    Hershey violated Delaware law by failing to pay the price for the goods it ordered on the date fixed by and determinable from the contracts of purchase without the need for request by Solae.

59.    As a direct and proximate cause of Hershey's wrongful termination and breach regarding Lot 2, Solae has been damaged through the loss of business and profit.

10

30

60.     Under Delaware law, Hershey's wrongful termination and refusal to pay for Lot 2 order entitles Solae to damages in an amount to be determined at trial.

## RELIEF

WHEREFORE, Solae respectfully prays for relief as follows:

a.     That the Court declare that the terms and conditions contained in the Conditions of Sale are the terms and conditions that govern the parties' transactions for both Lot 1 and Lot 2;

b.     That the Court declare that amounts to be paid by Solae to Hershey in connection with Lot 1, if any, are limited to no more than the purchase price paid by Hershey;

c.     That the Court find Hershey to have breached its agreement with Solae in declining to pay Solae for Lot 2;

d.     That Solae be awarded its reasonable attorneys' fees and costs as appropriate;

e.     That the Court grant such other and further relief as the Court may deem just and proper.

11

31

## JURY DEMAND

Solae demands a trial by jury on all issues so triable.

Respectfully submitted,

March 9, 2007

P. Clarkson Collins, Jr. (I.D. No. 739)
Katherine J Neikirk (I.D. No. 4124)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899
(302) 888-6800
(302) 571-1750 (fax)
pcollins@morrisjames.com
kneikirk@morrisjames.com

Scott L. Winkelman
Monica M. Welt
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2595
(202) 264-2500

Attorneys for Plaintiff Solae, LLC

1538869

12

32

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
SOLAE, LLC

**DEFENDANTS**
HERSHEY CANADA, INC.

**(b)** County Of Residence Of First Listed Plaintiff    New Castle County, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence Of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

2007 MAR 7    40
PH 4: 22

**(c)** Attorneys (Firm Name, Address And Telephone Number)
P. Clarkson Collins, Jr. (#739)
Katherine J. Neikirk (#4129)
Morris James LLP
500 Delaware Avenue, P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800

Attorneys (If Known)

| II.    BASIS OF JURISDICTION | (PLACE AN "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES | (Place An "X" In One Box For Plaintiff |
|---|---|---|---|

(For Diversity Cases Only)    And One Box For Defendant)

|   |   |   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
|   |   |   | Citizen or Subject of a ☐ 3 Foreign Country | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.    NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl Ret Inc Security Act |  | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities— Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

**V.    ORIGIN** (Place an "X" in One Box Only)

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from State Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**VI.    CAUSE OF ACTION**   (Cite The U.S. Civil Statute under which you are filing Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1331; 28 U.S.C. § 1332

Brief description of cause:   Declaratory Judgment, Breach of Contract

| **VII.    REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint JURY DEMAND:  ☒ YES  ☐ NO |
|---|---|---|---|

**VIII.  RELATED CASE(S)**    (See instructions)
**IF ANY**                        JUDGE _____    DOCKET NUMBER _____

DATE
MARCH 9, 2007

SIGNATURE OF ATTORNEY OF RECORD    (#4/29)
Kathrin J. Neikirk

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

33

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SOLAE, LLC,                                    )
a Delaware limited liability company,          )
                                               )
             Plaintiff,                         )      C.A. No. _____ 0 7 - 1 4 0 _____
                                               )
vs.                                            )
                                               )      JURY TRIAL DEMANDED
HERSHEY CANADA, INC.,                          )
a Canadian corporation,                        )
                                               )
             Defendant.                         )
_____)


### PLAINTIFF'S RULE 7.1 DISCLOSURE STATEMENT

Plaintiff Solae, LLC submits the following in accordance with Federal Rule of

Civil Procedure 7.1:

(1)    Solae Holdings LLC is the sole member of Solae, LLC.

(2)    E.I. du Pont de Nemours and Company, and Bunge Holdings N.A., Inc. are

the sole members of Solae Holdings LLC.

(3)    Publicly held companies that indirectly own ten percent (10%) or more of

Solae, LLC are E.I. du Pont de Nemours and Company, and Bunge Ltd.


Dated: March 9, 2007

34

MORRIS JAMES LLP

_Katherine J. Neikirk_

P. Clarkson Collins, Jr. (I.D. No. 739)
Katherine J. Neikirk (I.D. No. 4129)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899
(302) 888-6800
(302) 571-1750 (fax)
pcollins@morrisjames.com
kneikirk@morrisjames.com

CROWELL & MORING LLP
Scott L. Winkelman
Monica M. Welt
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2595

Attorneys for Plaintiff Solae, LLC

1537796

2

35

AO 440 (Del.Rev. 10/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____ DELAWARE _____

SOLAE, LLC,                          **SUMMONS IN A CIVIL CASE**

                     Plaintiff,

            v.                       CASE NUMBER:    0 7 - 1 4 0

HERSHEY CANADA, INC.,

                     Defendant.

