IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLAE, LLC,<br>A Delaware limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>HERSHEY CANADA INC.<br>an Ontario, Canada corporation,<br><br>        Defendant | )<br>)<br>)<br>)<br>)   C.A. No. 07-140-JJF<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF JACK H. SELF**
Sworn May 10, 2007

I, JACK H. SELF, of the City of St. Louis, in the State of Missouri, U.S.A., MAKE OATH AND SAY:

1.      I am the Global Business Director – Lecithin for Solae, LLC, and I am based out of Solae, LLC's offices located at 1034 Danforth Drive, St. Louis, MO 63102, USA.

2.      Based on my position as Global Business Director – Lecithin, I have knowledge of the matters to which I hereinafter attest, except for those matters which are stated in this affidavit to be based on information provided to me by others, all of which I believe to be true.

3.	I was scheduled to attend the March 8, 2007 meeting between Solae and Hershey in Hershey, Pennsylvania. I was told on March 7 that the meeting for the following day had been cancelled.

4.	The March 8 meeting between Solae and Hershey was postponed due to the unavailability of Camella Pratt, the representative of Solae's insurer, Great American Custom Insurance Services, Inc. ("Great American"). A meeting with Ms. Pratt had been purposefully scheduled prior to the meeting with Hershey, and was scheduled for March 6, 2007. However, Great American cancelled the meeting at the last minute, and Solae was told that the meeting cancellation was due to the illness of Great American's agent, Camella Pratt, who had been working on this matter. Solae's coordination with Great American was an important component of Solae's evaluation of its possibility for settlement, and necessary for insurer-insured relations. Due to Ms. Pratt's illness, the meeting with Great American could not be scheduled before March 8, 2007.

5.	Counsel for Solae was also to meet with a decision-maker in advance of the scheduled March 8 meeting. Consistent with Solae's report to Hershey, the meeting with the decision maker eventually took place on the evening of March 7.

6.	I am also aware that during the settlement discussions with Solae, Hershey made clear that "all damages," according to Hershey, totalled in the many millions of dollars. Further, Hershey provided revised damage calculations as the talks continued, with the damages claimed escalating several times over the three months of discussion.

7.	Solae understood that Hershey's damages (if any), were limited to the purchase price of the soy lecithin, or approximately $50,000.

Case 1:07-cv-00140-JJF    Document 20    Filed 05/11/2007    Page 3 of 3

- 3 -

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| **SWORN BEFORE ME** in St. Louis, MO, this day on May 10, 2007. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Notary:** | ———————————————<br>JACK H. SELF |

*(signature: Cheryl Harland)*

CHERYL HARLAND
Notary Public-Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: Sept 2, 2007