TO: (Name and address of Defendant)

> Hershey Canada, Inc.
> c/o Delaware Secretary of State
> 401 Federal Street, Suite 3
> Dover, DE 19901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> P. Clarkson Collins, Jr.
> Katherine J. Neikirk
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE 19801

an answer to the complaint which is served on you with this summons, within _Twenty (20)_ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

_____          _3/9/07_____
CLERK                                      DATE

_____
By (DEPUTY CLERK)

1538475/1

36

AO 440 (Del.Rev. 10/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ DELAWARE _____

SOLAE, LLC,

Plaintiff,

V.

HERSHEY CANADA, INC.,

Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 0 7 - 1 4 0

TO: (Name and address of Defendant)

Hershey Canada, Inc.
2350 Matheson Blvd. E
Mississauga, Ontario, Canada L4W 5E9
c/o Ministry of the Attorney General
Courts Administration
Court House (Provincial Division)
393 Main Street
Haileybury, Ontario, Canada P0J 1K0

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

P. Clarkson Collins, Jr.
Katherine J. Neikirk
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

an answer to the complaint which is served on you with this summons, within _Twenty (20)_ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

CLERK

By (DEPUTY CLERK)

3/8/07

DATE

1538475/1

# EXHIBIT 2

37

This is Exhibit _____ 2 _____ referred to in the
affidavit of _____ *Laurie Cradick* _____
sworn before me, this _____
day of _____ *April 19,* 20 *07.*

A COMMISSIONER FOR TAKING AFFIDAVITS

SHERI P. WEST
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: July 31, 2009
Commission # 05403515

*DAVID L. NARKIEWICZ*
*Licensed Attorney, Solac, LLC*

*38*

03/12/2007 09:36 FAX                                                    @002/011

07-CV-329291PD2

Court File No. _____

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

BETWEEN:



HERSHEY CANADA, INC.

Plaintiff

- and -

SOLAE, LLC

Defendant

### STATEMENT OF CLAIM

TO THE DEFENDANT

    A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the plaintiff. The claim made against you is set out in the following pages.

    IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a statement of defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the plaintiff's lawyer or, where the plaintiff does not have a lawyer, serve it on the plaintiff, and file it, with proof of service, in this court office, WITHIN TWENTY DAYS after this statement of claim is served on you, if you are served in Ontario.

    If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your statement of defence is forty days. If you are served outside Canada and the United States of America, the period is sixty days.

    Instead of serving and filing a statement of defence, you may serve and file a notice of intent to defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you to ten more days within which to serve and file your statement of defence.

    IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

MBDOCS_3326914.6

39

03/12/2007 09:37 FAX                                                ☒009/011

- 2 -

| | |
|---|---|
| Date      March  12, 2007 | Issued by _____ |
| | Local registrar |
| | ( M.  Brenton ) |
| | Address of   393 University Avenue |
| | court office   Toronto, ON |

TO:       SOLAE, LLC
          1034 Danforth Drive
          St. Louis, Missouri 63102-1008
          U.S.A.

393 UNIVERSITY AVE.        393 AVE. UNIVERSITY
10TH FLOOR                 10E ÉTAGE
TORONTO, ONTARIO           TORONTO, ONTARIO
M5G 1E6                    M5G 1E6

MBDOCS_332601A.6

40

- 3 -

## CLAIM

1.    The plaintiff claims:

(a)    damages in the amount of $20,000,000 (or such further or other amount as this Honourable Court may deem just) for breach of contract, breach of warranty and negligence;

(b)    additional damages in an amount to be determined by this Honourable Court on account of lost profits and damage to the plaintiff's reputation and the value of its brands;

(c)    contribution and indemnity in respect of any third party claim for economic loss or personal injury that may be made against the plaintiff in connection with the events described below;

(d)    pre-judgment and post-judgment interest pursuant to sections 128 and 129 of the *Courts of Justice Act*, R.S.O. 1990, c. C. 43, as amended;

(e)    the costs of the action, together with applicable Goods and Services Tax; and

(f)    such further and other relief as the plaintiff may request and this Honourable Court may deem just.

## THE PARTIES

2.    The plaintiff, Hershey Canada, Inc. ("Hershey Canada"), is a company incorporated under the laws of Canada. Its corporate headquarters are in Mississauga, Ontario. Hershey Canada manufactures and distributes chocolate confectionery products.

3.    Hershey Canada has a chocolate manufacturing facility located in Smiths Falls, Ontario (the "Chocolate Factory"). The Chocolate Factory produces a variety of chocolate products (the "Chocolate Products"). The Chocolate Products include food intermediates such as chocolate chips, baking chocolate and chocolate paste. The Chocolate Products also include a variety of finished chocolate bars and other confection products that are marketed

MBDOCS_3325914.8

*41*

- 4 -

under popular and valuable brand names like "Eat-More", "Glossette", "Hershey", "Lowney", "Oh Henry" and "Reese's".

4.    The defendant, Solae LLC ("Solae"), is a company incorporated under the laws of the State of Delaware. Solae's corporate headquarters are in St. Louis, Missouri.    Solae manufactures and distributes a full range of soy ingredient products used in food production, including *"specialty lecithins"*.    Those ingredients include a liquid soy lecithin product ("Solae Lecithin") that is used in the making of chocolate products.    For many years, Solae has sold and delivered Solae Lecithin to Hershey Canada to be used by Hershey Canada in making its Chocolate Products.

## THE CONTRACT FOR SOLAE LECITHIN

5.    On or about January 10, 2006, Hershey Canada entered a contract with Solae for the purchase of 250,000 pounds of Solae Lecithin (the "Contract").    The Contract was for the delivery of the Solae Lecithin to be used by Hershey Canada in making its Chocolate Products at the Chocolate Factory.

6.    The Contract is governed by the laws of Ontario. The Contract required that Solae deliver Solae Lecithin that conformed to Hershey Canada's specifications. The Contract also required that the Solae Lecithin would be fit for Hershey Canada's intended use and free from any defect.

## THE DELIVERY OF CONTAMINATED SOLAE LECITHIN

7.    On September 29, 2006, Solae delivered a substantial quantity of Solae Lecithin to Hershey Canada, under the Contract.    Solae delivered the Solae Lecithin in eighteen sealed containers (the "Solae Containers"), each containing 1000 kilograms of Solae Lecithin.    The Solae Containers had been sealed by Solae prior to delivery.

8.    On October 15, 2006, Hershey Canada began using the Solae Lecithin on its "Symphony" production line at the Chocolate Factory (the "Symphony Line").

9.    On November 1, 2006, Hershey Canada discovered Salmonella in chocolate that had been produced on the Symphony Line on October 28, 2006. The Salmonella was discovered

MBDOCS 3325914.8

42

- 5 -

as a result of Hershey Canada's regular quality control procedures. On finding Salmonella present, Hershey Canada ceased production on the Symphony Line.

10.    The presence of Salmonella in food products is a very serious human health risk. Salmonella is a bacteria that causes an infection in the intestinal tract known as Salmonellosis. The infection results in illness and can have progressively more serious health consequences including death. The elderly, infants, and those with impaired immune systems are at greater risk from Salmonella. Section B.04.012 of the Canadian *Food and Drug Regulations*, C.R.C. c.870, specifically prohibits the sale of any chocolate product that is not Salmonella-free.

11.    After finding Salmonella present, Hershey Canada conducted testing to identify the source of the Salmonella and the potential dispersion of the Salmonella within the Chocolate Factory and in the Chocolate Products made there. This testing revealed that the Solae Lecithin delivered in the sealed Solae Containers on September 29, 2006 was the source of the Salmonella.

12.    As a result of its findings, Hershey Canada notified the Canadian Food Inspection Agency ("CFIA"), which is responsible for the enforcement of the *Food and Drug Regulations*.

13.    Hershey Canada shut down the Chocolate Factory. It also quarantined thousands of Chocolate Products and laid off hundreds of its employees.

14.    On November 11, 2006, in conjunction with the CFIA, Hershey Canada issued a recall of millions of units of Chocolate Products made at the Chocolate Factory between October 15 and November 9, 2006.

15.    Hershey Canada also conducted further testing. This included the testing of samples from Solae Containers sealed by Solae prior to delivery and unsealed in the presence of Solae representatives. This testing confirmed that the Solae Lecithin delivered by Solae on September 29, 2006 was the source of the Salmonella.

M8DOCS_3325914.8

43

- 6 -

## SOLAE BREACHED ITS OBLIGATIONS

16.     In selecting Solae as a supplier, Hershey Canada chose a company that specializes in the supply of food additives. Solae is an experienced global manufacturer of food additives and does business in more than 100 countries. It has 3500 employees worldwide and its annual sales exceed USD$1,000,000,000. Solae's stated long-term aim is to *"incorporate great-tasting, value-added specialty food ingredients into the world's menu every day in meat products, beverages, cereals and processed foods in general".* Solae has publicly stated that it *"pays close attention to Hazards Analysis and Critical Control Points"* in order to control the risk of product contamination, so that its customers *"get a product that is safe and produced to agreed-upon standards and specifications"*. As Solae states on its website: *"At the Solae Company, we look at quality from all angles - functionality, safety, purity, ingredients, consistency, manufacturing, customer service, technical support and many more - to ensure that our customers are never disappointed."*

17.     Solae promised Hershey that it would deliver Solae Lecithin that was fit for its intended use in the making of Chocolate Products, and that was free of Salmonella. As a global manufacturer of food additives, Solae understands the critical importance of food safety. Solae has the financial and technical resources necessary to meet its commitments relative to food safety. Hershey Canada reasonably expected Solae to meet those commitments and Hershey Canada relied upon Solae to do so.

18.     By supplying Solae Lecithin that was contaminated with Salmonella, Solae breached the Contract. This breach was a clear violation of the Canadian *Food and Drugs Act*, R.S.C. 1985 c.F-27, and was a fundamental breach going to the root of the Contract.

19.     Solae knew that the Solae Lecithin would be used by Hershey Canada in making its Chocolate Products at the Chocolate Factory. Solae also knew or ought to have known that Canadian law prohibits the sale of chocolate products that are not Salmonella-free. Solae owed a duty of care to Hershey to ensure that it supplied Solae Lecithin that was free of Salmonella. In failing to ensure that the Solae Lecithin was free of Salmonella, Solae breached its duty of care to Hershey Canada.

MBDOCS 3378914.5

44

- 7 -

20.    Solae was negligent.   By permitting the introduction of Salmonella into the Solae Lecithin and by failing to detect the presence of Salmonella in the Solae Lecithin, Solae's actions fell below the applicable standard of care.  Further particulars of the negligent acts or omissions of Solae are known only to Solae.

## HERSHEY CANADA'S DAMAGES

21.    Hershey Canada has suffered serious and material losses as a direct consequence of Solae's breach of its legal obligations.  In particular, Hershey Canada has suffered and will continue to suffer damages related to:

     (a)    investigating to determine the source and dispersion of the Salmonella;

     (b)    implementing the quarantine and recall of Chocolate Products, including.

         (i)    storing and disposing of adulterated Chocolate Products;

         (ii)    travel and lodging expenses for employees;

         (iii)    the opportunity cost of diverted employee time;

         (iv)    the cost of third party consultants and contractors; and,

         (v)    public relations and customer and consumer relations costs;

     (c)    disposing of all intermediate and finished Chocolate Products and other materials in the Chocolate Factory, including related costs and lost profits;

     (d)    increased costs, fees and penalties assessed by customers, suppliers and government agencies as a result of the recall and the shutdown of Chocolate Factory;

     (e)    the cost of cleaning, rehabilitating and re-starting the Chocolate Factory;

     (f)    loss of profits on Chocolate Products that could not be manufactured during the shutdown of the Chocolate Factory;

MBDOCS 3325914.5

45

- 8 -

    (g)   loss of profits as a result of the damage done to Hershey Canada's reputation and brands; and

    (h)   the cost of remedial marketing and promotional activities undertaken following the recall.

22.    In addition, Hershey Canada faces potential claims from its downstream customers related to their costs of responding to the recall and their corresponding loss of profits.

23.    Hershey Canada may also faces potential claims for damages from individuals who have eaten Chocolate Products contaminated with Salmonella.

24.    Further particulars of Hershey Canada's damages will be provided prior to trial.

**SERVICE OUTSIDE ONTARIO**

25.    In serving this claim on Solae outside of Ontario, the plaintiffs rely upon Rule 17.02 of the Ontario *Rules of Civil Procedure,* and upon the following material facts:

    (a)   the breach of the Contract was committed in Ontario;

    (b)   the claim involves a tort committed in Ontario; and

    (c)   damage has been sustained by Hershey Canada in Ontario.

**PLACE OF TRIAL**

26.    Hershey Canada proposes that this action be tried at Toronto, Ontario.

MBDOCS_3326014.6

46

- 9 -

March 12, 2007                              McMILLAN BINCH MENDELSOHN LLP
                                           Barristers and Solicitors
                                           BCE Place, Suite 4400
                                           Bay Wellington Tower, 181 Bay Street
                                           Toronto, Ontario
                                           M5J 2T3

                                           Scott Maidment
                                           LSUC#: 33797R
                                           Tel: 416.865.7911
                                           Fax: 416.865.7048

                                           Teresa Dufort
                                           LSUC#: 23677J
                                           Tel: 416.865.7145
                                           Fax: 416.865.7048

                                           Solicitors for the Plaintiff

MBDOCS_3325014.6

47

Court File No: »

07-CV-333291PD2

HERSHEY CANADA, INC.    and    SOLAE LLC
Plaintiff    Defendant

*ONTARIO*
SUPERIOR COURT OF JUSTICE
Proceeding commenced at Toronto

STATEMENT OF CLAIM

McMILLAN BINCH MENDELSOHN LLP
Barristers and Solicitors
BCE Place, Suite 4400
Bay Wellington Tower, 181 Bay Street
Toronto, Ontario
M5J 2T3

Scott Maidment
LSUC#: 33797R
Tel: 416.865.7911
Fax: 416.865.7048

Teresa Dufort
LSUC#: 236773
Tel: 416.865.7145
Fax: 416.865.7048

Solicitors for the Plaintiff

MBDOCS_sxt89144.6

# EXHIBIT 3

48

This is Exhibit..... 3 ..............referred to in the
affidavit of.. _Laura Credick_
sworn before me, this.........................................
day of.................._April 17,_ ...20_07_...

A COMMISSIONER FOR TAKING AFFIDAVITS

SHERI P. WEST
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: July 31, 2009
Commission # 05403515

DAVID L. MARKIEWICZ
Licensed Attorney, Soloc, LLC

49

06/21/06  15:22 FAX          HERSHEY PRODUCT. OFFICE                    ☎002/002

**Hershey Canada, Inc.**                    Purchase Order/Bon d'Achat    4500257993

HERSHEY'S  A Subsidiary of / une filiale de          Page    1
           The Hershey Company                       Date   06/21/2006

Invoice To/    THE HERSHEY COMPANY           | The Purchase order number and product code must appear on all invoices,
Facturer à:    DISBURSEMENTS DEPARTMENT      | correspondence, packing slips, etc. Packing slip must be included with all shipments.
               PO BOX 806 - 100 CRYSTAL A DR | Le numéro de bon de commande ainsi que le numéro de produit doivent figurer sur
               HERSHEY PA 17033-0806         | toute correspondance, factures, bons de connaissement, etc. Le bon connaissement doit
                                             | être inclus avec tout envoi.

                                             **Terms and Conditions on Reverse / Modalités au Verso**

Vendor /       3008099                       Ship To /    Smiths Falls Plant    WILLS warehouse
Fournisseur:   THE SOLAE CO LLC              Expédier à:  Hershey Canada Inc.   HWY 15 SOUTH
               23091 NETWORK PLACE                        1 Hershey Drive       Smiths Falls, ON
               CHICAGO, IL 60673-1217                     Smiths Falls ON  USA  K7A 4T8
               USA                                        Appt = (613) 283-5194
                                       (314) 982-1015
Vendor Phone/Tél:  800-348-0960   Fax: 314 425 5501   Incoterms/Incoterms: FOB DESTINATION
Vendor Contact/Représentant: AMY                      Contact: James Kuehl ex1353      Phone/Tél: 613 283-3300
                            Date/Date:                                                  Fax: (613) 283-4844
               Vendor Contract/        Laura
               Contrat de Fournisseur:
Terms/Conditions de Paiement:  Within 30 days Due net                          Currency/Monnaie:  USD

| Item/Article | Quantity/Quantité | U/M | Stock No/Code de Produit | Unit Price/Prix | Amount/Montant |
|---|---|---|---|---|---|
| 00010 | 39,682.800 | Pound | 1-00768-000 | 125.65  100/LB | 49,861.44 |

Lecithin, Soy, Identity Preserved              (18 x 1000 kg totes)

Delivery date: 09/29/2006                                    Material code
RELEASE AGAINST CONTRACT 46044618                            10005325
ITEM ON CONTRACT 00010

Material must meet most recent Hershey Foods Corporation specifications.

234010

Our next order.

| | | | **Total Amount/Montant Total** | USD | 49,861.44 |
|---|---|---|---|---|---|

The above prices on this purchase order excludes the Goods     | Dans le prix indiqué ci-dessus dans ce bon de commande, la taxe sur
and Services Tax (GST) and Quebec Sales Tax (QST).            | les produits et services (TPS) et la taxe de vente du Québec (TVQ)
                                                             | ne sont pas comprises.
All correspondence including acknowledgments, quotations      |
and invoices must indicate the following:                     | Toute la correspondance, y compris les accusés de réception, les
                                                             | propositions de prix et les factures doivent mentionner les
  1) Vendor GST and/or QST registration number               | renseignements suivants:
  2) The GST and/or QST item tax status                       | 1) Le numéro d'enregistrement du fournisseur pour la TPS et/ou TVQ
  3) The GST and/or QST separately by each line item          | 2) La situation fiscale de l'article en ce qui concerne la TPS et/ou TVQ
  4) Total GST and/or QST amount of the invoice               | 3) Le montant de la TPS et/ou TVQ séparé pour chaque article de la gamme
                                                             | 4) Le montant de la TPS et/ou TVQ pour la facture

Ontario retail sales tax exempt vendor permit No. 1233-6386
No. 1233-6386 d'exemption de taxe de vente au détail de l'Ontario

# EXHIBIT 4

50

This is Exhibit.......4............referred to in the
affidavit of.....Laurie Cradick.....

sworn before me, this.....................................
day of.............April 19....20.0.7.

                              A COMMISSIONER FOR TAKING AFFIDAVITS

                              SHERI  P.  WEST
                        Notary Public — Notary Seal
                          STATE  OF  MISSOURI
                             St. Louis County
                      My Commission Expires: July 31, 2009
                         Commission # 05403515

DAVID  L.  NARKIEWICZ
Licensed Attorney, Solug LLC

51

The Solae Company.

# Order Confirmation 234910

| Shipping Address | Information | |
|---|---|---|
| HERSHEY CANADA, INC. | Document Date | 21 Jun 2006 |
| C/O WILLS WAREHOUSE | Purchase Order No. | 4500257993 |
| HWY 15 SOUTH | Purchase Order Date | |
| SMITH FALLS ON K7A 4T8 | Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| CANADA | | |

| Bill-to Party Address | | |
|---|---|---|
| HERSHEY CANADA SMITH FALLS PLT | Payment Terms | 30 days from invoice date |
| 1 HERSHEY DRIVE | Freight Terms | Freight Included in the Price |
| SMITH FALLS ON K7A 4T8 | | |
| CANADA | 22 Jun 2006 01:04:24 | Page 2 of 2 |

## Sales Order Details

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10005325<br>SOLEC 3F-UB-IP<br>Standard Soy Lecithin Fluid<br>1,000 KG ST CAGE<br>Cust. Material No.: 1-00768-000 | 06/29/2006 | 18 IBC | 18,000.000 KG | 19,242 KG | 2.7701 /KG | 49,861.80 |
| | | | | | Total Amount | USD | 49,861.80 |

Please fax order confirmation James Kuehl at (813) 283-4844.

Created By: Laura Titus
Shipping Plant: VX07 Gibson City Plant
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3468.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

P. 1

TTI SOLAE LLC-GS

* * * COMMUNICATION RESULT REPORT ( JUN. 23. 2006 9:41AM ) * * *

| TRANSMITTED/STORED JUN. 23. 2006 9:34AM FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|---|---|---|---|---|
| 6137 MEMORY TX | | 916132834844 | OK | 1/1 |

REASON FOR ERROR E-1) HANG UP OR LINE FAIL E-3) NO ANSWER E-2) BUSY E-4) NO FACSIMILE CONNECTION

# EXHIBIT 5

52

This is Exhibit _____5_____ referred to in the
affidavit of _____Zaknie Cludick_____
sworn before me, this_____
day of _____April 17 20__7__

_____
A COMMISSIONER FOR TAKING AFFIDAVITS

SHERI P. WEST
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires July 31, 2009
Commission # 05400...

DAVID L. NARKIEWICZ
Licensed Attorney, Solxc, LLC

53

## The Solae Company.

**STRAIGHT BILL OF LADING**
**SHORT FORM**

ORDER # 234910
DELIVERY # 80290104
SHIPMENT # 0000137157
Page 1 of 1

RECEIVED, subject to the classification and tariffs in effect on the date of the issue of this Bill of Lading.

AT GIBSON CITY, IL.    DATE 27 Sep 2006    FROM    Solae, LLC

(Mail or street address of Consignee - For purposes of notification only.)

the property described below, in apparent good order, except as noted (contents and condition of contents of package unknown, marked, consigned, and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Official, Southern, Western and Illinois Freight Classification in effect on the date thereof, if this is a rail or rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment.
Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

CONSIGNED TO
HERSHEY CANADA, INC.
C/O WILLS WAREHOUSE
HWY 15 SOUTH

DESTINATION
SMITH FALLS, ON K7A 4T6
CA

ROUTING
CFI CONCENTRATE CONTRACT
4701 E 32ND ST
JOPLIN, MO - 64803
TEL: 800-641-4747

CUSTOMER PO #
4500257993

FREIGHT TERMS
FOB Shippoint; Frt. PPD/Dlvd
PREPAID

DESTINATION PORT

CONTAINER/TRAILER
25327

SEAL NUMBER
050599

CONFIRMED DELIVERY DATE
29 Sep 2006

SAIL DATE

ETA DATE

CUT-OFF DATE

BOOKING NUMBER

VESSEL

SHIP-TO NAME

| NO. PKGS. | DESCRIPTION OF ARTICLES, SPECIAL MARKS AND EXCEPTIONS | FREIGHT CLASS | **WEIGHT (SUD. TO CORRECTION) |
|---|---|---|---|
| 18 IBC | 10005325 | 55 | 42,421 LB |
| | SOLEC 3F-UB-IP | | |
| | Standard Soy Lecithin Fluid | | |
| | 1,000 KG ST CAGE | | |
| | Cust. Material No.: 1-00768-000 | | |
| | TOTAL WEIGHT      42,421 LB | | |
| | TOTAL WEIGHT      19,242 KG | | |

This shipment is correctly described. Correct weight is _____ lbs. Subject to verification by the Western Weighing and Inspection Bureau in accordance with Agreement No. 4560. Eastern Weighing and Inspection Bureau in accordance with Agreement. Southern Weighing and Inspection Bureau in accordance with Agreement No.15664. Transcontinental Freight Bureau in accordance with Agreement No. A-5973. (Shippers imprint in lieu of stamp, not a part of Bill of Lading approved by the Interstate Commerce Commission).

Foodgrade articles,
Do not ship with
chemicals, toxic or
odorous substance

* If the shipment moves between two ports by a carrier by water the law requires that the bill of lading shall state whether it is "Carrier's or shipper's weight."
NOTE - Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of this property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding _____ Per _____

Solae, LLC, Shippers _____ Agent

Per _____
SHIPPER LOAD/CONSIGNEE UNLOAD

Solae, LLC
124 State Route 47
Gibson City IL 60936

Per _____
CARRIER INSTRUCTIONS

Delivery appt required - call Keith or Mike @ (613) 283-5194 or 613-283-9043. Receiving hours are 8 am to 4:30 pm. Delivery to Will Warehouse, Hwy 15, Smith Falls, Ontario) Driver should cross @ Detroit Windsor Bridge.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

In Case of Transportation Emergency or Product Spill Contact CHEMTREC 1-800-424-9300 & the Shipper of the

54

*The Solae* Company.

# Delivery Note
## 80290104

### Shipping Address
HERSHEY CANADA, INC
C/O WILLS WAREHOUSE
HWY 15 SOUTH
SMITH FALLS ON  K7A 4T6
CANADA

### Billing Address
HERSHEY CANADA SMITH FALLS PLT
1 HERSHEY DRIVE
SMITH FALLS ON  K7A 4T6
CANADA

### Information
| | |
|---|---|
| Document Date | 27 Sep 2006 |
| Delivery Date | 29 Sep 2006 |
| Sales Order Number | 234910 |
| Customer Number | 55188098 |
| Purchase Order No. | 4500257993 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt  PPD/Dlvd |
| Pro Number | |
| Total Net Weight | 18,000.000   KG |
| Total Gross Weight | 19,242.000   KG |

GXX1                                        1 of  1

### Shipping Details

| Item | Material Description | Quantity | | Net Weight | |
|---|---|---|---|---|---|
| 0010 | 10005325 SOLEC 3F-UB-IP Standard Soy Lecithin Fluid 1,000 KG ST CAGE Customer material number 1-00768-000 | | | | |
| | F430000208 | 1 | IBC | 1,000 | KG |
| | F430000236 | 17 | IBC | 17,000 | KG |
| | Container/Truck Nbr: | | | | |
| | 25327 | | | | |
| | Seal Nbr: | | | | |
| | 050599 | | | | |

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

55

# The Solae Company.

CERTIFICATE OF ANALYSIS

| Ship To | Shipped From |
|---|---|
| HERSHEY CANADA, INC.<br>C/O WILLS WAREHOUSE<br>HWY 15 SOUTH<br>SMITH FALLS ON  K7A 4T6<br>CANADA | Gibson City Plant<br>Solae, LLC<br>124 State Route 47<br>Gibson City IL  60936 |

| Material | Order / Item<br>Delivery / Item |
|---|---|
| 10005325<br>SOLEC 3F-UB-IP<br>Standard Soy Lecithin Fluid<br>1,000 KG ST CAGE<br>1-00768-000 | 234910 / 000010<br>80290104 / 900002 |

| Batch / Quantity | P.O. No. |
|---|---|
| F430000236 / 17,000 KG<br>*Date of Manufacture: 24 Jun 2006* | 4500257993 |

| Characteristic | Value |
|---|---|
| Acetone Insolubles | 63.0 % |
| Acid Value | 26.0 mg/g |
| Color, Gardner | 16.7 |
| Hexane Insoluble | 0.00 % |
| Karl Fischer Moisture | 0.40 % |
| Viscosity | 5950.0 CPOISE |
| Best Before | 24 Dec 2007 |

Quality Manager:
Carl Sayre

The results certified above are based upon Standard Methods and may be derived from either actual laboratory analyses, rapid measurement technology, statistically defined sampling plan results, or through correlation studies.  Solae, LLC guarantees the product you receive meets the qualities certified.

56

*The Solae*
*Company.*

CERTIFICATE OF ANALYSIS

Page 1 of   1
Date: 27 Sep 2006

| Ship To: | Shipped From: |
|---|---|
| HERSHEY CANADA, INC. <br> C/O WILLS WAREHOUSE <br> HWY 15 SOUTH <br> SMITH FALLS ON  K7A 4T6 <br> CANADA | Gibson City Plant <br> Solae, LLC <br> 124 State Route 47 <br> Gibson City IL  60936 |

| Material | Order / Item <br> Delivery / Item |
|---|---|
| 10005325 <br> SOLEC 3F-UB-IP <br> Standard Soy Lecithin Fluid <br> 1,000 KG ST CAGE <br> 1-00768-000 | 234910 / 000010 <br> 80290104 / 900001 |

| Batch / Quantity | P.O. No. |
|---|---|
| F430000208 / 1,000 KG <br> *Date of Manufacture: 28 Nov 2005* | 4500257993 |

| Characteristic | Value |
|---|---|
| Acetone Insolubles | 64.0 % |
| Acid Value | 28.0 mg/g |
| Color, Gardner | 16.6 |
| Hexane Insoluble | 0.01 % |
| Karl Fischer Moisture | 0.80 % |
| Viscosity | 10000.0 CPOISE |
| Best Before | 28 May 2007 |

Quality Manager:
Carl Sayre

The results certified above are based upon Standard Methods and may be derived from either actual laboratory analyses, rapid measurement technology, statistically defined sampling plan results, or through correlation studies.  Solae, LLC guarantees the product you receive meets the qualities certified.

EXHIBIT 6

57

This is Exhibit......*6*.........referred to in the
affidavit of......*Laura Craddick*......
sworn before me, this............................
day of...........*April 19*, 20*07*.

....................................................
A COMMISSIONER FOR TAKING AFFIDAVITS

*Sheri P. West*
SHERI P. WEST
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: July 31, 2009
Commission # 05403515

*David L. Narkiewicz*
DAVID L. NARKIEWICZ
Licensed Attorney, Solos LLC

58

*The Solae Company.*

**Invoice**
**90308495**

**Shipping Address**
HERSHEY CANADA, INC.
C/O WILLS WAREHOUSE
HWY 15 SOUTH
SMITH FALLS ON  K7A 4T6
CANADA

**Billing Address**
HERSHEY CANADA SMITH FALLS PLT
1 HERSHEY DRIVE
SMITH FALLS ON  K7A 4T8
CANADA

**Information**
| | |
|---|---|
| Document Date | 27 Sep 2006 |
| Billing Date | 27 Sep 2006 |
| Purchase Order No. | 4500257993 |
| Purchase Order Date | |
| Sales Order Number | 234910 |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |
| Payment Due Date | 27 Oct 2006 |

PLEASE REMIT TO:
SOLAE, LLC
C/O BANK OF AMERICA
P O BOX 169
ST LOUIS, MO 63150-0169        Page 1

**Invoice Details**

| Item | Material Description | Date Shipped | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10005325 | 09/27/2006 | 18 IBC | 18,000.000 KG | | 2.7701 /KG | 49,861.80 |
| | SOLEC 3F-UB-IP Standard Soy Lecithin Fluid 1,000 KG ST CAGE Cust. Material No.: 1-00768-000 Country of Origin: US | | | | | | |
| | | | | | | Total Amount | USD  49,861.80 |
| | | Total Gross Weight | | 18,242 KG | | | |

Price shall be the price in effect on the date of shipment.
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

**ATTACHMENT 1 - CONDITIONS OF SALE**

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner in. Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that If this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for Products to have beencompleted and such Products as are in process as of the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer falls to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement Is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. Those terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

EXHIBIT 7

60

This is Exhibit............7............referred to in the
affidavit of.......Laurie Credico
sworn before me, this.................................
day of........April 19, 20.07

A COMMISSIONER FOR TAKING AFFIDAVITS

SHERI P. WEST
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: July 31, 2009
Commission # 05403515

DAVID L. NARKIEWICZ
Licensed  Attorney, Solas, LLC

61



PAY TO
THE
ORDER OF
PAYEE &
ENDORSE
ON

THE SOLAE COMPANY #89159
C/O BANK OF AMERICA P.O BOX 169
ST. LOUIS MO  63150-0169

62

Hershey Canada Inc.
2350 Matheson Blvd East
Mississauga, Ontario L4W 5E9          Tel: (717) 534-5657                    NO.  01015428

3008099

| REFERENCE NUMBER | INVOICE NUMBER | INVOICE DATE | PURCHASE ORDER | COMMENTS | GROSS AMOUNT | DISCOUNT | NET AMOUNT |
|---|---|---|---|---|---|---|---|
| 6100358273 | 90306495 | 05/27/2006 | 4500357593 | | 49,863.80 | 0.00 | 49,863.80 |

| PAYMENT DOCUMENT 2000301930 | | | | | | AMOUNT PAID | 49,863.80 |

63

Hershey Canada, Inc.

Plaintiff

- and -

Solae, LLC

Defendant

Court File No.: 07-CV-329291PD2

*ONTARIO*
SUPERIOR COURT OF JUSTICE

Proceeding commenced at Toronto

AFFIDAVIT OF LAURIE CRADICK
(sworn April / 9 , 2007)

FASKEN MARTINEAU DUMOULIN LLP
Barristers and Solicitors
Box 20, Suite 4200
Toronto-Dominion Centre
Toronto, ON  M5K 1N6

Robert S. Harrison (LSUC#14046D)
Tel: 416 865 4384
Peter J. Pliszka (LSUC#29634T)
Tel: 416 868 3336

Fax: 416 364 7813
Solicitors for the Defendant

DM_TOR/272673-00010/2193566.1