## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SOLAE, LLC,                                  )
A Delaware limited liability company,        )
                                             )
           Plaintiff,                        )
                                             )          C.A. No. 07-140-JJF
vs.                                          )
                                             )
HERSHEY CANADA INC.                          )
an Ontario, Canada corporation,              )
                                             )
           Defendant                         )
_____     )

### AFFIDAVIT OF JOHN T. MORIN
**Sworn May  3 rd , 2007**

I, JOHN T. MORIN, of the City of Toronto, in the Province of Ontario, Canada,

MAKE OATH AND SAY:

1.         I am a partner in the law firm of Fasken Martineau DuMoulin, LLP ("Fasken

Martineau"). I practice in the Toronto, Ontario office. I graduated from the University of Western

Ontario, Faculty of Law in 1968. I was called to the Bar of the Province of Ontario in 1970 and I

have been practicing civil litigation continuously since 1970. Over the years, my litigation practice

has comprised commercial, corporate, securities, professional negligence, product liability and class

action litigation matters before a wide variety of courts and tribunals, including in particular, the

Ontario Superior Court of Justice (the "Ontario Court"), the Federal Court of Canada and the

Supreme Court of Canada. A copy of my biography is attached as **Exhibit "1"** to this affidavit.

DM_TOR/272673-00001/2204628.2

- 2 -

Based on my education and experience, I have knowledge of the matters to which I hereinafter depose, except for those matters which are stated in this affidavit to be based on information provided to me by others, all of which I believe to be true.

**Purpose of this Affidavit**

2.        I understand from Peter J. Pliszka, another partner in our litigation group, that he and others in our firm are representing Solae, LLC ("Solae") in a legal proceeding which has been brought against Solae by Hershey Canada Inc. ("Hershey") in the Ontario Court (the "Ontario Action"). I am not involved in the representation of Solae in the Ontario Action.

3.        Mr. Pliszka has informed me that Solae has also commenced a legal proceeding against Hershey in the United States District Court for the District of Delaware (the "Delaware Action"), and that Hershey is bringing a motion to the Delaware Court for an order dismissing the Delaware Action based on Hershey's assertion that the litigation should take place in Ontario.

4.        Mr. Pliszka has informed me that one of the issues between Solae and Hershey relates to whether the law of Ontario or the law of Delaware will govern the substantive issues in the litigation between the two companies. Regardless of which law governs the matters of substantive law, if the Ontario Action proceeds, it is virtually certain that the Ontario Court will apply Ontario law to procedural matters in the conduct of the Ontario Action.

5.        In this context, Mr. Pliszka has told me that the attorneys who are representing Solae in the Delaware Action have requested that I provide some information about Ontario law relating to the following procedural matters: (a) application of foreign substantive law in trials before the Ontario Court, (b) pre-trial discovery rights of parties in civil actions before the

- 3 -

Ontario Court, (c) civil jury trials in the Ontario Court, and (d) "taking a view" of sites or physical evidence.

**(a)    Applying Foreign Law in the Ontario Court**

6.        Under Canadian principles of private international law, the question of whether a court has jurisdiction over an action is separate and distinct from the question of which law governs the substance of the action. If the litigation between Solae and Hershey proceeds in the Ontario Court, it does not necessarily follow that Ontario law will govern the matters of substantive law in the Ontario Action.

7.        Lawsuits before the Ontario Court which are governed by laws of jurisdictions other than Ontario are not unheard of, particularly in recent years with the rapidly increasing globalization of business and corresponding increased potential for multi-jurisdictional disputes. Canadian courts have developed principles for determining the governing law of a given lawsuit and well-established processes for receiving and applying foreign law to the lawsuit.

8.        Unlike Ontario law, foreign law is treated as a matter of fact which is to be proven by the parties leading evidence on the content of the foreign law. For example, if the Ontario Court were to find that the law of Delaware governs the Ontario Action, the parties would adduce evidence at trial from "experts" in the law of Delaware (e.g. experienced attorneys admitted to the Bar of Delaware, or an appropriately-qualified law professor, etc.). These experts would provide evidence (either in the form of a sworn affidavit or by *viva voce* testimony at trial) about the law of Delaware that is applicable to the specific matters in issue in the Ontario Action. The Ontario judge would then apply that foreign law to the facts at the trial of the Ontario Action in the same way that he or she would apply the law of Ontario to the facts if Ontario law governed the lawsuit.

- 4 -

**(b)    Pre-Trial Discovery**

9.         Pre-trial discovery processes in legal proceedings before the Ontario Court are governed by a set of court rules called the Rules of Civil Procedure ("RCP").

10.        Generally, pre-trial discovery in an Ontario civil action comprises two processes – documentary discovery and examinations for discovery.

11.        Rule 30 of RCP describes the rights and process relating to documentary discovery in a civil action in Ontario. In brief, Rule 30.03(1) provides that each party to a civil action in Ontario has an obligation to serve on every other party in the action an affidavit of documents which discloses to the full extent of that party's knowledge, information and belief all documents relating to any matter in issue in the action that are, or have been, in that party's possession, control or power. Rule 30.02 provides that the party must also produce for inspection, if requested by the opposing party, every document relating to any matter in issue that is in the party's possession, control or power, unless privilege is claimed in respect of the document. An annotated copy of Rule 30 is attached as **Exhibit "2"** to this affidavit.

12.        Parties to a civil action in Ontario do not have a right to require production of documents from non-parties. Rule 30.10 provides that a party may bring a motion to the court for an order requiring a non-party to produce a document which is in the possession, control or power of the non-party and which is not privileged. The test to obtain such an order requires the moving party to satisfy the court that (a) the document is relevant to a material issue in the action, and (b) it would be unfair to require the moving party to proceed to trial without having discovery of the document.

- 5 -

13.         With respect to examinations for discovery, Rule 31.02 addresses the form of an examination for discovery.    Rule 31.02(1) provides that an examination for discovery may be conducted either orally or by written questions and answers, but a party is not entitled to conduct both forms of discovery except with leave of the court.

14.         The rights and procedures relating to oral examinations for discovery are regulated by Rule 31 of RCP.  An annotated copy of Rule 31 is attached as **Exhibit "3"** to this affidavit.  The rights and procedures relating to written examinations for discovery are regulated by Rule 35 of RCP.  An annotated copy of Rules 35 is attached as **Exhibit "4"** to this affidavit.  (In practice, written examinations for discovery are very rarely conducted, and thus I will not comment further on written discovery in this affidavit.).

15.         Pursuant to Rule 31.03 (1), a party's right to conduct examinations for discovery is limited to examining only other <u>parties</u> who are adverse in interest in the action.  As discussed further below, a party is not entitled as of right to examine non-party witnesses for discovery.

16.         Where the party to be examined is a corporation, the examining party is entitled as of right to examine only <u>one</u> officer, director or employee as the representative of that corporate party.

17.         Pursuant to Rule 31.03(2)(b), the examining party may examine more than one officer, director or employee of a corporate party only if the party obtains the consent of that corporate party or leave of the court.  Based on my experience, the Ontario Court does not often grant leave to conduct an examination for discovery of more than one representative of a corporate party.  Generally, leave can be expected to be granted only in circumstances where the

- 6 -

representative, who was initially produced for examination, lacked the knowledge or ability to provide any, or clear, evidence in respect of most or all of the matters in issue.

18.        That lack of knowledge must be extreme before leave will be granted.  Ontario courts recognize that in civil actions of any degree of complexity, any given representative witness who is being examined on behalf of a corporate party will not have personal knowledge of all of the matters in issue, and this fact does not entitle the examining party to an order granting leave to examine additional representatives of the corporation.  Instead parties in Ontario are required to deal with this situation through a process called "undertakings".  If the examining party poses a question which is relevant to a matter in issue, but which is not within the personal knowledge of the representative witness at discovery, the witness is required to give an undertaking on behalf of the corporate party to make reasonable inquiries of other employees of the corporation to obtain the answer.  The standard practice which has developed in Ontario is that the answers to undertakings are reported back to the examining party's lawyer in a written form, drafted by the lawyer for the corporate party which gave the undertaking.

19.        As a discovery and evidence-gathering mechanism, answers to undertakings are less effective than oral examination for discovery, in my view, primarily for two reasons. First, as indicted above, almost always the answers do not come directly from the actual source of the evidence; rather, the answers are almost always drafted by the lawyer for the opposing party that gave the undertaking.  Second, unlike the situation of receiving an answer orally from a witness during an oral examination process, the process of undertakings deprives the examining lawyer of an opportunity to pose follow-up questions immediately and directly to the source of the information. Rather, the follow-up questions must be posed at a subsequent re-attendance for discovery, and the follow-up questions must be posed to the same representative who had given

- 7 -

the initial undertaking due to his/her lack of personal knowledge of the subject-matter of the question in the first place. Consequently, any follow-up examination on answers to undertakings almost inevitably generates additional undertakings that are answered in the same manner – i.e., in writing by the opposing party's counsel.

20.        As mentioned above, pursuant to Rule 31.03 of RCP, parties to a civil action in Ontario also do not have a right to conduct an examination for discovery of any non-party witnesses. Rule 31.10(1) of RCP provides that an examining party may examine a non-party only with leave of the court.

21.        Rule 31.10(2) sets out the test for granting leave to examine a non-party.    It provides that an order granting leave "shall not be made unless the court is satisfied that:

   (a)    the moving party has been unable to obtain the information from other persons whom the moving party is entitled to examine for discovery, or from the person the party seeks to examine;

   (b)    it would be unfair to require the moving party to proceed to trial without having the opportunity of examining the person; and

   (c)    the examination will not,

        (i)    unduly delay the commencement of the trial of the action;

        (ii)    entail unreasonable expense for other parties; or

        (iii)    result in unfairness to the person the moving party seeks to examine."

22.        Based on my experience, the test for leave to examine a non-party is set at a high threshold, and leave to examine non-parties is not often granted.

23.        Further, the exception under Rule 31.10 for seeking to examine non-parties for discovery is specifically limited to non-party fact witnesses; there is no provision under Rule 31,

- 8 -

or elsewhere in RCP, to seek to conduct an examination for discovery of an expert retained for the litigation by the opposing party. (The findings, opinions and conclusions of an expert who has been retained by the opposing party can be obtained only indirectly through the examination for discovery of the party to the action, subject to the provisions set out in Rule 31.06(3).)

**(c)     Civil Jury Trials in Ontario**

24.         The availability of a trial by jury in a civil action in Ontario is regulated by section 108 of the *Courts of Justice Act* R.S.O. 1990, c. C.43 ("CJA') and Rule 47 of RCP.

25.         Section 108(1) of CJA provides that in an action before the Ontario Court (other than the Small Claims Court section of the Ontario Court), a party may require that the issues of fact be tried, or the damages assessed, or both, by a jury, unless otherwise provided in CJA or other statutes.    An annotated copy of section 108 of CJA is attached as **Exhibit "5"** to this Affidavit.

26.         Pursuant to Rule 47.01 of RCP, in order to have an action tried by a jury, a party must serve upon the opposing party and file at the court office a Jury Notice at any time before the close of pleadings. A copy of Rule 47 is attached as **Exhibit "6"** to this Affidavit.

27.         The statutory right to a jury trial in Ontario is not absolute.  Section 108(3) of CJA and Rule 47.02(2) of RCP provide that the opposing party may bring a motion to strike out a Jury Notice.

28.         Generally, Ontario courts are inclined to strike out jury notices in cases that they consider to be too complex for a jury.  Cases which will involve technical evidence or complex

- 9 -

expert evidence, or cases which will involve difficult questions of fact or law, are usually regarded by Ontario courts as inappropriate to be tried by a jury.

29.        Jury trials in most types of civil and commercial litigation lawsuits before the Ontario Court have not been common for many years. Attached as **Exhibit "7"** to this Affidavit is a copy of an excerpt from the "Report on the Use of Jury Trials in Civil Actions" prepared by the Ontario Law Reform Commission ("OLRC") in 1996. This excerpt contains data that OLRC states in the report were obtained from the Ministry of the Attorney General of Ontario.  The statistical tables set out in pages 9 and 10 of Exhibit 7 show that during the seven years between 1988 and 1995, the vast majority of civil actions before the Ontario Court (General Division) (the previous name of the Ontario Superior Court of Justice) were tried by judge without a jury. The statistics further indicate that most of the actions that were tried by jury tended to be motor vehicle accident lawsuits.  Of course, there will always be some exceptions, but generally most motor vehicle accident trials are not regarded as the most complex types of lawsuits.

30.        I have not seen more recent statistics regarding the incidence of civil jury trials in Ontario.  However, it is my understanding and my impression as a lawyer who practices civil litigation full-time in Ontario that there has not been any material increase in the percentage of jury trials before the Ontario Court in the twelve years since 1995.  Based on my experience, and to the best of my knowledge, Ontario courts are typically inclined to strike out jury notices in civil actions that involve any significant degree of complexity.

- 10 -

**(d)    Taking a View**

31.         Judges of the Ontario Court have inherent discretionary jurisdiction to inspect any

place, property or thing (known in Ontario legalese as "taking a view") and, in the case of a civil jury

trial, to order a jury to take or attend a view.

32.         In Ontario a "view" is not to treated or used as evidence in and of itself.  Rather, the

view is to be used only to assist in understanding and applying the evidence that has been

otherwise adduced.

33.         Accordingly, generally Ontario judges only direct juries to take a view if it

appears likely that a view will provide meaningful assistance to the jury in their ability to

understand the evidence.

34.         I am swearing this affidavit in support of a response by Solae to a motion being

brought by Hershey in the Delaware Action.

35.         I declare under penalty of perjury that the foregoing is true and correct.


**SWORN BEFORE ME** at the City of          )
Toronto, in the Province of Ontario, this    )
   3 rd    day of May, 2007.                  )
                                              )
                                              )
                                              )          _____
Commissioner for taking affidavits           )          JOHN T. MORIN
                                              )

ALEKSANDAR NIKOLIC, a
Commissioner, etc., Province of Ontario,
while a Student-at-Law.
Expires February 28, 2008.

This is Exhibit "1" referred to in the
Affidavit of John T. Morin sworn
before me, this 3rd day of May, 2007

_____
A Commissioner for Taking Affidavits

ALEKSANDAR NIKOLIC, a
Commissioner, etc., Province of Ontario,
while a Student-at-Law.
Expires February 28, 2008.



**FASKEN MARTINEAU**



**Toronto**

Direct Line:   416 868 3428

Facsimile:    416 364 7813

jmorin@tor.fasken.com

www.fasken.com

# John T. Morin, Q.C.

### Areas of Practice

Litigation and Dispute Resolution

Commercial Litigation

Securities Litigation

Product Liability

### Education

B.A. - Economics and Political Science, 1965 University of Windsor

LL.B., 1968 University of Western Ontario

### Called to the Bar

Ontario, 1970

Alberta, 1978

John Morin has a general litigation practice before a wide variety of courts and tribunals. He is active in commercial, corporate, securities, professional negligence, product liability, class proceedings litigation matters and in a variety of administrative law matters.

He appears regularly as counsel before the Ontario Superior Court of Justice in both the trial and appellate divisions. He has practiced extensively in the Federal Court of Canada both in the trial and appellate division. He has argued numerous appeals in the Supreme Court of Canada.

He has appeared often before administrative tribunals such as the Canadian International Trade Tribunal ("CITT") in connection with trade disputes. He has appeared before Bi-National Panels established under a North American Free Trade Agreement to review decisions of the CITT.

John joined the firm as an associate in 1970 and became a partner in 1975. He was appointed Queen's Counsel in 1984. He is Chair of the Litigation Section of the Toronto office.

He is recognized by Lexpert as a leading practitioner in the areas of commercial litigation, product liability litigation and admiralty litigation. He is listed in Chambers Global and International Who's Who for expertise in commercial litigation. He is also named in the Guide to World's Leading Shipping & Maritime Lawyers.

### Lectures

John lectured in the Bar Admission Course conducted by the Law Society of Upper Canada in civil litigation for ten years. He has been chairman and speaker in continuing legal education programs on topics including product liability, directors' and officers' liability, civil litigation procedure and real estate litigation. He is editor of the Product Liability Section of CCH Canadian Commercial Law Guide.





# John T. Morin, Q.C.

### Product Liability Experience

John has represented both individuals and corporations involved in product liability claims. He has appeared at trial and on appeal as counsel for both plaintiffs and defendants. He has been involved in a broad range of product liability claims. They have included claims arising from contaminated cereals, exploding pop bottles, defective consumer goods, and heavy industrial equipment. The claims have involved damages for personal injuries, wrongful death, loss of income and loss of profits. A selective list of corporate clients, for whom he has acted in product liability litigation, include Rockwell International Inc., Deere & Co., John Deere Limited, Black & Decker Inc., Consumers Glass Company Limited, Kellogg Company, Dofasco Inc. and ULS International Inc.

### Professional Activities

- Fellow, American College of Trial Lawyers
- Past Commodore, Royal Canadian Yacht Club
- Past Member, National Council of the Canadian Bar Association
- Member, Canadian Bar Association
- Member, Law Society of Alberta
- Member, The Advocates' Society
- Past Director, The Advocates' Society
- Member, American Bar Association - Tort & Product Liability Section
- Past President, Marine Club of Canada

This is Exhibit "2" referred to in the
Affidavit of John T. Morin sworn
before me, this 3rd day of May, 2007

_____
A Commissioner for Taking Affidavits


ALEKSANDAR NIKOLIC, a
Commissioner, etc., Province of Ontario,
while a Student-at-Law.
Expires February 28, 2008.

# DISCOVERY

*Introductory Note on the Organization of the Rules Relating to Discovery (Rules 30-33) and Examinations Out of Court (Rules 34-35)*

The Rules relating to discovery fall essentially into two groups. The first group, Rules 30–33, regulate the various forms of discovery, *i.e.*, Discovery of Documents (Rule 30), Examination for Discovery (Rule 31), Inspection of Property (Rule 32), and Medical Examination of Parties (Rule 33). See the definition of "discovery" in rule 1.03. The second group, Rules 34–35, regulate the conduct of examinations for discovery. While Rule 31 provides for the nature and scope of examinations for discovery, the procedure to be followed on the conduct of the examination is regulated by Rule 34 (if it is an oral examination) and by Rule 35 (if it is to be conducted by written questions). However, Rule 34 (Procedure on Oral Examination) is not limited to examinations for discovery; it extends to the conduct of all out-of-court examinations.

Several other Rules are also relevant to disclosure or the narrowing of issues before a trial: the pre-trial conference (Rule 50), the request to admit procedure for obtaining admissions as to facts and documents (Rule 51), and the disclosure of expert testimony before trial (rule 53.03).

## RULE 30 — DISCOVERY OF DOCUMENTS

*Highlights*

*Scope of discovery.* Disclosure must be made of every document relating to any matter in issue in an action that is or has been in the possession, control or power of a party, whether or not privilege is claimed in respect of the document: rule 30.02. Documents are very broadly defined (rule 30.01(1)) so as to include, *inter alia*, photographs, videotape and computer-stored data and information. Insurance policies under which an insurer may be liable to pay a judgment in the action or to indemnify a party to the action are discoverable: rule 30.02(3). By a court order a party can be required to disclose all relevant documents in the possession, control or power of a party's subsidiary or affiliated corporation or of a corporation controlled, directly or indirectly, by the party: rule 30.02(4).

*Affidavit of documents.* By rule 30.03(1), every party is required to serve an affidavit of documents within ten days after the close of pleadings and, unless the parties agree otherwise, the service of an affidavit of documents is a pre-condition to a party's right to examine for discovery: rule 31.04(1). The affidavit is to list and describe, in separate schedules, documents to be produced, documents no longer in the party's possession and documents in respect of which a claim for privilege is made: rule 30.03(2). Where a claim for privilege is made, the grounds for the claim are to be stated, and the nature and date of the document and other particulars sufficient to identify it are to be given: Forms 30A and 30B. The affidavit is to state that the party has never had possession, control or power over any relevant unlisted documents. Moreover, to ensure that the client understands the broad scope of discovery, the lawyer is to certify on the affidavit that he or she has explained to the deponent the necessity of making full disclosure of all relevant documents and what kinds of documents are likely to be relevant: rule 30.03(4).

*Continuing disclosure.* A specific obligation is imposed to correct any omissions from the original affidavit and to disclose subsequently acquired

**R. 30**                    RULES OF CIVIL PROCEDURE

non-privileged documents by means of a supplementary affidavit of documents: rule 30.07.

*Production and inspection.* All non-privileged documents which have been disclosed may be inspected: rule 30.04. The court may postpone production of documents which may become relevant only after the determination of an issue in the action; however, to obtain such an order, a party must show that serious prejudice would result from earlier production of the document: rule 30.04(8). Production of documents may be obtained from non-parties, but only where it is shown that the document is relevant and that it would be inequitable to require the party to proceed to trial without having discovered the document: rule 30.10. (This test is similar, but not identical, to the test imposed as a pre-condition to obtaining an order for leave to examine a non-party for discovery: rule 31.10.) Where the affidavit is incomplete or privilege has been improperly claimed, the court may order cross-examination on the affidavit or a further and better affidavit of documents, or it may inspect any document for the purposes of determining relevance or privilege: rule 30.06.

*Sanctions.* Provision is made for dealing with the situation where a party seeks to make use at trial of a document which has not been disclosed or produced. If the document is favourable to the party's case it may not be used, except with leave, and if it is not favourable the court may make such order as is just: rule 30.08(1). (In the United States case of *Rozier v. Ford Motor Co.* (1978), 573 F. 2d 1332 (C.A. 5th Circuit), the plaintiff was granted a new trial where the defendant had failed to disclose a document relevant to the plaintiff's case that it was obliged to disclose on discovery.)

Where a party has claimed privilege for a document, the party may not use the document at trial, except to impeach a witness or with leave of the trial judge, unless he or she abandoned the privilege in writing at least 90 days before commencement of trial: rule 30.09. (As to the "leave" provision in both rule 30.08(1) and rule 30.09, rule 53.08 regulates how the court should approach the issue.)

*Former Rules:* Rules 347–352.

## INTERPRETATION

**30.01 (1) In rules 30.02 to 30.11,**

**(a) "document" includes a sound recording, videotape, film, photograph, chart, graph, map, plan, survey, book of account, and data and information in electronic form; and**

**(b) a document shall be deemed to be in a party's power if that party is entitled to obtain the original document or a copy of it and the party seeking it is not so entitled.**

**(2) In subrule 30.02(4),**

**(a) a corporation is a subsidiary of another corporation where it is controlled directly or indirectly by the other corporation; and**

**(b) a corporation is affiliated with another corporation where,**

> **(i) one corporation is the subsidiary of the other,**
>
> **(ii) both corporations are subsidiaries of the same corporation, or**
>
> **(iii) both corporations are controlled directly or indirectly by the same person or persons.**

O. Reg. 427/01, s. 12; 132/04, s. 6

DISCOVERY OF DOCUMENTS                    **R. 30.02**

*Case Law*

> Reichmann v. Toronto Life Publishing Co. (1988), 66 O.R. (2d) 65, 30 C.P.C. (2d) 280 (H.C.)
>
> "Document" includes a computer disc used to store information.

## SCOPE OF DOCUMENTARY DISCOVERY

### *Disclosure*

**30.02 (1) Every document relating to any matter in issue in an action that is or has been in the possession, control or power of a party to the action shall be disclosed as provided in rules 30.03 to 30.10, whether or not privilege is claimed in respect of the document.**

### *Production for Inspection*

**(2) Every document relating to any matter in issue in an action that is in the possession, control or power of a party to the action shall be produced for inspection if requested, as provided in rules 30.03 to 30.10, unless privilege is claimed in respect of the document.**

### *Insurance Policy*

**(3) A party shall disclose and, if requested, produce for inspection any insurance policy under which an insurer may be liable,**

**(a) to satisfy all or part of a judgment in the action; or**

**(b) to indemnify or reimburse a party for money paid in satisfaction of all or part of the judgment,**

**but no information concerning the insurance policy is admissible in evidence unless it is relevant to an issue in the action.**

### *Subsidiary and Affiliated Corporations and Corporations Controlled by Party*

**(4) The court may order a party to disclose all relevant documents in the possession, control or power of the party's subsidiary or affiliated corporation or of a corporation controlled directly or indirectly by the party and to produce for inspection all such documents that are not privileged.**

*Case Law*

### *Authors' Note on Organization of Cases*

Cases relevant to this provision have been organized as follows:

> Production of Documents - Generally
>
> Production of Documents - Medical Reports and Records
>
> Production of Documents - Insurance Policies - rule 30.02(3)
>
> Production of Documents - Privilege for Documents Prepared in Anticipation of Litigation
>
> Production of Documents - Solicitor-and-Client Privilege
>
> Production of Documents - Crown Privilege
>
> Production of Documents - Privilege Regarding Settlement Negotiations
>
> Production of Documents - Privilege Based on Confidentiality
>
> Production of Documents - Miscellaneous Privileges
>
> Waiver of Privilege
>
> Production of Documents - Statements Made by Opposing Party
>
> Production of Documents - Examples

**R. 30.02**  RULES OF CIVIL PROCEDURE

*Production of Documents - Generally*

*Mills v. MacFarlane* (2000), 49 C.P.C. (4th) 184, 2000 CarswellOnt 2702 (S.C.J.)

The master was held to have erred in ordering the production and discovery of documents on a plea of justification without first determining if the defendant's plea could stand or should be struck.

*Laurentian Bank of Canada v. Herzog* (1999), 42 C.P.C. (4th) 269, 1999 CarswellOnt 2776 (S.C.J.)

The court required a plaintiff moving for summary judgment to deliver its affidavit of documents prior to cross-examinations before the motion.

*Robb Estate v. St. Joseph's Health Care Centre* (1998), (sub nom. *Rintoul v. St. Joseph's Health Centre*) 42 O.R. (3d) 379, 43 C.C.L.T. (2d) 296, (sub nom. *Rintoul (Litigation Guardian of) v. St. Joseph's Health Centre*) 166 D.L.R. (4th) 158, 115 O.A.C. 177, 1998 CarswellOnt 4013, [1998] O.J. No. 4074 (Div. Ct.)

Destruction or "spoliation" of evidence does not create an independent tort, but does create a rebuttable presumption the evidence was unfavourable to the party who destroyed it.

*Automated Tabulation Inc. v. Canadian Market Images Ltd.* (1995), 24 O.R. (3d) 292 (Gen. Div.)

The court has a discretion to order that access to confidential documents be restricted to the solicitors for an opposing party and not to the opposing party itself.

*Glowinsky v. Stephens & Rankin Inc.* (1989), 38 C.P.C. (2d) 102 (Ont. Master)

Relevancy is the only test by which to judge whether a document should be produced. Documents will not be ordered produced solely on the basis that they might be useful for attacking credibility.

*Manufacturers Life Insurance Co. v. Dofasco Inc.* (1989), 38 C.P.C. (2d) 47; additional reasons 38 C.P.C. (2d) 47 at 53 (Ont. H.C.)

A party was permitted to produce documents with certain portions edited out, where the expunged portions of the document were not relevant to the matters in issue.

*Reichmann v. Toronto Life Publishing Co.* (1988), 66 O.R. (2d) 65, 30 C.P.C. (2d) 280 (H.C.)

A computer disc containing relevant information must be produced. It is not sufficient to produce a printout of the information.

*Collins v. Beach*, 24 C.P.C. (2d) 228, [1988] 1 C.T.C. 261 (Ont. H.C.)

Tax returns need only be produced to the extent that they are relevant to the matters in issue. Where only the plaintiff's income from employment was relevant, he was permitted to block out other matters disclosed on the tax returns.

*Greenfield Const. Co. v. Thunder Bay* (1980), 27 O.R. (2d) 257, 19 C.P.C. 282, 107 D.L.R. (3d) 508 (H.C.)

A privileged document continues to be privileged after its author is added as a defendant.

*Perini Ltd. v. Parking Authority of Toronto* (1975), 6 O.R. (2d) 363, 52 D.L.R. (3d) 683 (C.A.)

A document is not privileged merely because it relates exclusively to the opposite party's case.

*Continental Can Co. of Can. Ltd. v. Bank of Montreal* (1974), 3 O.R. (2d) 167 (Master)

A party must disclose the existence of a document in his possession with which he has no legal right to deal, but the court may refuse to order production of it.

DISCOVERY OF DOCUMENTS                           **R. 30.02**

*Re Goodman & Carr and M.N.R.*, [1968] 2 O.R. 814, 70 D.L.R. (3d) 670, [1968]
    C.T.C. 484, 68 D.T.C. 5288 5310 (H.C.)
No privilege applies to a document where fraud is alleged and a *prima facie* case is
made out.

*Small v. Nemez*, [1963] 1 O.R. 91 (H.C.)
Documents which are once privileged are always privileged.

*Toronto Gen. Trusts v. Little*, [1962] O.W.N. 141 (H.C.)
Documents which are in the possession of a party in a capacity other than that in which
he is engaged in the litigation are privileged.

*Ivey v. Can. Trust Co.*, [1962] O.W.N. 62 (H.C.)
Documents which are merely loaned to a party need not be produced.

*Croft v. Munnings*, [1957] O.R. 211 (H.C.)
The Crown may refuse to produce certain documents if to do so would be contrary to
the public interest.

### Production of Documents - Medical Reports and Records (See also rules 33.04(2), 33.06(2).)

*Demiroglu v. Kwarteng* (1999), 42 C.P.C. (4th) 96, 1999 CarswellOnt 4752, [1999]
    O.J. No. 3117 (S.C.J.)
In this personal injury action, the court ordered the plaintiff to produce a complete
certified copy of his Workers Compensation file.

*Kulpinski v. Toronto Transit Commission* (2000), 45 C.P.C. (4th) 367, 2000 Carswell-
    Ont 194 (Master)
Subject to privilege, a plaintiff in a personal injury action is obliged not only to pro-
duce medical documentation in his possession relevant to the injury, but also to author-
ize his doctors to produce post-accident treatment notes and records. With respect to
pre-accident treatment notes and records, the defendant has the onus to show relevancy.

*Davidson v. Grant* (April 5, 1995), Doc. 92-CU-62938 (Ont. Gen. Div.)
Where the plaintiff in this personal injury case pleaded all encompassing claims the
court ordered production of clinical notes and records and OHIP records.

*Micheli v. Sheppard* (1994), 30 C.P.C. (3d) 297 (Ont. Gen. Div.)
Although the statement of claim in a personal injury action was broadly pleaded, the
court refused to order production of clinical notes and records in relation to all matters
concerning the plaintiff. The issues in the case had been narrowed to an eye injury, and
therefore the request was beyond the limits of relevance.

*P. (L.M.) v. F. (D.)* (1994), 34 C.P.C. (3d) 172, 22 C.C.L.T. (2d) 312 (Ont. Gen. Div.)
The court ordered production of clinical notes and records relating to the plaintiff's
psychotherapy treatments in this sexual abuse case but imposed confidentiality terms.

*Pollard v. Esses* (1994), 35 C.P.C. (3d) 398 (Ont. Gen. Div.)
Where a defendant requested and obtained an undertaking from the plaintiff to obtain
clinical notes and records from non-parties, the court ordered the defendant to pay the
associated costs.

*Bazzi v. Allstate Insurance Co. of Canada* (1994), 28 C.P.C. (3d) 166, 4 M.V.R. (3d)
    310 (Ont. Gen. Div.)
Section 164 of the *Insurance Act* did not change the previous general policy which
requires the defence to pay for the production of clinical notes not in the possession of
the plaintiff.

**R. 30.02**                    RULES OF CIVIL PROCEDURE

*W. (Y.) v. W. (L.)* (1994), 28 C.P.C. (3d) 60 (Ont. Div. Ct.)

The court refused to order the production of medical records where relevance was tenuous at best. The fact that the records might have some relevance to credibility did not itself justify the ordering of production.

*W. (T.) v. W. (K.R.J.)* (1994), 26 C.P.C. (3d) 45, 111 D.L.R. (4th) 703 (Ont. Gen. Div.)

If a doctor has prepared a report and the report is not contradicted by the patient and is not itself ambiguous or equivocal, there will be no reason to produce the doctor's clinical notes and records.

*Lonergan v. Morrissette* (1993), 23 C.P.C. (3d) 186, 109 D.L.R. (4th) 758 (Ont. Gen. Div.)

Where the plaintiff placed his entire medical and emotional health in issue, the court held that the hospital records and medical reports were relevant and ordered their production.

*Wilton v. Brown* (1993), 22 C.P.C. (3d) 249 (Ont. Gen. Div.)

Where the plaintiff's health is placed in issue in a broad sense in the statement of claim, the clinical notes and records of the plaintiff's family physician should be produced for inspection by the defendant.

*Kaptsis v. Macias* (1990), 74 O.R. (2d) 189, 44 C.P.C. (2d) 285 (H.C.)

The clinical notes and records of the plaintiff's treating physician need not be disclosed where the "findings" of the physician were contained in a report which had been disclosed.

*Maksimov v. Berger* (1989), 68 O.R. (2d) 438 (H.C.)

The court ordered production of the entire Workers' Compensation Board file in the plaintiff's possession where the issues in the action were the same as those dealt with in the Board's file, *i.e.*, the plaintiff's back injury and his ability to work.

*Clark v. Stewart* (1988), 30 C.P.C. (2d) 134 (Ont. Master)

In an action for wrongful dismissal the court granted a motion by the defendant for production of all medical records and clinical notes and records relating to the plaintiff where such history was relevant to the issues in the action.

*Catanzaro v. Doxtator* (1988), 65 O.R. (2d) 199, 28 C.P.C. (2d) 42 (H.C.)

Where allegations in the statement of claim had brought the plaintiff's prior health into issue, the pre-accident notes of the treating physician were ordered produced.

*Schultz v. Galvin* (1988), 65 O.R. (2d) 13, 27 C.P.C. (2d) 253 (H.C.)

A plaintiff must make "reasonable" and not "best" efforts to obtain clinical notes, meaning a letter and follow-up call. Details of the efforts must be provided to the defendant if the notes are not obtained. The plaintiff's costs in obtaining clinical notes and records requested on discovery are payable by the defendant, even if later the notes and records are not produced by reason of irrelevance.

*Djurasevic v. McAuley* (1988), 10 W.D.C.P. 243 (Ont. H.C.)

The court ordered production of clinical notes and records where the plaintiff claimed she would be unable to work for the rest of her life and put the limits of her physical and mental capacities in issue.

*Ontario (A.G.) v. C.E.C. Edwards Construction* (1987), 60 O.R. (2d) 618, 23 C.P.C. (2d) 61 (H.C.)

The court declined to order production of clinical notes but required the plaintiff to request medical reports providing the material information contained in the notes.

*Furlano v. Calarco* (1987), 60 O.R. (2d) 451, 20 C.P.C. (2d) 279 (H.C.)

The test for requiring a party to produce a physician's clinical notes and records in a personal injury case is relevance. Where the plaintiff alleged broad physical and psy-

DISCOVERY OF DOCUMENTS **R. 30.02**

chiatric injuries, and there was evidence of both problems in her prior medical history, the defendants obtained an order for production of the plaintiff's physician's clinical notes from two years prior to the accident to date.

*Triumbari v. Bloch* (1987), 20 C.P.C. (2d) 277 (Ont. H.C.)

There is no need to demonstrate a conflict between medical reports and discovery evidence before a party can be compelled to obtain a physician's clinical notes and records. If the documents so obtained are relevant, the party is obliged to prepare a supplementary affidavit of documents and produce the documents.

*Couto v. T.T.C.* (1987), 59 O.R. (2d) 406, 16 C.P.C. (2d) 241 (H.C.)

The court ordered production of treating physicians' clinical notes and records in this personal injury case.

*Trovato v. Smith* (1987), 15 C.P.C. (2d) 121 (Ont. Dist. Ct.)

The court ordered the plaintiff to seek his physician's clinical records and notes although they were not within the plaintiff's "power" within the meaning of rule 30.03(1). There is no merit, logic or support in the Rules for requiring the defendant to establish a conflict in the medical reports or discovery evidence before making such an order. If a doctor does not voluntarily produce the documents, the defence will be met with its more limited rights under rule 30.10.

*Gallo v. Gillham* (1987), 58 O.R. (2d) 115, 15 C.P.C. (2d) 125 (Master); affirmed 67 O.R. (2d) 734, 23 C.P.C. (2d) 109 (H.C.)

A physician's clinical notes and records of post-injury treatment are not producible where a medical report has been delivered and there is no conflict between the plaintiff's evidence and the report. *Cook v. Ip* (1985), 52 O.R. (2d) 289, 5 C.P.C. (2d) 81, 22 D.L.R. (4th) 1, (sub nom. *Cook v. Washuta*) 11 O.A.C. 171 (C.A.) did not overrule *Tilly v. Crangle* (1981), 31 O.R. (2d) 641, 120 D.L.R. (3d) 563 (C.A.).

*Whitby v. Mount Sinai Hospital* (1986), 57 O.R. (2d) 219, 13 C.P.C. (2d) 274 (Master); affirmed (1987), 67 O.R. (2d) 479, 24 C.P.C. (2d) 319 (H.C.)

Clinical notes and records of treating physicians are relevant productions regardless of whether a medical report is delivered and a party is obliged to make best efforts to obtain them and disclose them in his affidavit of documents.

*Orr v. Warren* (1986), 59 O.R. (2d) 286, 18 C.P.C. (2d) 190 (H.C.)

The court ordered the plaintiff to produce her medical records for the period prior to the accident where the defendant pleaded that a pre-existing condition caused her loss of income.

*Heywood v. Nash* (1986), 18 C.P.C. (2d) 154; additional reasons 18 C.P.C. (2d) 154 at 156 (Ont. H.C.)

The plaintiff was directed to request production of office and clinical notes from physicians who had treated the plaintiff both before and after a motor vehicle collision. The production of certain hospital records was not ordered as the records were not relevant to the issues between the parties.

*Hathway v. Bond* (1986), 11 C.P.C. (2d) 277 (Ont. Master)

A party who received medical treatment is responsible for obtaining the medical records despite any impecuniosity.

*Fedorczenko v. Jamieson* (1986), 56 O.R. (2d) 252, 14 C.P.C. (2d) 299 (H.C.)

The plaintiff in a personal injury action was required to use best efforts to obtain the clinical notes and records of treating physicians, a summary of hospital services received, and copies of employment records.

*Griffis v. T.T.C.* (1985), 15 C.P.C. (2d) 119 (Ont. H.C.)

The court ordered a plaintiff to request from her physicians and dentist and produce clinical notes and records prepared both before and after an accident regarding the

**R. 30.02**          RULES OF CIVIL PROCEDURE

physical problems in issue. If the request was refused, resort could be had directly to the professionals under rule 30.10.

*Primavera v. Aetna Casualty Co. of Can.* (1985), 6 C.P.C. (2d) 216 (Ont. Master)

The court refused to order production of the plaintiff's physician's clinical notes where there was no conflict between the plaintiff's evidence and any medical reports and the physician's reports were not inadequate or insufficient.

*Leerentveld v. McCulloch* (1985), 4 C.P.C. (2d) 26 (Ont. Master)

The plaintiff was ordered to ask his physician for his office notes and to produce them if made available or if not made available to so inform the defendant's counsel. Questions concerning medical records and x-rays must be answered unless the physicians in question were consulted solely for the purposes of litigation. Although the plaintiff had attempted to obtain the Workers' Compensation Board hospital records, the plaintiff was ordered to provide the defendant with an authorization for the release of the records.

*Gibbs v. Gibbs* (1985), 48 C.P.C. 163 (Ont. Master)

In this custody case the court ordered production of medical records relating to the wife's previous mental illness subject to a further *in camera* hearing if the attending physician was of the opinion it might harm the patient.

*Gorin v. Ho; Gorin v. Stewart & Cass* (1983), 38 C.P.C. 72 (Ont. Master)

In a personal injury action, the plaintiff has an obligation to obtain and produce medical and hospital records regarding his treatment.

*Atkins v. Iwanicki* (1979), 22 O.R. (2d) 182, 10 C.P.C. 269 (Master)

Where the Workmen's Compensation Board brought a subrogated action in the plaintiff's name, it was ordered to produce medical records in its possession pertaining to the plaintiff's treatment at its facilities.

*Meaney v. Busby* (1977), 15 O.R. (2d) 71, 2 C.P.C. 340 (H.C.)

Medical reports prepared for previous litigation are producible.

*Halteh v. McCoy* (1975), 6 O.R. (2d) 512 (H.C.)

A medical report obtained by a passenger under his driver's no-fault insurance policy is not privileged in an action by the passenger against the driver of another vehicle.

*Boulianne v. Flynn*, [1970] 3 O.R. 84 (H.C.)

A medical report prepared for one action was held not to be privileged in subsequent litigation arising out of a different accident.

*Blackstone v. Mutual Life Ins. Co.*, [1944] O.R. 328 (C.A.)

Medical reports made in the normal course of events and before litigation was contemplated were held not to be privileged.

### Production of Documents - Insurance Policies - rule 30.02(3)

*Noranda Metal Industries Ltd. v. Employers Liability Assurance Corp.* (2000), 49 C.P.C. (4th) 336, 2000 CarswellOnt 3693, [2000] O.J. No. 3846, 23 C.C.L.I. (3d) 60 (S.C.J.); additional reasons at (November 14, 2000), Doc. 98-CV-146353CM, 2000 CarswellOnt 4229 (S.C.J.)

Where the relevance of interpretive material in respect of insurers' policies was remote and the material requested spanned over 40 years, the court held that production would impose an unfair and unreasonable burden on insurers.

*DGW Electronics Corp. v. Crystal Craft Industries Inc.* (1986), 15 C.P.C. (2d) 205 (Ont. H.C.)

A plaintiff prosecuting a fire case on its behalf and on a subrogated basis for its insurer was required to produce a copy of the insurance policy.

DISCOVERY OF DOCUMENTS                           **R. 30.02**

*K Mart Can. Ltd./K Mart Can. Ltée v. Millmink Devs. Ltd.*, 56 O.R. (2d) 422, 11 C.P.C.
   (2d) 243, 24 C.C.L.I. 139, 31 D.L.R. (4th) 135, [1986] I.L.R. 1-2114 (H.C.)

Rules 30.02(3) and 31.06(4), requiring disclosure of insurance policies, do not consti-
tute an unreasonable search or seizure and are not discriminatory under s. 15 of the
*Charter of Rights.*

*Saini v. Manolakos* (1985), 1 C.P.C. (2d) 102 (Ont. Dist. Ct.)

There is no conflict between rule 30.02(3) or 31.06(4) and s. 227(2) of the *Insurance
Act*, which requires production of particulars of any relevant motor vehicle liability
policy when judgment is obtained against the insured.

*Sabatino v. Gunning*, 50 O.R. (2d) 171, 48 C.P.C. 265, [1985] I.L.R. 1-1891, 10
   O.A.C. 347 (C.A.)

The purpose of rule 30.02(3) is to assist the parties in making informed and sensible
decisions in circumstances where recourse to insurance moneys may play a major role
in how the litigation is conducted and through what stages it should be pursued. The
court ordered production of an insurance policy after trial while an appeal was pending.

*Brito v. Biduke*, 46 C.P.C. 3, 8 C.C.L.I. 64, [1984] I.L.R. 1-1837 (H.C.)

An insurer added as a "third party" under the *Insurance Act* may be required to produce
all documents relating to insurance coverage.

### Production of Documents - Privilege for Documents Prepared in Anticipation of Litigation

*Kennedy v. McKenzie* (2005), 17 C.P.C. (6th) 229, 2005 CarswellOnt 2109 (S.C.J.);
   additional reasons at (May 24, 2005), Doc. 03-CV-260213CM3, 2005 Carswell-
   Ont 2132 (S.C.J.)

A claim for litigation privilege is a question of mixed fact and law. A party asserting
litigation privilege must establish the documents were created: (a) for the dominant
purpose of litigation; (b) in answer to inquiries made by an agent for the party's solici-
tor; (c) at the request or suggestion of the party's solicitor; (d) for the purpose of being
reviewed by counsel to give legal advice; or (e) to enable counsel to prosecute or de-
fend an action or prepare a brief.

*Windsor (City) v. MFP Financial Services Ltd.* (2004), 74 O.R. (3d) 58, 2004 Cars-
   wellOnt 4990, 2 C.P.C. (6th) 228, 247 D.L.R. (4th) 640, 193 O.A.C. 1 (C.A.);
   additional reasons at (January 20, 2005), Doc. CA C41890, 2005 CarswellOnt
   219 (C.A.)

The plaintiffs sent a copy of an investigative report to a third party lawyer to review as
he was a potential witness for the plaintiffs. The plaintiffs later added the third party
lawyer's law firm as a defendant. The court refused to order the return of the report as
there was no basis for the claim of litigation privilege between the plaintiffs and the
third party lawyer.

*Refco Futures (Canada) Ltd. v. American Home Assurance Co.* (2004), 50 C.P.C. (5th)
   191, 2004 CarswellOnt 1659 (S.C.J.)

The court directed the defendant insurer to produce documents which were created
prior to retaining counsel and which did not satisfy the dominant purpose test.

*1207301 Ontario Inc. v. Zurich Insurance Co.* (2003), 2003 CarswellOnt 4562, [2003]
   O.J. No. 4692, 5 C.C.L.I. (4th) 93, 41 C.P.C. (5th) 397 (S.C.J.)

The court refused to require the defendant to produce a legal opinion it received prior
to denying coverage to the plaintiff.

*Gabany v. Sobeys Capital Inc.* (2002), 27 C.P.C. (5th) 297, 2002 CarswellOnt 2683,
   [2002] O.J. No. 3151 (S.C.J.)

Witness statements and adjusters' reports prepared by the defendants after receipt of a
notice letter from the plaintiff's solicitor were privileged.

**R. 30.02**          RULES OF CIVIL PROCEDURE

*Green Estate v. Ontario Rugby Football Union* (2001), 6 C.P.C. (5th) 160, 2001 Cars-
    wellOnt 1363, 28 C.C.L.I. (3d) 76 (S.C.J.)

The plaintiffs sought damages arising from the death of their husband and father in a
rugby match. The court granted the plaintiffs' motion for production of witness state-
ments obtained by the liability insurer in the 8.5 months following the accident and
prior to the commencement of the litigation.

*Ferris v. Shell Canada Ltd.* (2000), 47 C.P.C. (4th) 123, 21 C.C.L.I. (3d) 192, 2000
    CarswellOnt 2886 (S.C.J.)

The court ordered the production of the insurance adjuster's records which had been
created for the dominant purpose of determining and adjusting the insured's loss.

*General Accident Assurance Co. v. Chrusz* (1999), 45 O.R. (3d) 321, 124 O.A.C. 356,
    180 D.L.R. (4th) 241, 38 C.P.C. (4th) 203, 1999 CarswellOnt 2898, [1999] O.J.
    No. 3291 (C.A.)

The "dominant purpose" test regarding litigation privilege applies in Ontario.
*Blackstone v. Mutual Life Insurance Co. of New York*, [1944] O.R. 328, 11 I.L.R. 97,
[1944] 3 D.L.R. 147 (Ont. C.A.) overruled.

*Scopis Restaurant Ltd. v. Prudential Assurance Co of England Property & Casualty
    (Canada)* (1999), 29 C.P.C. (4th) 99, 11 C.C.L.I. (3d) 101, 1999 CarswellOnt
    1026, [1999] O.J. No. 1319 (Gen. Div.)

Where there was a reasonable prospect of litigation at the date of investigators' reports,
the court held that the reports were privileged and refused to order production. The
claim of privilege was not dependent on the date of commencement of legal
proceedings.

*Buzzi v. Berger* (1998), 27 C.P.C. (4th) 165 (Ont. Gen. Div.)

The court dismissed the plaintiff's motion to compel production of witness statements
obtained by the defendant's insurer.

*Devji v. Longo Brothers Fruit Markets Inc.* (1999), (sub nom. *Devji v. Longo Brothers
    Fruit Market Inc.)* 42 O.R. (3d) 683, 32 C.P.C. (4th) 31, 1999 CarswellOnt 228,
    [1999] O.J. No. 287 (Master); reversed in part  (1999), 45 O.R. (3d) 82, 1999
    CarswellOnt 1321, [1999] O.J. No. 1542 (Gen. Div.)

The defendant was ordered to produce surveillance photos and materials for purposes
of a settlement conference under rule 77.14(6)(d).

*Scopis Restaurant Ltd. v. Prudential Assurance Co. of England Property & Casualty
    (Canada)* (1999), 29 C.P.C. (4th) 99, 11 C.C.L.I. (3d) 101, 1999 CarswellOnt
    1026, [1999] O.J. No. 1319 (Gen. Div.)

On appeal from the master the court held that fire investigation reports were privileged
and that the master had erred in holding them not privileged without inspecting them.

*Wroniak v. Allstate Insurance Co. of Canada* (1997), 7 C.P.C. (4th) 285, 25 O.T.C. 77
    (Ont. Gen. Div.)

The court dismissed a motion to compel production of notes used by a party to prepare
for discovery and referred to at the examination for discovery. In this case use of privi-
leged documents to refresh one's memory did not amount to waiver.

*General Accident Assurance Co. v. Chrusz* (1998), 37 O.R. (3d) 790, 1998 Carswell-
    Ont 5381 (Div. Ct.); reversed in part (1999), 45 O.R. (3d) 321, 124 O.A.C. 356,
    180 D.L.R. (4th) 241, 38 C.P.C. (4th) 203, 1999 CarswellOnt 2898, [1999] O.J.
    No. 3291 (C.A.)

In this arson case, communications between an insurance company's adjustor, retained
by it as an independent contractor, and the insurer's solicitor were held to be
privileged.

*Tubbessing v. Bell Canada* (1995), 22 O.R. (3d) 714, 9 C.C.E.L. (2d) 312 (Master)

In this wrongful dismissal case, the court ordered production of documents relating to the investigation of sexual harassment complaints by the plaintiff. There was no reasonable prospect of litigation at the time and the documents were not privileged.

*Bohman v. Canada (Deputy Attorney General)* (1994), 35 C.P.C. (3d) 251 (Ont. Gen. Div.)

Documents prepared by a client for counsel after learning of an investigation under the *Income Tax Act* were held to be privileged.

*Tremblay v. Daum* (1994), 29 C.P.C. (3d) 219, 4 M.V.R. (3d) 256 (Ont. Gen. Div.)

Where a defendant against whom the case had been dismissed gave surveillance documentation to a remaining defendant, the court held the documentation was not privileged. There was no joint privilege because the documentation was created solely by the first defendant.

*Calvaruso v. Nantais* (1992), 7 C.P.C. (3d) 254 (Ont. Gen. Div.)

The court refused to order production of an instructing letter from counsel to an expert witness. The letter was privileged and there was no compelling reason to require production.

*Keuhl v. McConnell* (1991), 3 C.P.C. (3d) 22, 32 M.V.R. (2d) 280 (Ont. Gen. Div.)

In Ontario the "substantial purpose" test, not the "dominant purpose" test, should be applied concerning the litigation privilege. *Waugh v. British Railways Bd.*, [1980] A.C. 521, [1979] 2 All E.R. 1169, not followed.

*Ferber v. Gore Mutual Insurance Co.* (1991), 2 W.D.C.P. (2d) 565 (Ont. Master)

In this fire insurance case, where the defendant's adjuster obtained a memorandum from a police force summarizing evidence of witnesses, the court held the document was privileged on the basis of the Divisional Court decision in *Ottawa-Carleton (Regional Municipality) v. Consumers' Gas Co.*, *infra*. Such privilege applies not only to a collection of documents, but also to a single document.

*Carlucci v. Laurentian Casualty Co. of Canada* (1991), 50 C.P.C. (2d) 62 (Ont. Master)

The court refused to order the production of insurance adjuster's reports made when there was a reasonable prospect but no certainty of litigation. There must be more than a mere suspicion of litigation for privilege to apply.

*Ottawa-Carleton (Regional Municipality) v. Consumers' Gas Co.* (1990), 74 O.R. (2d) 637, 45 C.P.C. (2d) 293, 74 D.L.R. (4th) 742, 41 O.A.C. 65 (Div. Ct.)

Where photocopies of public documents have been obtained for the dominant purpose of use in litigation, then the photocopies, but not the original documents, are privileged.

*Varga v. Huyer*, 37 C.P.C. (2d) 197, [1989] I.L.R. 1-2494 (Ont. Master)

The court ordered production of a statement given by a defendant to his own insurer following a motor vehicle accident, since the accident's occurrence alone did not give rise to a definite prospect of litigation.

*Lattanzio v. Jones* (1989), 33 C.P.C. (2d) 160 (Ont. Dist. Ct.)

The court ordered the defendant to produce the statement of a witness taken shortly after the fire which was the subject-matter of the action. There was no evidence that the litigation was threatened or indicated at that time.

*C. Itoh & Co. v. "New Jersey Maru" (The)* (1988), 28 C.P.C. (2d) 7 (Ont. Master)

Although an insurance adjuster's report had been prepared prior to counsel being retained, the report was still privileged, as its dominant purpose was use in reasonably anticipated litigation.

## R. 30.02                    RULES OF CIVIL PROCEDURE

*Young's Graves Inc. (Receiver of) v. Hartford Fire Ins. Co.* (1988), 27 C.P.C. (2d) 242
    (Master); affirmed 27 C.P.C. (2d) 242n (H.C.)

Adjuster's reports prepared for the dominant purpose of placing before counsel for his
advice, and in reasonable anticipation of litigation, were privileged. It is not essential to
have selected counsel in order to claim privilege.

*600254 Ont. Ltd. v. Zurich Ins. Co.* (1988), 27 C.P.C. (2d) 221 (Ont. H.C.)

The court refused to order production of reports prepared in anticipation of litigation
for the defendant fire insurer which suspected arson.

*Proctor & Redfern Ltd. v. Lakehead Region Conservation Authority* (1987), 21 C.P.C.
    (2d) 163 (Ont. H.C.)

The court ordered production of an expert's report obtained during negotiations prior to
litigation for the dual purpose of aiding settlement discussions and assisting the defen-
dant to assess its position in expected litigation. The court used the sole purpose test in
rejecting a claim of privilege.

*Yri-York Ltd. v. Commercial Union Assurance Co. of Can.* (1987), 17 C.P.C. (2d) 181
    (Ont. H.C.)

Statements from witnesses which were obtained prior to a lawsuit but in reasonable and
*bona fide* anticipation of litigation, as shown by affidavit evidence, were held to be
privileged.

*Couto v. T.T.C.* (1986), 14 C.P.C. (2d) 115 (Ont. Master); reversed in part on other
    grounds  (1987), 59 O.R. (2d) 406, 16 C.P.C. (2d) 241 (H.C.)

The court ordered a plaintiff in a personal injury action to produce a daily diary record
of her physical and emotional condition notwithstanding that it was kept on instructions
of her counsel. No specific claim for privilege was made in the affidavit of documents
or elsewhere.

*Benson v. Quattrocchi* (1986), 8 C.P.C. (2d) 272 (Ont. H.C.)

A report of a motor vehicle accident given by an insured to the insurer was held to be
privileged.

*Dunham v. Grant* (1985), 7 C.P.C. (2d) 25 (Ont. H.C.)

The court ordered production of adjuster's reports which contained information the de-
fendant would be required to disclose on discovery notwithstanding the lower court's
finding that the reports were prepared for the dominant purpose of litigation.

*Walters v. T.T.C.* (1985), 50 O.R. (2d) 635, 4 C.P.C. (2d) 66 (H.C.)

An accident report made by the defendant's employee was ordered produced where at
the time the report was prepared the employee did not have any knowledge that there
might be a lawsuit.

*Rangwala v. Rizzo*, 4 C.P.C. (2d) 1, [1986] I.L.R. 1-2028 (Ont. Master); (appeal to Ont.
    H.C. dismissed October 30, 1985)

In this motor vehicle action, the master refused to order the defendant to produce a
report made by the defendant to her insurer in compliance with her policy and the
*Insurance Act.*

*Armak Chemicals Ltd. v. C.N.R.* (1984), 48 O.R. (2d) 381, 47 C.P.C. 219 (H.C.)

The court ordered the defendant to produce witness statements where the dominant
purpose of obtaining the statements was to fulfill a statutory obligation to submit a
report. *Waugh v. British Railways Bd.*, [1980] A.C. 521, [1979] 2 All E.R. 1169 (H.L.),
applied.

DISCOVERY OF DOCUMENTS          **R. 30.02**

*R. v. Westmoreland*, 48 O.R. (2d) 377, 15 C.C.C. (3d) 340, 14 D.L.R. (4th) 112, [1984] I.L.R. 1-1829 (H.C.)

Where prior to obtaining statements an insurance company had probable cause to believe litigation was contemplated, the statements were privileged, even though no solicitor was consulted until long after the statements were taken.

*McIntyre v. C.P. Ltd.* (1984), 43 C.P.C. 59 (Ont. H.C.); application for leave to appeal to Ont. Div. Ct. dismissed 43 C.P.C. 59 at 65

The court refused to reverse the District Court Judge's ruling that photographs taken the day after a level-crossing accident be produced, where there was a statutory duty to submit a report to the Railway Commission.

*Rush v. Phoenix Assur. Co. of Can.*, 40 C.P.C. 185, [1984] I.L.R. 1-1737 (Ont. Master)

A document may be prepared in contemplation of litigation and for the purpose of being laid before a solicitor even though there is no specific solicitor retained or in mind.

*Keirouz v. Co-operators Ins. Assn.*, 39 C.P.C. 164, [1983] I.L.R. 1-1712 (Ont. H.C.)

In this fire case, litigation was anticipated on the date the defendant concluded that the fire was caused by arson involving the plaintiffs and documents prepared after that date were privileged, rather than the subsequent date of formal denial of the plaintiff's claim.

*Schonberger v. T.T.C.* (1981), 43 C.P.C. 215 (Ont. H.C.)

An employee's accident report was privileged, having been prepared with reasonable anticipation of litigation, notwithstanding the facts of this particular accident, since the defendant employer was a self-insured public carrier.

*Sgambelluri v. Can. Indemnity Co.* (1983), 37 C.P.C. 174 (Ont. H.C.)

In order to avoid production of documents allegedly prepared in contemplation of litigation the party seeking to establish the privilege must show that the paramount or dominant purpose of the making of the documents was use in litigation.

*Wright v. Clarke* (1983), 32 C.P.C. 309 (Ont. H.C.)

A diary of complaints prepared on instructions of counsel by a plaintiff in a personal injury case was held to be privileged from production.

*Conn Chem Ltd. v. Canbar Products Ltd.* (1982), 36 O.R. (2d) 717 (H.C.)

The court refused to require production of reports prepared regarding an industrial accident which appeared to have been prepared in contemplation of litigation.

*Delta-Benco-Cascade Ltd. v. Lakes Cablevision Inc.* (1982), 35 O.R. (2d) 715, 26 C.P.C. 145 (Master)

An engineering report ordered partly for the purpose of correcting defects and partly for use in contemplation of likely litigation was privileged.

*Ilich v. Hartford Fire Ins. Co.* (1981), 17 C.P.C. 163; affirmed 20 C.P.C. 8 (Ont. H.C.)

A document is privileged if it was prepared substantially for the purpose of, or in connection with litigation, then pending or anticipated. Some definite prospect of litigation, not merely a vague anticipation, is required. Certain reports prepared after a fire but before arson charges were laid were ordered to be produced.

*Vernon v. Bd. of Educ. for North York* (1975), 9 O.R. (2d) 613 (H.C.)

A document prepared in anticipation of litigation was held to be privileged notwithstanding that it was not prepared solely for that purpose.

689

**R. 30.02**        RULES OF CIVIL PROCEDURE

*Can. Gen. Elec. Co. v. Liverpool & London & Globe Ins. Co.* (1977), 4 C.P.C. 45;
    affirmed 4 C.P.C. 51 (Ont. H.C.)

Where an insurer instructs an independent adjuster to investigate whether coverage
under a policy exists for a claim, the report prepared is not privileged as being in con-
templation of litigation.

*Carleton Condominium Corp. v. Shenkman Corp. Ltd.* (1977), 3 C.P.C. 211 (Ont. H.C.)

An expert's report prepared during related litigation is privileged.

*Crits v. Sylvester,* [1955] O.W.N. 243 (H.C.)

An expert report on the cause of an explosion was held to have been made in part for
the purpose of litigation and was therefore privileged. A report required to be made to a
governmental authority was held to be privileged to the extent it was based on the
expert report.

### Production of Documents - Solicitor-and-Client Privilege (See also cases under rule 31.06.)

*Cusson v. Quan* (2004), 10 C.P.C. (6th) 308, 2004 CarswellOnt 3395 (Master)

Solicitor-client privilege can be extended to a document created before counsel is re-
tained. A draft document provided to counsel after the plaintiff threatened to sue was a
necessary step in obtaining legal advice and solicitor-client privilege applied.

*Pritchard v. Ontario (Human Rights Commission),* 47 C.P.C. (5th) 203, 2004 Carswell-
    Ont 1885, 2004 CarswellOnt 1886, [2004] S.C.J. No. 16, [2004] 1 S.C.R. 809, 72
    O.R. (3d) 160 (note), 33 C.C.E.L. (3d) 1, 12 Admin. L.R. (4th) 171, 2004 SCC
    31, 2004 C.L.L.C. 230-021, 19 C.R. (6th) 203, REJB 2004-61849, 49 C.H.R.R.
    D/120

A legal opinion prepared by in house counsel for the Human Rights Commission was
held to be privileged. The common interest exception did not apply.

*Davies v. American Home Assurance Co.* (2002), 60 O.R. (3d) 512, 2002 CarswellOnt
    2225, [2002] O.J. No. 2696, 40 C.C.L.I. (3d) 22, 162 O.A.C. 92, 24 C.P.C. (5th)
    49 (Div. Ct.); additional reasons at (2002), 2002 CarswellOnt 3458, 40 C.C.L.I.
    (3d) 41, 217 D.L.R. (4th) 157, 24 C.P.C. (5th) 66, 165 O.A.C. 111 (Div. Ct.)

The mere assertion of a bad faith claim against an insurer does not destroy the solicitor-
client privilege attaching to communications of legal opinions from the insurer's coun-
sel to the insurer, and the prospective ordering of production of all future documents in
the claims file is clearly inappropriate.

*Sempecos v. State Farm Fire & Casualty Co.* (2001), 2001 CarswellOnt 4384, [2001]
    O.J. No. 4887, 17 C.P.C. (5th) 371 (S.C.J.); affirmed (2002), 2002 CarswellOnt
    3991, [2002] O.J. No. 4498, 29 C.P.C. (5th) 99 (Div. Ct.); affirmed (2003), 2003
    CarswellOnt 2734, [2003] O.J. No. 2886, 38 C.P.C. (5th) 64 (C.A.)

Solicitor-and-client communications may be relevant and admissible in bad faith
claims against insurers.

*Abick v. Continental Insurance Co. of Canada* (2001), 2001 CarswellOnt 499, 25
    C.C.L.I. (3d) 212, 2 C.P.C. (5th) 378, [2001] O.J. No. 609 (Master)

Where an insurer appointed a solicitor to act both for the insurer and the insured, and
the insured subsequently sued the insurer for bad faith, the contents of the solicitor's
file were not privileged *vis-à-vis* the insured.

*Lieber v. Johnston & Daniel* (1998), 26 C.P.C. (4th) 194 (Ont. Master)

Where the plaintiffs put their state of mind in issue and pleaded that it was affected by
the legal advice which they had received, the plaintiffs were ordered to produce their
lawyer's files and notes.

DISCOVERY OF DOCUMENTS                    **R. 30.02**

*883860 Ontario Ltd. v. Ontario* (1998), 28 C.P.C. (4th) 235 (Ont. Master)

All communications between a solicitor-and-client (or agent for the client) for the purposes of giving or receiving legal advice are absolutely privileged unless the privilege is waived by the client.

*Toronto Dominion Bank v. Leigh Instruments Ltd. (Trustee of)* (1997), 32 O.R. (3d) 575 (Ont. Gen. Div. [Commercial List])

In this action on a comfort letter, the plaintiff's in-house legal department's general file on comfort letters, not concerning any specific transaction, was held not to be privileged.

*Ontario (Attorney General) v. Ballard Estate* (1994), 20 O.R. (3d) 350, 33 C.P.C. (3d) 373, 6 E.T.R. (2d) 34, 119 D.L.R. (4th) 750 (Gen. Div. [Commercial List])

Communications between an executor or trustee and a solicitor for the estate are not privileged as against beneficiaries under the will or trust, including a beneficiary who has only a contingent interest.

*R. v. McCarthy Tétrault* (1992), 12 C.P.C. (3d) 42, 9 C.E.L.R. (N.S.) 12, 95 D.L.R. (4th) 94 (Ont. Prov. Div.)

An application for solicitor-and-client privilege under s. 160(8) of the *Provincial Offences Act* was sustained where the evidence established that the purpose of the meeting giving rise to the notes in issue was to obtain legal advice.

*Pomer v. Zeppieri* (1992), 8 O.R. (3d) 215 (Gen. Div.)

In an action brought by a solicitor against his former partners for a winding-up of the firm, the files assumed by the defendants subsequent to the dissolution of the firm were not the subject of solicitor-and-client privilege and were therefore ordered produced.

*Hirji v. Scavetta* (1991), 50 C.P.C. (2d) 186 (Ont. Gen. Div.)

The defendant was not required to answer questions directed to his relationship with his solicitor as solicitor-and-client privilege applied where the questions were directed not to facts but rather the advice given.

*Goodman Estate v. Geffen*, [1991] 2 S.C.R. 353, 80 Alta. L.R. (2d) 293, 42 E.T.R. 97, [1991] 5 W.W.R. 389, 81 D.L.R. (4th) 211, 127 N.R. 241, 14 W.A.C. 81

The exception to the solicitor-and-client privilege permitting a solicitor to give evidence in litigation concerning a will which he or she has prepared extends to litigation involving the validity of a trust instrument after the death of the settlor.

*Madge v. Thunder Bay (City)* (1990), 72 O.R. (2d) 41, 44 C.P.C. (2d) 186 (H.C.)

Communications between a lawyer and client relating to the delivery of minutes of a meeting to a lawyer were privileged. The delivery of the minutes was a confidential communication, and not an act or transaction.

*Dixon v. Canada (Deputy Attorney General)* (1989), 91 D.T.C. 5584 (Ont. H.C.)

Discussion of solicitor-and-client privilege in the context of the search and seizure of documents from a law firm under the *Income Tax Act*.

*York Condominium Corp. No. 227 v. York* (1988), 30 C.P.C. (2d) 177 (Ont. Master)

A solicitor's file remains privileged unless privilege is lost through the intervention of an illegal act by the client. Where the client only admitted to engaging in an illegal act before retaining the solicitor, and the solicitor-client relationship was not used to further the illegal act, the solicitor-client privilege remained.

*Microtel Ltd. v. Electronics Distributors Inc.* (1988), 30 C.P.C. (2d) 41 (Ont. Master); affirmed 32 C.P.C. (2d) 85 (Ont. H.C.)

Although solicitor-and-client communications lose their privilege when they are in furtherance of a fraud, the court refused to order production where the statement of claim did not allege such a fraud, and there was nothing in the discovery or the documents in issue to show a *prima facie* case of fraud.

**R. 30.02**             RULES OF CIVIL PROCEDURE

*Mutual Life Assurance Co. of Can. v. Canada (Deputy A.G.)* (1988), 28 C.P.C. (2d) 101, 88 D.T.C. 6511 (Ont. H.C.)

Communications between lawyers of a company and the employees of a wholly owned subsidiary of that same company were held to be privileged, where there was a very close relationship between the management of the two companies. Where a lawyer is an employee of the client, communications are privileged if they concern the employee's function as a lawyer, and are not privileged if the lawyer is performing a business or other function.

*Bodnar v. Home Ins. Co.* (1987), 25 C.P.C. (2d) 152 (Ont. Master)

An agreement between the counsel for two parties is not privileged.

*Western Assurance Co. v. Can. Life Assurance Co.* (1987), 63 O.R. (2d) 276, 23 C.P.C. (2d) 207 (Master)

Where two persons jointly retain a solicitor, neither has a solicitor-client privilege as against the other.

*Ontario (A.G.) v. C.E.C. Edwards Construction* (1987), 60 O.R. (2d) 618, 23 C.P.C. (2d) 61 (H.C.)

The court ordered production of extensive notes made by the plaintiff in this personal injury case notwithstanding that they were kept on instructions of counsel. The notes were used to refresh the plaintiff's memory. The plaintiff did not contemplate that the notes would be kept confidential.

*Toronto Bd. of Education Staff Credit Union Ltd. v. Skinner* (1984), 46 C.P.C. 292 (Ont. H.C.)

The party asserting solicitor-and-client privilege has an onus to identify the nature of the documents and state the reasons for the privilege. The privilege is limited to communications and does not extend to transactions which happen to involve the solicitor.

*R. v. Church of Scientology (No. 3)* (1984), 47 O.R. (2d) 90, (sub nom. *R. v. Church of Scientology (No. 2)*) 44 C.P.C. 87, 13 C.C.C. (3d) 353, 10 D.L.R. (4th) 711 (H.C.)

Discussion of availability of solicitor-and-client privilege.

*Hamilton v. Toronto, Hamilton & Buffalo Ry.* (1983), 34 C.P.C. 268 (Ont. Master)

The court ordered production of notes taken by a solicitor at a meeting between the parties which was at issue in the action.

*Re Ont. Securities Comm. and Greymac Credit Corp.; Re Ontario Securities Comm. and Prousky* (1983), 41 O.R. (2d) 328, 21 B.L.R. 37, 33 C.P.C. 270, 146 D.L.R. (3d) 73 (Div. Ct.)

The solicitor-and-client privilege applies only to communications, not transactions. Oral evidence and records concerning whether a solicitor holds or has paid or received moneys on behalf of a client, not involving communications with the client, are not privileged. Further, a solicitor cannot withhold the name of a client involved in such transactions.

*Milic v. Bagby* (1982), 39 O.R. (2d) 492, 30 C.P.C. 66 (Master)

Where the plaintiff and defendants had been partners, documents from the solicitor for the partnership dealing with the plaintiff's expulsion were ordered to be produced since all the parties were members of the partnership at the time of the solicitor's retainer.

*Warren v. Ins. Exchange Ltd.* (1982), 37 O.R. (2d) 717, 28 C.P.C. 275 (Master)

Where an important issue in the case was the knowledge that a party possessed at the time of closing the purchase of a business, documents received and generated by solicitors bearing upon the party's knowledge at the time of closing were ordered to be produced.

DISCOVERY OF DOCUMENTS    **R. 30.02**

*Silverman v. Morresi* (1982), 28 C.P.C. 239 (Ont. Master)

A solicitor's file was ordered to be produced regardless of solicitor and client privilege, where there was a *prima facie* case of fraud.

*Re Alcan-Colony Contracting Ltd. and M.N.R.*, [1971] 2 O.R. 365, 18 D.L.R. (3d) 32, 71 D.T.C. 5082 (H.C.)

The legal professional privilege extends to communications between a solicitor and an agent of the client and to information gathered by the solicitor on the instruction of the client for the purpose of giving advice.

## Production of Documents - Crown Privilege

*Domus Architects v. Montalto Uffugo Non-Profit Housing Corp.* (2001), 32 C.P.C. (5th) 117, 2001 CarswellOnt 3216 (S.C.J.)

After reviewing cabinet documents relating to the cessation of funding to non-profit housing, the court refused to order production based on Crown privilege.

*Energy Probe v. Canada (Attorney General)* (1992), 10 C.P.C. (3d) 58 (Ont. Gen. Div.)

The court refused to order production of "Cabinet documents" relating to nuclear energy on the basis of Crown privilege.

*Carey v. Ontario*, [1986] 2 S.C.R. 637, 58 O.R. (2d) 352n, 14 C.P.C. (2d) 10, 22 Admin. L.R. 236, 30 C.C.C. (3d) 498, 35 D.L.R. (4th) 161, 72 N.R. 81, 20 O.A.C. 81

There is no absolute privilege attaching to Cabinet documents. The court ordered that the documents be inspected by the trial judge to balance the competing interests of the proper administration of justice and government confidentiality.

*South-West Oxford (Twp.) v. Ontario (A.G.)* (1986), 54 O.R. (2d) 207 (Div. Ct.)

Documents prepared for use in an appeal to Cabinet were held to be subject to Crown privilege.

## Production of Documents - Privilege Regarding Settlement Negotiations (See also cases under rule 31.06.)

*Pangburn v. Leeder-Kroyer* (2003), 2003 CarswellOnt 4789, 48 C.P.C. (5th) 391 (S.C.J.)

Where the plaintiff had been involved in several motor vehicle accidents, the court refused to require production of communications regarding the settlement of several claims.

*Williams v. Douglas* (2003), 34 C.P.C. (5th) 109, 2003 CarswellOnt 2327 (Master)

In this litigation concerning the authorship of the song "Who Let the Dogs Out" the court ordered the production of the Minutes of Settlement in the main action produced to the defendant by counterclaim.

*Hill v. Gordon-Daly Grenadier Securities* (2001), 56 O.R. (3d) 388, 2001 CarswellOnt 3771, 152 O.A.C. 40, 14 C.P.C. (5th) 55 (Div. Ct.)

A settlement agreement which was incorporated into an order of the Ontario Securities Commission became part of the public record and ceased to be privileged.

*Jones v. Appleton* (1994), 32 C.P.C. (3d) 367 (Ont. Gen. Div.)

Where a plaintiff had commenced two lawsuits arising out of two automobile accidents, the court ordered that particulars of the settlement of the first action be disclosed to the defendant in the second action.

*M.J. Development Inc. v. Downtown King West Development Corp.* (1992), 12 C.P.C. (3d) 84 (Ont. Gen. Div.)

The court refused to order production of documents related to an offer of settlement made during an earlier phase of a litigious dispute. The documents were protected by privilege.

*Gagne v. Smooth Rock Falls Hospital* (1991), 6 C.P.C. (3d) 46, 39 C.C.E.L. 274 (Ont. Gen. Div.)

Where a letter marked "Private and Confidential" was written by the plaintiff's solicitor with a genuine intention of resolving a dispute prior to the institution of civil proceedings, the letter was inadmissible at trial on the ground of privilege.

*Mueller Canada Inc. v. State Contractors Inc.* (1990), 71 O.R. (2d) 397, 41 C.P.C. (2d) 291 (H.C.)

Where documents referable to settlement negotiations or the settlement document itself have relevance apart from establishing one party's liability for the conduct which is the subject of the negotiations or showing the weakness of one party's claim in respect of those matters, the documents are not privileged.

*Eccles v. McCannell* (1984), 44 C.P.C. 43 (Ont. Div. Ct.)

Admissions made by counsel in correspondence containing settlement negotiations are privileged and inadmissible at trial.

*Abrams v. Grant* (1978), 5 C.P.C. 308 (Ont. H.C.)

It is the intention of the writer and contents of a letter that govern whether it is privileged, rather than the words "without prejudice."

*I. Waxman & Sons Ltd. v. Texaco Can. Ltd.*, [1968] 2 O.R. 452, 69 D.L.R. (2d) 543 (C.A.)

Communications written without prejudice and with a view to settlement of issues between A and C are privileged in subsequent litigation between A and B regarding the same or a closely related matter.

### Production of Documents - Privilege based on Confidentiality

*Adesa Corp. v. Bob Dickenson Auction Service Ltd.* (2004), 73 O.R. (3d) 787, 2004 CarswellOnt 5087, 247 D.L.R. (4th) 730 (S.C.J. [Commercial List]); additional reasons at (April 3, 2006), Doc. 04-CL-5300A, 2006 CarswellOnt 1910 (S.C.J.)

The court ordered production of documents, including transcripts of testimony given in a private arbitration between the plaintiff and a non-party, despite the existence of a confidentiality order.

*M. (A.) v. Ryan* (1997), 8 C.P.C. (4th) 1, 4 C.R. (5th) 220, 29 B.C.L.R. (3d) 133, [1997] 4 W.W.R. 1, 85 B.C.A.C. 81, 138 W.A.C. 81, 34 C.C.L.T. (2d) 1, [1997] 1 S.C.R. 157, 42 C.R.R. (2d) 37, 143 D.L.R. (4th) 1, 207 N.R. 81 (S.C.C.)

It is open to a court to conclude that psychiatrist-patient records are privileged in appropriate circumstances. Here, in a sexual assault case the clinical notes made by the plaintiff's psychiatrist were ordered to be disclosed with some protective conditions. The court found the first three conditions for privilege for confidential communications had been met in this case, but not the fourth condition, *i.e.*, that the interest served by protecting the communication from disclosure outweighed the interest of pursuing the truth and disposing correctly of the litigation. But such a finding did not end the matter. The need to get at the truth and avoid injustice does not automatically negate the possibility of protection from full disclosure.

*Pryslak v. Anderson* (1987), 57 O.R. (2d) 788, 15 C.P.C. (2d) 79 (H.C.)

The court should be wary about using Professor Wigmore's general principle of privileged communications as the basis for creating new situations of privilege notwithstanding its approval by the Supreme Court of Canada in *Slavutych v. Baker*, [1976] 1

S.C.R. 254, 38 C.R.N.S. 306, [1975] 4 W.W.R. 620, 75 C.L.L.C. 14,263, 55 D.L.R. (3d) 224.

*R. v. Church of Scientology (No. 2)* (1984), 47 O.R. (2d) 86, (sub nom. *sub nom. R. v. Church of Scientology (No. 1))* 44 C.P.C. 76, 13 C.C.C. (3d) 97, 10 D.L.R. (4th) 312; additional reasons 47 O.R. (2d) 765, 13 D.L.R. (4th) 639 (H.C.)

There is no privilege for religious communications, although the court will press counsel not to pursue questions that would compel a cleric to breach a confidence.

### Production of Documents - Miscellaneous Privileges

*Bietz v. Baek* (2003), 2003 CarswellOnt 779, [2003] O.J. No. 809, 31 C.P.C. (5th) 135 (S.C.J.)

Confidential psychiatrist-patient communications may be protected by "case-by-case" privilege described in *M. (A.) v. Ryan*, 143 D.L.R. (4th) 1, [1997] S.C.J. No. 13, 1997 CarswellBC 99, 1997 CarswellBC 100, 207 N.R. 81, 4 C.R. (5th) 220, 29 B.C.L.R. (3d) 133, [1997] 4 W.W.R. 1, 85 B.C.A.C. 81, 138 W.A.C. 81, 34 C.C.L.T. (2d) 1, [1997] 1 S.C.R. 157, 42 C.R.R. (2d) 37, 8 C.P.C. (4th) 1.

*Nowakowski v. Mroczkowski Estate* (2003), 2003 CarswellOnt 321, 34 M.V.R. (4th) 49, 30 C.P.C. (5th) 201 (S.C.J.)

The court held that results of an autopsy conducted under the *Coroners Act* were admissible in a civil action arising from the death.

*Steep (Litigation Guardian of) v. Scott* (2002), 2002 CarswellOnt 4061, 62 O.R. (3d) 173, 14 C.C.L.T. (3d) 313, [2002] O.J. No. 4546, 28 C.P.C. (5th) 316 (Master)

In this medical malpractice case the court ruled that the hospital's quality assurance reports and peer review evaluations were privileged at common law.

*Hopps-King Estate v. Miller* (1998), 29 C.P.C. (4th) 23, 1998 CarswellOnt 5358, [1998] O.J. No. 5556 (Master)

In this medical malpractice case the court ordered production of certain records from the physician's personnel file but not documents relating to proceedings in which the physician was involved and which were privileged under s. 36(3) of the *Regulated Health Professions Act, 1991.*

*Transamerica Life Insurance Co. of Canada v. Canada Life Assurance Co.* (1995), 27 O.R. (3d) 291, 46 C.P.C. (3d) 110 (Gen. Div.)

Despite s. 22 of the *Office of Superintendent of Financial Services Act* which provided that all information regarding the business or affairs of a financial institution obtained by the Superintendent was to remain confidential, the court held that a statutory promise of confidentiality did not necessarily constitute an absolute bar to compelling production of documents.

*Consolidated NBS Inc. v. Price Waterhouse* (1994), 24 C.P.C. (3d) 185, 3 C.C.L.S. 186, 111 D.L.R. (4th) 656, 69 O.A.C. 236 (Div. Ct.)

The transcript of a statement given by a party to the police was held to be privileged.

*Moore v. Reddy* (1990), 44 C.P.C. (2d) 61 (Ont. Master)

The court refused to order production of statements made by a defendant to the Canadian Aviation Safety Board. The *Canadian Aviation Safety Board Act* provided that such statements were privileged, and were only to be disclosed if there were a supervening public interest. Those circumstances were not present.

*Roussy v. Sinkins* (1989), 17 W.D.C.P. 206 (Ont. H.C.)

The court recognized a legal privilege for documents relating to the peer review process in respect of hospital privileges but not for those specific documents related to the surgery which was the subject-matter of the lawsuit.

**R. 30.02**    RULES OF CIVIL PROCEDURE

*Reichmann v. Toronto Life Publishing Co.* (1988), 28 C.P.C. (2d) 11 (Ont. H.C.); leave to appeal to Ont. Div. Ct. refused 29 C.P.C. (2d) 66

Although the "newspaper rule" protects journalists' sources of information, that rule does not protect the information itself. The defendant in a libel action was therefore ordered to produce certain documents after deletion of any reference to the confidential sources. Discussion of production of other documents in this libel action.

*Benoit v. Higgins* (1987), 16 C.P.C. (2d) 15 (Ont. Master)

The court held that the "public interest privilege" does not necessarily apply to the report of an investigation into the discharge of a gun by a police officer and that the documents should be submitted to the court for inspection.

*Biomedical Information Corp. v. Pearce* (1985), 49 O.R. (2d) 92, 47 C.P.C. 113, 28 B.L.R. 20, 4 C.P.R. (3d) 54 (Master)

There is no general privilege accorded to solicitor-accountant communications. In this case a letter from the defendants' solicitor to the defendants' auditor regarding pending claims was ordered produced but a legal opinion letter which had been referred to in preparing the letter to the auditor remained privileged.

*McInnis v. Univ. Students' Council of Univ. of Western Ontario* (1984), 47 O.R. (2d) 663, 46 C.P.C. 93, 31 C.C.L.T. 95, 12 D.L.R. (4th) 457; varied 48 O.R. (2d) 542, 14 D.L.R. (4th) 126 (H.C.); leave to appeal to Ont. Div. Ct. refused 48 O.R. (2d) 542 at 544, 14 D.L.R. (4th) 126 at 127

Applying the "newspaper rule" in ordering the production of a reporter's notes in this libel action, the court directed that the sources of any information contained in the notes should be first deleted.

*Cook v. Dufferin-Peel Roman Catholic Separate School Bd.* (1983), 34 C.P.C. 178 (Ont. Master)

The court ordered production of witness statements obtained from pupils in the defendant's school system notwithstanding that the documents were purported to be included in the students' "pupil records" and therefore privileged. The statements were not properly part of the "pupil records."

*Hatfield v. Globe & Mail Div. of Can. Newspapers Co.* (1983), 41 O.R. (2d) 218, 34 C.P.C. 162, 25 C.C.L.T. 172 (Master)

In libel actions, the "newspaper rule," which permits newspapers to refuse to reveal the source of their information forming the basis of the alleged libel prior to trial, does not prevent production of public records used in preparing the alleged libel.

### Waiver of Privilege

*M. (G.) v. Alter* (2004), 4 C.P.C. (6th) 161, 2004 CarswellOnt 2316 (Master); affirmed (2004), 2004 CarswellOnt 6135, 11 C.P.C. (6th) 226 (S.C.J.); leave to appeal refused (2005), 2005 CarswellOnt 1161, 11 C.P.C. (6th) 227, 196 O.A.C. 113 (Div. Ct.)

Where it was not clear whether plaintiff's counsel sent privileged documents to defence counsel by mistake, the court ordered the documents preserved and the court copy sealed pending further proceedings regarding production of the documents.

*St. Elizabeth Society v. Hamilton-Wentworth (Regional Municipality)* (2004), 50 C.P.C. (5th) 199, 2004 CarswellOnt 1491, 43 B.L.R. (3d) 313 (S.C.J.)

The court refused to enjoin the defendant from using documents at trial which the plaintiff had inadvertently disclosed to the defendant and which the court found were not privileged.

DISCOVERY OF DOCUMENTS **R. 30.02**

*Leadbeater v. Ontario* (2004), 2004 CarswellOnt 1158, [2004] O.J. No. 1228, 70 O.R.
(3d) 224 (S.C.J.); additional reasons at (June 21, 2004), Doc. 99-CV-173665CM,
2004 CarswellOnt 2536 (S.C.J.)

The court held the plaintiff had voluntarily waived solicitor and client privilege by
producing privileged documents and that other solicitor and client communications
should therefore also be disclosed.

*Livent v. Drabinsky* (2003), 33 C.P.C. (5th) 246, [2003] O.J. No. 1618, 2003 Carswell-
Ont 1657 (S.C.J. [Commercial List])

Where a client disclosed some advice from her lawyer, fairness and consistency re-
quired that she disclose all advice regarding the same specific matter, but not other
advice given to her.

*Van Dyke v. Grey Bruce Regional Health Centre* (2002), 26 C.P.C. (5th) 322, 2002
CarswellOnt 3591 (S.C.J.); additional reasons at (March 31, 2003), Doc. 97-CU-
125433CM, 2003 CarswellOnt 1135 (S.C.J.)

Where the plaintiff attached redacted documents as exhibits to affidavits the court re-
viewed the documents and ordered disclosure of some of the redacted portions.

*SNC-Lavalin Engineers & Constructors Inc. v. Citadel General Assurance Co.* (2003),
2003 CarswellOnt 213, [2003] O.J. No. 310, 63 O.R. (3d) 226, 31 C.P.C. (5th)
371, 46 C.C.L.I. (3d) 281, 24 C.L.R. (3d) 186 (Master); additional reasons at
(2003), 2003 CarswellOnt 508, 24 C.L.R. (3d) 216, [2003] O.J. No. 528 (Master)

In this bad faith action, the court held that the privilege over reports to the insurer from
its solicitor had not been waived by providing copies to an independent adjuster re-
tained by the insurer, however the adjuster's discussions with and correspondence to
the solicitor were not privileged.

*Enterprise Excellence Corp. v. Royal Bank* (2000), 2000 CarswellOnt 5080, 9 C.P.C.
(5th) 362 (S.C.J.)

The court held the plaintiffs waived privilege over the factual contents of their lawyer's
draft written argument by providing it to an expert to assist in preparing a report.

*Bank Leu AG v. Gaming Lottery Corp.* (1999), 43 C.P.C. (4th) 73, 1999 CarswellOnt
3365, [1999] O.J. No. 3949 (S.C.J.); affirmed (2000), 132 O.A.C. 127, 2000
CarswellOnt 1100, [2000] O.J. No. 1137 (Div. Ct.)

The plaintiff's claim against its solicitors for breach of duty to warn constituted a
waiver of privilege regarding certain relevant documents.

*General Accident Assurance Co. v. Chrusz* (1998), 37 O.R. (3d) 790, 1998 Carswell-
Ont 5381 (Div. Ct.); reversed in part (1999), 45 O.R. (3d) 321, 124 O.A.C. 356,
180 D.L.R. (4th) 241, 38 C.P.C. (4th) 203, 1999 CarswellOnt 2898, [1999] O.J.
No. 3291 (C.A.)

The court held that the privilege that attached to a sworn witness statement was not
waived when a copy was provided to the witness.

*Airst v. Airst* (1998), 37 O.R. (3d) 654, 21 C.P.C. (4th) 146 (Gen. Div.)

Where privileged documents were inadvertently disclosed to a limited extent, the court
held that privilege had not been waived.

*Supercom of California v. Sovereign General Insurance Co.* (1998), 37 O.R. (3d) 597,
18 C.P.C. (4th) 104, 1 C.C.L.I. (3d) 305, 1998 CarswellOnt 788 (Gen. Div.)

The court held that the defendant's forwarding adjusters reports to the Insurance Crime
Prevention Bureau waived privilege for the reports.

*Transamerica Life Insurance Co. of Canada v. Canada Life Assurance Co.* (1995), 27
O.R. (3d) 291, 46 C.P.C. (3d) 110 (Gen. Div.)

Where a party produced two documents from a file but claimed solicitor/client privi-
lege for the remaining documents in that file, the court held that the party did not waive

**R. 30.02**                     RULES OF CIVIL PROCEDURE

solicitor/client privilege for the entire file unless the produced documents were mis-leading without the benefit of the remaining documents.

*United States v. Friedland* (1996), 30 O.R. (3d) 568 (Gen. Div.)

Reliance upon an affidavit of the plaintiff's lead counsel to prove foreign law on an *ex parte* Mareva injunction waived the privilege in any document that the counsel saw or reviewed respecting the matters in issue throughout their involvement in the file.

*Woodglen & Co. v. Owens* (1995), 24 O.R. (3d) 261, 38 C.P.C. (3d) 361 (Gen. Div.)

Certain privileged documents were ordered produced as the plaintiffs had put in issue the nature of the legal advice they had received, and therefore were deemed to have waived solicitor-and-client privilege.

*Agrico Canada Ltd. v. Northgate Insurance Brokers Inc.* (1994), 35 C.P.C. (3d) 370 (Ont. Gen. Div.)

Where a document which was clearly prepared in contemplation of litigation was inad-vertently or accidentally disclosed, the court held that the defendant could deliver a fresh affidavit of documents and assert privilege over the document.

*Air Canada v. McDonnell Douglas Corp.* (1994), 19 O.R. (3d) 537, 27 C.P.C. (3d) 359 (Master); affirmed 34 C.P.C. (3d) 181 (Ont. Gen. Div.)

Disclosure of an accident investigation report to a non-party was held to waive any privilege attaching to the report.

*Cineplex Odeon Corp. v. Canada (Attorney General)* (1994), 26 C.P.C. (3d) 109, [1994] 2 C.T.C. 293, 114 D.L.R. (4th) 141, 94 D.T.C. 6407 (Ont. Gen. Div.)

solicitor-and-client privilege may be lost by giving a privileged document to the cli-ent's auditor. In this case the same accounting firm acted both in providing tax advice, in conjunction with a solicitor, and in conducting an audit. The documents were privi-leged in the tax accountant's hands by extension of solicitor-and-client privilege through the principles of agency. The tax accountant gave the documents to the audit accountant without the client's authority. Disclosure was therefore inadvertent and the privilege was not waived.

*Binkle v. Lockhart* (1994), 24 C.P.C. (3d) 11 (Ont. Gen. Div.)

Where a surveillance video tape was shown to a defence expert and referred to in his report, the court held that privilege had been waived and ordered production of the video tape.

*Tilley v. Hails* (1993), 12 O.R. (3d) 306, 18 C.P.C. (3d) 381 (Gen. Div.)

Where privileged communications are disclosed either inadvertently or through im-proper conduct by a party, that party's solicitors are not entitled to make use of the documents in the litigation.

*Reklitis v. Whitehall Estates Ltd.* (1993), 17 C.P.C. (3d) 193 (Ont. Gen. Div.)

Allegations by a client that his solicitor had breached his duty to the client amounted to waiver of privilege regarding solicitor-and-client communications.

*Zidenburg v. Greenberg* (1993), 15 O.R. (3d) 68 (Master)

Solicitor-and-client privilege is waived when the party attempting to assert that privi-lege puts legal advice, or lack of it, in issue.

*Scrafton v. Johnson Controls Ltd.* (1992), 15 C.P.C. (3d) 63 (Ont. Master)

Where a privileged document had been produced in error, the court refused to order discovery questions about the document to be answered.

*Lloyds Bank Canada v. Canada Life Assurance Co.* (1991), 47 C.P.C. (2d) 157 (Ont. Gen. Div.)

Where a bank pleaded reliance on certain comfort letters, it was held to have waived privilege. Waiver is not automatic where a party's state of mind is in issue. Privilege is

DISCOVERY OF DOCUMENTS **R. 30.02**

not waived where it is the person who seeks the privileged information who raises the question of reliance.

*Hartz Can. Inc. v. Colgate-Palmolive Co.* (1988), 27 C.P.C. (2d) 152 (Ont. H.C.)

Disclosure of part of privileged communications is not an implied waiver of the whole unless required by fairness or completeness.

*Crysdale v. Carter-Baron Drilling Services Partnership* (1987), 61 O.R. (2d) 663, 22 C.P.C. (2d) 232 (Master); reversed on other grounds (1988), 62 O.R. (2d) 693, 30 C.P.C. (2d) 191 (H.C.); leave to appeal to Ont. Div. Ct. refused 62 O.R. (2d) 693 at 696, 30 C.P.C. (2d) 191 at 192

Solicitor-and-client privilege attaching to correspondence was waived where a party made reference to the correspondence in an affidavit.

*Western Assurance Co. v. Can. Life Ins. Co.* (1987), 63 O.R. (2d) 276, 23 C.P.C. (2d) 207 (Master)

Reliance on and production of privileged documents in a California lawsuit was held to be a voluntary waiver of privilege for purposes of an Ontario action.

*Cameron v. Campbell* (1987), 21 C.P.C. (2d) 53 (Ont. H.C.)

Leave was granted to appeal to the Divisional Court on the question of waiver of the privilege attaching to surveillance materials by production of a medical report based upon those materials.

*Hicks Estate v. Hicks* (1987), 15 C.P.C. (2d) 146, 25 E.T.R. 271 (Ont. Dist. Ct.)

The administrator of the estate of a deceased client is entitled to waive solicitor-and-client privilege.

*Bronstetter v. Davies* (1986), 11 C.P.C. (2d) 289 (Ont. H.C.)

Production of an expert's report does not act as a waiver of the privilege attaching to the expert's notes and records.

*Sunwell Engineering Co. v. Mogilevsky* (1986), 8 C.P.C. (2d) 14, 8 C.I.P.R. 144, 12 C.P.R. (3d) 560 (Ont. H.C.); leave to appeal to Ont. Div. Ct. refused 8 C.P.C. (2d) 14n, 8 C.I.P.R. 144n, 12 C.P.R. (3d) 560n

The seizure of privileged documents during execution of an *ex parte* "Anton Piller" order does not amount to an involuntary waiver of privilege.

*Columbos v. Carroll* (1985), 23 C.P.C. (2d) 177 (Ont. H.C.)

Privilege attaching to an expert's report is lost if the report is provided to counsel for another party.

## *Production of Documents - Statements Made by Opposing Party*

*Uvanile v. Wawanesa Mutual Ins. Co.*, 44 C.P.C. 110, [1984] I.L.R. 1-1806 (Ont. H.C.)

A mere issue of credibility is insufficient to give rise to a real likelihood of the tailoring of facts and in such circumstances the court will not interfere with the full discovery process. In this case, the defendant's undertaking to produce a statement from the plaintiff was ordered fulfilled prior to that plaintiff's discovery.

*Husain v. Hicks* (1981), 33 O.R. (2d) 737, 24 C.P.C. 108 (Master)

The court refused the plaintiffs' motion seeking delay in production of a statement from the defendant until after discovery.

*Rotondi v. Tadic* (1979), 24 O.R. (2d) 317, 11 C.P.C. 17 (Master)

A party was required to produce a memorandum prepared by his insurer of a statement made by an opposing party.

**R. 30.02**            RULES OF CIVIL PROCEDURE

*Mancao v. Casino* (1977), 17 O.R. (2d) 458, 4 C.P.C. 161 (H.C.)

A document reducing an oral statement of a party to writing must be produced to that party, however comments in the document not reflecting the statements of the party may be excised.

## Production of Documents - Examples

*Guelph (City) v. Super Blue Box Recycling Corp.* (2004), 2 C.P.C. (6th) 276, 2004 CarswellOnt 4488, [2004] O.J. No. 4468 (S.C.J.)

The court ordered the disclosure of documents despite the fact that the city had sought legal advice concerning them.

*McAvan Holdings v. BDO Dunwoody Ltd.*, 49 C.P.C. (5th) 405, 2003 CarswellOnt 1776, 65 O.R. (3d) 247, 2003 D.T.C. 5477, [2003] 4 C.T.C. 90 (Master)

The court held that documents regarding prosecution of the plaintiff in the possession of Canada Customs and Revenue Agency were within the control of the plaintiff and must be produced.

*Beetown Honey Products Inc., Re* (2003), 67 O.R. (3d) 511, [2003] O.J. No. 3853, 2003 CarswellOnt 3755, 46 C.B.R. (4th) 195 (S.C.J.); affirmed (2004), 2004 CarswellOnt 4316, 3 C.B.R. (5th) 204 (C.A.)

Where a Trustee in Bankruptcy had obtained an audit report from Price Waterhouse that contained information relevant to an appeal by the secured creditors of the decision disallowing their claim, it was inappropriate for a Trustee in Bankruptcy to claim litigation privilege and not produce the report.

*Correa v. CIBC General Insurance Co.*, 12 C.P.C. (5th) 249, 2001 CarswellOnt 3190, [2001] O.J. No. 3599, [2001] I.L.R. I-4004, 31 C.C.L.I. (3d) 278 (S.C.J.)

In a claim for SABs and for punitive damages the defendant was ordered to produce its claims file except for documents relating to mediations, settlement meetings, pre-hearings and arbitration.

*VitaPharm Canada Ltd. v. F. Hoffman-LaRoche Ltd.* (2002), 20 C.P.C. (5th) 65, 2002 CarswellOnt 1205, [2002] O.J. No. 1400, 104 L.A.C. (4th) 267, 212 D.L.R. (4th) 563, 159 O.A.C. 204 (Div. Ct.); affirmed (2003), 2003 CarswellOnt 812, 223 D.L.R. (4th) 445, 23 C.P.R. (4th) 454, 30 C.P.C. (5th) 107, [2003] O.J. No. 868 (C.A.); leave to appeal refused (2003), 2003 CarswellOnt 4758, 2003 Carswell-Ont 4759, 28 C.P.R. (4th) vii, (sub nom. *Ford v. Hoffmann-La Roche (F.) Ltd.*) 194 O.A.C. 199 (note) (S.C.C.)

The court permitted the representative plaintiff in this uncertified class action access to the fruits of examinations for discovery conducted in related U.S. actions (but not the right to participate in those examinations).

*Worthman v. Assessed Inc.* (2000), 3 C.P.C. (5th) 137, 2000 CarswellOnt 4174, [2000] O.J. No. 4369 (Master); affirmed (January 31, 2001), Doc. 99-CV-171194, 2001 CarswellOnt 218 (S.C.J.); additional reasons at (March 15, 2001), Doc. 99-CV-171194, 2001 CarswellOnt 816 (S.C.J.)

The court refused a motion by a plaintiff who claimed punitive damages and moved for a further and better affidavit of documents from the defendants, including financial statements and tax returns. Relevance might be shown after examinations for discovery.

*Samoila v. Prudential of America General Insurance Co. (Canada)* (2000), 50 O.R. (3d) 65, 2000 CarswellOnt 2569, [2000] O.J. No. 2746, 21 C.C.L.I. (3d) 205 (S.C.J.)

In this bad faith claim against an insurer, production was ordered of the claims file, company manuals including those about how to handle potentially litigious claims, information pertaining to the insurer's financial position and reserves, and any legal opinion regarding denial of coverage on the basis of the plaintiff insured's fraud.

DISCOVERY OF DOCUMENTS                                    **R. 30.02**

*Samson Indian Nation & Band v. Canada* (1999), 44 C.P.C. (4th) 265, (sub nom. *Samson Indian Band v. Canada (Minister of Indian Affairs & Northern Development))* 180 F.T.R. 243, 1999 CarswellNat 2771, [1999] F.C.J. No. 2011 (T.D.)

Discussion of issues relating to missing documents and continuing document production in a complex case involving over 1.2 million pages of documents.

*Devji v. Longo Brothers Fruit Markets Inc.* (1999), 45 O.R. (3d) 82, 1999 CarswellOnt 1321, [1999] O.J. No. 1542 (Gen. Div.)

Where a summary of a surveillance video was put on the record, the court held that the defendant need not produce the actual surveillance video and any accompanying documentation.

*M. (S.L.) v. United Church of Canada* (1998), 28 C.P.C. (4th) 243, 1998 CarswellOnt 4415 (Master)

A plaintiff who brought action for sexual assault was ordered to make best efforts to obtain from the Crown and produce copies of her statements to police.

*Hopps-King Estate v. Miller* (1998), 29 C.P.C. (4th) 23, 1998 CarswellOnt 5358, [1998] O.J. No. 5556 (Master)

The court ordered that the defendant hospital produce its personnel file of the defendant physician including its records of complaints for the year preceding the plaintiff's operation as they were relevant to the plaintiff's claim of negligence. The hospital was not required to produce documents arising out of proceedings conducted by College of Physicians and Surgeons involving the defendant physician as they were not admissible at trial by virtue of s. 36(3) of *Regulated Health Professions Act.*

*Kerbel v. Great West Life Assurance Co.* (1996), 3 C.P.C. (4th) 156 (Ont. Master)

The court ordered the plaintiff's income tax returns be produced.

*Verney v. Great-West Life Assurance Co.* (1998), 38 O.R. (3d) 474, 19 C.P.C. (4th) 295, 2 C.C.L.I. (3d) 111, 1998 CarswellOnt 822 (Gen. Div.); varied 40 O.R. (3d) 249, 21 C.P.C. (4th) 142, [1998] I.L.R. I-3579, 38 M.V.R. (3d) 149, 5 C.C.L.I. (3d) 327, 1998 CarswellOnt 2556 (Div. Ct.)

In this action for disability benefits, the plaintiff was required to produce documents relating to the settlement of an action on the tort which caused the disability.

*Ianson v. Rukavina* (1995), 22 O.R. (3d) 301, 37 C.P.C. (3d) 282 (Gen. Div.)

In this assault case against police officers, the court ordered production of complaints involving use of force by the officers.

*French Estate v. French* (1994), 28 C.P.C. (3d) 157 (Ont. Gen. Div.)

Where the central issue in an action was whether an advance made to the defendant was a loan or a gift, the court ordered that the plaintiff produce bank records for various accounts. The records would disclose the financial status of the plaintiff at the time of the making of the original advances, and in view of the pleadings and the evidence on discovery, the production of the records was relevant to the matters in issue.

*P. (L.M.) v. F. (D.)* (1994), 27 C.P.C. (3d) 38 (Ont. Gen. Div.)

Where the plaintiff alleged that the Children's Aid Society was negligent and had in its possession confidential documents relating to non-party children suggesting evidence of sexual abuse, the court ordered that the documents be produced on terms.

*Consolidated NBS Inc. v. Price Waterhouse* (1994), 24 C.P.C. (3d) 185, 3 C.C.L.S. 186, 111 D.L.R. (4th) 656, 69 O.A.C. 236 (Div. Ct.)

The court ordered production of documents (a) which were given to a party by a Crown Attorney as part of "Crown disclosure" in a related criminal case, and (b) which were given to a party by the Ontario Securities Commission.

**R. 30.02**  RULES OF CIVIL PROCEDURE

*Hedley v. Air Canada* (1994), 23 C.P.C. (3d) 352 (Ont. Gen. Div.)

Discussion of production of documents disclosed to a party during Crown disclosure in a related criminal proceeding.

*Gemini Group Automated Distribution Systems Inc. v. PWA Corp.* (1993), 16 O.R. (3d) 239, 20 C.P.C. (3d) 385, 68 O.A.C. 205 (C.A.)

Documents produced in a Competition Tribunal proceeding were ordered to be listed in an affidavit of documents, whether or not privilege was claimed.

*Kenyeres (Litigation Guardian of) v. Cullimore* (1991), 49 C.P.C. (2d) 228, 44 O.A.C. 318 (C.A.)

In this medical malpractice case the court ordered production of the relevant portions of the transcript of the defendant's disciplinary proceedings before the Ontario College of Physicians and Surgeons.

*Sharpe Estate v. Northwestern General Hospital* (1990), 74 D.L.R. (4th) 43 (Ont. Master); affirmed (1991), 2 O.R. (3d) 40, 46 C.P.C. (2d) 267, 76 D.L.R. (4th) 535 (Gen. Div.)

The Red Cross was ordered to produce blood donor records in a case involving the contraction of AIDS. Restrictions were imposed as to the use of the information.

*Comaplex Resources International Ltd. v. Schaffhauser Kantonalbank* (1990), 42 C.P.C. (2d) 230 (Ont. Master)

Where the defendant Swiss bank had objected to production of documents on the ground that foreign law prohibited production, the court ordered production without consideration of the foreign law prohibitions. The court held that the consideration of any foreign prohibitions or restrictions with respect to disclosure should be postponed because the foreign law issues could be dealt with on any subsequent motion to consider the imposition of sanctions for non-compliance with the discovery order.

*Reichmann v. Toronto Life Publishing Co.* (1990), 71 O.R. (2d) 719, 41 C.P.C. (2d) 73, 66 D.L.R. (4th) 162; additional reasons 44 C.P.C. (2d) 206 (H.C.)

The court ordered the production of the corporate plaintiff's financial statements in this libel action where, although it did not claim any special damages, the only damage which it could suffer was to its pocket.

*Del Zotto v. Cdn. Newspapers Co.* (1988), 65 O.R. (2d) 594, 28 C.P.C. (2d) 165, 45 C.C.L.T. 225 (Master)

Where the plaintiff in a libel action claimed exemplary damages, the plaintiff was entitled to compel production of the material upon which the article in issue was based, and to ask questions arising out of such production. This material was relevant in light of the claim for exemplary damages, as the plaintiff would have to establish that the defendants acted in knowing disregard of the plaintiff's rights.

*Morgan Guaranty Trust Co. of New York v. Outerbridge* (1987), 23 C.P.C. (2d) 127 (Ont. Master); affirmed (1988), 23 C.P.C. (2d) 127n (Ont. H.C.)

The court ordered production of documents relating to computer entries but not general documents about how the computer system operated. The latter documents were only relevant to a theory of the defendant which was unsupported by evidence and not pleaded.

*Ontario (A.G.) v. C.E.C. Edwards Construction* (1987), 60 O.R. (2d) 618, 23 C.P.C. (2d) 61 (H.C.)

The diary kept by a plaintiff in a personal injury action was ordered produced, as it was prepared for the express purpose of use at trial. It was also appropriate to require the plaintiff to request production of the treating physician's clinical notes.

DISCOVERY OF DOCUMENTS **R. 30.02**

*Baker v. Torrance* (1987), 20 C.P.C. (2d) 270 (Ont. Master)

In an action for false imprisonment, the court held that the public interest in the administration of justice outweighed the public interest in keeping certain police records confidential, and therefore the documents were ordered to be produced.

*Orr v. Warren* (1986), 59 O.R. (2d) 286, 18 C.P.C. (2d) 190 (H.C.)

Where the plaintiff's medical condition both before and after the subject accident was relevant to the issues in the action, the plaintiff was directed to request production of the family physician's clinical notes and records from both before and after the accident. In the event the plaintiff was unable to obtain the records, the court directed that an order would issue with respect to the family physician under rule 30.10. The defendant was also entitled to a before and after comparison of the plaintiff's work records, attendance and job evaluation, as a claim for future loss of income was involved.

*Mercaldo v. Poole* (1986), 13 C.P.C. (2d) 129 (Ont. H.C.)

In an action against a solicitor for professional negligence, the defendant was ordered to produce a memorandum to file recording statements made by the client after discovery of a defect in a separation agreement, subject to editing by the master. A letter to the Law Society was held to be privileged.

*White v. Johnston* (1986), 10 C.P.C. (2d) 63 (Ont. Dist. Ct.)

Transcripts from a real estate board's ethics committee proceedings were held to be relevant productions where the facts giving rise to the hearing were the same as those giving rise to the action. The transcripts had not been created for the dominant purpose of use in the subsequent litigation.

*Duras v. Welland Gen. Hospital* (1985), 51 O.R. (2d) 284, 4 C.P.C. (2d) 238 (H.C.)

The court ordered production of documents from a defendant where the documents were not relevant to any issue between the plaintiff and that defendant, but were relevant to issues between the plaintiff and other defendants.

*Basse v. Toronto Star Newspapers Ltd.* (1985), 1 C.P.C. (2d) 105 (Ont. Master)

The court ordered production of various internal police documents.

*Donovan v. State Farm Fire & Casualty Co.*, 40 C.P.C. 208, [1984] I.L.R. 1-1745 (Ont. H.C.)

Disclosure of the plaintiff's financial affairs was refused in an action on a fire loss policy where the defendant insurer had not alleged a scheme by the insured to defraud, although it had pleaded that the fire had been intentionally set.

*Rush v. Phoenix Assur. Co. of Can.*, 40 C.P.C. 185, [1984] I.L.R. 1-1737 (Ont. Master)

An underwriting file relating to the time when a policy was applied for and issued was irrelevant and not producible where the defendant admitted that the policy was in force.

*Hill v. Hill* (1983), 35 C.P.C. 320, 34 R.F.L. (2d) 449 (Ont. H.C.)

The respondent spouse in a divorce proceeding was required to produce financial statements of a private corporation of which he was a shareholder.

*Wickes v. Redken Laboratories Can.* (1983), 35 C.P.C. 53 (Ont. Master)

The court declined to order the plaintiff to produce documents in the possession of a corporation controlled by the plaintiff and one other person. Such an order could be made if notice were given to the other person involved in the corporation.

*Kampus v. Bridgeford* (1981), 24 C.P.C. 122, 126 D.L.R. (3d) 175; quashed on jurisdictional grounds 25 C.P.C. 169 (Ont. C.A.)

OHIP was ordered to produce the claim cards submitted by physicians and hospitals to verify that the services performed were related to an accident in respect of which a subrogated claim was asserted.

**R. 30.02**        RULES OF CIVIL PROCEDURE

*Wilson v. College of Physicians and Surgeons of Ont.* (1981), 24 C.P.C. 52 (Ont. Div. Ct.)

In a proceeding under the *Health Disciplines Act*, production of materials concerning the deliberations of the complaints committee of the College of Physicians and Surgeons was refused.

*Osborne v. Osborne* (1981), 22 C.P.C. 297 (Ont. Master)

[*But see now rule 30.02(4) — Authors.*] In this family law case, production of all corporate books and documents of a company in which the husband had an interest was refused as amounting to a discovery of a non-party.

*Campbell v. Paton* (1979), 26 O.R. (2d) 4, 10 C.P.C. 229, 104 D.L.R. (3d) 428; application for leave to appeal dismissed 12 C.P.C. 133 (H.C.)

In an action against a police officer, documents prepared by the Citizens' Complaint Bureau of the police force were required to be produced.

*O'Connor v. Mitzvah Holdings Ltd.* (1979), 11 C.P.C. 310 (Ont. H.C.)

In an action on a promissory note, certain internal corporate documents of the guarantor were ordered produced, as they were prepared neither with a definite prospect of litigation nor to obtain the advice of solicitors.

*Parr v. Butkovich* (1978), 20 O.R. (2d) 491, 6 C.P.C. 237 (H.C.)

The court required that a party give his permission for the release of educational records which would otherwise be privileged by statute.

*Walsh v. Metro. Toronto & Region Conservation Authority* (1977), 4 C.P.C. 273 (Ont. Master)

Where a party is required by statute to file certain documents in the course of its activities, such documents are relevant and producible.

*Janhevich v. Thomas* (1977), 15 O.R. (2d) 765, 3 C.P.C. 303, 76 D.L.R. (3d) 656 (H.C.)

Such portions of a party's income tax returns as are relevant to matters in issue must be produced.

*Re Canron Ltd. and Can. Workers Union* (1976), 12 O.R. (2d) 765, 70 D.L.R. (3d) 198 (H.C.)

Where one party hires a reporter to transcribe public proceedings, the other party may have production of the transcript upon paying a proper share of the costs.

*Gentle v. Gentle* (1974), 3 O.R. (2d) 544, 15 R.F.L. 373, 46 D.L.R. (3d) 164 (H.C.)

The privilege under s. 10 of the *Evidence Act*, R.S.O. 1970, c. 151, regarding information which tends to prove adultery extends to the production of documents.

## AFFIDAVIT OF DOCUMENTS

### *Party to Serve Affidavit*

**30.03 (1) A party to an action shall, within ten days after the close of pleadings, serve on every other party an affidavit of documents (Form 30A or 30B) disclosing to the full extent of the party's knowledge, information and belief all documents relating to any matter in issue in the action that are or have been in the party's possession, control or power.**

### *Contents*

**(2) The affidavit shall list and describe, in separate schedules, all documents relating to any matter in issue in the action,**

**(a) that are in the party's possession, control or power and that the party does not object to producing;**

704

(b) that are or were in the party's possession, control or power and for which the party claims privilege, and the grounds for the claim; and

(c) that were formerly in the party's possession, control or power, but are no longer in the party's possession, control or power, whether or not privilege is claimed for them, together with a statement of when and how the party lost possession or control of or power over them and their present location.

(3) The affidavit shall also contain a statement that the party has never had in the party's possession, control or power any document relating to any matter in issue in the action other than those listed in the affidavit.

*Lawyer's Certificate*

(4) Where the party is represented by a lawyer, the lawyer shall certify on the affidavit that he or she has explained to the deponent,

(a) the necessity of making full disclosure of all documents relating to any matter in issue in the action; and

(b) what kinds of documents are likely to be relevant to the allegations made in the pleadings.

*Affidavit not to be filed*

(5) An affidavit of documents shall not be filed unless it is relevant to an issue on a pending motion or at trial.

O. Reg. 653/00, s. 3

*Case Law*

*Form of Affidavit*

*Hallstone Products Ltd. v. Canada (Customs & Revenue Agency)* (2004), 71 O.R. (3d) 373, 2004 CarswellOnt 2347 (S.C.J.)

The court held that s. 8 of the *Crown Liability and Proceedings (Provincial Court) Regulations* requires the Crown to file or serve a list of the documents relating to the matter of which the Crown has knowledge. There is no obligation to deliver a sworn affidavit of documents. The court found that there is a difference between the obligations on the Crown and on others.

*Segnitz v. Royal & Sunalliance Insurance Co. of Canada* (2004), 49 C.P.C. (5th) 167, [2004] O.J. No. 1376, 2004 CarswellOnt 1287, 12 C.C.L.I. (4th) 143 (S.C.J.)

The court permitted the defendant not to disclose in its affidavit of documents the relationship between the senders and recipients of documents listed, provided the defendant give such information to the plaintiff on request.

*Segnitz v. Royal & Sunalliance Insurance Co. of Canada* (2003), 2003 CarswellOnt 50, 44 C.C.L.I. (3d) 248, [2003] O.J. No. 78, 29 C.P.C. (5th) 359 (S.C.J.); additional reasons at (January 20, 2003), Doc. 37188/01, 2003 CarswellOnt 139, [2003] O.J. No. 102 (S.C.J.); additional reasons at (2004), 2004 CarswellOnt 1287, [2004] O.J. No. 1376, 49 C.P.C. (5th) 167, 12 C.C.L.I. (4th) 143 (S.C.J.)

Schedule B must contain sufficient detail to permit privilege to be challenged.

*Jean Bleu Inc. v. 713949 Ontario Ltd.* (2002), 19 C.P.C. (5th) 398, 2002 CarswellOnt 1440 (S.C.J.)

The court struck out a boiler-plate privilege claim in Schedule B and ordered a further and better affidavit of documents.

**R. 30.03**                    RULES OF CIVIL PROCEDURE

*Mirra v. Toronto Dominion Bank* (April 4, 2002), Doc. 99-CV-167901CM, 2002 Cars-
    wellOnt 1019, [2002] O.J. No. 1483 (Master); additional reasons at (May 30,
    2002), Doc. 99-CV-167901CM, 2002 CarswellOnt 1886 (Master)

The court ordered further and better affidavit documents which individually identified
each document so that they could be easily and unambiguously retrieved as needed.

*Neico Canada Inc. v. Cardinal Power of Canada, L.P.* (1997), 10 C.P.C. (4th) 362
    (Ont. Gen. Div.)

The grounds for a claim of privilege may be expressed in general terms.

*Solid Waste Reclamation Inc. v. Philip Enterprises Inc.* (1991), 2 O.R. (3d) 481, 49
    C.P.C. (2d) 245 (Gen. Div.)

The affidavit of documents should allocate an identifying number to each document.
The number should appear on the face of each document to facilitate identification and
retrieval.

*Waxman v. Waxman* (1991), 49 C.P.C. (2d) 113 (Ont. Div. Ct.)

Where a party has omitted to claim privilege in an affidavit of documents, the party can
correct such inadvertence by serving a supplementary affidavit.

*Waxman v. Waxman* (1990), 42 C.P.C. (2d) 296 (Ont. Master)

Documents for which privilege is claimed should be described, with the description
including the function, role, and status of the sender and receiver and their relationship
to the party to the action; however, the deponent is not required to disclose names and
identities of potential witnesses and experts prior to a ruling on the validity of the claim
for privilege.

*Temoin v. Stanley* (1986), 12 C.P.C. (2d) 69 (Ont. Dist. Ct.); reversed in part on other
    grounds (1987), 7 W.D.C.P. 71 (Ont. H.C.)

Where a party claims privilege for a document, the author of the document must be
identified in the party's affidavit of documents.

*Brampton Engineering Inc. v. Alros Products Ltd.* (1986), 8 C.P.C. (2d) 48 (Ont.
    Master)

Documents for which privilege is claimed should be described sufficiently to identify
them but no details need be given which would enable the opposite party to discover
indirectly the contents. The court required separate descriptions for each category of
document with identification of the persons creating the documents and information
about the dates of the documents.

*Grossman v. Toronto Gen. Hosp.* (1983), 41 O.R. (2d) 457, 35 C.P.C. 11, 146 D.L.R.
    (3d) 280 (H.C.)

An affidavit of documents must describe documents for which privilege is claimed and
give information supporting the claim for privilege.

### Miscellaneous

*Cole v. Hamilton (City)* (1999), 35 C.P.C. (4th) 321, 45 O.R. (3d) 235, 1999 Carswell-
    Ont 1443, [1999] O.J. No. 1783 (Gen. Div.)

A defendant who intends to move for summary judgment is nevertheless required to serve
an affidavit of documents.

*Elguindy v. Prince* (2000), 129 O.A.C. 136, 43 C.P.C. (4th) 243, 2000 CarswellOnt 21
    (Div. Ct.)

The Divisional Court reversed a decision deferring production of certain documents
until after examination for discovery.

*Atwater v. Gupta* (1986), 12 C.P.C. (2d) 293 (Ont. Master)

There is no jurisdiction to order the deletion of documents from an affidavit of docu-
ments on the grounds of relevance.

*C.I.B.C. v. Molony* (1986), 8 C.P.C. (2d) 53 (Ont. H.C.)

The court refused to order production of documents referred to in the defendant's affidavit of documents where a supplementary affidavit was delivered pursuant to rule 30.07 indicating the documents were not in the defendant's possession, control or power.

*Kap v. Sands* (1980), 30 O.R. (2d) 125, (sub nom. *Zoltac v. Ross)* 22 C.P.C. 32 at 36; affirmed 22 C.P.C. 32 at 61 (H.C.)

Medical and hospital records regarding the plaintiffs or deceased persons for whose deaths the actions were brought are within the plaintiffs' power and should be listed in the affidavit of documents. It should not be necessary to move for an order requiring the hospitals and doctors to produce the documents.

## INSPECTION OF DOCUMENTS

### *Request to Inspect*

**30.04 (1) A party who serves on another party a request to inspect documents (Form 30C) is entitled to inspect any document that is not privileged and that is referred to in the other party's affidavit of documents as being in that party's possession, control or power.**

**(2) A request to inspect documents may also be used to obtain the inspection of any document in another party's possession, control or power that is referred to in the originating process, pleadings or an affidavit served by the other party.**

**(3) A party on whom a request to inspect documents is served shall forthwith inform the party making the request of a date within five days after the service of the request to inspect documents and of a time between 9:30 a.m. and 4:30 p.m. when the documents may be inspected at the office of the solicitor of the party served, or at some other convenient place, and shall at the time and place named make the documents available for inspection.**

### *Documents to be Taken to Examination and Trial*

**(4) Unless the parties agree otherwise, all documents listed in a party's affidavit of documents that are not privileged and all documents previously produced for inspection by the party shall, without notice, summons or order, be taken to and produced at,**

**(a) the examination for discovery of the party or of a person on behalf or in place of or in addition to the party; and**

**(b) the trial of the action.**

### *Court may Order Production*

**(5) The court may at any time order production for inspection of documents that are not privileged and that are in the possession, control or power of a party.**

### *Court may Inspect to Determine Claim of Privilege*

**(6) Where privilege is claimed for a document, the court may inspect the document to determine the validity of the claim.**

### *Copying of Documents*

**(7) Where a document is produced for inspection, the party inspecting the document is entitled to make a copy of it at the party's own expense, if it can be reproduced, unless the person having possession or control of or power**

**R. 30.04**          RULES OF CIVIL PROCEDURE

over the document agrees to make a copy, in which case the person shall be reimbursed for the cost of making the copy.

### *Divided Disclosure or Production*

(8) Where a document may become relevant only after the determination of an issue in the action and disclosure or production for inspection of the document before the issue is determined would seriously prejudice a party, the court on the party's motion may grant leave to withhold disclosure or production until after the issue has been determined.

*Case Law*

#### *Production of Documents Referred to in Pleadings, Affidavit, etc. - rule 30.04(2)*

*Vaughan v. Ontario (Minister of Health)* (1996), 49 C.P.C. (3d) 119, 2 O.T.C. 241 (Gen. Div.)

Where the plaintiff referred to his own medical records in his statement of claim, the court held that he had impliedly consented to their disclosure and ordered the mental health facility holding the records to produce them.

*293818 Ont. Ltd. v. Forest Glen Shopping Centre Ltd.* (1981), 22 C.P.C. 291 (Ont. Div. Ct.)

Where the plaintiff never had the document referred to in its pleading, its action was not dismissed because it could not produce it.

*Trotter v. Cattan* (1977), 17 O.R. (2d) 455, 5 C.P.C. 114 (H.C.)

Production was ordered of only those parts of a medical report referred to in an affidavit in support of a motion for a second medical examination.

*Durall Const. Ltd. v. H.J. O'Connell Ltd.*, [1973] 3 O.R. 59 (Master)

A party must produce a document referred to in a pleading irrespective of any privilege attaching to the document.

*Kennedy v. Diversified Mining Interest (Can.) Ltd.*, [1948] O.W.N. 798 (H.C.)

Where a solicitor refers in an affidavit to a written solicitor-client communication, there is a presumption that the privilege attaching to the document has been waived.

### *Order to Produce Documents - rule 30.04(5)*

*Hong Kong (Official Receiver) v. Wing* (1986), 57 O.R. (2d) 216, 12 C.P.C. (2d) 217 (H.C.)

The court will only order production and inspection of documents prior to the close of pleadings where the documents are essential to pleading.

*Durish v. Bent* (1985), 4 C.P.C. (2d) 37 (Ont. Master)

The court declined to order production before pleading of certain documents in the possession of the plaintiffs, where the evidence did not show that the defendant needed the information to frame his defence.

*McKenzie v. Bentz* (1984), 44 C.P.C. 213 (Ont. H.C.)

After commencing this malpractice action but before pleading, the plaintiffs obtained an order for the production of the defendant hospital's records, to enable them to plead properly.

*Morgan v. Fekete* (1979), 25 O.R. (2d) 237; affirmed 25 O.R. (2d) 237n (H.C.)

The order may be made before delivery of pleadings.

DISCOVERY OF DOCUMENTS                    **R. 30.04**

*Gravlev v. Venturetek Int. Ltd.* (1979), 15 C.P.C. 18 (Ont. H.C.)

A party may not be required to endeavour to obtain documents from third parties where it would be unreasonable to require him so to do.

*Trip v. Iezzi and Iezzi Ltd.* (1978), 23 O.R. (2d) 587, 8 C.P.C. 312 (H.C.)

A party will not be compelled to produce samples of his handwriting.

*Loudon v. Consolidated-Moulton Trimmings Ltd.*, [1956] O.W.N. 552, 24 C.P.R. 77, 15 Fox Pat. C. 167 (Master)

The court is very cautious in ordering production of documents in patent cases.

### Inspection of Documents by Court - rule 30.04(6)

*Canada (Attorney General) v. O'Neill* (January 16, 2006), Doc. 11828, 2006 Carswell-Ont 139 (S.C.J.); additional reasons at (March 6, 2006), Doc. 11828, 2006 CarswellOnt 1352 (S.C.J.)

Where the respondent was ordered to disclose certain documents and produced re-dacted copies, the court reviewed the unredacted versions and determined the propriety of the redactions.

*R. v. Law Office of Simon Rosenfeld* (2003), 37 C.P.C. (5th) 349, 2003 CarswellOnt 2407, 108 C.R.R. (2d) 165, [2003] O.J. No. 834 (S.C.J.)

It is the court's responsibility to protect privilege. In this criminal case where police seized documents from a solicitor's office, the court appointed a referee to examine possibly privileged documents and contact the clients.

*Ansell Canada Inc. v. Ions World Corp.* (1998), 28 C.P.C. (4th) 60, 1998 CarswellOnt 4673, [1998] O.J. No. 5034 (Gen. Div.)

Where an affidavit of documents was insufficient to support a claim of privilege the court inspected the documents and found that they were privileged.

*Falconbridge Ltd. v. Hawker Siddeley Diesels & Electrics Ltd.* (1985), 50 C.P.C. 307; affirmed 50 O.R. (2d) 794, 3 C.P.C. (2d) 133 (H.C.)

Whenever possible, disputes regarding privileged documents should be determined from the affidavit of documents and other supporting material. Inspection of the docu-ments by the court should be discouraged because it minimizes the benefit of argument by counsel.

### Cost of Copies - rule 30.04(7)

*Toronto Bd. of Educ. Staff Credit Union Ltd. v. Skinner* (1985), 2 C.P.C. (2d) 247 (Ont. H.C.)

The court ordered a party receiving copies of voluminous documents to pay about 43.5 cents per page in copying charges.

### Divided Production - rule 30.04(8) (See also cases under rule 31.06.)

*Air Canada v. WestJet Airlines Ltd.* (2005), 2005 CarswellOnt 7420, [2005] O.J. No. 5512, 20 C.P.C. (6th) 141 (S.C.J.)

The court refused to bifurcate liability and damages in this industrial espionage case.

*Sycor Technology Inc. v. Kiaer* (2002), 24 C.P.C. (5th) 193, 2002 CarswellOnt 2986 (S.C.J.)

The court refused to divide production and discovery where the plaintiff alleged breach of fiduciary duty by its former employees and the issue of liability was not clearly severable from the issue of damages.

*Schlueter v. Stockie* (2000), 3 C.P.C. (5th) 160, 2000 CarswellOnt 2867 (S.C.J.)

The court refused to permit the defendant to withhold relevant documents pertaining to damages pending the determination of the issue of liability. The court will divide pro-duction only where the defendant would suffer severe prejudice.

**R. 30.04**          RULES OF CIVIL PROCEDURE

*McKinlay Transport Ltd. v. Motor Transport Industrial Relations Bureau of Ontario (Inc.) (1995), 37 C.P.C. (3d) 147 (Ont. Div. Ct.)*

The court has an inherent jurisdiction to sever issues for trial. The court ordered the trial to proceed on liability issues with a second trial to occur, if necessary, regarding damage issues.

*Mitchell v. Reed Estate (1995), 36 C.P.C. (3d) 195 (Ont. Gen. Div.)*

The court refused to sever issues for trial where one party objected and severance might cause problems.

*Blott, Fejer, Felkai, Rovet v. McCafferty (1989), 69 O.R. (2d) 235, 35 C.P.C. (2d) 182 (Master)*

The rules on divided production and divided discovery do not apply where the responding party already has the documents or information and the only prejudice is needless expense.

*Risi Stone Ltd. v. Burloak Concrete Products Ltd. (1987), 24 C.P.C. (2d) 34, 17 C.I.P.R. 166, 19 C.P.R. (3d) 90 (Ont. H.C.)*

The court ordered divided production and discovery in this action for infringement of copyright and passing off. Production and discovery on the issues of damages and profits would prejudice the defendants.

*L.C.D.H. Audio Visual Ltd. v. I.S.T.S. Verbatim Ltd. (1986), 54 O.R. (2d) 425, 8 C.P.C. (2d) 141 (H.C.)*

The court applied the following principles in deciding whether to divide discovery: (1) the decision is a discretionary one; (2) the modern philosophy is that all issues should be resolved in one trial; (3) discovery should be divided only in the clearest cases; (4) discovery should not be divided if the issues are not clearly severable: (5) if the issues are severable and serious prejudice would result to the moving party the court must then consider whether to exercise its discretion to divide discovery; and (6) the discretion must be exercised judicially.

*Diamond v. Kaufman (1985), 1 C.P.C. (2d) 1 (Ont. Master)*

The court ordered divided production and discovery where the defendants operated a computer software business and the plaintiff sought an accounting of the business's receipts and disbursements. The accounting would become necessary only if the plaintiff succeeded on the issue of liability. Disclosure of the information could result in serious prejudice to the defendants.

*Can. Valve Ltd. v. Sweet (1985), 49 C.P.C. 178 (Ont. Master)*

The court ordered divided discovery where the issues of liability and damages were distinct, there was some question as to the strength of the plaintiff's case and production of documents regarding damages would result in economic disadvantage to the defendants.

*Re Machan and Machan (1979), 26 O.R. (2d) 473, 12 R.F.L. (2d) 247 (H.C.)*

The court refused to stay delivery of a statement of property pending determination of the applicability of a separation agreement.

*Blake v. Great Northern Financial Corp. (1978), 18 O.R. (2d) 744 (H.C.)*

In an action for an accounting the court refused to postpone production of voluminous documentation until the question of entitlement to an accounting was determined.

*Respirex of Can. Ltd. v. Flynn (1974), 5 O.R. (2d) 380 (Master)*

Discovery relating to damages was postponed until it was established that there was a binding contract between the parties on which to base liability.

## DISCLOSURE OR PRODUCTION NOT ADMISSION OF RELEVANCE

**30.05** The disclosure or production of a document for inspection shall not be taken as an admission of its relevance or admissibility.

## WHERE AFFIDAVIT INCOMPLETE OR PRIVILEGE IMPROPERLY CLAIMED

**30.06** Where the court is satisfied by any evidence that a relevant document in a party's possession, control or power may have been omitted from the party's affidavit of documents, or that a claim of privilege may have been improperly made, the court may,

(a) order cross-examination on the affidavit of documents;

(b) order service of a further and better affidavit of documents;

(c) order the disclosure or production for inspection of the document, or a part of the document, if it is not privileged; and

(d) inspect the document for the purpose of determining its relevance or the validity of a claim of privilege.

*Case Law*

*Business Depot Ltd. v. Genesis Media Inc.* (2000), 48 O.R. (3d) 402, 47 C.P.C. (4th) 270, 2000 CarswellOnt 1634, [2000] O.J. No. 1593 (S.C.J.)

The court required a party asserting a weak claim to pay most of the opposite party's costs of preparing a further and better affidavit of documents, which would require over 1,000 hours of work.

*Heritage Clothing (Can.) Ltd. v. Sun Alliance Ins. Co.* (1985), 4 C.P.C. (2d) 154 (Ont. H.C.); (leave to appeal to Ont. Div. Ct. denied September 30, 1985)

There is no time limit for production of a document for which privilege has been claimed.

*Nelma Information Inc. v. Holt* (1985), 50 C.P.C. 116 (Ont. H.C.)

The court ordered cross-examination on an affidavit of documents where many documents had been withheld and cross-examination appeared to be the most expeditious way of resolving the issues.

*Bow Helicopters v. Textron Can. Ltd.* (1981), 23 C.P.C. 212 (Ont. Master)

A motion for a further and better affidavit on production can be brought before examination for discovery. Further, an affidavit can be filed setting out the facts relied upon; however, that a document "ought to exist" is not a sufficient basis to order its production.

## DOCUMENTS OR ERRORS SUBSEQUENTLY DISCOVERED

**30.07** Where a party, after serving an affidavit of documents,

(a) comes into possession or control of or obtains power over a document that relates to a matter in issue in the action and that is not privileged; or

(b) discovers that the affidavit is inaccurate or incomplete,

the party shall forthwith serve a supplementary affidavit specifying the extent to which the affidavit of documents requires modification and disclosing any additional documents.

**R. 30.07**     RULES OF CIVIL PROCEDURE

*Case Law*

> *Agrico Canada Ltd. v. Northgate Insurance Brokers Inc.* (1994), 35 C.P.C. (3d) 370 (Ont. Gen. Div.)
>
> Where a document which was clearly prepared in contemplation of litigation was inadvertently or accidentally disclosed, the court held that the defendant could deliver a fresh affidavit of documents and assert privilege over the document.
>
> *Waxman v. Waxman* (1991), 49 C.P.C. (2d) 113 (Ont. Div. Ct.)
>
> Where a party has omitted to claim privilege in an affidavit of documents, the party can correct such inadvertence by serving a supplementary affidavit.

## EFFECT OF FAILURE TO DISCLOSE OR PRODUCE FOR INSPECTION

*Failure to Disclose or Produce Document*

**30.08 (1) Where a party fails to disclose a document in an affidavit of documents or a supplementary affidavit, or fails to produce a document for inspection in compliance with these rules, an order of the court or an undertaking,**

**(a) if the document is favourable to the party's case, the party may not use the document at the trial, except with leave of the trial judge; or**

**(b) if the document is not favourable to the party's case, the court may make such order as is just.**

*Failure to Serve Affidavit or Produce Document*

**(2) Where a party fails to serve an affidavit of documents or produce a document for inspection in compliance with these rules or fails to comply with an order of the court under rules 30.02 to 30.11, the court may,**

**(a) revoke or suspend the party's right, if any, to initiate or continue an examination for discovery;**

**(b) dismiss the action, if the party is a plaintiff, or strike out the statement of defence, if the party is a defendant; and**

**(c) make such other order as is just.**

**O. Reg. 504/00, s. 3**

*Case Law*

> [*Note: See rule 53.08 regarding leave to admit an undisclosed document at trial - Authors.*]

### Failure to Disclose - Generally

> *McAvan Holdings v. BDO Dunwoody Ltd.*, 65 O.R. (3d) 247, 2003 CarswellOnt 1776, 2003 D.T.C. 5477, [2003] 4 C.T.C. 90, 49 C.P.C. (5th) 405 (Master)
>
> The court stayed the action of a plaintiff who refused to produce relevant tax documents.
>
> *Doncrest Construction Co. v. Kohany* (1997), 20 C.P.C. (4th) 97 (Ont. Gen. Div.)
>
> Where the defendant failed to produce invoices pursuant to undertakings given on discovery, the court ordered that the invoices were not to be produced at trial.
>
> *Gary Oswald Blasting Inc. v. M.J. Robinson Trucking Ltée* (1989), 38 C.P.C. (2d) 195 (Ont. H.C.)
>
> Where pleadings were not completed in a fourth party proceeding, the third party's motion to dismiss the main action based on the plaintiff's failure to deliver an affidavit of documents was premature.

DISCOVERY OF DOCUMENTS                    **R. 30.09**

*Spoliation of Evidence*

*Cheung (Litigation Guardian of) v. Toyota Canada Inc.* (2003), 2003 CarswellOnt 481, [2003] O.J. No. 411, 29 C.P.C. (5th) 267 (S.C.J.)

Where an order had been made to preserve evidence and such evidence examined by the defendant's expert went missing, the court ordered the defendant could not rely on expert reports regarding the missing evidence.

*Spasic Estate v. Imperial Tobacco Ltd.* (2000), 49 O.R. (3d) 699, 188 D.L.R. (4th) 577, 2 C.C.L.T. (3d) 43, 47 C.P.C. (4th) 12, 135 O.A.C. 126, 2000 CarswellOnt 2522, [2000] O.J. No. 2690 (C.A.); leave to appeal refused (2001), 2001 CarswellOnt 876, 2001 CarswellOnt 877, 269 N.R. 394 (note), 149 O.A.C. 400 (note), [2000] S.C.C.A. No. 547

The court refused to strike out a claim based on the tort of spoliation. The trial judge should determine if the tort of spoliation should be recognized in Ontario.

*Douglas v. Inglis Ltd.* (2000), 45 C.P.C. (4th) 381, 2000 CarswellOnt 954 (S.C.J.)

The court refused to dismiss a claim on the basis of spoliation of evidence.

*Robb Estate v. St. Joseph's Health Care Centre* (1998), (sub nom. *Rintoul (Litigation Guardian of) v. St. Joseph's Health Centre)* 166 D.L.R. (4th) 158, 115 O.A.C. 177, 43 C.C.L.T. (2d) 296, 42 O.R. (3d) 379, 31 C.P.C. (4th) 85, 1998 CarswellOnt 4013, [1998] O.J. No. 4074 (Div. Ct.)

The plaintiff was not permitted to plead the tort of spoliation or claim damages in respect of the destruction of evidence.

*Coriale (Litigation Guardian of) v. Sisters of St. Joseph of Sault Ste. Marie* (1998), 41 O.R. (3d) 347, 27 C.P.C. (4th) 328, 1998 CarswellOnt 3624 (Gen. Div.); additional reasons at (January 25, 1999), Doc. Toronto 94-CU-79713, 1999 CarswellOnt 2850 (Gen. Div.); leave to appeal refused (March 19, 1999), Doc. Toronto 160/99, 1999 CarswellOnt 2850 (Gen. Div.)

Where relevant documents had been destroyed or were missing, the court permitted the plaintiffs to plead the tort of spoliation of evidence. The tort was novel and should proceed to trial.

## PRIVILEGED DOCUMENT NOT TO BE USED WITHOUT LEAVE

**30.09 Where a party has claimed privilege in respect of a document and does not abandon the claim by giving notice in writing and providing a copy of the document or producing it for inspection at least 90 days before the commencement of the trial, the party may not use the document at the trial, except to impeach the testimony of a witness or with leave of the trial judge.**

**O. Reg. 19/03, s. 7**

*Cross-Reference*: See rule 53.08 regarding leave to admit such a document at trial.

*Case Law*

*Ferenczy v. MCI Medical Clinics* (2004), 70 O.R. (3d) 277, [2004] O.J. No. 1775, 2004 CarswellOnt 1706 (S.C.J.)

In this jury trial, the court permitted a defence surveillance video to be used to impeach credibility, but not as substantive evidence, where the video had not been disclosed prior to trial and only became relevant when the plaintiff testified in an unexpected fashion.

*Giroux v. Lafrance* (1993), 19 C.P.C. (3d) 12 (Ont. Gen. Div.)

Where this rule was not complied with, the court permitted surveillance evidence to be used to impeach credibility but not as substantive evidence.

**R. 30.09**          RULES OF CIVIL PROCEDURE

*Machado v. Berlet* (1986), 57 O.R. (2d) 207, 15 C.P.C. (2d) 207, 32 D.L.R. (4th) 634
      (H.C.)

The court permitted a defendant to use surveillance photographs to impeach the plain-
tiff's credibility notwithstanding that the film had not been disclosed previously. The
plaintiff was permitted to explain the contents of the film since it had not been properly
put to him in cross-examination.

*Jones v. Heidel* (1985), 6 C.P.C. (2d) 318 (Ont. H.C.)

A motion for a mistrial was dismissed where counsel for the defendant used previously
undisclosed surveillance photographs when cross-examining the plaintiff. It was per-
missible to use the photographs to impeach the plaintiff's testimony.

## PRODUCTION FROM NON-PARTIES WITH LEAVE

### *Order for Inspection*

**30.10 (1) The court may, on motion by a party, order production for in-
spection of a document that is in the possession, control or power of a person
not a party and is not privileged where the court is satisfied that,**

**(a) the document is relevant to a material issue in the action; and**

**(b) it would be unfair to require the moving party to proceed to trial with-
out having discovery of the document.**

### *Notice of Motion*

**(2) A motion for an order under subrule (1) shall be made on notice,**

**(a) to every other party; and**

**(b) to the person not a party, served personally or by an alternative to
personal service under rule 16.03.**

### *Court may Inspect Document*

**(3) Where privilege is claimed for a document referred to in subrule (1),
or where the court is uncertain of the relevance of or necessity for discovery of
the document, the court may inspect the document to determine the issue.**

### *Preparation of Certified Copy*

**(4) The court may give directions respecting the preparation of a certified
copy of a document referred to in subrule (1) and the certified copy may be
used for all purposes in place of the original.**

### *Cost of Producing Document*

**(5) The moving party is responsible for the reasonable cost incurred or to
be incurred by the person not a party to produce a document referred to in
subrule (1), unless the court orders otherwise.**

                                          O. Reg. 260/05, s. 5

*Case Law*

### *Production from Non-Parties - Generally*

*Temelini v. Ontario Provincial Police Commissioner* (1999), 44 O.R. (3d) 609, 120
      O.A.C. 380, 174 D.L.R. (4th) 418, 38 C.P.C. (4th) 40, 1999 CarswellOnt 1564
      (C.A.)

The federal Crown is not immune from production of documents under this rule due to
the effect of s. 27 of the *Crown Liability and Proceedings Act*.

DISCOVERY OF DOCUMENTS          **R. 30.10**

*Lowe v. Motolanez* (1996), 30 O.R. (3d) 408, 3 C.P.C. (4th) 169 (C.A.)

When considering a motion for third party production, the interests to be balanced are the moving party's need to prove his or her case at trial with the non-party's exposure to inconvenience, expense, or liability. In ordering the release of a party's employment records the court refused to impose terms requiring that the plaintiff use the notice to admit procedure under Rule 51 and to not use the information in any way that might be adverse to the employer's interests. The moving party does not need to sign a release to obtain production because the non-party is protected by Rule 30.1.

*Ontario (Attorney General) v. Ballard Estate* (1995), 26 O.R. (3d) 39, 129 D.L.R. (4th) 52, 86 O.A.C. 43 (C.A.)

To obtain documents from a non-party, it is not necessary to show the documents sought are vital or crucial for trial preparation. The court should consider various factors including the importance of the documents; whether pre-trial production is necessary to avoid unfairness; whether discovery from the parties is adequate and, if not, whether responsibility for the inadequacy rests with a party; whether the non-party resists production; the availability of the documents or information from other sources; and the relationship between the non-party and the parties.

*550551 Ontario Ltd. v. Framingham* (1991), 2 O.R. (3d) 284, 46 O.A.C. 156 (Gen. Div.)

Rule 30.10 does not apply to applications.

*Peters v. Gen. Motors of Can. Ltd.* (1986), 14 C.P.C. (2d) 147 (Ont. Dist. Ct.)

A motion for production from an affiliated company should proceed under rule 30.02(4) rather than rule 30.10.

*Re Royal Bank of Can. and Ont. Securities Comm.* (1976), 14 O.R. (2d) 783, 2 C.P.C. 132 (H.C.)

The non-party may appear and make objections to the production of documents.

*Jameson v. Margetson* (1975), 11 O.R. (2d) 175 (Co. Ct.)

An order was refused where production of the documents by the non-party would involve considerable time and expense.

*Herrington v. Voss*, [1968] 1 O.R. 250 (Master)

It is not necessary to specify the particular documents believed to be in the possession of the non-party.

*Halpin v. Gillam*, [1967] 2 O.R. 269 (Master)

The material in support of the motion should attempt to identify the particular types of document sought. Only documents containing important relevant material need be produced.

*Weber v. Czerevko*, [1962] O.W.N. 245 (H.C.)

The court refused to permit a "fishing expedition."

### Production from Non-Parties - Banking Records

*Colville-Reeves v. Gray* (2003), 33 C.P.C. (5th) 375, 2003 CarswellOnt 1858 (Master)

The court ordered production of banking records regarding a mortgage which was the subject of this action.

*Union of Canada Life Insurance v. Levesque Securities Inc.* (1999), 42 O.R. (3d) 633, 1999 CarswellOnt 114 (Gen. Div.)

The court refused to order that the defendant bank produce the bank records of a non-party which were subject to a common law privilege and were not relevant.

**R. 30.10**      RULES OF CIVIL PROCEDURE

*Morse Shoe (Canada) Ltd. v. Zellers Inc.* (1997), 10 C.P.C. (4th) 390, 100 O.A.C. 116 (Ont. C.A.)

The court ordered production from the plaintiff's bank where the plaintiff had gone out of business, its American parent had been through Chapter 11 proceedings, its knowledgeable personnel had been dispersed, and there were significant gaps in the plaintiff's discovery which it appeared likely the bank could fill.

*I.T.L. Indust. Ltd. v. Winterbottom* (1980), 27 O.R. (2d) 496, 15 C.P.C. 255, 106 D.L.R. (3d) 577 (C.A.)

Production of bank documents not within the scope of s. 34 of the *Evidence Act* may, in a proper case, be ordered in an action in which the bank is not a party.

*Astral Films Ltd. v. Sherman* (1978), 19 O.R. (2d) 206, 5 C.P.C. 317, 3 B.L.R. 150; leave to appeal refused 19 O.R. (2d) 208n, 5 C.P.C. 317n (H.C.)

The plaintiff was permitted to inspect banking records where such records were of considerable significance and relevance to its claim. Discussion of guidelines for such applications.

### Production from Non-Parties - Employment Records

*Pryslak v. Anderson* (1987), 57 O.R. (2d) 788, 15 C.P.C. (2d) 79 (H.C.)

The court ordered production of documents regarding the plaintiff's applications for employment to several police forces.

*Wright v. Clark* (1984), 48 O.R. (2d) 528, 46 C.P.C. 105 (Master)

The court refused to order production of any part of the plaintiff's employment record file where the plaintiff had undertaken to produce documents regarding the rates of pay, amounts paid and attendance record of the plaintiff.

*Kap v. Sands; Keanie v. Sands* (1980), 30 O.R. (2d) 125, (sub nom. *Zoltac v. Ross*) 22 C.P.C. 32 at 36; affirmed 22 C.P.C. 32 at 61 (H.C.)

The court refused to order production of employment records regarding deceased persons for whose deaths the actions were brought where it was not shown that the documents were relevant and it would be oppressive to order such production.

*Woods v. Harris* (1979), 25 O.R. (2d) 14, 12 C.P.C. 119 (H.C.)

The court refused to order the employer of a plaintiff making a loss of earnings claim in a motor vehicle case to produce all employment records of the plaintiff. The court must strike a balance between disclosure of relevant documents and preventing harassment of non-parties.

### Production from Non-Parties - Hospital Records and Medical Reports

*Ahmed v. Stefaniu* (2004), 72 O.R. (3d) 590, 2004 CarswellOnt 3802 (S.C.J.)

The court refused to order production of medical records that were created three to eight years after the events giving rise to the litigation where the defendants failed to show the records were relevant.

*F. (K.) v. White* (2001), 53 O.R. (3d) 391, 2001 CarswellOnt 634, [2001] O.J. No. 847, 3 C.P.C. (5th) 189, 142 O.A.C. 116, 198 D.L.R. (4th) 541 (C.A.)

The court held that there is no blanket privilege attached to medical records. However, where a defendant failed to show that medical records were relevant and that it would be unfair to require him to proceed to trial without having discovery of documents, production of third party medical records was denied.

*Wells (Litigation Guardian of) v. Paramsothy* (1996), 32 O.R. (3d) 452 (Div. Ct.)

No privilege attaches to doctor-patient information and all relevant medical information must be disclosed. Where the parties cannot agree on disclosure of medical information in the hands of a non-party, the court will supervise disclosure under rules 30.10, 31.10 and 33.

DISCOVERY OF DOCUMENTS                                **R. 30.10**

*P. (L.M.) v. F. (D.)* (1994), 34 C.P.C. (3d) 172, 22 C.C.L.T. (2d) 312 (Ont. Gen. Div.)

The court ordered the plaintiff's physician in this sexual abuse case to produce his clinical notes and records. The need to properly assess the plaintiff's damages outweighed the need to preserve confidentiality.

*Mather v. Turnbull* (1991), 47 C.P.C. (2d) 180 (Ont. Gen. Div.)

The court ordered production of a physician's clinical notes and psychologist's raw test data.

*G. (D.M.) v. G. (S.D.)* (1990), 72 O.R. (2d) 774, 44 C.P.C. (2d) 52 (Master)

Where production of psychiatric records would have had an adverse effect on a party, the court exercised its discretion to refuse production, notwithstanding the relevance of the documents.

*Noonan v. Commercial Union Assurance Co. of Can.* (1989), 42 C.P.C. (2d) 1 (Ont. H.C.)

As a general rule, in a personal injury case it is unfair to require the defendant to go to trial without clinical notes. Accordingly, physicians' clinical notes and records relating to post-accident treatment were to be produced. Documents relating to the plaintiff's unsuccessful application for a disability pension from the Canada Pension Plan and documents relating to insurance benefits paid to the plaintiff by another insurance company were also ordered produced. Medical records relating to pre-accident treatment were not ordered produced.

*Noonan v. Commercial Union Assurance Co. of Can.* (1989), 36 C.P.C. (2d) 232 (Ont. Dist. Ct.)

A psychologist was ordered to produce clinical notes and records despite objections that these documents might be misinterpreted by anyone but a psychologist. The psychologist could address that problem at trial if this occurred.

*Karkanas v. Thomas* (1986), 19 C.P.C. (2d) 303 (Ont. Dist. Ct.)

The court refused to order production of clinical notes of the plaintiff's family doctor for the period predating the accident where there was no *prima facie* case of an issue regarding her pre-existing condition.

*Couto v. T.T.C.* (1987), 59 O.R. (2d) 406, 16 C.P.C. (2d) 241 (H.C.)

In personal injury cases in which the nature and extent of the plaintiff's injuries are in issue, it is usually unfair to require the defendant to go to trial without production of the treating physician's clinical notes. A responding party opposing production of such records under rule 30.10 has the burden of establishing that production of the documents is unnecessary. *Tilly v. Crangle, infra*, is no longer the law.

*Tamssot v. Belgrano* (1987), 59 O.R. (2d) 57, 16 C.P.C. (2d) 189 (Master)

The court ordered production of OHIP records, but only for a time period having relevance to the issues in the action.

*Trovato v. Smith* (1987), 15 C.P.C. (2d) 121 (Ont. Dist. Ct.)

The court ordered the plaintiff to seek his physician's clinical records and notes although they were not within the plaintiff's "power" within the meaning of rule 30.03(1). There is no merit, logic or support in the Rules for requiring the defendant to establish a conflict in the medical reports or discovery evidence before making such an order. If a doctor does not voluntarily produce the documents, the defence will be met with its more limited rights under rule 30.10.

*Jonathan v. Gore Mutual Ins. Co.* (1985), 6 C.P.C. (2d) 300 (Ont. Dist. Ct.)

A hospital may insist that a patient sign the hospital's own form of authorization for release of records rather than a form prepared by the patient's solicitor.

**R. 30.10**  RULES OF CIVIL PROCEDURE

*Cook v. Ip* (1985), 52 O.R. (2d) 289, 5 C.P.C. (2d) 81, 22 D.L.R. (4th) 1, (sub nom. *Cook v. Washuta*) 11 O.A.C. 171 (C.A.); leave to appeal to S.C.C. refused (1986), 68 N.R. 400n, (sub nom. *sub nom. OHIP v. Cook*) 18 O.A.C. 80n

Where the plaintiff's medical condition was in issue, the court ordered production of O.H.I.P. cards relating to the plaintiff's treatment (overruling *Zdravkovic v. Paszano* (1984), 45 O.R. (2d) 550, 7 D.L.R. (4th) 328, 2 O.A.C. 293 (Div. Ct.)).

*Horvath v. Home Ins. Co.* (1985), 50 C.P.C. 105 (Ont. Dist. Ct.)

The court refused to order the Workers' Compensation Board to produce documents pertaining to the plaintiff relating to an industrial occurrence where the board filed a certificate pursuant to s. 30 of the *Evidence Act* objecting on the ground of privilege and that it would not be in the best interest of the public for production to be compelled.

*Re Krasovskis* (1985), 48 C.P.C. 159, 7 O.A.C. 316 (Div. Ct.)

Where a party obtains hospital records on the condition he will not disseminate the records further, he should request permission from the hospital to produce the records to the opposing party and advise the opposing party of the hospital's response. If the hospital refuses permission, the opposing party may move for an order that the hospital produce the records directly.

*Soer v. Zorko; Zorko v. Soer* (1983), 36 C.P.C. 126 (Ont. H.C.)

Clinical records will not be ordered produced by reason only of a difference of medical opinion, as opposed to a disputed question of fact.

*Millward v. Reid* (1981), 22 C.P.C. 101 (Ont. Div. Ct.)

Where there was reference in the medical reports to a pre-existing condition concerning the injury suffered, it was ordered that all documents relating to that condition be produced.

*Tilly v. Crangle* (1981), 31 O.R. (2d) 641, 120 D.L.R. (3d) 563 (C.A.)

Where the evidence of the plaintiff on examination for discovery conflicted with the contents of a medical report, the court ordered production of excerpts of the physician's clinical records dealing with the particular discrepancy. A broader order for production was refused.

*Kap v. Sands; Keanie v. Sands* (1980), 30 O.R. (2d) 125, (sub nom. *Zoltac v. Ross*) 22 C.P.C. 32 at 36; affirmed 22 C.P.C. 32 at 61 (H.C.)

Discussion of the proper procedure to follow to obtain production of hospital records and bank records.

*Cruickshank v. Noble* (1980), 29 O.R. (2d) 604 (H.C.)

1.  Where a plaintiff is requested by a defendant to obtain production of hospital records and fails to request such documents from the hospital, he should bear the costs of a motion to compel production from the hospital. If the hospital arbitrarily or unreasonably refuses to comply with the plaintiff's request, it should bear the costs of the motion. The defendant should bring the motion only if the documents are not voluntarily produced.

2.  A non-party from whom production is sought must be served personally.

*Re Mitchell and St. Michael's Hosp.* (1980), 29 O.R. (2d) 185, 19 C.P.C. 113, 112 D.L.R. (3d) 360 (H.C.)

The court refused to order the release of hospital records. *Strazdins v. Orthopaedic & Arthritic Hosp. (Toronto)* (1978), 22 O.R. (2d) 47, 7 C.P.C. 243, 7 C.C.L.T. 117, 2 L. Med. Q. 309 (H.C.), *infra*, not followed.

*Dwyer v. Chu*, 29 O.R. (2d) 156, 16 C.P.C. 188, [1980] I.L.R. 1-1226 (H.C.)

The plaintiff's no-fault insurer was ordered to produce a copy of a medical report obtained with respect to a disability benefits claim.

DISCOVERY OF DOCUMENTS                    **R. 30.10**

*Sugrue v. Brown* (1979), 14 C.P.C. 114 (Ont. Master)

Where a hospital refused to release records pertaining to a party's admission to hospital after written requests by his solicitor and his consent, an order was made requiring production of all the documents in the hospital's possession and costs were awarded against the hospital.

*Re Sunnybrook Hosp. and Can. Gen. Accident Assur. Co.* (1979), 13 C.P.C. 102 (Ont. H.C.)

A hospital was ordered to produce certain medical records to its insurer where the plaintiff patients had withheld their consent.

*Atkins v. Iwanicki* (1978), 22 O.R. (2d) 182 (Master)

The Workmen's Compensation Board was required to produce medical records relevant to the treatment of the plaintiff where the Board had commenced a subrogated action in the name of the plaintiff.

*Strazdins v. Orthopaedic & Arthritic Hospital (Toronto)* (1978), 22 O.R. (2d) 47, 7 C.P.C. 243, 7 C.C.L.T. 117, 2 L. Med. Q. 309 (H.C.)

Hospital records of a deceased person were ordered to be produced on an originating application by the personal representative of the deceased.

*Bowen v. Montag* (1978), 21 O.R. (2d) 801, 91 D.L.R. (3d) 719, 2 L. Med. Q. 233 (H.C.)

The court ordered production of psychiatric records where the information would promote settlement and notwithstanding that mental health was not put in issue by the pleadings.

*Vanmechelen v. Vanmechelen*, [1973] 3 O.R. 422, 13 R.F.L. 88 (H.C.)

The court ordered psychiatric hospitals to produce records for use regarding a custody issue with the proviso that they could not be used with respect to other issues.

*Coderque v. Mutual of Omaha Ins. Co.*, [1970] 1 O.R. 473, [1969] I.L.R. 1-297 (H.C.)

Production of medical reports was ordered.

*Kokan v. Dales*, [1970] 1 O.R. 456 (H.C.)

Production of hospital records may be ordered notwithstanding that such documents may not be admissible at trial.

*Petursson v. Petursson*, [1966] 2 O.R. 626 (H.C.)

The court refused to order a mental hospital to produce records of the history and condition of the plaintiff because the records were highly confidential, contained hearsay and were partly irrelevant to the issues in the action.

### Production from Non-Parties - Insurance Files

*Belmont (Village) v. Joe Snyders Construction Ltd.* (1989), 44 C.P.C. (2d) 292, 36 O.A.C. 235 (Div. Ct.)

The court refused to order production of an insurance policy from a non-party, where that policy was not relevant to a material issue in the action.

*Wright v. Clark* (1984), 48 O.R. (2d) 528, 46 C.P.C. 105 (Master)

The court refused to order production of the entire file of the plaintiff's no-fault insurer but did order production of documents relating to the plaintiff's disability claim.

*Anger v. Dykstra*, 45 O.R. (2d) 701, 43 C.P.C. 268, [1984] I.L.R. 1-1758 (H.C.)

In this personal injury action, only that portion of the file of the liability insurer of the plaintiff relating to no fault benefits was ordered produced.

*Zdravkovic v. Paszana* (1983), 34 C.P.C. 283 at 287 (Ont. H.C.)

The court ordered production of witness statements, adjuster's and examiner's notes, etc. from the plaintiff's insurer's files.

**R. 30.10**                    RULES OF CIVIL PROCEDURE

*Production from Non-Parties - Miscellaneous*

*Nurse (Litigation Guardian of) v. Kawartha Pine Ridge District School Board* (2005), 17 C.P.C. (6th) 51, 2005 CarswellOnt 3184, [2005] O.J. No. 3107 (Master)

The Children's Aid Society was entitled to waive privilege over a minor's school record as the minor's legal guardian.

*L. (S.) v. B. (N.* (2005), 12 C.P.C. (6th) 34, 2005 CarswellOnt 1417, [2005] O.J. No. 1411, 195 C.C.C. (3d) 481, 252 D.L.R. (4th) 508, 196 O.A.C. 320 (C.A.)

The court refused to order production of young offender records under this rule where the *Youth Criminal Justice Act* provided a comprehensive scheme to control access to such records. The plaintiff should have first made a request for access to records and, if dissatisfied, brought a motion before a youth justice court judge.

*Publicover v. Ontario (Minister of Transportation)* (February 18, 2005), Doc. London 43680/04, 2005 CarswellOnt 715 (S.C.J.)

The court dismissed the plaintiff's motion for production of the Crown Brief from a related criminal proceeding, where the statement of claim had not been served and the supported evidence was inadequate. The dismissal was without prejudice to a further motion.

*P. (D.) v. Wagg* (2004), 71 O.R. (3d) 229, [2004] O.J. No. 2053, 2004 CarswellOnt 1983, 239 D.L.R. (4th) 501, 120 C.R.R. (2d) 52, 184 C.C.C. (3d) 321, 187 O.A.C. 26, 46 C.P.C. (5th) 13 (C.A.); additional reasons at (2004), [2004] O.J. No. 2745, 2004 CarswellOnt 2660, 239 D.L.R. (4th) 501 at 533 (C.A.)

Production of a Crown Brief should not be compelled until the state agencies have an opportunity to consider the public interest consequences of doing so. The defendant's statement to police should be produced with its admissibility determined by the trial judge.

*G. (N.) v. Upper Canada College* (2004), 70 O.R. (3d) 312, 2004 CarswellOnt 1966, [2004] O.J. No. 1202, 50 C.P.C. (5th) 218 (C.A. [In Chambers])

In this sexual assault case, the defendant was granted disclosure from the Crown of a videotaped statement which the plaintiff/complainant had given to the police in the related criminal case.

*Prima Tek II v. Sonneman Packaging Inc.* (2003), 68 O.R. (3d) 451, 2003 CarswellOnt 5367, 50 C.P.C. (5th) 185, 32 C.P.R. (4th) 151 (S.C.J.)

The court ordered an Ontario non-party to disclose a customer list required by the plaintiff as evidence in its Illinois action.

*1207678 Ontario Ltd. v. Canadian Surety Co.* (2004), 2004 CarswellOnt 988, 1 C.P.C. (6th) 203 (Master)

The court ordered the production of crown briefs from a related criminal proceeding.

*Dixon v. Gibbs* (2003), 2003 CarswellOnt 44, 29 C.P.C. (5th) 290 (S.C.J.)

In this custody case the court ordered production of the Crown brief from related criminal proceedings against the father but, to preserve the integrity of the criminal prosecution, deferred production until after completion of the preliminary inquiry.

*Irwin Toy Ltd. v. Joe Doe* (2000), 12 C.P.C. (5th) 103, 2000 CarswellOnt 3164 (S.C.J.)

Plaintiffs who claimed to have been defamed by a communication made by electronic mail obtained an order that an internet service provider provide disclosure of identity of its specific subscriber to whom the e-mail had been traced.

*Pastway v. Pastway* (2000), 2 C.P.C. (5th) 18, 2000 CarswellOnt 2849, [2000] O.J. No. 3062 (S.C.J.)

Where the parties had signed a marriage contract (the validity of which was in dispute) excluding the husband's shares from net family property equalization, the wife's mo-

DISCOVERY OF DOCUMENTS                    **R. 30.11**

tion for production from non-parties was dismissed except as it related to the husband's child support obligations.

*Katz v. 1211443 Ontario Inc.* (2000), 2000 CarswellOnt 4658, 4 C.P.C. (5th) 359 (Master); additional reasons at (November 24, 2000), Doc. Toronto 97-CV-126360CM, 2000 CarswellOnt 4714 (Master)

Where the defendant did not preserve relevant records of billings to OHIP, the court ordered OHIP to produce the information with the expense to be borne by the defendant.

*Care Canada v. Canadian Broadcasting Corp.* (1999), 36 C.P.C. (4th) 166, 175 D.L.R. (4th) 743, 123 O.A.C. 357, 1999 CarswellOnt 2004 (Div. Ct.)

In this libel action the court granted the defendant broadcaster's request for production of the interview notes of a non-party management consultant hired by the plaintiff.

*Kisber & Co. v. Ault* (1999), 34 C.P.C. (4th) 297, 1999 CarswellOnt 1274 (Gen. Div.)

Where documents were shown to be relevant to a fraudulent conveyance issue, the court ordered production from a non-party, subject to solicitor-and-client privilege.

*Polycellular Tires Ltd. v. Alles* (1992), 12 C.P.C. (3d) 104 (Ont. Gen. Div.)

The court ordered that non-party solicitors produce their files for examination in relation to a claim for solicitor-client privilege.

*Roberts (Litigation Guardian of) v. Davidson* (1991), 3 C.P.C. (3d) 64 (Ont. Div. Ct.)

In a personal injury case, the court ordered production of the transcripts of the examinations for discovery in a wrongful dismissal case in which the plaintiff was involved.

*Hockenhull v. Laskin* (1987), 59 O.R. (2d) 157, 16 C.P.C. (2d) 200 (H.C.)

The court ordered a television station to provide a copy of certain news film at the expense of the moving party, including a component of overhead cost.

*Peters v. Fireman's Fund Co. of Can.*, 45 O.R. (2d) 149, 4 C.C.L.I. 104, 6 D.L.R. (4th) 135, [1984] I.L.R. 1-1744 (H.C.)

Where two actions were commenced, one against the tortfeasor, and one under the underinsured motorist endorsement, and the defendant insurer sought production of the tortfeasor's insurance policy from the tortfeasor's insurer for use in the first action, the court held under the former Rules that the policy need not be produced.

*Lockwood v. Ranger* (1983), 42 O.R. (2d) 308, 35 C.P.C. 92 (H.C.)

The court ordered OHIP to produce claim cards regarding services rendered to the plaintiff.

*Glover v. Glover* (1980), 18 C.P.C. 107 (Ont. C.A.)

Bell Canada was not required to produce its records of calls to and from the residence of a third party to assist in enforcing a custody judgment.

*Dand v. Mills* (1978), 7 C.P.C. 86 (Ont. Master)

In an action by beneficiaries against trustees, the master refused to order production of accountant's documents concerning creation and administration of the trust.

*Pocock v. Pocock*, [1950] O.R. 734; affirmed [1952] O.R. 155 (C.A.)

The court may require the production of a provincial corporate tax return.

## DOCUMENT DEPOSITED FOR SAFE KEEPING

**30.11 The court may order that a relevant document be deposited for safe keeping with the registrar and thereafter the document shall not be inspected by any person except with leave of the court.**

**R. 30.11**                    RULES OF CIVIL PROCEDURE

*Case Law*

*BASF Canada Inc. v. Max Auto Supply (1986) Inc.* (1999), 30 C.P.C. (4th) 23, 1999
    CarswellOnt 505, [1999] O.J. No. 515 (Master)

The court made a protective order regarding the production of documents which were
confidential and commercially sensitive.

*Automated Tabulation Inc. v. Canadian Market Images Ltd.* (1995), 24 O.R. (3d) 292
    (Gen. Div.)

The court has a discretion to order that access to confidential documents be restricted to
the solicitors for an opposing party and not to the opposing party itself.

*E.R. Squibb & Sons Inc. v. Apotex Inc.* (1993), 15 C.P.C. (3d) 169, 47 C.P.R. (3d) 214
    (Ont. Master)

In this case involving patent infringement the court made a protective order concerning
the use and confidentiality of information disclosed in the lawsuit.

*Inline Fiberglass Ltd. v. Omniglass Ltd.* (1992), 12 C.P.C. (3d) 240, 45 C.P.R. (3d) 405
    (Ont. Gen. Div.)

The court refused to order that an affidavit and transcripts from a resulting cross-exam-
ination be deposited for safe-keeping. The contents of the affidavit and the transcripts
could not reasonably be said to be confidential.

*Johnson v. National Life Assurance Co. of Canada* (1992), 7 C.P.C. (3d) 20 (Ont. Gen.
    Div.); leave to appeal refused 7 C.P.C. (3d) 20n

The court made a confidentiality order regarding documents produced in the course of
the lawsuit.

*Amer.-Can. Dev. Corp. Ltd. v. Tele Time Saver Inc.* (1976), 1 C.P.C. 230, 29 C.P.R.
    (2d) 272 (Ont. H.C.)

The evidence in this trade secrets case was ordered sealed until trial, with access only
to court and counsel. Not all trade secrets cases need be heard *in camera*.

This is Exhibit "3" referred to in the
Affidavit of John T. Morin sworn
before me, this 3ʳᵈ day of May, 2007

_____

A Commissioner for Taking Affidavits

ALEKSANDAR NIKOLIC, a
Commissioner, etc., Province of Ontario,
while a Student-at-Law.
Expires February 28, 2008.

# RULE 31 — EXAMINATION FOR DISCOVERY

*Highlights*

*Form of the examination.* An examination for discovery may be oral or by written questions and answers, but not both except with leave: rule 31.02. The procedure on examination by written questions is regulated by Rule 35, and in practice such examinations are rare.

*Who may be examined.* There is a right to examine any party adverse in interest (rule 31.03(1)) and, with leave, non-parties (other than expert witnesses) may be examined where there is reason to believe that they have information relevant to a material issue in the action: rule 31.10. (Note that there are specific prerequisites to the obtaining of such leave and provisions with regard to the costs of the examination). Specific provision is made as to who is to be examined in respect of various parties (*e.g.*, corporations, partnerships, persons under disability, assignees, etc.): rule 31.03.

*When examination may be initiated.* Unless the parties agree otherwise, no party may serve a notice of examination until he or she has served an affidavit of documents: rule 31.04.

*Scope of examination.* By rule 31.06, the pre-1985 scope of examination for discovery is redefined and broadened. Evidence is now discoverable; cross-examination, except with respect to credibility only, is permitted; and cross-examination on an affidavit of documents is permitted: rule 31.06(1). The names and addresses of witnesses, *i.e.*, persons having knowledge of transactions or occurrences in issue, are discoverable unless the court orders otherwise: rule 31.06(2).

The findings, opinions and conclusions of experts retained by a party are expressly made discoverable, but this information, and the identity of the expert, need not be disclosed if the information was obtained in preparation for contemplated or pending litigation and if the party undertakes not to call the expert as a witness at trial: rule 31.06(3). (Query whether at the discovery stage an expert's written report itself, if prepared in anticipation of litigation, still remains technically privileged so that its production can be insisted upon only on the eve of trial, under rule 53.03 or, perhaps, not later than ten days after setting down under rule 30.09 if the report itself is to be put in evidence. But *cf.* rules 33.04, 33.06 and 50.05.)

The existence and contents of any relevant insurance policy are also discoverable (rule 31.06(4)) and see also rule 30.02(3) (documentary discovery of insurance policies). In 1990, rule 31.06(4) was amended, reversing earlier case law, to specifically provide that a party may obtain disclosure of the amount of money available under the policy, and any conditions affecting its availability.

A party who subsequently discovers that an answer given on an examination was incorrect or incomplete when made, or is no longer correct and complete, is under a duty to forthwith provide the information in writing to every other party; the opposing party can require such information to be verified by affidavit or to be subject to further examination: rule 31.09(1) and (2). Failure to comply with these provisions may lead to the exclusion of the evidence at trial (see rule 53.08) or the making of such order as is just: rule 31.09(3).

*Conduct of examination.* This matter is principally dealt with in Rule 34. Rule 31.07 provides that a person who refuses to answer a proper question or

**R. 31**  RULES OF CIVIL PROCEDURE

refuses to answer on the grounds of privilege does so with some risk; the information may not be introduced into evidence except with leave (as to the granting of such leave see rule 53.08). Rule 31.07 requires the parties to answer undertaking and any question taken under advisement, within 60 days of their being given. (It is intended that these time limits can be extended by agreement of the parties.) Where counsel, rather than the person examined, answers any question the answer is deemed to be that of the person examined, unless before the end of the examination the person repudiates or qualifies the answer: rule 31.08. However, only in the absence of an objection may counsel answer a question for a witness, even if the witness's answer is wrong; where the answer is wrong, the witness's counsel may re-examine to try to correct the answer or may correct the answer after completion of the examination pursuant to rule 31.09: *Kay v. Posluns* (1989), 71 O.R. (2d) 238 (H.C.).

*Use of examination at trial.* A party may read into evidence any part of the examination for discovery of an adverse party, if otherwise admissible, whether the party has already given evidence or not: rule 31.11(1). Also, the evidence given on an examination may be used for the purpose of impeaching the deponent in the same manner as any previous inconsistent statement: rule 31.11(2). Where only part of the examination is used in evidence, the trial judge may direct the introduction of any other part that qualifies the part used.

The examination of a non-party "witness" may not be read into evidence as an admission, but may be used to impeach the non-party should he or she testify: rule 31.11(1) and (2) and rule 31.10(5).

Where any person examined for discovery is unavailable at trial, leave may be granted to any party to use the examination for discovery as the evidence of the absent person: rule 31.11(6).

*Former Rules:* Rules 326, 329, 331, 333–335, 351.

**DEFINITION**

**31.01 In rules 31.02 to 31.11, "document" has the same meaning as in clause 30.01(1)(a).**

**FORM OF EXAMINATION**

**31.02 (1) Subject to subrule (2), an examination for discovery may take the form of an oral examination or, at the option of the examining party, an examination by written questions and answers, but the examining party is not entitled to subject a person to both forms of examination except with leave of the court.**

**(2) Where more than one party is entitled to examine a person, the examination for discovery shall take the form of an oral examination, unless all the parties entitled to examine the person agree otherwise.**

*Case Law*

*Elguindy v. Prince* (2000), 129 O.A.C. 136, 43 C.P.C. (4th) 243, 2000 CarswellOnt 21 (Div. Ct.)

The Divisional Court set aside an order permitting both oral and written examination for discovery of the same party.

*F. (J.) v. Roman Catholic Episcopal Corp. for the Diocese of Toronto in Canada* (1996), 2 C.P.C. (4th) 64 (Ont. Gen. Div.)

In a sexual assault proceeding, the plaintiff's motion that examination for discovery be completed via written interrogatories was properly dismissed as the plaintiff failed to

show persuasive medical evidence which justified a waiver of oral discovery. There was no evidence to suggest that the process was abusive or irreparably harmful, although it was undoubtedly upsetting.

*Ferrovecchio v. Barbieri* (1979), 10 C.P.C. 1 (Ont. Div. Ct.)

In the absence of any agreement that undertakings be answered by letter, the witness may be required to re-attend.

*S.E. Lyons and Son Ltd. v. Nawoc Holdings Ltd.* (1978), 20 O.R. (2d) 234, 7 C.P.C. 10; affirmed 23 O.R. (2d) 727n (H.C.)

Undertakings must be answered by the witness re-attending and giving oral evidence, unless otherwise agreed.

## WHO MAY EXAMINE AND BE EXAMINED

### Generally

**31.03 (1) A party to an action may examine for discovery any other party adverse in interest, once, and may examine that party more than once only with leave of the court, but a party may examine more than one person as permitted by subrules (3) to (8).**

### On Behalf of Corporation

**(2) Where a corporation may be examined for discovery,**

**(a) the examining party may examine any officer, director or employee on behalf of the corporation, but the court on motion of the corporation before the examination may order the examining party to examine another officer, director or employee; and**

**(b) the examining party may examine more than one officer, director or employee only with the consent of the parties or the leave of the court.**

### On Behalf of Partnership or Sole Proprietorship

**(3) Where an action is brought by or against a partnership or a sole proprietorship using the firm name,**

**(a) each person who was, or is alleged to have been, a partner or the sole proprietor, as the case may be, at a material time, may be examined on behalf of the partnership or sole proprietorship; and**

**(b) the examining party may examine one or more employees of the partnership or sole proprietorship only with the consent of the parties or the leave of the court.**

**(4) [Revoked O. Reg. 132/04, s. 7.]**

### In Place of Person under Disability

**(5) Where an action is brought by or against a party under disability,**

**(a) the litigation guardian may be examined in place of the person under disability; or**

**(b) at the option of the examining party, the person under disability may be examined if he or she is competent to give evidence,**

**but where the litigation guardian is the Children's Lawyer or the Public Guardian and Trustee, the litigation guardian may be examined only with leave of the court.**

### Assignee

**(6) Where an action is brought by or against an assignee, the assignor may be examined in addition to the assignee.**

**R. 31.03**          RULES OF CIVIL PROCEDURE

*Trustee in Bankruptcy*

**(7) Where an action is brought by or against a trustee of the estate of a bankrupt, the bankrupt may be examined in addition to the trustee.**

*Nominal Party*

**(8) Where an action is brought or defended for the immediate benefit of a person who is not a party, the person may be examined in addition to the party bringing or defending the action.**

*Limiting Multiple Examinations*

**(9) Where a party is entitled to examine for discovery,**

**(a) more than one person under this rule; or**

**(b) multiple parties who are in the same interest,**

**but the court is satisfied that multiple examinations would be oppressive, vexatious or unnecessary, the court may impose such limits on the right of discovery as are just.**

O. Reg. 69/95, ss. 18–20; 132/04, s. 7

*Case Law*

*Authors' Note on Organization of Cases*

Cases relevant to this provision have been organized as follows:

    Who May Be Examined - Generally - rule 31.03(1)
    Examination of Representative of Corporation - Generally - rule 31.03(2)
    Substitution of Representative Selected by Opposing Party - rule 31.03(2)
    Who May Be Examined - Partners - rule 31.03(4)
    Examination of Person Under Disability - rule 31.03(5)
    Examination of Bankrupt - rule 31.03(7)
    Examination of Person Represented by Nominal Party - rule 31.03(8)
    Limiting Multiple Examinations - rule 31.03(9)
    Examination of Representative of the Crown
    Availability of Second Examination

### Who May Be Examined - Generally - rule 31.03(1)

*Aviaco International Leasing Inc. v. Boeing Canada Inc.* (2000), 2 C.P.C. (5th) 48, 2000 CarswellOnt 4279 (S.C.J.); additional reasons at (December 20, 2000), Doc. 98-CV-159655CM, 2000 CarswellOnt 4873 (S.C.J.)

Defendants who had not cross-claimed against each other were entitled to examine each other, but the admissibility of those examinations was at the discretion of the trial judge.

*Metropolitan Toronto Condominium Corp. No. 979 v. Ellis-Don Construction Ltd.* (1997), 37 C.P.C. (4th) 57, 1997 CarswellOnt 377 (Master)

Lack of preparation for an examination for discovery constitutes constructive refusal to participate in the discovery process. Where the witness had not properly prepared himself to be discovered, the court ordered that another person be examined instead.

*Tusa v. Walsh* (1994), 23 C.P.C. (3d) 178 (Ont. Gen. Div.)

Where two actions were ordered to be tried together, the court permitted the defendants in the first action to participate in the discovery of the defendants in the second action.

*Domingo v. Location Gogo Inc.* (1986), 55 O.R. (2d) 123, 11 C.P.C. (2d) 282 (Master)

A third party defending the main action was not permitted to examine defendants who were not involved in the third party claim, since they were not necessarily adverse in interest.

EXAMINATION FOR DISCOVERY          **R. 31.03**

*Air Canada v. Meridien Credit Corp. Can.* (1985), 6 C.P.C. (2d) 195 (Ont. Dist. Ct.)
A plaintiff was permitted to examine a third party who had not defended the main action.

*Caisse Populaire Laurier d'Ottawa Ltée v. Guertin; Caisse Populaire Laurier d'Ottawa Ltée v. Simard* (1983), 43 O.R. (2d) 91, 36 C.P.C. 101, 9 C.R.R. 9, *(*sub nom. *Caisse Populaire Laurier d'Ottawa Ltée v. Guertin (No. 2))* 150 D.L.R. (3d) 541; varied 46 O.R. (2d) 422, 10 D.L.R. (4th) 319 (Ont. Div. Ct.)
The *Canadian Charter of Rights and Freedoms* is not violated by requiring delivery of statements of defence by, and discovery of, parties who are also defendants in criminal proceedings.

*Brylowski v. Brylowski* (1980), 17 C.P.C. 9 (Ont. Master)
Although no issue remained between the plaintiffs and a defendant except as to costs, the defendant was examinable by the plaintiff where a co-defendant alleged a conspiracy between the plaintiff and the defendant, and the defendant sought to be indemnified by the co-defendant for any costs awarded against him.

*T.D. Bank v. Williams* (1978), 13 C.P.C. 197 (Ont. Dist. Ct.)
In the circumstances of this action on a promissory note, the plaintiff was not adverse in interest to a defendant against whom judgment had been signed.

*Re Lounsbury Realty Ltd. and Shekter* (1978), 23 O.R. (2d) 309 (Co. Ct.)
Discovery is not available in an application under Part IV of the *Landlord and Tenant Act*, R.S.O. 1970, c. 236.

*Glanc v. Min. of Revenue (Ont.)* (1978), 20 O.R. (3d) 699, 7 C.P.C. 190 (H.C.)
Parties to an appeal that by statute is deemed to be an action are examinable for discovery.

*Crone v. Wright* (1976), 1 C.P.C. 105 (Ont. H.C.)
In an action against executors all the executors are examinable.

*Wren v. Supt. of Insurance* (1976), 12 O.R. (2d) 190, 1 C.P.C. 145 (H.C.)
The Superintendent of Insurance is protected by Crown privilege and is not discoverable.

*Northern Heights (Sault) Ltd. v. Majic*, [1968] 1 O.R. 616 (Master)
A defendant who is in default is deemed to admit the allegations of the plaintiff and is therefore adverse in interest to his co-defendants.

*Ogilvie v. Gray*, [1967] 2 O.R. 272 (H.C.)
A party in default may be examined.

*Koczka v. Carruthers*, [1967] 2 O.R. 176; leave to appeal refused [1967] 2 O.R. 178n (H.C.)
A third party added under the *Insurance Act*, R.S.O. 1960, c. 190, may be examined by the plaintiff.

*Standard Int. Corp. v. Morgan*, [1967] 1 O.R. 328 (Master)
In an action by minority shareholders against majority shareholders in which the company is a party defendant, the company and the majority shareholders are adverse in interest.

*Higgins v. Higgins*, [1957] O.W.N. 114; affirmed [1957] O.W.N. at 116 (H.C.)
A plaintiff attacking the validity of a will was held not to be adverse in interest to several defendants whose pecuniary interests under the challenged will were also in the preceding unchallenged will.

**R. 31.03**          RULES OF CIVIL PROCEDURE

### *Examination of Representative of Corporation - Generally - rule 31.03(2)*

*452994 Ontario Ltd. v. Continental Insurance Co. of Canada* (1993), 4 W.D.C.P. (2d)
    187 (Ont. Gen. Div.)

Where the plaintiff corporation was in receivership, the court ordered that an officer of
the corporation be examined for discovery on behalf of the corporation notwithstanding
that the officer was adverse in interest to the receiver.

*Atherton v. Boycott* (1989), 36 C.P.C. (2d) 250 at 252; affirmed 36 C.P.C. (2d) 250
    (Ont. H.C.)

For the purposes of determining whether an individual is an employee within the mean-
ing of rule 31.03(2), it is not necessary to strictly adhere to the common law principles
establishing an employer-employee relationship.

*R. v. Amway of Can. Ltd.*, [1989] 1 S.C.R. 21, (sub nom. *Canada v. Amway of Can.
    Ltd.)* 33 C.P.C. (2d) 163, 68 C.R. (3d) 97, 37 C.R.R. 235, [1989] 1 C.T.C. 255, 56
    D.L.R. (4th) 309, 23 F.T.R. 160n, 91 N.R. 18, 2 T.C.T. 4074, [1989] 1 T.S.T.
    2058

A rule compelling an officer of a corporation to submit to an examination for discovery
in a civil action against the corporation for forfeiture under the *Customs Act* does not
violate the *Charter of Rights*.

*Butler v. Dimitrieff* (1988), 66 O.R. (2d) 707 (Master)

Where all officers and directors of the defendant corporation had resigned, the court
ordered one of the resigned officers to attend on the examination for discovery on be-
half of the corporation. This individual was knowledgeable about the matters in issue,
and there was reason to doubt whether his resignation was *bona fide*.

*Joseph Silaschi General Contracting (Kitchener) Ltd. v. Kitchener* (1986), 8 C.P.C.
    (2d) 199, 19 C.L.R. 94 (Ont. H.C.)

The court refused to order the examination of an architect who had been involved on
behalf of the defendant in a construction project where it appeared he was an indepen-
dent contractor, not an employee.

*Abitibi-Price Inc. v. Sereda* (1984), 43 C.P.C. 217 (Ont. H.C.)

Where the representative produced on behalf of a corporate party gave vague and in-
definite evidence, which required voluminous undertakings, a second representative
was ordered produced.

*Townley v. Maritime Life Assur. Co.* (1982), 39 O.R. (2d) 257, 31 C.P.C. 62, 139
    D.L.R. (3d) 646 (H.C.)

A third party is not obliged to accept the officer or servant selected by the plaintiff to
be examined for discovery on behalf of a corporate defendant in the main action as the
person to be examined in the third party proceedings.

*Hamilton Harbour Commrs. v. J.P. Porter Co.* (1978), 19 O.R. (2d) 66, 5 C.P.C. 297, 4
    C.R. (3d) 157, 84 D.L.R. (3d) 125; leave to appeal to Div. Ct. refused 20 O.R.
    (2d) 632, 5 C.P.C. at 300, 88 D.L.R. (3d) 604 (H.C.)

A former corporate official was held to be examinable on behalf of the corporation
where the court had not been satisfied that his resignation was not to defeat the right of
the opposing party to examine him.

*Royal Bank of Can. v. Paul Pogue Companies Ltd.* (1972), 11 O.R. (2d) 171 (C.A.)

Statements of the person examined on behalf of a corporation bind the corporation.

*Stepps Invts. Ltd. v. Security Capital Corp. Ltd.* (1973), 2 O.R. (2d) 648 (H.C.)

Where the officer, director or employee resigns in good faith before the examination
takes place the examining party loses its right to examine him.

*Scott Transport Ltd. v. Bondy*, [1973] 2 O.R. 159 (H.C.)

The officer examined must be an officer of the corporation as of the date of the examination.

### Substitution of Representative Selected by Opposing Party - rule 31.03(2)

*Ward v. Manulife Financial* (2002), 2002 CarswellOnt 473, 15 C.P.C. (5th) 192, [2002] O.J. No. 446 (Master)

Where the plaintiff sought to examine the President and CEO of the defendant who had no substantive involvement in the subject of the litigation, the court ordered substitution of a different witness who had much greater knowledge and involvement.

*Canadian Imperial Bank of Commerce v. Cigam Entertainment Inc.* (1999), 38 C.P.C. (4th) 122, 1999 CarswellOnt 1758, [1999] O.J. No. 2011 (S.C.J.)

The court refused to permit the defendants to examine the president of the plaintiff bank who had no first-hand knowledge of the facts.

*Clarkson Mews Properties Inc. v. Angel Creek Estates Ltd.* (1989), 37 C.P.C. (2d) 104 (Ont. Master)

Lack of knowledge of the issues on the part of a corporate representative selected for discovery by the examining party is not a sufficient reason to order the substitution of another representative.

*Cineplex Odeon Corp. v. Toronto Star Publishing Ltd.* (1986), 11 C.P.C. (2d) 291 (Ont. Master)

A party's *prima facie* right to name the representative of a corporate party to be examined should not be denied merely because the court is persuaded that another person would give a better examination. The court cannot substitute its opinion for that of counsel conducting his client's case.

*Kowk v. Kitchener-Waterloo Record Ltd.* (1985), 2 C.P.C. (2d) 250 (Ont. Dist. Ct.)

In this wrongful dismissal action the court substituted a more senior and knowledgeable representative of the defendant for the representative selected by the plaintiff where the latter had given the plaintiff a letter of recommendation without the defendant's authority.

*Andani v. Reg. Mun. of Peel* (1984), 47 C.P.C. 66 (Ont. H.C.)

The court refused to substitute a senior police officer to be examined in place of the police chief who was a party defendant. The chief may have been sued personally as well as vicariously under the *Police Act*.

*Roe v. Dominion Stores Ltd.* (1984), 41 C.P.C. 213 (Ont. Master)

Substitution of the witness to be examined was ordered where the plaintiff had chosen to examine the president of the defendant corporation who had no first-hand knowledge of the proposed area of questioning and it would be oppressive to the defendant.

*G.C.C. Ltd. v. Thunder Bay* (1980), 16 C.P.C. 15 (Ont. Master); reversed on other grounds (1981), 32 O.R. (2d) 111, 20 C.P.C. 276 (H.C.)

There is a heavy onus on a litigant seeking a change of officer to be examined on the grounds of ill health.

*Gibson v. Bagnall* (1978), 22 O.R. (2d) 234, 93 D.L.R. (3d) 382 (H.C.)

The chief of a division of the medical staff of a hospital is examinable on behalf of the hospital. The issues on a motion to substitute one deponent for another are: (1) does he possess sufficient knowledge to be a proper person to be discovered and (2) would he be an embarrassment to the corporate party.

*Sheriff v. Burrows* (1977), 16 O.R. (2d) 183, 6 C.P.C. 274 (H.C.)

Where a police chief was joined as a party to an action against an officer of the force, because of the provisions of the *Police Act*, a senior administrative officer who knew as

**R. 31.03**    RULES OF CIVIL PROCEDURE

much about the subject-matter of litigation was permitted to be produced in lieu of the chief.

*Protter Mgmt. Ltd. v. Ont. Housing Corp.* (1975), 8 O.R. (2d) 445 (H.C.)

Where a corporation seeks to substitute a different person to be examined, it need not show the person originally chosen is not a responsible person or is not knowledgeable. In this case the first chosen person was the subject of criminal charges related to his employment and the court permitted the substitution.

*Dyson v. R.H. Dyson Co.*, [1962] O.W.N. 25; affirmed [1962] O.W.N. 74 (H.C.)

In order to substitute the examinee the corporation must show that the person selected by the opposing party is not responsible and does not have knowledge of the matters involved in the action.

*Walton v. Bank of N.S.*, [1960] O.W.N. 541 (H.C.)

Where the officer chosen by the defendant to be examined on behalf of the corporate plaintiff was also a third party to the action, therefore having an interest adverse to the plaintiff, the court required the defendant to examine a different representative of the plaintiff.

### Who May Be Examined - Partners - rule 31.03(4)

*Gemini Group Automated Distribution Systems Inc. v. PWA Corp.* (1993), 16 O.R. (3d) 239, 20 C.P.C. (3d) 385, 68 O.A.C. 205 (C.A.)

A limited partner who does not engage in the management of the business was not intended to be included as one of the partners who could be examined for discovery on behalf of the partnership.

*Green v. Constellation Ins. Co.* (1987), 16 C.P.C. (2d) 267 (Ont. H.C.)

The court set aside a notice of examination regarding one partner and ordered the substitution of a second partner where an examination of the first-named partner would have been oppressive.

### Examination of Person Under Disability - rule 31.03(5)

*Kidd v. Lake* (1998), 42 O.R. (3d) 312, 1998 CarswellOnt 4169 (Gen. Div.)

The defendant was denied the right to examine a 10-year-old plaintiff where the court found that the examination would result in psychological harm.

*Emberton v. Wittick* (1985), 6 C.P.C. (2d) 89 (Ont. Master)

A defendant who had suffered a stroke which impaired his ability to testify about matters prior to the stroke was required to submit to examination for discovery. The onus of establishing unsoundness of mind sufficient to foreclose the examination had not been met.

*Nyilas v. Janos* (1985), 50 C.P.C. 91 (Ont. Master)

A party under disability may be examined for discovery if competent to give evidence subject to the discretion of the court to impose limits where the examination would be oppressive, vexatious or unnecessary. The court permitted the examination of two plaintiffs, aged 16 and 11 years, notwithstanding evidence that the examination might cause serious psychological damage.

*Bennett v. Hartemink* (1983), 42 C.P.C. 33 (Ont. H.C.)

The right to examine a minor for discovery is not absolute. The court should interview the child before exercising its discretion in that regard.

*McGowan v. Haslehurst* (1977), 17 O.R. (2d) 440, 5 C.P.C. 280 (H.C.)

An appointment for discovery should be struck out on the grounds of unsoundness of mind of a party only in the clearest case. The preferable course is to allow the trial judge to rule on the admissibility of the examination and the credibility of the witness.

*Nemeth v. Harvey* (1975), 7 O.R. (2d) 719 (Master)

A child of tender years may be examined only if, quite apart from truthfulness, it is clear he is of such intelligence that reliance can be placed upon his answers; that the child is of average intelligence for his age is not conclusive.

*Marek v. Cieslak* (1974), 4 O.R. (2d) 348, 48 D.L.R. (3d) 39 (H.C.)

The Public Trustee acting as the litigation guardian of a mentally incompetent person not so found was required to be examined in place of that person.

*Goddard v. Hill*, [1973] 3 O.R. 130 (H.C.)

Where the litigation guardian of an infant is a party in his own right, both may be examined.

*Barnes v. Kirk*, [1968] 2 O.R. 213 (C.A.)

The onus of establishing incompetence rests on the party alleging it.

*Brown v. Silverwood Dairies Ltd.*, [1947] O.W.N. 310 (Master)

1.  The proper manner of raising questions as to the competency or capacity of a party to be examined is by a motion to set aside the appointment, or, if there is no time, then upon the motion to commit for non-attendance.

2.  Where the official examiner found the infant-plaintiff was incompetent to be sworn and the infant-plaintiff's parents subsequently explained to the infant the nature and consequences of an oath, the master found the infant competent and ordered him to re-attend for discovery.

### Examination of Bankrupt - rule 31.03(7)

*Knox Instruments Inc. v. Witzel*, [1969] 2 O.R. 670, 13 C.B.R. (N.S.) 37 (H.C.)

An officer of a bankrupt company may be examined.

### Examination of Person Represented by Nominal Party - rule 31.03(8)

*Waterloo North Condominium Corp. No. 64 v. Domlife Realty Ltd.* (1989), 70 O.R. (2d) 210 (H.C.)

In an action brought by a condominium corporation regarding construction defects, it was not appropriate to require the individual unit owners to attend for discovery, where they had not made specific claims with respect to their units. The evidence of the individual unit owners could be obtained through the discovery of the condominium corporation.

*286018 Ont. Ltd. v. Fidinam (Can.) Ltd.* (1988), 27 C.P.C. (2d) 159 (Ont. Master)

The court ordered the examination for discovery of persons who ultimately owned the nominal corporate plaintiffs as to their personal knowledge of the facts in issue.

*Metro. Toronto Condo. Corp. No. 539 v. Priene Ltd.* (1984), 48 O.R. (2d) 313, 46 C.P.C. 238 (Master)

In an action brought by a condominium corporation regarding construction defects, the owners of certain units containing defects, who would obtain immediate benefits if the action were successful, were ordered to be examined.

*Alpha Leasing Ltd. v. Hodgson Machine & Equipment Ltd.* (1984), 45 O.R. (2d) 200, 41 C.P.C. 137 (Master)

The court refused to permit an insurer in a subrogated action to substitute its own representative for discovery in place of the named plaintiff where all reasonable efforts to secure the plaintiff's attendance had not been exhausted.

**R. 31.03**        RULES OF CIVIL PROCEDURE

*Min. of Consumer & Commercial Relations v. Co-Operators Ins. Assn.* (1983), 37 C.P.C. 269 (Ont. H.C.)

An action against an insurer to recover moneys paid out of the Motor Vehicle Accident Claims Fund is not brought for the immediate benefit of the motorist to whom the moneys were paid.

*Consumers Glass Co. v. Farrell Lines Inc.* (1982), 39 O.R. (2d) 696, 30 C.P.C. 293 (H.C.)

Where the claim of the plaintiff was entirely paid and fully subrogated to the insurance company, the party for whose benefit the action is brought is the insurer and a representative of the plaintiff's insurer was ordered to attend for discovery.

*Ont. Securities Comm. v. Trustee of Re-Mor Invts. Mgmt. Corp.* (1982), 26 C.P.C. 202 (Ont. H.C.)

In an action to determine who were the holders of certain mortgages, discovery was ordered of non-parties named in the statement of claim for whose immediate benefit the action was being prosecuted.

*Regalcrest Builders Inc. v. Somjan Invts. Ltd.* (1978), 6 C.P.C. 177; reversed 7 C.P.C. 168n (Ont. H.C.)

The fact that a non-party might materially benefit if an action was successful, through an arrangement with the plaintiffs, did not make that person examinable.

*Brown and Resnick v. Stead and Austey,* [1972] 3 O.R. 668 (Co. Ct.)

An officer of an insurance company was examined in respect of a counterclaim made in the name of an insured.

### Limiting Multiple Examinations - rule 31.03(9)

*Eversonic Inc. v. MacGirr* (1986), 53 O.R. (2d) 179, 7 C.P.C. (2d) 163 (Master)

Parties are "in the same interest" only if they must stand or fall together. It is not sufficient that they are not adverse in interest and are represented by the same solicitors.

### Examination of Representative of the Crown

*Ontario (Attorney General) v. Ballard Estate* (1995), 38 C.P.C. (3d) 81 (Ont. Gen. Div. [Commercial List])

By virtue of the *Proceedings Against the Crown Act*, where the Crown is the plaintiff in a civil action it has the prerogative to select the representative of the Crown who will attend an examination for discovery. Accordingly, the defendant's motion to compel the production of a particular representative of the Crown for discovery was dismissed.

*Can. Permanent Trust Co. v. McGregor* (1982), 29 C.P.C. 27 (Ont. Master)

In the absence of a statutory enactment derogating from the Crown prerogative, the Crown cannot be compelled to submit to discovery.

*Harrison Rock & Tunnel Co. v. R.* (1980), 31 O.R. (2d) 573 (Master)

In an action against the Queen in right of Ontario, the Deputy Minister of Justice and Deputy Attorney General has the exclusive right to select a representative for examination for discovery.

### Availability of Second Examination

*Ing Wellington Insurance Co. v. Alexander Forbes Risk Services UK Ltd.* (2003), 2003 CarswellOnt 1172, 31 C.P.C. (5th) 358, 47 C.C.L.I. (3d) 110, [2003] O.J. No. 1012 (Master)

The court refused to permit an examination of a second representative of a corporate party where the moving party did not establish the first representative had not informed herself of the matters in dispute.

EXAMINATION FOR DISCOVERY          **R. 31.04**

*Muslija v. Pilot Insurance Co.* (1991), 3 O.R. (3d) 378, 50 C.P.C. (2d) 179 (Gen. Div.)

A second examination was refused in relation to a file which the plaintiff requested and was fully aware was going to be delivered to the examination where the plaintiff had clearly and unequivocally terminated the examination before the file arrived.

*Chorney v. Colwill* (1986), 19 C.P.C. (2d) 195 (Ont. H.C.)

The court permitted further discovery of the plaintiff where after her first examination the defendants had learned facts of great significance to the issues at trial which were known to the plaintiff before that first examination and which made her answers possibly incomplete.

*April Invts. Ltd. v. Menat Const. Ltd.* (1975), 11 O.R. (2d) 364 (H.C.)

A second examination was ordered with respect to facts becoming known as a result of an order for inspection of property.

*Angelov v. Hampel*, [1965] 2 O.R. 178 (H.C.)

A second examination was ordered where the condition of the plaintiff had deteriorated after the first examination so that the defendant could be prepared to fully meet the complaints of the plaintiff.

*Boland v. Globe & Mail*, [1961] O.W.N. 347 (H.C.)

Discussion of propriety of a second examination where a new trial had been ordered.

*Hill-Clark-Frances Ltd. v. Schneider*, [1947] O.W.N. 520 (Master)

The Rules contemplate only one examination for discovery. A party or witness subject to examination for discovery is not to be harassed by more examinations than are necessary.

*Bank of Toronto v. Megaffin*, [1946] O.W.N. 771 (Master)

Where a party has not obtained the discovery to which he is entitled because the opposite party has not informed himself he is entitled to another examination.

## WHEN EXAMINATION MAY BE INITIATED

### *Examination of Plaintiff*

**31.04 (1) A party who seeks to examine a plaintiff for discovery may serve a notice of examination under rule 34.04 or written questions under rule 35.01 only after delivering a statement of defence and, unless the parties agree otherwise, serving an affidavit of documents.**

### *Examination of Defendant*

**(2) A party who seeks to examine a defendant for discovery may serve a notice of examination under rule 34.04 or written questions under rule 35.01 only after,**

**(a) the defendant has delivered a statement of defence and, unless the parties agree otherwise, the examining party has served an affidavit of documents; or**

**(b) the defendant has been noted in default.**

### *Completion of Examination*

**(3) The party who first serves on another party a notice of examination under rule 34.04 or written questions under rule 35.01 may examine first and may complete the examination before being examined by another party, unless the court orders otherwise.**

**R. 31.04**             RULES OF CIVIL PROCEDURE

*Cross-Reference*: See also cases under rule 34.04.

*Case Law*

*Trans-Canada Medical Management Inc. v. Varenbut* (2003), 2003 CarswellOnt 4549, 5 C.P.C. (6th) 344 (S.C.J.)

The court refused to delay the examination for discovery of the defendant on the basis the defendant was bringing a motion for summary judgment. The defendant's motion for summary judgment does not suspend the plaintiff's discovery rights.

*Galler v. Morganstein* (2003), 64 O.R. (3d) 503, 2003 CarswellOnt 1274, 36 C.P.C. (5th) 145 (S.C.J.)

The court refused to permit a cross examination on an affidavit to be a "first installment" of the examination for discovery.

*M. (S.L.) v. United Church of Canada* (1998), 28 C.P.C. (4th) 243, 1998 CarswellOnt 4415 (Master)

The court held the plaintiff could not examine the defendant for discovery until she had completed her documentary discovery.

*National Trust Co. v. Kichuk* (1996), 6 C.P.C. (4th) 195 (Ont. Gen. Div.)

The court refused to delay examinations for discovery, notwithstanding shortcomings in production of documents and other objections, where the objections were an obvious attempt to delay the action.

*Taylor v. Fry* (1996), 29 O.R. (3d) 714, 48 C.P.C. (3d) 348 (Gen. Div.)

Service of a notice of appointment prior to service of an affidavit of documents is an irregularity cured by service of the affidavit.

*Costa v. Melo* (1992), 13 C.P.C. (3d) 159 (Ont. Gen. Div.)

An affidavit of documents served before the close of pleadings is premature and cannot support a notice of examination.

*Seaway Trust Co. v. Markle* (1991), 47 C.P.C. (2d) 258 (Ont. Gen. Div.)

Proposed amendments to the statement of claim to add a new claim arising out of the same underlying facts did not justify delaying the examination for discovery of the defendant in the action.

*Kay v. Posluns* (1989), 35 C.P.C. (2d) 226 (Ont. H.C.)

Generally examinations for discovery are conducted in sequence with one being completed before the next is commenced. The court may vary the usual sequence if there are special circumstances.

*Reichmann v. Toronto Life Publishing Co.* (1989), 42 C.P.C. (2d) 170 (Ont. Master)

In an extraordinary case where discoveries would last many weeks the court ordered that the sequence of discovery not be governed by rule 31.04(3) but rather set alternate examination periods for the various parties.

*Clark v. Stewart* (1988), 30 C.P.C. (2d) 134 (Ont. Master)

An examining party should be able to substantially complete an examination for discovery of the opposite party before being obliged to be examined himself.

*Risi Stone Ltd. v. Burloak Concrete Products Ltd.* (1987), 45 C.P.C. (2d) 106 at 107 (Ont. H.C.)

The party who first initiates the discovery process, even by informal letter requesting examination dates, should ordinarily have the right to examine first.

EXAMINATION FOR DISCOVERY                    **R. 31.05**

*Morgan Guaranty Trust Co. of New York v. Outerbridge* (1986), 8 C.P.C. (2d) 257
(Ont. Master)

The court ordered the examination for discovery of the defendant to proceed notwith-
standing a pending motion attacking the sufficiency of the plaintiff's affidavit of
documents.

*Crysdale v. Carter-Baron Drilling Services Partnership* (1985), 37 C.P.C. (2d) 222
(Ont. H.C.)

Delivery of an affidavit of documents before the close of pleadings cannot support a
valid notice of examination.

*Von Braun v. Borovilos* (1983), 40 C.P.C. 112 (Ont. Master)

The plaintiffs were unsuccessful in resisting examinations for discovery on the basis
that the very bringing of the action was alleged to be an offence in concurrent criminal
proceedings and they might be said to be continuing a criminal offence.

*Tricontinental Invts. Co. v. Guarantee Co. of North America* (1982), 39 O.R. (2d) 614,
30 C.P.C. 235, 141 D.L.R. (3d) 741 (H.C.)

A party unsuccessfully sought to postpone his discovery until after the disposition of
the criminal proceedings against him.

*Bow Helicopters v. Textron Can. Ltd.* (1981), 24 C.P.C. 233 (Ont. H.C.)

The plaintiff was permitted to examine a second defendant, although the examination
of the first defendant had not been completed.

*Scott Transport Ltd. v. Bondy* (1973), 1 O.R. (2d) 447 (Master)

Completion of the examination for discovery includes questions arising out of answers
to undertakings.

*Linklater v. Denny*, [1965] 1 O.R. 298 (Master)

The party who serves the notice of appointment first is entitled to examine first pro-
vided the appointment is returnable at a reasonable time.

## ORAL EXAMINATION BY MORE THAN ONE PARTY

**31.05 Unless the court orders or the parties agree otherwise, where more
than one party is entitled to examine a party or other person for discovery
without leave, there shall be only one oral examination, which may be initiated
by any party adverse to the party,**

**(a) who is to be examined; or**

**(b) on behalf or in place of whom, or in addition to whom, a person is to
be examined.**

**O. Reg. 260/05, s. 6**

*Case Law*

*Filntissis v. Dolman* (1998), 17 C.P.C. (4th) 107 (Ont. Gen. Div.)

Where a party to two related actions was examined for discovery in the first action,
without notice to the opposite party in the second action, the court permitted that oppo-
site party to have an independent examination.

*Drummie v. Wan* (1996), 28 O.R. (3d) 790, 46 C.P.C. (3d) 355, 2 O.T.C. 30 (Gen.
Div.)

This provision was applied by analogy so as to restrict the defendants in these personal
injury actions, being tried together, to one examination for discovery of the plaintiff.

## R. 31.05    RULES OF CIVIL PROCEDURE

*Gorin v. Ho* (1983), 38 C.P.C. 72 (Ont. Master)

In general, on an examination for discovery by multiple parties, any examining party may move to compel a refused question to be answered irrespective of which counsel asked the question.

*Dmitrovic v. Lazaris* (1980), 28 O.R. (2d) 269, 110 D.L.R. (3d) 254 (H.C.)

Where two actions involving the same plaintiff but separate motor vehicle accidents are ordered to be tried together, the defendants are entitled to separate examinations for discovery.

## SCOPE OF EXAMINATION

*General*

**31.06 (1) A person examined for discovery shall answer, to the best of his or her knowledge, information and belief, any proper question relating to any matter in issue in the action or to any matter made discoverable by subrules (2) to (4) and no question may be objected to on the ground that,**

**(a) the information sought is evidence;**

**(b) the question constitutes cross-examination, unless the question is directed solely to the credibility of the witness; or**

**(c) the question constitutes cross-examination on the affidavit of documents of the party being examined.**

*Identity of Persons Having Knowledge*

**(2) A party may on an examination for discovery obtain disclosure of the names and addresses of persons who might reasonably be expected to have knowledge of transactions or occurrences in issue in the action, unless the court orders otherwise.**

*Expert Opinions*

**(3) A party may on an examination for discovery obtain disclosure of the findings, opinions and conclusions of an expert engaged by or on behalf of the party being examined that relate to a matter in issue in the action and of the expert's name and address, but the party being examined need not disclose the information or the name and address of the expert where,**

**(a) the findings, opinions and conclusions of the expert relating to any matter in issue in the action were made or formed in preparation for contemplated or pending litigation and for no other purpose; and**

**(b) the party being examined undertakes not to call the expert as a witness at the trial.**

*Insurance Policies*

**(4) A party may on an examination for discovery obtain disclosure of,**

**(a) the existence and contents of any insurance policy under which an insurer may be liable to satisfy all or part of a judgment in the action or to indemnify or reimburse a party for money paid in satisfaction of all or part of the judgment; and**

**(b) the amount of money available under the policy, and any conditions affecting its availability.**

**(5) No information concerning the insurance policy is admissible in evidence unless it is relevant to an issue in the action.**

EXAMINATION FOR DISCOVERY                    **R. 31.06**

*Divided Discovery*

(6) **Where information may become relevant only after the determination of an issue in the action and the disclosure of the information before the issue is determined would seriously prejudice a party, the court on the party's motion may grant leave to withhold the information until after the issue has been determined.**

*Case Law*

### Authors' Note on Organization of Cases

Cases relevant to this provision have been organized as follows:

> Scope of Examination - Generally
> Scope of Examination - Seeking Information from Non-Parties
> Scope of Examination - Solicitor and Client Privilege
> Scope of Examination - Privilege re Settlement Negotiations
> Scope of Examination - Questions re Adultery
> Scope of Examination - Miscellaneous Privileges
> Scope of Examination - Examinee's Opinion
> Scope of Examination - Pleas in Related Criminal Proceedings
> Scope of Examination - Preventing Tailoring of Evidence
> Scope of Examination - Surveillance Information
> Scope of Examination - Names of Witnesses - rule 31.06(2)
> Scope of Examination - Expert Opinions - rule 31.06(3)
> Scope of Examination - Insurance Matters - rule 31.06(4)
> Scope of Examination - Examples
> Scope of Examination - Divided Discovery - rule 31.06(6)

### Scope of Examination - Generally

*Law v. Zurich Insurance Co.* (2002), 21 C.P.C. (5th) 280, 2002 CarswellOnt 1468, 39 C.C.L.I. (3d) 145 (S.C.J.)

In most circumstances, mixed questions of fact or law are proper. The court required a witness to answer questions regarding what position the defendant was taking on a legal issue.

*Six Nations of the Grand River Band v. Canada (Attorney General)* (2000), (sub nom. *Six Nations of the Grand River Indian Band v. Canada (Attorney General))* 48 O.R. (3d) 377, 46 C.P.C. (4th) 365, 132 O.A.C. 316, 2000 CarswellOnt 1342, [2000] O.J. No. 1431 (Div. Ct.)

Questions as to a party's position on questions of law are proper. *Ontario (Bean Producers' Marketing Bd.) v. W.G. Thompson & Sons Ltd.* (1981), 32 O.R. (2d) 69, 19 C.P.C. 221, 120 D.L.R. (3d) 531 (H.C.); affirmed (1982), 35 O.R. (2d) 711, 27 C.P.C. 1, 134 D.L.R. (3d) 108 (Div. Ct.), not followed.

*Ansell Canada Inc. v. Ions World Corp.* (1998), 28 C.P.C. (4th) 60, 1998 CarswellOnt 4673, [1998] O.J. No. 5034 (Gen. Div.)

A party may cross-examine on an affidavit of documents with respect to the grounds supporting a claim of privilege.

*Taylor v. Fry* (1996), 29 O.R. (3d) 714, 48 C.P.C. (3d) 348 (Gen. Div.)

The defendant's motion to postpone disclosing to the plaintiff the particulars of its surveillance and investigation was denied where there was no real likelihood that the plaintiff would tailor his evidence if disclosure was made.

*Air Canada v. McDonnell Douglas Corp.* (1995), 22 O.R. (3d) 140 (Master); affirmed 22 O.R. (3d) 382; additional reasons 23 O.R. (3d) 156 (Gen. Div.)

Questions on an examination for discovery should be answered unless the court is satisfied that they have no semblance of relevancy. Information may be elicited on discov-

## R. 31.06                 RULES OF CIVIL PROCEDURE

ery even though the precise question and answer might not be admissible at trial. Questions on discovery are proper if they may lead to a line of inquiry which would uncover admissible evidence.

*Kay v. Posluns* (1989), 71 O.R. (2d) 238 (H.C.); additional reasons (February 1, 1991), Doc. No. Toronto 26686/88 (Gen. Div.)

1.   Wide latitude is allowed on examinations for discovery. Questions are permitted so long as they have a "semblance of relevancy."

2.   Rule 31.06(1)(b) merely removes cross-examination as a ground for objection. It does not authorize or encourage it. In Ontario, cross-examination in the true sense does not occur on examinations for discovery.

*Pindling v. National Broadcasting Co.* (1989), 15 W.D.C.P. 165 (Ont. H.C.)

In a defamation action, a defendant who pleads justification is entitled to discovery regarding specifically pleaded allegations only.

*Torami v. Horton* (1988), 67 O.R. (2d) 346, 31 O.A.C. 296 (Div. Ct.)

Questions may be asked about the habit of a person or routine practice of an organization. In this case questions were permitted regarding the general state of maintenance of a fleet of motor vehicles where one vehicle was involved in an accident.

*Algoma Central Railway v. Herb Fraser & Associates Ltd.* (1988), 66 O.R. (2d) 330, 31 O.A.C. 287 (Div. Ct.)

Questions may be asked on discovery regarding remedial measures taken subsequent to the accident which is the subject of the lawsuit, although the answers will not necessarily be admissible at trial. Admissibility and weight are matters for the trial judge. [*See McMahon v. Harvey (Township) (1992), 2 C.P.C. (3d) 154 (Ont. Gen. Div.), where evidence of remedial measures was not admitted at trial – Authors.*]

*Charles v. Royal Bank* (1987), 60 O.R. (2d) 537, 19 C.P.C. (2d) 310 (Master)

Questions eliciting incriminating answers may be asked on examination for discovery without violating the examinee's common law, statutory or constitutional privilege against self-incrimination, equality rights, or right to life, liberty and security of the person.

*Leerentveld v. McCulloch* (1985), 4 C.P.C. (2d) 26 (Ont. Master)

Parties are now required to give not only the evidence which they have acquired but its source as well insofar as witnesses are concerned and this includes a summary of a witness' statement. However a party need not disclose what might be called "expert research" by the party or his solicitor. A party is not required to state what inferences he has drawn from information.

*Loewen, Ondaatje, McCutcheon & Co. v. Snelling* (1985), 2 C.P.C. (2d) 93 (Ont. H.C.)

A party purporting to rely on facts contained in past examinations for discovery and in documents produced in the litigation is obliged to identify the facts and documents with some reasonable degree of specificity. A general statement is not sufficient.

*Willroy Mines Ltd. v. New Cinch Uranium Ltd.* (1983), 34 C.P.C. 13; affirmed 34 C.P.C. 13n (Ont. H.C.)

An examining party is entitled to question the representative of a corporate party regarding knowledge obtained both in his capacity as a corporate officer and in his personal capacity.

*Ont. Bean Producers' Marketing Bd. v. W.G. Thompson & Sons Ltd.* (1981), 32 O.R. (2d) 69, 19 C.P.C. 221, 120 D.L.R. (3d) 531; affirmed 35 O.R. (2d) 711, 27 C.P.C. 1, 134 D.L.R. (3d) 108 (Div. Ct.)

Questions as to a party's position in law are not proper.

EXAMINATION FOR DISCOVERY    **R. 31.06**

*Tridici v. M.E.P.C. Can. Properties Ltd.* (1978), 22 O.R. (2d) 319, 8 C.P.C. 212 (H.C.)
An expert was permitted to assist counsel to conduct an examination where technical matters were in issue.

*Mouammar v. Bruner* (1978), 19 O.R. (2d) 59 (H.C.)
A party may be required to listen to a tape recording and answer questions relating thereto.

*Trip v. Iezzi & Iezzi Ltd.* (1978), 23 O.R. (2d) 587, 8 C.P.C. 312 (H.C.)
A party was not required to provide specimens of his signature for the purpose of comparison by a handwriting expert.

*Rule-Bilt Ltd. v. Shenkman Corp. Ltd.* (1977), 18 O.R. (2d) 276, 4 C.P.C. 256 (Master)
A witness may properly be asked which of many documents produced are relied on in support of a particular allegation.

*Leliever v. Lindson* (1977), 3 C.P.C. 245 (Ont. H.C.)
A party must indicate those parts of voluminous and complex productions upon which he intends to rely.

*April Invts. Ltd. v. Menat Const. Ltd.* (1975), 11 O.R. (2d) 364 (H.C.)
Facts found as a result of an order for inspection of property are discoverable.

*Ohl v. Cannito*, [1972] 2 O.R. 763, 26 D.L.R. (3d) 556 (H.C.)
A party may be required to answer questions disclosing facts contained in privileged documents.

*Rubinoff v. Newton*, [1967] 1 O.R. 402 (H.C.)
"On what facts do you rely in support of that allegation?" is a proper question.

*Phillips v. Horne*, [1960] O.W.N. 565; affirmed [1961] O.W.N. 53n (H.C.)
Questions requiring narrative answers are proper.

*Brennan v. J. Posluns & Co.*, [1959] O.R. 22, 30 C.P.R. 106, 18 Fox Pat. C. 116 (H.C.)
Questions regarding facts which may support relevant arguments of law must be answered.

*Madge v. Odeon Theatres (Ontario) Ltd.*, [1953] O.W.N. 103 (Master)
A plaintiff may be examined regarding defences raised against a co-plaintiff if he has a real interest in such defences.

### Scope of Examination - Seeking Information from Non-Parties

*Air Canada v. McDonnell Douglas Corp.* (1995), 22 O.R. (3d) 140 (Master); affirmed 22 O.R. (3d) 382; additional reasons 23 O.R. (3d) 156 (Gen. Div.)
The person being examined for discovery on behalf of a corporation must make reasonable inquiries of fellow servants of the corporation, including individuals who are no longer employees, unless the circumstances make it unreasonable.

*Pollard v. Esses* (1994), 35 C.P.C. (3d) 398 (Ont. Gen. Div.)
Where a defendant requested and obtained an undertaking from the plaintiff to obtain clinical notes and records from non-parties, the court ordered the defendant to pay the associated costs.

*Tax Time Services Ltd. v. National Trust Co.* (1991), 3 O.R. (3d) 44 (Gen. Div.)
If the party being examined has no control over or greater access to a witness than the examining party, it need only disclose the evidence known to it.

*Trovato v. Smith* (1987), 15 C.P.C. (2d) 121 (Ont. Dist. Ct.)
The court ordered the plaintiff to seek his physician's clinical records and notes although they were not within the plaintiff's "power" within the meaning of rule

## R. 31.06    RULES OF CIVIL PROCEDURE

30.03(1). There is no merit, logic or support in the Rules for requiring the defendant to establish a conflict in the medical reports or discovery evidence before making such an order. If a doctor does not voluntarily produce the documents, the defence will be met with its more limited rights under rule 30.10.

*Fedorczenko v. Jamieson* (1986), 56 O.R. (2d) 252, 14 C.P.C. (2d) 299 (H.C.)

A party should make reasonable efforts to obtain documents from a non-party rather than requiring the opposing party to move under rule 30.10.

*Edwards v. Valtchev* (1984), 45 C.P.C. 310 (Ont. Co. Ct.)

A representative of the defendant hospital was ordered to re-attend to undertake to make certain inquiries of an intern and a resident.

*Scheuermann v. Zablanczy* (1984), 44 C.P.C. 97 (Ont. H.C.)

The representative of the corporate defendant was ordered to inform himself from the non-party parent corporation.

*Poteck v. Pickard* (1982), 31 C.P.C. 213 (Ont. Master)

The plaintiff was ordered to use her best efforts to obtain documents from a bank, to provide an authorization for the release of income tax returns, and to inquire of a daughter as to when certain discussions took place.

*Wells v. Wells* (1982), 29 C.P.C. 186 (Ont. Master)

The obligation to make inquiries with third parties does not require the witness to institute a lawsuit to enforce his rights to the information.

*Ambler v. Ambler* (1980), 15 C.P.C. 117 (Ont. Master)

In *Family Law Reform Act* matters, a spouse who is a partner or a substantial shareholder may be required to inquire whether the partner or company will consent to the supply of information concerning the worth of the spouse's investment.

*Gravlev v. Venturetek Int. Ltd.* (1979), 15 C.P.C. 18 (Ont. H.C.)

A party must inform himself and obtain documents from third parties unless it would be unreasonable to require him so to do.

*Napoli v. Parise* (1978), 21 O.R. (2d) 584, 91 D.L.R. (3d) 294 (H.C.)

A party is under no obligation to inform herself as to the knowledge of her spouse.

*Vanderhoek v. Philco-Ford of Can. Ltd.* (1978), 8 C.P.C. 31 (Ont. Master)

An officer was required to seek information from former employees of the defendant, who were now employees of wholly-owned subsidiaries, concerning their discussions with the plaintiff.

*Concept 80 Ltd. v. W-A Const. Co.* (1975), 1 C.P.C. 96 (Ont. S.C.)

An examined party cannot be compelled to inform himself from an independent contractor.

### Scope of Examination - Solicitor-and-Client Privilege (See also cases under rule 30.02.)

*Doman v. Toronto Transit Commission* (2005), 2005 CarswellOnt 6671, 18 C.P.C. (6th) 111, 24 M.V.R. (5th) 274 (S.C.J.)

The court refused to compel the plaintiff to answer questions about the timing of the commencement of the lawsuit. While the questions did not openly relate to areas of solicitor-and-client privilege, the questions required legal expertise or advice to answer.

*Ontario (Attorney General) v. Ontario (Assistant Information & Privacy Commissioner)* (2005), 2005 CarswellOnt 947, [2005] O.J. No. 941, (sub nom. *Ontario*

EXAMINATION FOR DISCOVERY          **R. 31.06**

*(Attorney General) v. Information and Privacy Commissioner (Ont.))* 197 O.A.C. 278, 251 D.L.R. (4th) 65, 10 C.P.C. (6th) 144 (C.A.)

The amount of legal fees incurred by a client is presumptively privileged but the presumption may be rebutted if there is no reasonable possibility that disclosure of the amount of the fees will reveal any communications protected by privilege.

*Taberner Investments Ltd. v. Price Waterhouse* (2000), 11 C.P.C. (5th) 111, 2000 CarswellOnt 2427, [2000] O.J. No. 2595 (S.C.J.)

Where a lawyer refused to answer questions on discovery regarding the identity of certain clients, the court held that the identity of clients did not generally fall under the umbrella of solicitor-and-client privilege.

*Monks v. Zurich Insurance Co.* (2001), 2001 CarswellOnt 4866, 16 C.P.C. (5th) 239 (Master)

In this bad faith claim against an insurer, the court refused to require the defendant to disclose whether it had received a legal opinion. The insurer had not put legal advice in issue and therefore was not deemed to have waived privilege.

*London Trust & Savings Corp. v. Corbett* (1994), 24 C.P.C. (3d) 226 (Ont. Gen. Div.)

Discussions between a solicitor-and-client were held not to be privileged because they took place in the presence of a third person not involved in the solicitor-and-client relationship.

*Chertsey Developments Inc. v. Red Carpet Inns Ltd.* (1990), 74 O.R. (2d) 665, 45 C.P.C. (2d) 84 (Master)

Solicitor-and-client privilege was not waived where the party resisting disclosure had not put in issue the legal advice which had been obtained. The "heart of the matter" exception did not apply.

*Madge v. Thunder Bay (City)* (1990), 72 O.R. (2d) 41, 44 C.P.C. (2d) 186 (H.C.)

Where the court had previously ruled that the defendant's communications with her solicitor were privileged, the defendant was not compelled to reveal the dates on which those communications had taken place.

*Kupferstein v. Gottlieb, Hoffman & Kumer* (1989), 40 C.P.C. (2d) 111 (Ont. Master)

The court refused to order a defendant law firm to disclose to the plaintiff the names or other information concerning clients in connection with the plaintiff's purchase of a law practice.

*Hartz Can. Inc. v. Colgate-Palmolive Co.* (1988), 27 C.P.C. (2d) 152 (Ont. H.C.)

It is inadvisable to limit solicitor-client privilege in Ontario to Ontario solicitors; in this case, communications between an American counsel and an Ontario client were privileged in the Ontario action.

*Re Chilcott and Clarkson Co.* (1984), 48 O.R. (2d) 545, (sub nom. *Re Dilawri; Clarkson Co. v. Chilcott)* 53 C.B.R. (N.S.) 251, 13 C.R.R. 41, 13 D.L.R. (4th) 481, 6 O.A.C. 291 (C.A.)

A trustee in bankruptcy may not waive solicitor-client privilege with respect to legal advice given to the bankrupt respecting his former property.

*Re Ont. Securities Comm. and Greymac Credit Corp.* (1983), 41 O.R. (2d) 328, 21 B.L.R. 37, 33 C.P.C. 270, 146 D.L.R. (3d) 73 (Div. Ct.)

1.  The president of a company who is also a solicitor cannot assert solicitor-client privilege in respect of information acquired by him in the performance of his duties that can be, and usually are, performed by an employee or agent of the company who is not a solicitor.

2.  The powers of a receiver can be validly exercised only for the purposes for which he was appointed. Where a receiver was appointed to take control and possession of the assets of certain trust companies and conduct their business, he does not

**R. 31.06**          RULES OF CIVIL PROCEDURE

have the right to waive solicitor-client privilege so that the companies' solicitors may be free to disclose confidential information to an investigative commission.

3.    Where a receiver is appointed to preserve the undertaking and assets of a corporation, he can waive the solicitor-client privilege to obtain information concerning the assets and affairs of the company from a solicitor or former solicitor of the company.

*Levenson v. Levenson* (1982), 28 C.P.C. 263 (Ont. H.C.)

A witness was ordered to answer questions concerning his dealings with the respondent solicitor where the communications were not for the purpose of giving or receiving professional advice and there was *prima facie* evidence of fraud.

*Tatone v. Tatone* (1980), 16 C.P.C. 285 (Ont. Master)

Where a solicitor acted for two companies through the same man in a mortgage transaction, such that he received instructions from both companies in the presence of the other, neither could claim privilege against the other.

*Nowak v. Sanyshyn* (1979), 23 O.R. (2d) 797, 9 C.P.C. 303 (H.C.)

Where the communication between a solicitor-and-client is a fact which will be proved at trial, the communication is not privileged. A party alleging insufficient legal advice was required to divulge the advice received.

*Newman v. Nemes* (1979), 8 C.P.C. 229 (Ont. H.C.)

A party waives any privilege over the question of whether she gave certain instructions to her solicitor by denying that she gave the instructions and thereby putting the question in issue.

*Meaney v. Busby* (1977), 15 O.R. (2d) 71, 2 C.P.C. 340 (H.C.)

Communications received for the purpose of contemplated litigation cease to be privileged when the litigation is concluded.

*Re Ott*, [1972] 2 O.R. 5, 7 R.F.L. 196, 24 D.L.R. (3d) 517 (Surr. Ct.)

The court admitted evidence of the substance of solicitor-and-client communications where the client was dead and the interests of justice required it.

*Re Alcan-Colony Contr. Ltd. and M.N.R.*, [1971] 2 O.R. 365, 18 D.L.R. (3d) 32, 71 D.T.C. 5082 (H.C.)

The legal professional privilege extends to communications between a solicitor and an agent of the client and to information gathered by the solicitor on the instructions of the client for the purpose of giving advice.

*Martini v. Preston Sand & Gravel Co.*, [1961] O.W.N. 256 (Master)

The court refused to require a party to disclose the advice given by his solicitor regarding the purchase of lands in question.

*Smith v. Smith*, [1958] O.W.N. 135 (Master)

A client who voluntarily testifies, disclosing the substance of confidential communications made by him to his solicitor, thereby waives the privilege and both the solicitor-and-client may be fully examined in relation thereto.

### *Scope of Examination - Privilege re Settlement Negotiations* (See also cases under rule 30.02.)

*Mueller Can. Inc. v. State Contractors Inc.* (1989), 71 O.R. (2d) 397, 41 C.P.C. (2d) 291 (H.C.)

The court granted the plaintiff's motion to compel the defendants to disclose information about a settlement among the defendants pertaining to the same claims and events underlying the plaintiff's action.

EXAMINATION FOR DISCOVERY          **R. 31.06**

*William Allan Real Estate Co. v. Robichaud* (1987), 28 C.P.C. (2d) 47 (Ont. H.C.)

A mere claim that a discussion took place in privileged circumstances is not sufficient to render that claim valid.

*William Allan Real Estate Co. v. Robichaud* (1987), 17 C.P.C. (2d) 138, 37 B.L.R. 286 (Ont. H.C.); leave to appeal to Ont. Div. Ct. granted 28 C.P.C. (2d) 47

Communications to buy peace or effect a compromise are privileged, and there need not be any express or implied agreement or clear unilateral statement that they are without prejudice.

*Papineau v. Papineau* (1986), 8 C.P.C. (2d) 249 (Ont. H.C.)

A party to a separation agreement who had put in issue her capacity to enter into a valid agreement was required to answer questions about "without prejudice" correspondence leading to the separation agreement.

*Hillesheim v. Hillesheim* (1974), 6 O.R. (2d) 647, 19 R.F.L. 42 (Master)

Discussions between spouses regarding a property settlement and provisions for support and education of children were held to be privileged notwithstanding that the words "without prejudice" were not used.

*Kirschbaum v. "Our Voices" Publishing Co.*, [1972] 1 O.R. 737 (H.C.)

A party in a defamation action was required to answer questions relating to "without prejudice" letters where the letters may not have related only to settlement and may have been admissible at trial.

## Scope of Examination - Questions re Adultery

*Burt v. Burt* (1979), 27 O.R. (2d) 163, 13 C.P.C. 341, 11 R.F.L. (2d) 143, 105 D.L.R. (3d) 702 (H.C.)

In a divorce action, the privilege afforded by s. 10 of the *Evidence Act*, R.S.O. 1970, c. 151, is not avoided by relying upon adultery as an act of cruelty.

*Rosenberg v. Rosenberg* (1974), 3 O.R. (2d) 174 (Master)

Information which tends to prove adultery and is privileged by s. 10 of the *Evidence Act*, R.S.O. 1970, c. 151, remains so notwithstanding that it may tend to prove something else at the same time.

*Hunter v. Hunter*, [1973] 1 O.R. 162, 11 R.F.L. 94 (H.C.)

Where a counterpetition for divorce raises the issue of adultery, the privilege relating to questions tending to show adultery applies equally in proceedings regarding the related petition for divorce.

*Rayner v. Rayner*, [1972] 2 O.R. 588, 7 R.F.L. 103, 26 D.L.R. (3d) 169 (C.A.)

An allegation in a pleading that a spouse had raised a reasonable apprehension that he was committing adultery is not sufficient to classify the action as "instituted in consequence of adultery".

*McCarthy v. Morrison-Lamothe Bakery Ltd.*, [1956] O.W.N. 690, 5 D.L.R. (2d) 645 (H.C.)

The plaintiff in a fatal accident case was required to answer a question regarding adultery where it was relevant to the issue of damages.

*Bradburn v. Bradburn*, [1953] O.R. 882 (C.A.)

In a divorce action a party need not answer questions tending to show guilt of adultery notwithstanding that such questions may be relevant to the issue of custody.

**R. 31.06**          RULES OF CIVIL PROCEDURE

## *Scope of Examination - Miscellaneous Privileges*

*Telezone Inc. v. Canada (Attorney General)* (2004), 2004 CarswellOnt 8, 180 O.A.C. 360, 235 D.L.R. (4th) 719, [2004] O.J. No. 5, 69 O.R. (3d) 161 (C.A.)

Parliamentary privilege prevents examinations of M.P.s during a session, 40 days before the commencement of a new session, and 40 days after prorogation or dissolution of Parliament.

*Jacobson v. Trace Sciences International* (1999), 42 C.P.C. (4th) 157, 1999 Carswell-Ont 1956 (Master)

The court ordered an RCMP officer, who had refused to answer questions on the basis of "informer privilege," to answer questions whether the information was available from a source other than the informer.

*Ribeiro v. Metropolitan Toronto Police* (1999), 43 C.P.C. (4th) 340, 1999 CarswellOnt 4186 (Master); affirmed (2001), 2001 CarswellOnt 111, 11 C.P.C. (5th) 296 (Div. Ct.)

"Informer privilege," which protects the identity of police informants, applies in civil matters and is an absolute privilege.

*Air Canada v. McDonnell Douglas Corp.* (1995), 22 O.R. (3d) 140 (Master); affirmed 22 O.R. (3d) 382; additional reasons 23 O.R. (3d) 156 (Gen. Div.)

In an action arising out of an air crash, questions which related to an accident report prepared by the Department of Transport were proper. The report, while prepared in the general belief that the underlying communications were confidential, was not subject to the doctrine of qualified privilege.

*Rocking Chair Plaza (Bramalea) Ltd. v. Brampton (City)* (1988), 29 C.P.C. (2d) 82 (Ont. H.C.)

The court refused to permit discovery of *in camera* discussions of a municipal council as long as its decisions and recommendations were preceded by open discussion.

*de Araujo v. de Araujo* (1986), 11 C.P.C. (2d) 272 (Ont. Master)

Statements made by a husband during marriage counselling were communications to assist reconciliation and inadmissible in a divorce action, by s. 21(2) of the *Divorce Act*. A draft marriage contract unilaterally presented to the wife in the absence of settlement negotiations did not reflect a mutual desire to settle and was not privileged.

*Royal Bank v. Wilford* (1985), 2 C.P.C. (2d) 281 (Ont. Master)

A party was ordered to answer questions he refused to answer on the ground the answers might tend to incriminate him. Under s. 13 of the *Charter of Rights* protection is automatic and the witness need no longer claim protection as was necessary under the *Evidence Acts*. There is no protection against the use of the evidence by the police in the course of their investigation except that the evidence cannot be used against the defendant in any criminal proceeding other than for perjury or for the giving of contradictory evidence.

*Crown Trust Co. v. Rosenberg* (1983), 38 C.P.C. 109 (Ont. H.C.)

There is no privilege regarding confidential information received by a journalist or regarding the identity of the source of such information, however the court should respect the journalist's desire to protect such information and sources as much as possible. In this case the court ordered disclosure of the information but not the sources.

*Torok v. Torok* (1983), 44 O.R. (2d) 118, 38 C.P.C. 52 (Master)

No privilege attaches to communications between a physician and patient unless the physician is acting as a marriage counsellor or is a practising psychiatrist.

EXAMINATION FOR DISCOVERY                    **R. 31.06**

### Scope of Examination - Examinee's Opinion

*Clarke (Litigation Guardian of) v. Abells* (2001), 8 C.P.C. (5th) 300, 2001 CarswellOnt 1202, [2001] O.J. No. 1340 (S.C.J.)

In this medical malpractice suit involving three different defendant doctors, the plaintiff was not permitted to ask one defendant doctor his opinion of the medical conduct of the other defendants.

*Air Canada v. McDonnell Douglas Corp.* (1995), 22 O.R. (3d) 140 (Master); affirmed 22 O.R. (3d) 382; additional reasons 23 O.R. (3d) 156 (Gen. Div.)

It is proper to ask questions on an examination for discovery which might call for a conclusion on subjects within the witness's everyday expertise, or to which expertise he has ready access.

*Motaharian v. Reid* (1989), 39 C.P.C. (2d) 141 (Ont. H.C.)

Hypothetical questions are proper where relevant to some issue in the case, where the witness has the expertise to provide an opinion, and where the questions are not overly broad or vague. The witness, however, need not defend other persons' actions or answer for their failures.

*Armak Chemicals Ltd. v. C.N.R.* (1982), 37 O.R. (2d) 713, 29 C.P.C. 7 (H.C.)

A witness may be asked mixed questions of fact and opinion within his common experience.

*Wade v. Sisters of Saint Joseph of the Diocese of London* (1976), 2 C.P.C. 37 (Ont. H.C.)

On an examination for discovery, a party is not entitled to obtain an expert opinion from the opposite party with respect to the professional conduct of another party to the action.

*Hilder v. East Gen. Hosp.*, [1971] 3 O.R. 777 (Master)

Defendants in a medical malpractice action were required to answer questions which elicited opinions regarding matters directly in issue in the litigation.

*Weisberg v. Kerbel*, [1961] O.W.N. 209 (H.C.)

A question requiring an answer based on the opinions of the examinee is improper.

### Scope of Examination - Pleas in Related Criminal Proceedings

*Irwin v. Liverance* (1998), 30 C.P.C. (4th) 309, 1998 CarswellOnt 5300 (Gen. Div.)

An acquittal in a criminal proceeding is not admissible in related civil proceedings as proof the accused did not commit the act.

*Francis v. LaFramboise* (1980), 20 C.P.C. 123; affirmed 20 C.P.C. 123 at 126 (Ont. H.C.)

Questions as to whether the defendant was charged and pleaded guilty to an offence under the *Highway Traffic Act* arising out of the accident were refused where they did not relate to any allegation in the pleadings and were very general in their wording.

*Rotondi v. Tadic* (1979), 24 O.R. (2d) 317, 11 C.P.C. 17 (Master)

A party in a motor vehicle case was required to state whether he had pleaded guilty to traffic charges arising out of the accident.

### Scope of Examination - Preventing Tailoring of Evidence

*Wilton v. Bustard Brothers Ltd.* (1999), 43 O.R. (3d) 317, 1999 CarswellOnt 3427 (Gen. Div.)

The simple assertion that credibility lies at the heart of an action does not take away the inherent right of a party to be present during the examination for discovery of an opposing party.

753

**R. 31.06**          RULES OF CIVIL PROCEDURE

*Salame v. Neilson* (1998), 22 C.P.C. (4th) 295, 1998 CarswellOnt 1375 (Gen. Div.); additional reasons at (May 19, 1998), Doc. 35434/95, 1998 CarswellOnt 2454 (Gen. Div.)

In a personal injury action the court dismissed the plaintiff's motion for disclosure of surveillance reports where it found a real likelihood that the plaintiff would tailor her evidence if the disclosure were made.

*General Accident Assurance Co. v. Chrusz* (1997), 17 C.P.C. (4th) 284, 48 C.C.L.I. (2d) 207 (Ont. Gen. Div.); leave to appeal allowed (1997), 48 C.C.L.I. (2d) 222 (Ont. Gen. Div.); affirmed (1998), 34 C.P.C. (4th) 257, 1998 CarswellOnt 5380 (Div. Ct.)

The court ordered certain information not be disclosed to certain parties until after completion of an examination for discovery, where there was evidence of a real likelihood of tailoring evidence. The court also specified the sequence of examining the witnesses.

*Blomme v. Eastview Racquet & Fitness Club* (1995), 26 O.R. (3d) 496 (Gen. Div.)

The court ordered co-defendants not to attend each other's discovery where credibility would be the main issue at trial and the second defendant could tailor his evidence if he were aware of the first defendant's evidence.

*Cardona v. Ospreay* (1995), 22 O.R. (3d) 662 (Master)

The court ordered that two defendants in an assault case be excluded from each other's examinations for discovery to prevent the tailoring of evidence.

*Costa v. Melo* (1992), 13 C.P.C. (3d) 159 (Ont. Gen. Div.)

The court ordered that both parties be examined for discovery on the same day and that information garnered on the first examination not be disclosed to a witness being examined second.

*Ceci (Litigation Guardian) v. Bonk* (1992), 7 O.R. (3d) 381, 6 C.P.C. (3d) 304, 89 D.L.R. (4th) 444, 56 O.A.C. 346 (C.A.)

An order postponing the obligation to disclose particulars of surveillance reports should only be made if the evidence shows a real likelihood that the plaintiff would tailor evidence if disclosure were made. The defendant may, however, conduct the examination for discovery of the plaintiff first by serving the first appointment.

*Cowan v. Wilk* (1988), 17 W.D.C.P. 196 (Ont. Dist. Ct.)

The plaintiff was ordered to complete her examination for discovery before the defendant's disclosure of surveillance information. The plaintiff need not be forewarned about the possibility of being caught up in any prevarications.

*Paulin v. Prince* (1987), 21 C.P.C. (2d) 152 (Ont. Dist. Ct.); affirmed 23 C.P.C. (2d) 319 (Ont. H.C.); affirmed (1988), 31 C.P.C. (2d) 281 (Ont. Div. Ct.)

The court ordered the defendants to provide surveillance information prior to the plaintiffs' examination for discovery, ruling that possible prejudice resulting from the disclosure, unlike real prejudice based on a demonstrated foundation, was insufficient to permit its withholding.

*Gumieniak v. Tobin* (1987), 16 C.P.C. (2d) 126 (Ont. Dist. Ct.)

The court refused to order surveillance information to be withheld from the plaintiff until after her examination for discovery, where the court was not satisfied that there was a real likelihood of tailoring evidence.

*Bradbury v. Traise* (1986), 12 C.P.C. (2d) 261 (Ont. Dist. Ct.)

The party being examined first is obliged to provide all relevant information on examination for discovery, unless there is a real likelihood that the opposing party will tailor his evidence accordingly.

EXAMINATION FOR DISCOVERY                    **R. 31.06**

*Weisz v. Gist* (1986), 12 C.P.C. (2d) 190; additional reasons at 12 C.P.C. (2d) xlvi (Ont. Dist. Ct.)

The defendant was ordered to disclose information obtained from surveillance only after the discovery of the plaintiff was completed, in order to prevent the plaintiff from tailoring his discovery evidence.

*Calogero v. Tersigni* (1985), 49 O.R. (2d) 508, 48 C.P.C. 1 (H.C.)

The court permitted a defendant to withhold information resulting from surveillance of the plaintiff until after the plaintiff's examination for discovery. There was no valid reason why the plaintiff needed the information prior to his examination. The philosophy of complete disclosure for the purpose of trial would be served by disclosure after the plaintiff's discovery.

*Parro v. Mullock* (1982), 35 O.R. (2d) 168, 25 C.P.C. 273, 132 D.L.R. (3d) 65 (H.C.)

There must be a real likelihood of a tailoring of evidence before the court will order that a party not be advised before being examined for discovery of evidence given by another party on a previous examination for discovery.

### *Scope of Examination - Surveillance Information*

*Evans v. Jenkins* (2003), 2003 CarswellOnt 463, 29 C.P.C. (5th) 299 (S.C.J.)

Where one defendant who had surveillance videos of the plaintiff entered into a *Mary Carter* agreement with the plaintiff, a second defendant was permitted to use the surveillance videos at trial.

*Walker v. Woodstock District Chamber of Commerce* (2001), 2001 CarswellOnt 113, 142 O.A.C. 53, 7 C.P.C. (5th) 176 (Div. Ct.)

A party must disclose particulars of surveillance even if the surveillance is intended only to impeach the testimony of a witness.

*Murray v. Woodstock General Hospital Trust* (1988), 66 O.R. (2d) 129, 30 C.P.C. (2d) 268, 31 O.A.C. 153 (Div. Ct.)

The defendant in a personal injury action was obliged to provide details of surveillance, including (1) dates, times and precise locations, (2) particulars of the activities and observations made, and (3) the names and addresses of the persons who conducted the surveillance. The documentation itself remained privileged.

*Maggio v. Lopes* (1988), 29 C.P.C. (2d) 284 (Ont. Master)

The court refused to order a defendant to provide full particulars of surveillance already conducted and to be conducted of the plaintiff. Some of the information was privileged.

*Patterson v. Wilkinson* (1988), 28 C.P.C. (2d) 250 (Ont. H.C.)

The defendant was required to disclose to the plaintiff that surveillance-related documents existed, and the dates thereof and the names and addresses of possible witnesses in relation to them. The court refused to order disclosure of any further details.

*Weiss v. Machado* (1988), 65 O.R. (2d) 201, 28 C.P.C. (2d) 1 (H.C.)

The defendant in a personal injury action was required to disclose whether surveillance had been undertaken and, if undertaken, to disclose the time, place and method of surveillance, plus provide a brief synopsis of the relevant observations.

*Sacrey v. Berdan* (1986), 10 C.P.C. (2d) 15 (Ont. Dist. Ct.)

The defendant was required to provide information with respect to surveillance including the times and precise locations of observations of the plaintiff and everything the investigator observed on each occasion. Photographs or moving pictures taken during the course of surveillance should be set out in the affidavit of documents.

**R. 31.06**          RULES OF CIVIL PROCEDURE

*Nolan v. Grant* (1986), 54 O.R. (2d) 702, 8 C.P.C. (2d) 253 (H.C.)

A party who has taken surveillance film is obliged to disclose when, where and by whom the film was taken, the activities filmed and any other material information relating to the filming but need not provide a running account of everything on the film.

*Niederle v. Frederick Transport Ltd.* (1985), 50 C.P.C. 135 (Ont. H.C.)

The court ordered a defendant at the outset of trial to disclose information regarding surveillance films taken of the plaintiff.

### Scope of Examination - Names of Witnesses - rule 31.06(2)

*Cadillac Fairview Corp. v. Standard Parking of Canada Ltd.* (2004), 2004 Carswell-Ont 63, 50 C.P.C. (5th) 72 (Master)

The court refused to permit the plaintiff to withhold the names of whistle blowers who provided information on which the action was based, but did impose certain terms regarding dissemination of the names.

*Bolender v. Ross Memorial Hospital* (2001), 9 C.P.C. (5th) 286, 2001 CarswellOnt 1211 (Master)

The court ordered the defendant hospital to provide the names and addresses of certain non-party hospital patients who might reasonably have knowledge of events in issue.

*Ribeiro v. Metropolitan Toronto Police* (2001), 2001 CarswellOnt 111, 11 C.P.C. (5th) 296 (Div. Ct.)

There is no power to order the disclosure of the name of a police informant at the discovery stage.

*Hogan v. Great Central Publishing Ltd.* (1994), 16 O.R. (3d) 808, 111 D.L.R. (4th) 526 (Gen. Div.)

In a libel action brought against a magazine, the defendant was ordered to disclose the names and addresses of the writers, editors, and publisher of the article in question. The information was relevant, the magazine had actively strived to maintain anonymity, and the plaintiff had been unsuccessful in attempting to obtain this information.

*Lukas v. Lawson* (1993), 13 O.R. (3d) 447, 19 C.P.C. (3d) 238 (Master)

In general a solicitor cannot withhold the name of a client on whose behalf he receives, pays, or holds money if the identity of that client becomes relevant in a legal proceeding. A solicitor was obliged to divulge the name and address of a client who might reasonably be expected to have known of the mortgage transaction in question.

*Tax Time Services Ltd. v. National Trust Co.* (1991), 3 O.R. (3d) 44 (Gen. Div.)

Where oral summaries of the substance of the evidence of potential witnesses have been obtained through extensive cross-examination, the examining party is not also entitled to written summaries.

*Dionisopoulos v. Provias* (1990), 71 O.R. (2d) 547, 45 C.P.C. (2d) 116 (H.C.)

A party being examined for discovery need not provide a list of persons to be called as witnesses at trial but must provide the names and addresses of persons who might have knowledge of the matters in issue and, if requested, a summary of their evidence.

*Wyse v. Ontario Hydro* (1987), 21 C.P.C. (2d) 275 (Ont. Master)

On examination for discovery, the names and addresses of witnesses are to be disclosed if asked, but a summary of each witness' knowledge need not be disclosed.

*Blackmore v. Slot All Ltd.* (1985), 18 C.P.C. (2d) 181 (Ont. H.C.); leave to appeal refused 21 C.P.C. (2d) xlvii

The name and address of a witness must be disclosed, as well as a summary of the evidence that the witness is expected to give.

EXAMINATION FOR DISCOVERY                    **R. 31.06**

*Dudulski v. Kingston Gen. Hospital* (1987), 59 O.R. (2d) 520, 16 C.P.C. (2d) 122
  (Master)

The court declined to order the plaintiff to disclose the name of a nurse employed by
the defendant who alerted the plaintiff to the possibility that there had been negligent
treatment. The plaintiff had provided the defendant with all information on which the
claim was based and the nurse would not be called by the plaintiff as a witness at trial.

*Temoin v. Stanley* (1986), 12 C.P.C. (2d) 69 (Ont. Dist. Ct.); reversed in part on other
  grounds  (1987), 7 W.D.C.P. 71 (Ont. H.C.)

A party is obliged to divulge the names and addresses of those individuals who might
reasonably be expected to have knowledge of the transactions or occurrences in issue
regardless of whether the party plans to call those individuals as witnesses at trial.

*Breivik, Scorgie, Wasylko v. Great Atlantic & Pacific Co. of Can.* (1987), 58 O.R. (2d)
  794, 17 C.P.C. (2d) 81 (H.C.)

The court ordered a party to provide the names and addresses of all witnesses to be
called at trial and a short statement of the substance of their evidence.

*Papaefthimiou v. Oberman* (1986), 9 C.P.C. (2d) 138 (Ont. Dist. Ct.)

The duty to advise of names and addresses of witnesses extends to issues of damages,
and not of liability only.

*Nolan v. Grant* (1986), 54 O.R. (2d) 702, 8 C.P.C. (2d) 253 (H.C.)

The court refused to require the defendant to provide the names and addresses of every-
one interviewed during an investigation by the defendant where the defendant did not
intend to rely upon the interviews at trial.

*Williams v. David Brown Gear Industries Inc.* (1986), 14 C.P.C. (2d) 227 (Ont. H.C.)

A party need not identify witnesses to be called at trial and state the substance of the
testimony to be elicited from each.

### Scope of Examination - Expert Opinions - rule 31.06(3)

*LeCocq Logging Inc. v. Hood Logging Equipment Canada Inc.* (2005), 14 C.P.C. (6th)
  287, 2005 CarswellOnt 2303 (S.C.J.)

Litigation privilege does not extend to an expert's notes once privilege in the report has
been waived.

*Browne (Litigation Guardian of) v. Lavery* (2002), 2002 CarswellOnt 496, 58 O.R.
  (3d) 49, 37 C.C.L.I. (3d) 86, 18 C.P.C. (5th) 241, [2002] O.J. No. 564 (S.C.J.)

Where a defence expert report referred to an earlier defence expert report, which had
not been produced, the court ordered production of the earlier report. The term "find-
ings" should be given a broad interpretation. Moreover, privilege had been waived by
permitting the plaintiff's counsel to interview the author of the earlier report.

*Ontario (Attorney General) v. Ballard Estate* (1994), (sub nom. *Ballard Estate, Re)* 20
  O.R. (3d) 189 (Ont. Gen. Div. [Commercial List]); additional reasons (December
  14, 1995), Doc. B217/94 (Ont. Gen. Div. [Commercial List])

In general "finding" means the information and data obtained by the expert, contained
in documents or obtained through interviews, on the basis of which conclusions are
drawn and an opinion formed.

*DeRidder v. DeVries* (1995), 6 W.D.C.P. (2d) 377 (Ont. Gen. Div.)

The court refused to order the defendant to disclose facts obtained and observations
made by the defendant's expert where the defendant undertook not to call the expert as
a witness.

**R. 31.06**            RULES OF CIVIL PROCEDURE

*Award Developments (Ontario) Ltd. v. Novoco Enterprises Ltd.* (1992), 10 O.R. (3d) 186 (Gen. Div.)

The words "findings, opinions and conclusions" in rule 31.06(3) are broad enough to include the field notes, raw data and records made and used by the expert in preparing its report.

*Allen v. Oulahen* (1992), 10 O.R. (3d) 613 (Master)

The word "findings" in rule 31.06(3) includes all the factual information that an expert relies upon in arriving at its opinions and conclusions, including research, documents, calculations and factual data.

*Sandhu (Litigation Guardian of) v. Ontario* (1990), 49 C.P.C. (2d) 298 (Ont. Gen. Div.)

The court ordered a defendant in this products liability case to answer questions relating to expert opinion which were not hypothetical and included mixed fact and opinion.

*Kaptsis v. Macias* (1990), 74 O.R. (2d) 189, 44 C.P.C. (2d) 285 (H.C.)

A party was not obliged to produce experts' clinical notes and records where the experts' reports contained their findings.

*Cheaney v. Peel Memorial Hospital* (1990), 73 O.R. (2d) 794, 44 C.P.C. (2d) 158 (Master)

Rule 31.06(3) is not restricted to final findings, opinions and conclusions of experts nor to written reports; it requires disclosure of any finding, opinion or conclusion of an expert that is expressed in a sufficiently coherent manner that it can be used by counsel.

*Cacic v. O'Connor* (1990), 71 O.R. (2d) 751, 42 C.P.C. (2d) 266 (H.C.)

The court ordered production of raw data and test scores used in formulating opinions set out in the report of a neuropsychologist; the raw test data were part of the "findings" of that expert.

*Kelly v. Kelly* (1990), 42 C.P.C. (2d) 181 (Ont. U.F.C.)

Preliminary drafts of a report prepared by an expert witness for the purpose of litigation are not "findings, opinions and conclusions of the expert" within the meaning of rule 31.06(3) and are privileged.

*Beck v. La Haie* (1989), 38 C.P.C. (2d) 67 (Ont. Master)

The court reviewed the law relating to the scope of rule 31.06(3) and concluded that raw test data resulting from psychological testing in a personal injury action were discoverable as part of the "findings" of an expert.

*Athabaska Airways Ltd. v. De Havilland Aircraft of Can. Ltd.* (1988), 34 C.P.C. (2d) 298 (Ont. H.C.)

The plaintiff was entitled to further examination for discovery on certain technical calculations which had been appended to the defendant's expert report. An employee of the defendant had made the calculations, and they could not be insulated from examination by inclusion in the expert's report.

*Metropolitan Toronto Condominium Corp. No. 555 v. Cadillac Fairview Corp.* (1988), 29 C.P.C. (2d) 110 (Ont. Master)

The notes and records on which an expert's report is based are privileged, and the privilege is not waived by production of the expert's report.

*Grant v. St. Clair Region Conservation Authority* (1985), 52 O.R. (2d) 729, 5 C.P.C. (2d) 281, 23 D.L.R. (4th) 137, 34 L.C.R. 70, 11 O.A.C. 232 (Div. Ct.)

The court ordered production of an appraisal report obtained by an expropriating authority to meet a statutory obligation. The report was not obtained solely for litigation and therefore was not privileged under rule 31.06(3).

**R. 31.06**

*Leerentveld v. McCulloch* (1985), 4 C.P.C. (2d) 26 (Ont. Master)

Only the findings, opinions and conclusions of an expert, and not his report, need be disclosed at the discovery stage. There is no conflict between this provision and rule 53.03.

*Flavelle v. T.T.C.* (1985), 49 C.P.C. 209 (Ont. Dist. Ct.)

Where the plaintiff's psychiatrist was not going to be called at trial to give evidence, production of his report was refused since the plaintiff had brought himself within rule 31.06(3). Ordering production under rule 33.04(2)(b) would be to emasculate rule 31.06(3).

*Singh v. Hooper* (1983), 34 C.P.C. 218 (Ont. Master)

If a physician is consulted for advice or treatment of the plaintiff's injuries, his name, date of consultation, findings, diagnosis and prognosis must be disclosed. If he is consulted *solely* for opinions and evidence for use in the action, then his name, date of consultation, date of reports and identity of persons to whom the report was sent need be disclosed. [*But see now rule 31.06(3) - Authors.*]

*Malofy v. Andrew Merrilees Ltd.* (1982), 37 O.R. (2d) 711, 28 C.P.C. 284 (Div. Ct.)

The plaintiff was ordered to provide the findings, diagnosis and prognosis with respect to each medical examination relating to his injuries.

*Chiarello v. Provenzano* (1982), 36 O.R. (2d) 321, 28 C.P.C. 232 (Master)

The plaintiff was ordered to disclose the names of the doctors who treated him, their specialties, the complaints made, the diagnosis and prognosis, and the results of the examinations, although not with respect to doctors who the plaintiff saw purely for the purposes of preparing the action and not for obtaining treatment. [*But see now rule 31.06(3) - Authors.*]

### Scope of Examination - Insurance Matters - rule 31.06(4)

*Seaway Trust Co. v. Markle*, 11 C.P.C. (3d) 62, [1992] I.L.R. 1-2885 (Ont. Gen. Div.)

The examining party is entitled to full disclosure of the terms of any agreement, understanding, notice or position taken, written or oral, which may affect the availability of insurance proceeds. The witness was obliged to answer, *inter alia*, whether the insurer had denied liability and, if so, on what basis.

*D'Amore Construction (Windsor) Ltd. v. Ontario (No. 1)*, 57 O.R. (2d) 62, 12 C.P.C. (2d) 174, 21 C.L.R. 109, [1986] I.L.R. 1-2111 (H.C.)

A party is required to disclose the existence and actual terms of an insurance policy, but is not required to advise as to the amount of funds available under the policy at any given time.

*K Mart Can. Ltd./K Mart Can. Ltée v. Millmink Devs Ltd.*, 56 O.R. (2d) 422, 24 C.C.L.I. 139, 11 C.P.C. (2d) 243, 31 D.L.R. (4th) 135, [1986] I.L.R. 1-2114 (H.C.)

Rules 30.02(3) and 31.06(4) are not contrary to the provisions of the *Canadian Charter of Rights and Freedoms*.

*Guarantee Co. of North America v. Morris, Burk, Lubursky, David & Kale* (1985), 50 C.P.C. 122 (Ont. Master); affirmed 50 C.P.C. 122 at 125 (Ont. H.C.)

The court refused to order a defendant to disclose whether the action was being defended pursuant to a non-waiver agreement or to disclose other information regarding dealings between the defendant and its putative insurer.

**R. 31.06**                    RULES OF CIVIL PROCEDURE

### Scope of Examination - Examples

*Fortunato v. Toronto Sun* (2001), 55 O.R. (3d) 371, 2001 CarswellOnt 2800, 14 C.P.C. (5th) 77 (S.C.J.)

Once the plaintiff withdrew his lost income claim, the court held that the plaintiff's financial documents were no longer relevant and did not have to be disclosed, despite his undertaking to do so at his examination for discovery.

*Beber v. Bloch* (2000), 48 C.P.C. (4th) 153, 2000 CarswellOnt 2969, [2000] O.J. No. 3142 (S.C.J.)

In a medical malpractice case the court refused to permit the plaintiff to question the defendants about another patient whom the plaintiff alleged suffered similar medical complications.

*Field (Litigation Guardian of) v. Peterborough Civic Hospital* (2000), 46 C.P.C. (4th) 95, 2000 CarswellOnt 365, [2000] O.J. No. 393 (S.C.J.); leave to appeal refused (May 12, 2000), Doc. 214/2000, 2000 CarswellOnt 1563, [2000] O.J. No. 1665 (Div. Ct.)

In this personal injury action the plaintiffs were ordered to answer questions which were relevant to a limitations defence raised in the statement of defence.

*King v. Kennedy* (1999), 42 C.P.C. (4th) 169, 1999 CarswellOnt 1570 (S.C.J.)

In this personal injury action against a tavern owner and others, the plaintiff was required to answer questions concerning his history of alcohol consumption.

*Gauthier v. Solomon* (1999), 42 C.P.C. (4th) 129, 1999 CarswellOnt 2261 (Master)

Where the plaintiff alleged that the defendant bank induced him to invest his money with the defendant broker, the bank was ordered to answer questions regarding its other customers' dealings with broker.

*CPC International Inc. v. Seaforth Creamery Inc.* (1996), 49 C.P.C. (3d) 382 (Ont. Gen. Div.)

On the plaintiff's motion for a confidentiality order requiring the defendants to disclose their trade secrets before the plaintiffs were required to disclose their own trade secrets, the court granted the motion but held that disclosure was not to be broader, in terms of content and number of recipients, than was necessary to adjudicate the issues. The court's discretion was to be exercised against disclosure of trade secrets where the probative value of such disclosure was clearly outweighed by the adverse effect which disclosure could have.

*Air Canada v. McDonnell Douglas Corp.* (1995), 23 O.R. (3d) 156 (Gen. Div.)

Where the plaintiff was ordered to produce two representatives for examination for discovery as experts in their respective fields, the court held that examining counsel could not ask questions of the one which he forgot to ask of the other.

*Heyduk v. Love* (1993), 18 C.P.C. (3d) 387 (Ont. Master)

The court ordered a witness attending for discovery to answer the question: "Before coming in here today, did you review any statements that you may have made to assist you in refreshing your memory?" The question had sufficient relevance to permit it to be answered.

*Scrafton v. Johnson Controls Ltd.* (1992), 15 C.P.C. (3d) 63 (Ont. Master)

Where a privileged document had been produced in error, the court refused to order discovery questions about the document to be answered.

*Soulos v. Korkontzilas* (1990), 1 O.R. (3d) 625 (Gen. Div.); leave to appeal refused 1 O.R. (3d) 625n (Gen. Div.)

Since disgorgement of property acquired in breach of fiduciary duty is a discretionary remedy, the plaintiff was obliged to answer questions relating to damages even though the alternative claim for damages had been abandoned by the plaintiff.

EXAMINATION FOR DISCOVERY    **R. 31.06**

*Four Embarcadero Center Venture v. Kalen* (1988), 65 O.R. (2d) 551, 27 C.P.C. (2d) 260 (H.C.)

The merits of a foreign judgment are irrelevant to an action for its enforcement in Ontario. Only issues relating to the foreign procedure are discoverable.

*Curzon v. Waterloo County Bd. of Education* (1987), 10 W.D.C.P. 144 (Ont. H.C.)

The defendant in this slip and fall case was not required to answer questions as to whether the sidewalk was repaired, replaced or cleaned after the accident where such information would require review of thousands of documents.

*Lapierre v. Scarborough Centenary Hospital Assn.* (1986), 8 C.P.C. (2d) 262 (Ont. H.C.)

The court refused to require the witness to answer a hypothetical and vague question but permitted the examining party to submit a written clarified question on the same subject.

*Devaux v. Extendicare Ltd.* (1985), 50 C.P.C. 69 (Ont. Master)

The defendant was required to answer questions about its assets and income where the plaintiff asserted a claim for punitive or exemplary damages. The means of the defendant is relevant in assessing the quantum of damages.

*Guttman v. Wilson* (1985), 49 O.R. (2d) 279, 47 C.P.C. 121 (Ont. H.C.)

The court required a husband claiming damages under s. 60 of the *Family Law Reform Act* to answer questions regarding his wife's pre-accident physical and emotional condition.

*Daunheimer v. Queensway Auto Body Ltd.* (1984), 43 C.P.C. 52 (Ont. H.C.)

A party was ordered to re-attend and listen to and identify voices on a tape recording.

*Mahaney v. State Farm Fire & Casualty Co.* (1983), 44 O.R. (2d) 163, 38 C.P.C. 119 (H.C.)

The court ordered the plaintiff to disclose information regarding a polygraph test taken by the plaintiff.

*Gorin v. Ho* (1983), 38 C.P.C. 72 (Ont. Master)

In a medical malpractice case the plaintiff must inform himself and answer questions regarding the standard of care which the defendant ought to have met.

*Meilleur v. U.N.I.-Crete Canada Ltd.* (1982), 30 C.P.C. 80 (Ont. H.C.)

In an action for personal injuries caused by the defendant's product, questions concerning the chemical composition of the product were proper, regardless of whether the information was obtained through an expert report. The witness had to inform himself concerning what information may have been given to the plaintiff's employer concerning safety. Questions concerning precautions taken after the accident and other prior accidents were allowed as going to the defendant's knowledge of the dangerous nature. Questions concerning subsequent accidents were refused.

*Ameis v. Lebovic* (1982), 30 C.P.C. 50 (Ont. Master)

Where the defendant purchaser pleaded his willingness to close in an action for breach of a real estate transaction, questions dealing with his attempts to sell his own house were permitted, although they went to his motive.

*Trans Border Plastics Ltd. v. Leavens Air Charter Ltd.* (1982), 36 O.R. (2d) 731, 29 C.P.C. 213; affirmed 38 O.R. (2d) 307 (H.C.)

In this products liability action, an airplane manufacturer was ordered to produce records relating to defects in aircraft of the same model built prior to the aircraft in question, and to answer questions arising from the documents.

**R. 31.06**        RULES OF CIVIL PROCEDURE

*Boushy v. Sarnia Gazette Publishing Co.* (1980), 30 O.R. (2d) 667, 117 D.L.R. (3d) 171 (H.C.)

In a libel action where malice was in issue, the court required the defendant to answer questions as to whether at the time of publication he honestly believed that statements in certain newspaper articles were true.

*Agnew v. O'Callaghan* (1980), 18 C.P.C. 258 (Ont. H.C.)

In a libel action, where the defence of fair comment was pleaded, questions as to the belief of the defendant were ordered to be answered.

*Drabinsky v. Maclean-Hunter Ltd.* (1980), 28 O.R. (2d) 23, 16 C.P.C. 280, 108 D.L.R. (3d) 391 (H.C.)

Where the defences of privilege and fair comment were pleaded in a libel action, a reporter was not required to disclose his sources or produce his notes.

*Re Kras and Sardo* (1979), 26 O.R. (2d) 785, 12 R.F.L. (2d) 188 (U.F.C.)

The putative father in a paternity action was required to disclose the names of the other persons with whom he alleged the applicant had sexual relations.

*Burt v. Burt* (1979), 27 O.R. (2d) 163, 13 C.P.C. 341, 11 R.F.L. (2d) 143, 105 D.L.R. (3d) 702 (H.C.)

In a divorce action, a party is examinable as to the financial affairs of wholly-owned corporations.

*Peterborough County v. Craig* (1978), 14 C.P.C. 45 (Ont. Master)

Where the plaintiff's action for negligent design was based entirely on certain calculations, the defendant was entitled to obtain all the underlying information, assumptions and judgments for those calculations on discovery.

*Young-Warren Food Brokerage Ltd v. Uniline Corp.* (1978), 19 O.R. (2d) 332, 6 C.P.C. 45 (Master)

A corporate officer being examined on behalf of the defendant corporation was required to answer questions relating to events prior to the incorporation of the defendant, during which time he had been an employee of the parent corporation.

*Kelly v. Lumley* (1977), 3 C.P.C. 231 (Ont. H.C.)

In this motor vehicle action, a party was ordered to answer questions as to intoxication although there was no such specific allegation.

*Gnys v. Stansfield* (1975), 11 O.R. (2d) 642 (Master)

Where the defence of justification is pleaded in a defamation action, discovery is restricted to facts specifically pleaded.

*Howpet Realty v. Simpsons Ltd.*, [1973] 3 O.R. 64 (H.C.)

An architect was required to answer the question whether certain premises were "in good and substantial repair" notwithstanding that it was the fundamental issue in the suit; the factual nature of the question and the expertise of the witness made the question proper.

*Spatafora v. Wiebe*, [1973] 1 O.R. 93 (H.C.)

Questions regarding the observations of investigators watching a party and conclusions based thereon were held to be proper.

*Re Silverhill Realty Holding Ltd. and Min. of Highways for Ont.*, [1968] 1 O.R. 357 (C.A.)

Discussion of examinations for discovery in expropriation proceedings.

*Steinberg v. Regent Const. Co.*, [1966] 2 O.R. 864 (H.C.)

A defendant may not question a plaintiff about the injuries to a co-plaintiff if such injuries are not relevant to the issues between the defendant and the first-mentioned plaintiff.

*Re Akiba Invts. Ltd.*, [1963] 1 O.R. 513; affirmed without written reasons [1963] 1 O.R. 517n (C.A.)

Questions regarding the conduct of the controlling shareholder of a corporation, from which the intention of the corporation may be inferred, are proper.

*Miller v. Coleman*, [1959] O.W.N. 298 (Master)

In a personal injury case, questions regarding the plaintiff's previous health or injuries are proper, but questions regarding previous accidents are not.

*Mills v. Toronto*, [1955] O.W.N. 671 (Master)

The plaintiff was required to state what steps the defendant should have taken to avoid the accident in question.

### Scope of Examination - Divided Discovery - rule 31.06(6)(See also cases under rule 30.04.)

*Carpenter v. Amherstburg Police Services Board* (2003), 39 C.P.C. (5th) 155, 2003 CarswellOnt 3010, [2003] O.J. No. 3101 (Master)

After discoveries were held, the court refused to bifurcate the trial of liability and damages issues in this wrongful death action.

*General Refractories Co. of Canada Ltd. v. Venturedyne Ltd.* (2001), 2001 CarswellOnt 613, 6 C.P.C. (5th) 329, [2001] O.J. No. 746 (S.C.J.)

Generally a litigant has a right to have all issues resolved in one trial. The court refused to sever the issue of whether Ontario or Illinois law applied from the other issues.

*Duffy v. Gillespie* (1997), 36 O.R. (3d) 443, 17 C.P.C. (4th) 91, 105 O.A.C. 283, 155 D.L.R. (4th) 461 (Ont. Div. Ct.)

The court may not sever the trial of the issues of liability and damages where a jury notice is outstanding. It is an error to split a trial based on the impecuniousity of the plaintiff.

*Kinbauri Gold Corp. v. Iamgold International African Mining Gold Corp.* (1995), 43 C.P.C. (3d) 128 (Ont. Gen. Div.)

The court divided discovery of liability and damage issues where failure to do so could have caused serious prejudice to the defendant.

*McKinlay Transport Ltd. v. Motor Transport Industrial Relations Bureau of Ontario (Inc.)* (1995), 37 C.P.C. (3d) 147 (Ont. Gen. Div.)

Where a single trial on all issues would result in a tremendous cost being imposed on a group of litigants at least some of whom might not be found liable, the court allowed the defendants' motion to sever the issue of damages from the issue of liability.

*Allianz Life Insurance Co. of North America v. C.S.T. Foundation-Fondation C.S.T.* (1995), 43 C.P.C. (3d) 6 (Ont. Gen. Div.)

The court refused to divide discovery of liability and damage issues where there was no prejudice to the defendant and there was no clear efficiency in splitting the proceeding.

*Johnson v. Johnson* (1986), 8 C.P.C. (2d) 243, 50 R.F.L. (2d) 167 (Ont. Master)

The court divided discovery in a divorce action to defer disclosure of financial information.

**R. 31.06**   RULES OF CIVIL PROCEDURE

*MacEachern v. McDougall* (1981), 32 O.R. (2d) 193 (H.C.)

The court refused to divide discovery with respect to a subject which in one sense would relate to a consequential issue, but would also enable the plaintiff to endeavour to establish his right at trial.

*Caddy Market Services Ltd. v. Naylor* (1979), 10 C.P.C. 99 (Ont. H.C.)

The court permitted the separation of issues concerning liability from those concerning damages where the allegation was breach of an employment contract and there was a real possibility of irreparable harm.

*Stermac v. Mandelbaum* (1978), 8 C.P.C. 187 (Ont. Div. Ct.)

An order to withhold information was refused where the questions objected to related to basic threshold issues, as well as consequential issues, and could not be separated.

*Maynard's Industrial Auctioneers & Appraisers Ltd. v. Commercial Indust. Auctioneers Ltd.* (1977), 17 O.R. (2d) 745; leave to appeal to Div. Ct. refused 17 O.R. (2d) at 750n (H.C.)

Factors favouring an order for consequential discovery include serious doubt that the plaintiff will succeed on the primary issue, harm to the defendant resulting from disclosure of matters relating to the secondary issue, and undue oppression of the defendant. The modern trend is to avoid consequential discovery.

*Alsop v. Alsop* (1976), 13 O.R. (2d) 435, 26 R.F.L. 112 (C.A.)

Discovery should be divided only in the clearest of cases since the effect is to deprive the litigants of their normal procedural rights.

*Minshall v. Minshall* (1974), 4 O.R. (2d) 319, 15 R.F.L. 129 (H.C.)

In considering whether information regarding quantum should be withheld the court should consider the relative strength of the plaintiff's case and the bulk and detailed nature of the matters involved in the quantum issue.

*Bean v. Bean*, [1972] 2 O.R. 23 (Master)

Discovery on the question of quantum of maintenance and alimony in a divorce proceeding was postponed until the question of entitlement was determined.

*Peters v. Peters*, [1971] 2 O.R. 246, 5 R.F.L. 177 (H.C.)

The court refused to allow the withholding of information regarding quantum pending the resolution of an entitlement question where discovery on all issues may have assisted in determining the credibility of the parties.

## FAILURE TO ANSWER ON DISCOVERY

### Failure to Answer Questions

**31.07 (1) A party, or a person examined for discovery on behalf of or in place of a party, fails to answer a question if,**

 **(a) the party or other person refuses to answer the question, whether on the grounds of privilege or otherwise;**

 **(b) the party or other person indicates that the question will be considered or taken under advisement, but no answer is provided within 60 days after the response; or**

 **(c) the party or other person undertakes to answer the question, but no answer is provided within 60 days after the response.**

### Effect of Failure to Answer

**(2) If a party, or a person examined for discovery on behalf of or in place of a party, fails to answer a question as described in subrule (1), the party may**

not introduce at the trial the information that was not provided, except with leave of the trial judge.

*Additional Sanction*

(3) The sanction provided by subrule (2) is in addition to the sanctions provided by rule 34.15 (sanctions for default in examination).

*Obligatory Status of Undertakings*

(4) For greater certainty, nothing in these rules relieves a party or other person who undertakes to answer a question from the obligation to honour the undertaking.

O. Reg. 504/00, s. 4; 260/05, s. 7

*Case Law*

[*Note: See rule 53.08 regarding leave to admit such evidence at trial — Authors.*]

*Towne v. Miller* (2001), 56 O.R. (3d) 177, 2001 CarswellOnt 3828 (S.C.J.)

A party who has given an undertaking to produce a document may not later withhold disclosure on the ground of irrelevance.

*Capital Distributing Co. v. Blakey* (1997), 33 O.R. (3d) 58, 10 C.P.C. (4th) 109, 147 D.L.R. (4th) 372 (Ont. Gen. Div.)

Where an answer is corrected, both the original and corrected answers are admissible. The original answer is not expunged.

*Snelgrove v. Steinberg Inc.* (1995), 85 O.A.C. 365 (C.A.)

The court held that where a question on discovery was a proper question and an answer was not forthcoming, in order to invoke rule 31.07 no request for an undertaking was necessary, nor was it necessary to bring a motion to compel an answer.

## EFFECT OF COUNSEL ANSWERING

**31.08 Questions on an oral examination for discovery shall be answered by the person being examined but, where there is no objection, the question may be answered by his or her counsel and the answer shall be deemed to be the answer of the person being examined unless, before the conclusion of the examination, the person repudiates, contradicts or qualifies the answer.**

*Case Law*

*Kay v. Posluns* (1989), 71 O.R. (2d) 238 (H.C.); additional reasons (February 1, 1991), Doc. No. Toronto 26686/88 (Gen. Div.)

Counsel for a witness being examined for discovery may not answer a question for the witness, unless there is no objection, even if the witness's answer is wrong. The witness's counsel may re-examine to try to correct the answer or may correct the answer after completion of the examination pursuant to rule 31.09.

*Eastcott v. Ruddy* (1986), 9 C.P.C. (2d) 147 (Ont. H.C.)

An examining party is entitled to insist that a deponent inform herself from her solicitor and give the answer as part of her own sworn testimony, rather than simply adopt counsel's answers.

## INFORMATION SUBSEQUENTLY OBTAINED

*Duty to Correct Answers*

**31.09 (1) Where a party has been examined for discovery or a person has been examined for discovery on behalf or in place of, or in addition to the**

**R. 31.09**          RULES OF CIVIL PROCEDURE

party, and the party subsequently discovers that the answer to a question on the examination,

(a) was incorrect or incomplete when made; or

(b) is no longer correct and complete,

the party shall forthwith provide the information in writing to every other party.

*Consequences of Correcting Answers*

(2) Where a party provides information in writing under subrule (1),

(a) the writing may be treated at a hearing as if it formed part of the original examination of the person examined; and

(b) any adverse party may require that the information be verified by affidavit of the party or be the subject of further examination for discovery.

*Sanction for Failing to Correct Answers*

(3) Where a party has failed to comply with subrule (1) or a requirement under clause (2)(b), and the information subsequently discovered is,

(a) favourable to the party's case, the party may not introduce the information at the trial, except with leave of the trial judge; or

(b) not favourable to the party's case, the court may make such order as is just.

*Case Law*

[*Note: See rule 53.08 regarding leave to admit such evidence at trial — Authors.*]

*Capital Distributing Co. v. Blakey* (1997), 33 O.R. (3d) 58, 10 C.P.C. (4th) 109, 147 D.L.R. (4th) 372 (Gen. Div.)

Where an answer is corrected, both the original and corrected answers are admissible. The original answer is not expunged.

*Snelgrove v. Steinberg Inc.* (1995), 85 O.A.C. 365 (C.A.)

The court ordered a new trial where the defendant had not given the plaintiff proper discovery. The breaches were flagrant and continuing and resulted in substantial prejudice to the plaintiff.

*Christie Corp. v. Alvarez* (1994), 34 C.P.C. (3d) 92 (Ont. Gen. Div.)

The court refused to order a party to re-attend and answer questions arising out of written answers to undertakings where it would serve no useful purpose to do so.

*Quabbin Hill Investments Inc. v. Rowntree* (1993), 19 C.P.C. (3d) 113 (Ont. Gen. Div.)

Rule 31.09 does not require correction of incorrect inferences drawn by the examining party.

*Machado v. Pratt & Whitney Canada Inc.* (1993), 17 C.P.C. (3d) 340 (Ont. Master); leave to appeal refused 16 O.R. (3d) 250, 23 C.P.C. (3d) 115 (Gen. Div.)

The propriety of purported corrections of discovery answers is a matter for the trial judge and should not be determined by way of interlocutory motion to strike out the corrections.

*Baron v. Nguyen* (1991), 3 C.P.C. (3d) 67 (Ont. Gen. Div.)

Where medical reports produced after discovery indicated that the plaintiff's condition had worsened, the court permitted the defendants to have further discovery pursuant to rule 31.09(2)(b).

766

EXAMINATION FOR DISCOVERY                     **R. 31.10**

*Cheaney v. Peel Memorial Hospital* (1990), 73 O.R. (2d) 794, 44 C.P.C. (2d) 158
  (Master)

A motion to compel production of expert reports which was dismissed because no re-
ports existed yet is not *res judicata* so as to obviate the requirement for continuing
disclosure under rule 31.09.

*Burke v. Gauthier* (1987), 24 C.P.C. (2d) 281 (Ont. H.C.)

In the absence of a prior written correction, a party was not permitted to introduce
evidence at trial which was very different from the evidence given by the same party at
discovery.

*Mann v. Wadhera* (1987), 19 C.P.C. (2d) 20 (Ont. H.C.)

The court ordered the defendant to answer questions regarding information about the
plaintiff's credibility where such information had not been disclosed on discovery in
response to a question as to facts being relied on with respect to either liability or
damages. The plaintiff's credibility is usually relevant to liability or damages.

*Gorin v. Ho* (1983), 38 C.P.C. 72 (Ont. Master)

An injured plaintiff has a duty to undertake to provide medical opinions received fol-
lowing the examination for discovery.

*Ont. Bean Producers' Marketing Bd. v. W.G. Thompson & Sons Ltd.; W.G. Thompson
  & Sons Ltd. v. Ont. Bean Producers' Marketing Bd.* (1982), 35 O.R. (2d) 711,
  134 D.L.R. (3d) 108, 27 C.P.C. 1 (Div. Ct.)

A single request for after-acquired information in respect of matters as to which ques-
tions have been put is proper.

*Bowen v. Klassen* (1980), 30 O.R. (2d) 15, 17 C.P.C. 80, 115 D.L.R. (3d) 167 (H.C.)

Where a party refuses an examination to undertake to furnish information subsequently
obtained, the court will order his re-attendance to give such an undertaking.

*Ohl v. Cannito*, [1972] 2 O.R. 763, 26 D.L.R. (3d) 556 (H.C.)

A party was required to give an undertaking to disclose facts coming to his attention in
the future.

## DISCOVERY OF NON-PARTIES WITH LEAVE

### *General*

**31.10 (1) The court may grant leave, on such terms respecting costs and
other matters as are just, to examine for discovery any person who there is
reason to believe has information relevant to a material issue in the action,
other than an expert engaged by or on behalf of a party in preparation for
contemplated or pending litigation.**

### *Test for Granting Leave*

**(2) An order under subrule (1) shall not be made unless the court is satis-
fied that,**

   **(a) the moving party has been unable to obtain the information from
   other persons whom the moving party is entitled to examine for discov-
   ery, or from the person the moving party seeks to examine;**

   **(b) it would be unfair to require the moving party to proceed to trial with-
   out having the opportunity of examining the person; and**

   **(c) the examination will not,**

      **(i) unduly delay the commencement of the trial of the action,**

      **(ii) entail unreasonable expense for other parties, or**

## R. 31.10    RULES OF CIVIL PROCEDURE

**(iii) result in unfairness to the person the moving party seeks to examine.**

*Costs Consequences for Examining Party*

**(3) A party who examines a person orally under this rule shall serve every party who attended or was represented on the examination with the transcript free of charge, unless the court orders otherwise.**

**(4) The examining party is not entitled to recover the costs of the examination from another party unless the court expressly orders otherwise.**

*Limitation on Use at Trial*

**(5) The evidence of a person examined under this rule may not be read into evidence at trial under subrule 31.11(1).**

#### Case Law

*Discovery of Non-Parties - Generally*

*Cowles v. Balac* (2004), 9 C.P.C. (6th) 326, 2004 CarswellOnt 4841 (S.C.J.)
The court refused to require the plaintiff's treating physician to be interviewed about the content of his consultation report.

*Buzzi v. Berger* (1998), 20 C.P.C. (4th) 360 (Ont. Gen. Div.)
The failure of counsel on discovery to volunteer information derived from a non-party was held to be constructive refusal thereby satisfying rule 31.10(2)(a).

*Famous Players Development Corp. v. Central Capital Corp.* (1991), 6 O.R. (3d) 765, 3 C.P.C. (3d) 286, 53 O.A.C. 185 (Div. Ct.)
In order to satisfy the test under rule 31.10(2)(a), there must be a refusal, actual or constructive, by the opposing party to obtain the information from the non-party.

*Lloyds Bank Canada v. Canada Life Assurance Co.* (1991), 47 C.P.C. (2d) 157 (Ont. Gen. Div.)
Where the non-party declined to meet with the solicitors for the moving parties, but did provide information through the solicitors for the responding party, the court refused to order a discovery. The test in rule 31.10(2)(a) had not been met.

*Duguay v. Devoe* (1988), 63 O.R. (2d) 499 (H.C.)
A physician who has *treated* the plaintiff may be ordered to be examined under rule 31.10. *Snively v. Schacher, infra,* disapproved.

*Rothwell v. Raes* (1986), 13 O.A.C. 60 (Div. Ct.)
The requirements of rule 31.10(2) are cumulative and all of them must be satisfied: the rule-makers established a number of preconditions so that the remedy could not easily be subjected to abuse: the onus is on the applicant to show that the requirements of the rule have been satisfied; to satisfy the second requirement it may be necessary to ask the person to be examined to supplement her initial response.

*D'Amore Construction (Windsor) Ltd. v. Ontario (No. 2)* (1986), 12 C.P.C. (2d) 178 (Ont. H.C.)
If a plaintiff has undertaken to make inquiries of a non-party, it must be given an opportunity to complete those inquiries before the defendant will be permitted to bring a motion to examine the non-party.

*Snively v. Schacher* (1986), 10 C.P.C. (2d) 38 (Ont. H.C.)
Discovery of a non-party was refused where the person to be examined was an expert retained by the plaintiff.

*Dalewood Investments Ltd. v. Canada Trust Co.* (1986), 9 C.P.C. (2d) 129 (Ont. H.C.); leave to appeal to Ont. Div. Ct. refused 9 C.P.C. (2d) 129 at 131

The court ordered discovery of a non-party who was a former employer of one of the parties notwithstanding that party's willingness to make inquiries to the non-party.

*Carleton Condo. Corp. No. 25 v. Shenkman Corp.* (1986), 9 C.P.C. (2d) 233 (Ont. Master)

To obtain an order to examine a non-party for discovery the moving party must show that it is unable to obtain the information possessed by the non-party *both* from the non-party *and* from persons it is entitled to examine.

### Discovery of Non-Parties - Examples

*Leadbeater v. Ontario* (2004), 70 O.R. (3d) 224, [2004] O.J. No. 1228, 2004 Carswell-Ont 1158 (S.C.J.); additional reasons at (June 21, 2004), Doc. 99-CV-173665CM, 2004 CarswellOnt 2536 (S.C.J.)

In this malicious prosecution action, the court granted the Crown leave to examine a non-party who had material evidence about the plaintiff's knowledge at the time of his prosecution.

*George v. Harris* (2003), 32 C.P.C. (5th) 134, 2003 CarswellOnt 80, 102 C.R.R. (2d) 316, [2003] O.J. No. 26 (S.C.J.); additional reasons at (April 29, 2003), Doc. 96-CU-99569, 2003 CarswellOnt 1710 (S.C.J.)

The Court dismissed the plaintiff's motion to declare unconstitutional all restrictions on public servants' ability to communicate with plaintiff's counsel. The plaintiff's remedy lay in the proper application of the rules, including rule 31.10.

*Huang v. Abitibi-Price Inc.* (1999), 35 C.P.C. (4th) 364, 1999 CarswellOnt 1558 (Master)

Where the information sought by the plaintiff was relevant and the plaintiff was unable to obtain the information from other sources, the court granted leave to examine a non-party for discovery.

*Hanson v. Finkelstein* (2000), 46 C.P.C. (4th) 147, 2000 CarswellOnt 638 (S.C.J.)

The court dismissed a motion to examine a non-party where the moving party had not tried to obtain the subject information from a party as required by rule 31.10(2)(a).

*Cameron v. Louden* (1998), 21 C.P.C. (4th) 244 (Ont. Master)

Where the plaintiff refused to produce her doctor's report at discovery and refused to contact her doctor, the court granted leave to examine the doctor.

*Transcon Recycling Inc. v. London Assurance* (1997), 14 C.P.C. (4th) 361 (Ont. Gen. Div.)

The court permitted the plaintiffs' solicitors' former law clerk to be examined regarding answers she prepared to the plaintiffs' undertakings, which were subsequently repudiated by the plaintiffs.

*Ontario (Attorney General) v. Ballard Estate* (1994), 33 C.P.C. (3d) 373, 20 O.R. (3d) 350 (Gen. Div. [Commercial List])

The court permitted the examination for discovery of a witness who appeared to have important evidence.

*Famous Players Development Corp. v. Central Capital Corp.* (1990), 1 O.R. (3d) 672, 46 C.P.C. (2d) 90 (Gen. Div.); affirmed (1991), 6 O.R. (3d) 765, 3 C.P.C. (3d) 286, 53 O.A.C. 185 (Gen. Div.)

The court refused to order discovery of a non-party who had co-operated by giving written answers to questions asked of the defendants. The level of difficulty, delay or expense so created amounted to inability to obtain relevant information from the non-party.

**R. 31.10**     RULES OF CIVIL PROCEDURE

*Microtel Ltd. v. Endless Electronics Distributors Inc.* (1988), 32 C.P.C. (2d) 85 (Ont. H.C.)

The court refused to permit discovery of a non-party where the plaintiff admitted to not having first attempted to obtain the information from the non-party voluntarily.

*College of Physicians & Surgeons of Ont. v. Morris* (1988), 28 O.A.C. 59 (Div. Ct.)

The court ordered the examination for discovery of a non-party witness at the request of the defendant where the plaintiff who planned to call the witness at trial did not know a very material fact and refused to undertake to ask the witness.

*Fraser v. E.S. Gallagher Sales Ltd.* (1987), 22 C.P.C. (2d) 238 (Ont. Master)

The plaintiff was not entitled to examine a former employee of the defendant where the plaintiff could have obtained the information on the original discovery of the defendant.

*Nelson v. MacDonald* (1987), 19 C.P.C. (2d) 115 (Ont. Dist. Ct.)

The court ordered discovery of an insurance adjuster where the only issue at trial would be the effect of releases obtained by the adjuster from the plaintiffs, the adjuster would testify at trial, and the information was not obtained from the discovery of the defendants.

*Weiszman v. 491 Lawrence Avenue West Ltd.* (1985), 5 C.P.C. (2d) 160 (Ont. H.C.)

Where witnesses gave statements to one party but refused to provide information not included in the statements to another party, the court granted leave to examine the witnesses for discovery.

*Meneses v. Geary* (1985), 49 C.P.C. 185 (Ont. Master)

The court ordered a representative of the defendant's insurer to be examined for discovery where it was alleged that the representative had made an admission of liability. In the absence of the defendant attempting to countermand or withdraw the admission, it would be unfair to require the plaintiff to proceed to trial without the admission.

## USE OF EXAMINATION FOR DISCOVERY AT TRIAL

### *Reading in Examination of Party*

**31.11 (1) At the trial of an action, a party may read into evidence as part of the party's own case against an adverse party any part of the evidence given on the examination for discovery of,**

**(a) the adverse party; or**

**(b) a person examined for discovery on behalf or in place of, or in addition to the adverse party, unless the trial judge orders otherwise,**

**if the evidence is otherwise admissible, whether the party or other person has already given evidence or not.**

### *Impeachment*

**(2) The evidence given on an examination for discovery may be used for the purpose of impeaching the testimony of the deponent as a witness in the same manner as any previous inconsistent statement by that witness.**

*[Note: The Evidence Act, R.S.O. 1990, c. E.23, ss. 20 and 21, requires that a prior inconsistent statement be put to the witness before its introduction into evidence. While the defendant can read in evidence from the plaintiff's examination for discovery as an admission, he or she cannot do so for impeachment purposes without complying with the Evidence Act: rule 31.11(2). See Int. Corona Resources Ltd. v. LAC Minerals Ltd., noted below under "Use*

*of Examination for Discovery at Trial — Impeachment — rule 31.11(2)" — Authors.]*

### Qualifying Answers

(3) Where only part of the evidence given on an examination for discovery is read into or used in evidence, at the request of an adverse party the trial judge may direct the introduction of any other part of the evidence that qualifies or explains the part first introduced.

### Rebuttal

(4) A party who reads into evidence as part of the party's own case evidence given on an examination for discovery of an adverse party, or a person examined for discovery on behalf or in place of or in addition to an adverse party, may rebut that evidence by introducing any other admissible evidence.

### Party under Disability

(5) The evidence given on the examination for discovery of a party under disability may be read into or used in evidence at the trial only with leave of the trial judge.

### Unavailability of Deponent

(6) Where a person examined for discovery,

(a) has died;

(b) is unable to testify because of infirmity or illness;

(c) for any other sufficient reason cannot be compelled to attend at the trial; or

(d) refuses to take an oath or make an affirmation or to answer any proper question,

any party may, with leave of the trial judge, read into evidence all or part of the evidence given on the examination for discovery as the evidence of the person examined, to the extent that it would be admissible if the person were testifying in court.

(7) In deciding whether to grant leave under subrule (6), the trial judge shall consider,

(a) the extent to which the person was cross-examined on the examination for discovery;

(b) the importance of the evidence in the proceeding;

(c) the general principle that evidence should be presented orally in court; and

(d) any other relevant factor.

### Subsequent Action

(8) Where an action has been discontinued or dismissed and another action involving the same subject matter is subsequently brought between the same parties or their representatives or successors in interest, the evidence given on an examination for discovery taken in the former action may be read into or used in evidence at the trial of the subsequent action as if it had been taken in the subsequent action.

O. Reg. 260/05, s. 8

**R. 31.11**          RULES OF CIVIL PROCEDURE

*Case Law*

*[Note: Accuracy of Transcript. The Evidence Act, R.S.O. 1990, c. E. 23, s. 48(1) provides that where an examination has been certified under the hand of the person taking it, it shall, without proof of the signature, be received and read into evidence saving all just exceptions. Section 48(2) further provides that such an examination received or read into evidence "shall be presumed to represent accurately the evidence of the party or witness, unless there is good reason to doubt the accuracy" — Authors.]*

### Use of Examination for Discovery - Generally

*Wallace Sign-Crafters West Ltd. v. 466126 Ontario Ltd.* (1994), 28 C.P.C. (3d) 75, 72 O.A.C. 213 (Div. Ct.)

Where a witness' memory may have been impaired because of physical infirmity, the trial judge properly exercised his discretion in allowing the witness to resort to the transcript of his examination for discovery in an attempt to refresh his memory.

*Seaway Trust Co. v. Markle* (1991), 47 C.P.C. (2d) 258 (Ont. Gen. Div.)

The court refused to seal the transcript of the defendant's examination for discovery until after disposition of criminal proceedings against him.

*Smith v. Smith* (1986), 12 C.P.C. (2d) 125 (Ont. Dist. Ct.)

A transcript of an examination for discovery may be used in a criminal proceeding for the purpose of cross-examining the accused.

*Int. Corona Resources Ltd. v. LAC Minerals Ltd.* (1986), 8 C.P.C. (2d) 39 (Ont. H.C.)

Where an admission from an examination for discovery is read in at trial, opposing counsel can refer the judge to other evidence enlarging upon or explaining the admission only in argument.

*Hamilton Harbour Commrs. v. J.P. Porter Co.* (1978), 19 O.R. (2d) 66, 5 C.P.C. 297, 4 C.R. (3d) 157, 84 D.L.R. (3d) 125; leave to appeal to Div. Ct. refused 20 O.R. (2d) 632, 5 C.P.C. at 300, 88 D.L.R. (3d) 604 (H.C.)

The court gave the examined person protection under both the Canada and Ontario *Evidence Acts* and ordered copies of the discovery to be sealed and used only in the civil proceedings. The court ordered that evidence on discovery not be used directly or indirectly in related criminal proceedings except with permission of the court.

*New Augarita Porcupine Mines Ltd. v. Gray*, [1953] O.W.N. 24 (H.C.)

Discussion of the use of an examination for discovery in a reference to the master.

### Use of Examination for Discovery - For Purposes Collateral to the Present Litigation (See the cases collected, above, under Rule 30.1 — Deemed Undertaking)

### Use of Examination for Discovery at Trial - Reading in Examination of Party - rule 31.11(1)

*Cain v. Peterson* (October 20, 2005), Doc. 02-CV-230191CM1, 2005 CarswellOnt 5134 (S.C.J.)

When one defendant was let out of the action before trial, the plaintiff was not permitted to read in the discovery evidence of that former defendant for use against another defendant.

EXAMINATION FOR DISCOVERY          **R. 31.11**

*1224948 Ontario Ltd. v. 488332 Ontario Ltd.* (1998), 28 C.P.C. (4th) 57, 1998 Cars-
    wellOnt 4339 (Gen. Div.)

1. Where a transcript and two affidavits were made exhibits on the discovery of an
adverse party they are properly the subject of read-ins.

2. Where a party loses a motion to compel answers to refused questions, the party may
not read in the refusals.

*Esson v. A.M.S. Forest Products Ltd.* (1993), 18 C.P.C. (3d) 320 (Ont. Gen. Div.)

Where defence counsel had named potential defence witnesses and provided a sum-
mary of their evidence at discovery, that evidence could not be read in as evidence at
trial by plaintiff's counsel. The evidence in question came from independent third par-
ties, and as a result was inadmissible hearsay.

*Claiborne Industries Ltd. v. National Bank of Can.* (1989), 69 O.R. (2d) 65, 59 D.L.R.
    (4th) 533, 34 O.A.C. 241 (C.A.)

A corporation is bound by its representative's hearsay answers on examination for dis-
covery, and these are admissible at trial, unless it expressly protects itself by
disclaimer.

*C.I.B.C. v. Int. Harvester Credit Corp. of Can.* (1985), 50 O.R. (2d) 318, 49 C.P.C. 181
    (H.C.)

The court permitted the defendant to read in the examination for discovery of the plain-
tiff at trial when the witness gave unsatisfactory or unresponsive answers at trial.

*Reti v. Fox* (1976), 2 C.P.C. 62 (Ont. C.A.)

A trial judge is entitled to accept part of the evidence read in from the discovery and
reject the rest where it conflicts with the oral evidence.

*Tecchi v. Cirillo*, [1968] 1 O.R. 536 (C.A.)

A new trial was ordered where, *inter alia*, the presiding judge had read the transcript of
the examinations for discovery before it had been properly introduced at trial. [*And see
now rule 34.18(4) - Authors.*]

*Kirkby v. Booth*, [1964] 1 O.R. 286, 42 D.L.R. (2d) 32 (H.C.)

A plaintiff was permitted to withdraw excerpts of the examination for discovery of the
defendant which had been read in previously and which had the effect of making the
contentions of the defendant part of the plaintiff's case.

*Clark v. McCrohan*, [1948] O.W.N. 172, [1948] 2 D.L.R. 283 (C.A.)

Where one party reads in the examination for discovery of the opposite party it also can
be used by his opponent against him. Witnesses may be called to contradict the damag-
ing portions of the examination.

### Use of Examination for Discovery at Trial - Impeachment - rule 31.11(2)

*Int. Corona Resources Ltd. v. LAC Minerals Ltd.* (1986), 8 C.P.C. (2d) 39 (Ont. H.C.)

Counsel can read in portions of a witness' examination for discovery to impeach the
witness' testimony only if ss. 20 and 21 of the *Evidence Act* have been complied with.

*Young v. Young*, [1970] 3 O.R. 272, 2 R.F.L. 239, 12 D.L.R. (3d) 708 (C.A.)

Where the evidence of a party at trial varied in an important respect from his state-
ments on discovery and the opposing party in reliance on the latter had not had a wit-
ness available to rebut such testimony, a new trial was ordered.

### Use of Examination for Discovery at Trial — Rebuttal — rule 31.11(4)

*Marchand (Litigation Guardian of) v. Public General Hospital Society of Chatham*
    (2000), 51 O.R. (3d) 97, 138 O.A.C. 201, 2000 CarswellOnt 4362, [2000] O.J.
    No. 4428 (C.A.); leave to appeal refused (2001), 2001 CarswellOnt 3412, 2001
    CarswellOnt 3413, [2001] S.C.C.A. No. 66, (sub nom. *Marchand v. Public*

**R. 31.11**          RULES OF CIVIL PROCEDURE

*General Hospital Society of Chatham*) 282 N.R. 397 (note), 156 O.A.C. 358 (note)

A party who reads in a witness' discovery answer is entitled to cross-examine the witness on that answer.

### Use of Examination for Discovery at Trial - Unavailability of Deponent - rule 31.11(6)

*Kavinsky v. Glockner* (January 11, 2006), Doc. 35381/00, 2006 CarswellOnt 74 (S.C.J.)

Where the defendant became incompetent after her examination for discovery, the court permitted the discovery transcript to be read into evidence.

*Toronto Dominion Bank v. Leigh Instruments Ltd. (Trustee of)* (1998), 17 C.P.C. (4th) 388, 1998 CarswellOnt 718, [1998] O.J. No. 670 (Gen. Div. [Commercial List])

The court permitted the use of the examination for discovery, including answers to undertakings, of a deceased witness at trial.

*Aujla v. Hayes* (1997), 10 C.P.C. (4th) 167, 100 O.A.C. 129 (Ont. C.A.)

The Court of Appeal refused to interfere with the trial judge's decision to rely upon the transcript of the examination of a deceased party, in preference to conflicting testimony at trial. The trial judge had exercised due caution.

*Moase Enterprises Ltd. v. Clean Energy Products Inc.* (1991), 2 C.P.C. (3d) 143 (Ont. Gen. Div.)

The court refused to admit at trial evidence given on an examination for discovery where the deponent was temporarily unable to testify due to infirmity or illness. The ability to cross-examine a witness at trial is an important one, and the evidence suggested the witness might be available later.

*Calandra v. B. A. Cleaners Ltd.* (1990), 73 O.R. (2d) 449, 11 R.P.R. (2d) 63 (Dist. Ct.)

The court permitted portions of the transcript of an examination for discovery to be read into evidence at trial where the deponent died before trial.

*Howe v. Clareco Can. Ltd.* (1984), 48 O.R. (2d) 155, 45 C.P.C. 303 (H.C.)

Where the plaintiff died after being examined for discovery, this action was stayed so that the trial would be deferred until after the new Rules came into force in order to permit a motion for leave under this provision to read into evidence the plaintiff's testimony.

### Use of Examination for Discovery - In Subsequent Action - rule 31.11(8)

*Insco Sarnia Ltd. v. Polysar Ltd.* (1990), 45 C.P.C. (2d) 53 (Ont. Gen. Div.)

The court refused to accept in evidence the transcript of trial evidence given by a since deceased witness in a related criminal proceeding.

*New Augarita Porcupine Mines Ltd. v. Gray*, [1953] O.W.N. 24 (H.C.)

An examination for discovery is admissible in any other suit on *viva voce* proof by a witness that the examination was correctly reported.

This is Exhibit "4" referred to in the
Affidavit of John T. Morin sworn
before me, this 3rd day of May, 2007

_____
A Commissioner for Taking Affidavits

**ALEKSANDAR NIKOLIC,** a
Commissioner, etc., Province of Ontario,
while a Student-at-Law.
E                        , 1003.

## RULE 35 — PROCEDURE ON EXAMINATION FOR DISCOVERY BY WRITTEN QUESTIONS

*Highlights*

This Rule is entirely new — under the pre-1985 practice examination for discovery could be conducted only by means of an oral examination. Rule 31.02(1) provides that a party may not be examined by both written questions and an oral examination, except with leave of court. This provision was included to avoid the United States practice of "two waves of discovery" — first examining a party by written questions and then following up with a second, oral examination. Note also that where more than one party is entitled to examine a person it must be by oral examination, unless all the parties entitled to examine agree otherwise: rule 31.02(2).

As a discovery mechanism, an examination by written questions is usually considered to be less effective than an oral examination, because the answers are often drafted by opposing counsel rather than being the immediate responses of the party personally, and because it is less easy to quickly follow up on a newly discovered line of questions (but note rule 35.04(1)). However, an examination by written questions may be useful, for example, where the witness is not readily accessible, the questions sought to be asked are straightforward, and an opportunity to assess the quality of the witness is not important.

*Former provisions:* None.

### QUESTIONS

**35.01 An examination for discovery by written questions and answers shall be conducted by serving a list of the questions to be answered (Form 35A) on the person to be examined and every other party.**

*Case Law*

*Guarantee Co. of North America v. Nuytten* (1997), 10 C.P.C. (4th) 251 (Ont. Master)
The court commended the use of interrogatories instead of an oral cross-examination on an affidavit in support of a motion.

### ANSWERS

**35.02 (1) Written questions shall be answered by the affidavit (Form 35B) of the person being examined, served on the examining party within fifteen days after service of the list of questions.**

**(2) The examining party shall serve the answers on every other party forthwith.**

### OBJECTIONS

**35.03 An objection to answering a written question shall be made in the affidavit of the person being examined, with a brief statement of the reason for the objection.**

**R. 35.04**              RULES OF CIVIL PROCEDURE

## FAILURE TO ANSWER

### Further List of Questions

35.04 (1) Where the examining party is not satisfied with an answer or where an answer suggests a new line of questioning, the examining party may, within ten days after receiving the answer, serve a further list of written questions which shall be answered within fifteen days after service.

### Court Order for Further Answers

(2) Where the person being examined refuses or fails to answer a proper question or where the answer to a question is insufficient, the court may order the person to answer or give a further answer to the question or to answer any other question either by affidavit or on oral examination.

### Court Order for Oral Examination

(3) Where the court is satisfied, on reading all the answers to the written questions, that some or all of them are evasive, unresponsive or otherwise unsatisfactory, the court may order the person examined to submit to oral examination on such terms respecting costs and other matters as are just.

### Additional Sanctions

(4) Where a person refuses or fails to answer a proper question on a written examination or to produce a document that he or she is required to produce, the court may, in addition to imposing the sanctions provided in subrules (2) and (3),

    (a) if the person is a party or a person examined on behalf or in place of a party, dismiss the party's action or strike out the party's defence;

    (b) strike out all or part of the person's evidence; and

    (c) make such other order as is just.

*Case Law*

*Love v. Mixing Equipment Co.* (1986), 10 C.P.C. (2d) 237 (Ont. Master)
A party is entitled to ask further questions only if they are related to the initial list of questions.

## IMPROPER CONDUCT OF EXAMINATION

35.05 On motion by the person being examined, or by any party, the court may terminate the written examination or limit its scope where,

    (a) the right to examine is being abused by an excess of improper questions; or

    (b) the examination is being conducted in bad faith, or in an unreasonable manner so as to annoy, embarrass or oppress the person being examined.

## FILING QUESTIONS AND ANSWERS

35.06 Rule 34.18 applies, with necessary modifications, to the filing of written questions and answers for the use of the court.

This is Exhibit "5" referred to in the
Affidavit of John T. Morin sworn
before me, this 3rd day of May, 2007

A Commissioner for Taking Affidavits

ALEKSANDAR NIKOLIC, a
Commissioner, etc., Province of Ontario,
while a Student-at-Law.
Expires February 28, 2008.

# COURTS OF JUSTICE ACT[1]

### An Act to revise and consolidate the Law respecting the Organization, Operation and Proceedings of Courts of Justice in Ontario

R.S.O. 1990, c. C.43

as am. S.O. 1991 (Vol. 2), c. 46; 1993, c. 27, Sched. (Fr.); O. Reg. 922/93 [Amended O. Reg. 441/97]; 1994, c. 12, ss. 1–48 [s. 9 not in force at date of publication. Repealed 1999, c. 12, Sched. B, s. 5.]; 1994, c. 27, s. 43; 1996, c. 25, ss. 1, 9; 1996, c. 31, ss. 65, 66; 1997, c. 19, s. 32; 1997, c. 23, s. 5; 1997, c. 26, Sched.; 1998, c. 4, s. 2; 1998, c. 18, Sched. B, s. 5; 1998, c. 18, Sched. G, s. 48; 1998, c. 20, s. 2, Sched. A; 1999, c. 6, s. 18; 1999, c. 12, Sched. B, ss. 4, 5 [s. 4(4) not in force at date of publication.]; 2000, c. 26, Sched. A, s. 5; 2000, c. 33, s. 20 [Not in force at date of publication.] [Amended 2002, c. 18, Sched. A, s. 6(8).]; 2001, c. 9, Sched. B, s. 6 [Not in force at date of publication.]; 2002, c. 13, s. 56; 2002, c. 14, Sched., s. 9; 2002, c. 17, Sched. F, s. 1; 2002, c. 18, Sched. A, s. 4; 2004, c. 17, s. 32, Table; 2005, c. 5, s. 17; 2006, c. 1, s. 4 [Not in force at date of publication.].

## SUMMARY OF CONTENTS

*Section*

1.  Definitions
1.1  References to former names of courts

PART I
COURT OF APPEAL FOR ONTARIO

2.  Court of Appeal
3.  Composition of court

*Section*

4.  Assignment of judges from Superior Court of Justice
5.  Powers and duties of Chief Justice
6.  Court of Appeal jurisdiction
7.  Composition of court for hearings
8.  References to Court of Appeal
9.  Meeting of judges

---

[1][Editor's note: please see transitional provision from *Courts Improvement Act, 1996* regarding court name changes below

*Transition, seals and forms*

10. (1) A reference in a court seal or printed court form to the name of a court or the title of an official changed by section 8 does not prevent the form or seal from being used during the one year period following the date the change to the name or title becomes effective.

(2) This section applies only to court seals and printed court forms in existence on the date the changes to the names of the courts and the titles of the officials becomes effective.]

COURT PROCEEDINGS                                   **S. 108**

*Transfer from Small Claims Court*

(2) A proceeding in the Small Claims Court shall not be transferred under clause (1)(d) to the Superior Court of Justice without the consent of the plaintiff in the proceeding in the Small Claims Court.

*Idem*

(3) A proceeding in the Small Claims Court shall not be required under subclause (1)(e)(ii) to be asserted by way of counterclaim in a proceeding in the Superior Court of Justice without the consent of the plaintiff in the proceeding in the Small Claims Court.

*Motions*

(4) The motion shall be made to a judge of the Superior Court of Justice.

*Directions*

(5) An order under subsection (1) may impose such terms and give such directions as are considered just, including dispensing with service of a notice of readiness or listing for trial and abridging the time for placing an action on the trial list.

*Transfer*

(6) A proceeding that is transferred to another court under clause (1)(d) shall be titled in the court to which it is transferred and shall be continued as if it had been commenced in that court.

*Discretion at hearing*

(7) Where an order has been made that proceedings be heard either at the same time or one immediately after the other, the judge presiding at the hearing nevertheless has discretion to order otherwise.

1996, c. 25, s. 9(17)

*Ministry Comment*

*Original Act*

This is a provision that deals with the consolidation of two or more proceedings that are pending in two or more different courts. It is similar to a provision in the Rules that deals with the consolidation of two or more proceedings that are pending in the same court. These provisions could be used, for example, when a single incident results in a number of separate court proceedings. Since many of the issues will be the same in all the proceedings, it may be convenient to consolidate the proceedings.

*Cross-Reference*: See Rule 6 for consolidation of cases.

## Procedural Matters

*Section 108*

*Jury trials*

108. (1) In an action in the Superior Court of Justice that is not in the Small Claims Court, a party may require that the issues of fact be tried or the damages assessed, or both, by a jury, unless otherwise provided.

*Trials without jury*

(2) The issues of fact and the assessment of damages in an action shall be tried without a jury in respect of a claim for any of the following kinds of relief:

155

## S. 108

COURTS OF JUSTICE ACT

1. Injunction or mandatory order.

2. Partition or sale of real property.

3. Relief under Part I, II or III of the *Family Law Act* or under the *Children's Law Reform Act*.

4. Dissolution of a partnership or taking of partnership or other accounts.

5. Foreclosure or redemption of a mortgage.

6. Sale and distribution of the proceeds of property subject to any lien or charge.

7. Execution of a trust.

8. Rectification, setting aside or cancellation of a deed or other written instrument.

9. Specific performance of a contract.

10. Declaratory relief.

11. Other equitable relief.

12. Relief against a municipality.

*Idem*

(3) On motion, the court may order that issues of fact be tried or damages assessed, or both, without a jury.

*Composition of jury*

(4) Where a proceeding is tried with a jury, the jury shall be composed of six persons selected in accordance with the *Juries Act*.

*Verdicts or questions*

(5) Where a proceeding is tried with a jury,

(a) the judge may require the jury to give a general verdict or to answer specific questions, subject to section 15 of the *Libel and Slander Act*; and

(b) judgment may be entered in accordance with the verdict or the answers to the questions.

*Idem*

(6) It is sufficient if five of the jurors agree on the verdict or the answer to a question, and where more than one question is submitted, it is not necessary that the same five jurors agree to every answer.

*Discharge of juror at trial*

(7) The judge presiding at a trial may discharge a juror on the ground of illness, hardship, partiality or other sufficient cause.

*Continuation with five jurors*

(8) Where a juror dies or is discharged, the judge may direct that the trial proceed with five jurors, in which case the verdict or answers to questions must be unanimous.

*Specifying negligent acts*

(9) Where a proceeding to which subsection 193(1) of the *Highway Traffic Act* applies is tried with a jury, the judge may direct the jury to specify negligent acts or omissions that caused the damages or injuries in respect of which the proceeding is brought.

*Malicious prosecution*

**(10) In an action for malicious prosecution, the trier of fact shall determine whether or not there was reasonable and probable cause for instituting the prosecution.**

1996, c. 25, s. 9(17)

### Ministry Comment

#### Original Act

Subsection (1) replaces s. 59 of the *Judicature Act*. It states the general principle that most actions in the Ontario Court excluding the Small Claims Court may be tried with a jury. The Act does not make jury trials mandatory for actions of libel, slander, malicious arrest, malicious prosecution, and false imprisonment. Like other actions, these actions may be tried with a jury if a jury notice is served under the Rules.

Subsection (2) prohibits jury trials against municipalities, in the same way that s. 15 of the *Proceedings Against the Crown Act*, R.S.O. 1980, c. 393, prohibits jury trials against the provincial government.

Subsection (3) makes clear that a judge may order that an action be tried without a jury.

Subsection (4) is a new provision intended to serve as a bridge between subss. (2) and (3), which deal with the circumstances in which proceedings are tried without a jury, and the remaining provisions of the section, which deal with proceedings tried with a jury.

Clause (5)(a) is derived from s. 64 and s. 65(1) of the *Judicature Act*. There appears to be no difference between a special verdict and the giving of answers to specific questions. Therefore, the new provision does not mention special verdicts. At common law, a jury could give a general verdict even if the judge requested a special verdict. The new provision, like s. 64(1) of the *Judicature Act*, permits the judge to require answers to specific questions. Section 15 of the *Libel and Slander Act*, R.S.O. 1980, c. 237, permits a jury to give a general verdict notwithstanding that the judge addressed specific questions to them. This specific provision will continue to prevail over the provisions of s. 121(5)(a) of the *Courts of Justice Act*.

Clause (5)(b) is derived from s. 65(3) of the *Judicature Act*. Subsection (6) is derived from s. 62 of the *Judicature Act*. Subsections (7) and (8) are derived from s. 63 of the *Judicature Act*.

Subsection (9) is derived from s. 65(2) of the *Judicature Act*. This provision is necessary to overrule the decision of the Supreme Court of Canada in *Beach v. Healey*, [1943] S.C.R. 272, [1943] 2 D.L.R. 665.

Subsection (10) replaces s. 66 of the *Judicature Act*. The new provision alters the law, as recommended by the Uniform Law Conference of Canada in s. 187 of the *Uniform Evidence Act*, so that the trier of fact determines whether there was reasonable and probable cause for instituting the prosecution.

#### 1989 Amendments

#### Bill 2

Section [108(2)] of the 1984 Act was derived from s. 60(4) of the *Judicature Act*, which provided that the right to have issues of fact tried or damages assessed by a jury did not apply "to causes, matters or issues over the subject of which the Court of Chancery had exclusive jurisdiction before the commencement of *The Administration of Justice Act of 1873*." Section [108(2)] was intended to indicate more clearly the substance of the *Judicature Act* provision. However, s. [108(2)] inadvertently changed one aspect of the law. It had formerly been possible, in an action claiming some equitable (*i.e.*, Court of Chancery) relief, to have issues of fact related to a claim for other relief tried by a jury. For example, if an action claimed damages for breach of contract and an



**S. 108**                                COURTS OF JUSTICE ACT

injunction, it was possible to have the damages assessed by a jury. However, under the language of s. [108(2)], a claim in an action for any of the enumerated types of relief appeared to prevent a jury from hearing any issues of fact, even if they were issues that did not relate to the claim for equitable relief. The 1989 amendment to subsection (2) was intended to restore the law to the situation where a jury is only prohibited in respect of the claim for one of the enumerated kinds of relief; a jury could still determine the issues of fact with respect to other claims in the action.

***Case Law*** (For further cases regarding jury trials, see Rule 47.)

### Jury Trials — Generally

*Andre v. Roque* (2000), 48 O.R. (3d) 131, 19 C.C.L.I. (3d) 129, 2000 CarswellOnt 1301 (S.C.J.)

In a motor vehicle case, the trial judge should determine whether the listed exceptions in s. 267.1(5) of the *Insurance Act* apply. This determination should be made after the jury is charged and has retired but before the verdict has been received.

*Al-Haddad v. London & Middlesex (County) Roman Catholic Separate School Board* (December 6, 1996), Doc. 24020/96 (Ont. Gen. Div.)

The trial judge in a civil case can pre-screen the jury with questions to avoid bias, such as bias based on the race or national origin of a party.

*Re McKellar Estate* (1995), 7 E.T.R. (2d) 299 (Ont. Div. Ct.); leave to appeal to (1995), 42 C.P.C. (3d) 241n (Ont. C.A.)

The court refused to direct that certain issues in this estate matter be tried by a jury. Discussion of the discretion to order jury trials under s. 8 of the *Estates Act*.

### Trials Without Jury — s. 108(2)

*Totic v. State Farm Insurance Co.* (2002), 24 C.P.C. (5th) 159, 2002 CarswellOnt 2202, [2002] O.J. No. 2597, 40 C.C.L.I. (3d) 133 (S.C.J.)

In this accident benefits case the court dismissed the plaintiff's motion to strike the defendant insurer's jury notice.

*Harrison v. Antonopoulos* (2002), 2002 CarswellOnt 4331, 62 O.R. (3d) 463, 46 C.C.L.I. (3d) 89, 31 C.P.C. (5th) 153, [2002] O.J. No. 4890 (S.C.J.)

A motor vehicle accident benefits case in which the plaintiff claims a "declaration" that she was disabled and entitled to benefits may be tried by a jury. Such a declaration is akin to a declaration of fact and is not declaratory relief within the meaning of s. 108(2).

*Ramm v. Sun Life Assurance Co. of Canada*, [1999] I.L.R. I-3664, 43 O.R. (3d) 652, 34 C.P.C. (4th) 141, 1999 CarswellOnt 777 (Gen. Div.)

The court rejected the defendant's argument that the pith and substance of the claim was declaratory relief, and refused to strike out the jury notice.

*Al-Haddad v. London & Middlesex (County) Roman Catholic Separate School Board* (December 6, 1996), Doc. 24020/96 (Ont. Gen. Div.)

The court refused to strike out the defendant's jury notice where the plaintiff amended the statement of claim to seek a declaration she was entitled to damages. The pith and substance of the claim was negligence causing damages.

*Adu-Gyamfi v. Kingsway General Insurance Co.* (1996), 8 C.P.C. (4th) 294 (Ont. Gen. Div.)

Claims for declaratory relief, restitution and punitive damages related to the restitution claim were not determined by the jury but claims for other non-equitable relief were determined by the jury.

COURT PROCEEDINGS                    **S. 108**

*Davidson v. Rachlin* (1994), 36 C.P.C. (3d) 226 (Ont. Master)

A claim for relief against a municipality may not be tried by a jury but a claim against a co-defendant who is not a municipality may be tried by a jury.

*Crupi v. Royal Ottawa Hospital* (1986), 12 C.P.C. (2d) 207 (Ont. Dist. Ct.)

Section [108(2)] of the *Courts of Justice Act* does not violate the equality rights contained in s. 15 of the *Charter of Rights and Freedoms*.

## Composition of Jury — s. 108(4)

*Re Page* (2002), 2002 CarswellOnt 3892, 38 C.B.R. (4th) 241, 27 C.P.C. (5th) 310 (S.C.J. [Commercial List])

A person who serves as a trustee in bankruptcy and court appointed receiver is an officer of the court and is ineligible to serve as a juror.

*Hrup v. Cipollone* (1994), 19 O.R. (3d) 715, 33 C.P.C. (3d) 275, 117 D.L.R. (4th) 440, 73 O.A.C. 269 (C.A.)

Defendants, including those adverse in interest, have an aggregate of only four peremptory challenges of jurors.

*Melfi v. Palozzi*, [1971] 2 O.R. 395, 18 D.L.R. (3d) 62 (C.A.)

A jury verdict was set aside where the judge had failed to instruct the jury that at least five of its members must agree on the verdict.

*Letourneau v. Ottawa Bronson Const. Ltd.*, [1970] 1 O.R. 24, 7 D.L.R. (3d) 403 (C.A.)

A trial should not be commenced with a five-person jury; if a juror is discharged before the trial, he should be replaced.

## Questions for Jury and Jury Verdicts — s. 108(5)

*Teskey v. Toronto Transit Commission* (2003), 2003 CarswellOnt 4452, [2003] O.J. No. 4546, 3 C.P.C. (6th) 181 (S.C.J.)

The trial judge rejected the jury's finding on quantum of damages as being devoid of evidentiary support. The trial judge then assessed the damages.

*Adu-Gyamfi v. Kingsway General Insurance Co.* (1996), 8 C.P.C. (4th) 294 (Ont. Gen. Div.)

The court tailored questions to the jury to avoid the risk the jury would take into account the appearance of double recovery.

*Smith v. Foussias* (January 31, 1996), Doc. Toronto 89-CU-356998 (Ont. Gen. Div.)

The trial judge ordered a new trial where the jury's answers to questions were grossly inconsistent and it was not possible to reinstruct the jury.

*Rose v. Sabourin* (1994), 31 C.P.C. (3d) 309, 118 D.L.R. (4th) 729 (Ont. Gen. Div.)

Once a jury verdict is recorded and the jury discharged, the jury may not be recalled to reconsider the verdict except to rectify errors made in the transmission or recording of the verdict.

*Maliewski v. Pastushok (No. 2)*, [1966] 1 O.R. 612, 54 D.L.R. (2d) 482 (C.A.)

Questions of fact put to the jury may relate to both liability and damages.

*St. Amour v. Ottawa Transportation Comm.*, [1957] O.W.N. 367 (C.A.)

Where a jury finds a defendant negligent but is unable to give any particulars of such negligence, the action should be dismissed rather than ordering a new trial.

*Judd v. Frost*, [1957] O.W.N. 539 (C.A.)

Where inconsistencies appear on the face of the jury's answers, the judge should send them back to clarify the answers. The trial judge allowed the jury to be polled although this practice was questioned by the Court of Appeal.

**S. 108**                COURTS OF JUSTICE ACT

*Walkinshaw v. Drew*, [1936] O.W.N. 539, 67 C.C.C. 152, [1936] 4 D.L.R. 685 (C.A.)
Libel actions are governed by the provisions of the *Libel and Slander Act*.

### Discharge of Juror — s. 108(7)

*Thomas-Robinson v. Song* (1997), 34 O.R. (3d) 62 (Gen. Div.)
This provision does not contemplate a challenge of potential jurors for cause.

*Sauve v. Pokorny* (1997), 35 O.R. (3d) 752, 149 D.L.R. (4th) 655, 13 C.P.C. (4th) 43,
102 O.A.C. 256 (C.A.); leave to appeal refused  (1998), 227 N.R. 89 (note), 112
O.A.C. 397 (note) (S.C.C.)
Where a trial judge discharged a juror after the trial had commenced, the trial judge had
the power to direct that the trial carry on with the five remaining jurors.

*Harris (Litigation Guardian of) v. Lambton (County) Roman Catholic School Board*
(1994), 39 C.P.C. (3d) 396 (Ont. Gen. Div.)
Where a juror was discharged after it was discovered during the trial that he was serv-
ing a jail sentence on the weekend, the court declared a mistrial and adjourned the
action to the next jury settings.

## Section 109

### Notice of constitutional question

**109. (1) Notice of a constitutional question shall be served on the Attorney
General of Canada and the Attorney General of Ontario in the following
circumstances:**

**1. The constitutional validity or constitutional applicability of an Act of
the Parliament of Canada or the Legislature, of a regulation or by-law
made under such an Act or of a rule of common law is in question.**

**2. A remedy is claimed under subsection 24(1) of the *Canadian Charter of
Rights and Freedoms* in relation to an act or omission of the Government
of Canada or the Government of Ontario.**

### Failure to give notice

**(2) If a party fails to give notice in accordance with this section, the Act,
regulation, by-law or rule of common law shall not be adjudged to be invalid
or inapplicable, or the remedy shall not be granted, as the case may be.**

### Form of notice

**(2.1) The notice shall be in the form provided for by the rules of court or,
in the case of a proceeding before a board or tribunal, in a substantially simi-
lar form.**

### Time of notice

**(2.2) The notice shall be served as soon as the circumstances requiring it
become known and, in any event, at least fifteen days before the day on which
the question is to be argued, unless the court orders otherwise.**

### Notice of appeal

**(3) Where the Attorney General of Canada and the Attorney General of
Ontario are entitled to notice under subsection (1), they are entitled to notice
of any appeal in respect of the constitutional question.**

### Right of Attorneys General to be heard

**(4) Where the Attorney General of Canada or the Attorney General of
Ontario is entitled to notice under this section, he or she is entitled to adduce**

This is Exhibit "6" referred to in the
Affidavit of John T. Morin sworn
before me, this 3ʳᵈ day of May, 2007

_____

A Commissioner for Taking Affidavits

**ALEKSANDAR NIKOLIC, a**
Commissioner, etc., Province of Ontario,
while a Student-at-Law.
Expires February 28, 2008.

**R. 47**  RULES OF CIVIL PROCEDURE

## RULE 47 — JURY NOTICE

*Highlights*

This Rule has to be read together with s. 108(1)–(3) of the *Courts of Justice Act*, which regulate the availability of jury trial.

*Availability of jury trial.* Section 108(2) lists the types of claims with respect to which a jury may not determine issues of fact or assess damages and provides that jury trial is unavailable for any relief claimed against a municipality (*cf. Judicature Act*, s. 58). In cases other than those listed, or where another statute prohibits trial by jury (*e.g.*, *Proceedings Against the Crown Act*, R.S.O. 1990, c. P.27, s. 11), a party may require issues of fact to be tried or damages assessed, or both, by a jury (s. 108(1)) by delivering a jury notice at any time before the close of pleadings: rule 47.01.

In 1989, s. 108 was amended to make a correction with respect to the right to jury trial. Under the former *Judicature Act* (s. 60(4)) the right to have issues of fact tried or damages assessed by a jury did not apply "to causes, matters, or issues over the subject of which the Court of Chancery had exclusive jurisdiction," but it was provided by the former Rules of Practice (Rule 257) that where equitable issues were raised by the pleadings, they were to be tried (and damages incidental thereto assessed) by the judge without the intervention of a jury, unless the trial judge otherwise directed. Hence, this gave the court discretion to permit equitable issues to be tried by jury. The former *Courts of Justice Act* provision (s. 121(2) of the 1984 Act) had inadvertently changed the law by requiring a trial without a jury whenever equitable relief (*e.g.*, an injunction) was claimed even though other relief of a non-equitable nature was also claimed (*e.g.*, damages for defamation): see *Reichmann v. Toronto Life Publishing Co.* (1989), 69 O.R. (2d) 242 (H.C.), leave to appeal refused 17 W.D.C.P. 5, and (1991), 1 O.R. (3d) 160 (Gen. Div.), leave to appeal to Ont. Div. Ct. refused 2 W.D.C.P. (2d) 62. The section (now 108(2)) was amended with the intention of restoring the law to the situation that a jury is only prohibited in respect of the claim for one of the enumerated kinds of relief (*e.g.*, equitable relief), so that a jury may still determine the issues of fact with respect to other claims in the action.

Unlike the former *Judicature Act*, the present Act does not make jury trial mandatory in actions for defamation, malicious arrest, malicious prosecution and false imprisonment, but jury trial is available in such cases if a jury notice is served.

*Striking out a jury notice.* Where the delivery of a jury notice is irregular (*i.e.*, because a statute requires trial without a jury, or the notice was delivered out of time), it may be struck out on motion to the court, *i.e.*, to a master or a judge: rule 47.02(1). A jury notice may also be struck out, on motion to a judge, where a jury trial, though not prohibited, is inappropriate (rule 47.02(2)). Such a motion may be premature if it is brought prior to examinations for discovery: *Pipher v. Shelburne Dist. Hospital* (1985), 5 C.P.C. (2d) 110, 12 C.C.E.L. 182 (Ont. H.C.); *Sussman v. Eales* (1987), 61 O.R. (2d) 316, 24 C.P.C. (2d) 99 (H.C.).

The issues arising in a personal injury action based on an employer's and tavern owner's alleged duty to protect the plaintiff from her own alcohol consumption are not so inherently complex as to justify the discharge of a jury. Publicity generally adverse to the plaintiff cannot justify a jury's discharge in the absence of any evidence of what the jury had seen or heard of it: *Hunt*

JURY NOTICE                          **R. 47.02**

*(Litigation Guardian of) v. Sutton Group Incentive Realty Inc.* (2002), 2002 CarswellOnt 2604, (sub nom. *Hunt v. Sutton Group Incentive Realty Inc.)* 2002 C.L.L.C. 210-031, 215 D.L.R. (4th) 193, (sub nom. *Hunt v. Sutton Group Incentive Realty Inc.)* 162 O.A.C. 186, 60 O.R. (3d) 665, 32 M.V.R. (4th) 45, [2002] O.J. No. 3109 (C.A.). A jury notice filed by the defendant was struck on the defendant's motion where the court's assistance to an unrepresented plaintiff would significantly disadvantage the defendant: *Desjardins v. Arcadian Restaurants Ltd.* (2005), 2005 CarswellOnt 3391, 77 O.R. (3d) 27 (S.C.J.).

*Former provisions: Judicature Act,* ss. 57–60 and Rule 400.

## ACTIONS TO BE TRIED WITH A JURY

**47.01 A party to an action may require that the issues of fact be tried or the damages be assessed, or both, by a jury, by delivering a jury notice (Form 47A) at any time before the close of pleadings, unless section 108 of the *Courts of Justice Act* or another statute requires that the action be tried without a jury.**

*Case Law*

> *Taylor v. Santos Estate* (September 26, 1994), Doc. Milton SC 2308/90 (Ont. Gen. Div.)
>
> Where the only party who has served a jury notice is let out of the lawsuit before trial, the trial will proceed without a jury.
>
> *Schram v. The Alexandra Marine and General Hospital* (February 17, 1994), Doc. 5319/90 (Ont. Master)
>
> Where a third party defends the main action, the pleadings in the main action are not closed until the plaintiff delivers its reply or the time therefor has expired.
>
> *Intertechnique Hair Salons Inc. v. Marathon Realty Co.* (1983), 44 O.R. (2d) 382, 40 C.P.C. 1 (H.C.)
>
> Where there are multiple defendants the time for delivery of a jury notice is based on the close of pleadings against all defendants.

## STRIKING OUT JURY NOTICE

*Where Jury Notice not in Accordance with Statute or Rules*

**47.02 (1) A motion may be made to the court to strike out a jury notice on the ground that,**

**(a) a statute requires a trial without a jury; or**

**(b) the jury notice was not delivered in accordance with rule 47.01.**

*Where Jury Trial Inappropriate*

**(2) A motion to strike out a jury notice on the ground that the action ought to be tried without a jury shall be made to a judge.**

*Discretion of Trial Judge*

**(3) Where an order striking out a jury notice is refused, the refusal does not affect the discretion of the trial judge, in a proper case, to try the action without a jury.**

**R. 47.02**     RULES OF CIVIL PROCEDURE

*Cross-Reference*: See s. 108 of the *Courts of Justice Act.*

*Case Law*

### Authors' Note on Organization of Cases

Cases relevant to this provision have been organized as follows:

    Striking Out Jury Notice - Non-Compliance with Statute - rule 47.02(1)
    Striking Out Jury Notice - Where Jury Trial Inappropriate - rule 47.02(2)
    Striking Out Jury Notice - Professional Malpractice Cases
    Extension of Trial to Deliver Jury Notice
    Discretion of Trial Judge - Generally - rule 47.02(3)
    Discretion of Trial Judge - Mention of Insurance - rule 47.02(3)

### Striking Out Jury Notice - Non-Compliance With Statute - rule 47.02(1)

*Abou-Marie (Litigation Guardian of) v. Baskey* (2001), (sub nom. *Abou-Marie v. Baskey*) 56 O.R. (3d) 360, 2001 CarswellOnt 4337 (S.C.J.)

The court struck out a jury notice filed by two defendants where the claim was brought against a municipality and there was a possibility of racial or religious prejudice.

*Baiocchi v. Zurich Insurance Co.* (2000), 50 C.P.C. (4th) 390, 2000 CarswellOnt 3691, [2001] I.L.R. I-3897, 24 C.C.L.I. (3d) 91, [2000] O.J. No. 3828 (S.C.J.)

The court refused to strike the plaintiff's jury notice in this action for no-fault benefits.

*Crary v. Royal Bank* (1997), 19 C.P.C. (4th) 13, 35 C.C.E.L. (2d) 289 (Ont. Gen. Div.)

Where the plaintiff moved to amend her claim to remove the grounds that automatically disentitled her to a jury trial, the court granted the amendment and dismissed the defendant's motion to strike out the injury notice.

*Haskill v. London Life Insurance Co.* (1997), [1998] I.L.R. I-3503, 17 C.P.C. (4th) 110 (Ont. Gen. Div.); leave to appeal allowed (1997), [1998] I.L.R. I-3607 (Ont. Gen. Div.)

The court struck out the jury notice where the statement of claim sought declaratory and injunctive relief. The court refused the plaintiff's request to amend the relief requested to damages alone since the real nature of the claim was for a declaration.

*Bank of Montreal v. Citak* (1997), 16 C.P.C. (4th) 193, 50 C.B.R. (3d) 270 (Ont. Gen. Div.)

The court struck out a jury notice in an action for equitable damages based on breach of an equitable duty. *Woodslee Credit Union Ltd. v. Taylor*, *infra*, was wrongly decided.

*MacLennan v. National Life Assurance Co. of Canada*, 28 C.P.C. (3d) 35, 5 C.C.P.B. 136, [1994] I.L.R. 1-3085 (Ont. Gen. Div.)

In an action in which the plaintiff claimed à declaration of total disability, and payment of disability benefits, the defendant's jury notice was struck. The plaintiff's true claim was for a declaration, and the claim for damages was only incidental to that declaratory relief.

*Constitution Insurance Co. of Canada v. Coombe* (1992), 11 O.R. (3d) 783, 14 C.P.C. (3d) 322, 98 D.L.R. (4th) 573, [1993] I.L.R. 1-2897 (Gen. Div.)

The court struck out a jury notice where the relief sought by the plaintiff was in the nature of a declaratory order delineating the rights of the parties, notwithstanding the plaintiff did not specifically ask for a declaration but did claim damages.

*Gracey v. Thomson Newspapers Corp.* (1991), 4 O.R. (3d) 180, 1 C.P.C. (3d) 21, 82 D.L.R. (4th) 244 (Gen. Div.)

Although the delivery of a jury notice as against one defendant was barred by s. 26 of the *Crown Liability Act*, the remaining defendants were permitted to serve a jury notice as s. 26 does not prohibit a jury for a separate claim in the same action.

Case 1:07-cv-00140-JJF    Document 21-4    Filed 05/11/2007    Page 13 of 28

JURY NOTICE                                   R. 47.02

*Guldborg v. Lautenbach* (1990), 73 O.R. (2d) 610, 70 D.L.R. (4th) 747 (H.C.)
The court struck out a jury notice served by a co-defendant in this action against a municipality.

*Sutherland v. Clarke* (1989), 70 O.R. (2d) 453 (H.C.)
The prohibition against jury trials contained in the *Proceedings Against the Crown Act* does not apply to Crown agents and accordingly the jury notice was permitted to stand.

*Jenkins v. Burlington Hydro-Electric Comm.* (1989), 71 O.R. (2d) 137, 43 C.P.C. (2d) 250 (H.C.)
A jury notice was permitted to stand in an action against the defendant notwithstanding that it was an entity owned by a municipality.

*Woodslee Credit Union Ltd. v. Taylor* (1988), 66 O.R. (2d) 248, 33 C.P.C. (2d) 299 (H.C.)
Although a party had claimed a declaration and injunctive relief with respect to certain mortgaged property, that party's jury notice was permitted to stand as the claim was essentially one for breach of contract. In any event, the claim for the injunction was only for an interim order, and accordingly it would not go to the jury.

*Gillespie v. Van Der Biezen* (1987), 24 C.P.C. (2d) 315 (Ont. H.C.)
The court struck out a jury notice in an action involving trust issues.

*447927 Ont. Inc. v. Pizza Pizza Ltd.* (1987), 16 C.P.C. (2d) 277 (Ont. H.C.)
The court struck out a jury notice where the case involved equitable issues of mixed fact and law as to whether fiduciary obligations existed and were breached.

*Brown v. Chief of Police of Thunder Bay (City)* (1986), 11 C.P.C. (2d) 159 (Ont. Dist. Ct.)
A jury notice should not be struck out merely because a claim for declaratory relief is made, where that relief is only a precursor to a claim for damages. An action against the chief of police was held not to be relief against a municipality under this section.

*Bank of Montreal v. Ewing* (1982), 27 C.P.C. 118 (Ont. Master)
The jury notice was struck out in this action to set aside a fraudulent conveyance.

*Dorland v. Apollo Leasing* (1981), 36 O.R. (2d) 16, 25 C.P.C. 196 (C.A.); leave to appeal to Supreme Court of Canada refused (1982), 36 O.R. (2d) 16, 25 C.P.C. 196, 42 N.R. 354
A jury notice in a main action was not struck out merely because a defendant instituted third party proceedings against a municipality alleging non-repair of a highway where the non-repair claim was required by statute to be heard without a jury.

*Damien v. O'Mulvenny* (1981), 34 O.R. (2d) 448, 19 C.C.L.T. 48, 128 D.L.R. (3d) 258 (H.C.)
An action for breach of a duty of confidentiality is a matter in which the Courts of Chancery had exclusive jurisdiction and may not be tried with a jury.

*Perrier v. Sorgat* (1979), 25 O.R. (2d) 645, 13 C.P.C. 171, 101 D.L.R. (3d) 318 (Co. Ct.)
An action against a commissioner and officer of the Ontario Provincial Police for damages for assault, false imprisonment and malicious prosecution is not a procedure against the Crown and may be tried by jury.

*Roberts v. Barbosa* (1976), 12 O.R. (2d) 260, 1 C.P.C. 81 (H.C.)
A jury notice was struck out because third party proceedings had been taken against the Crown.

*Toronto Star v. C.B.C.* (1976), 11 O.R. (2d) 289 (Master)
A defamation action against the Crown may not be tried with a jury.

925

**R. 47.02**         RULES OF CIVIL PROCEDURE

*Colquhoun v. Kitchen* (1975), 4 O.R. (2d) 376 (H.C.)

An action for an injunction to restrain a common law nuisance may be tried with a jury. [*But see now the Courts of Justice Act, s. 108(2)1 - Authors.*]

*Carolan v. Olivetti Can. Ltd.* (1974), 8 O.R. (2d) 252 (H.C.)

An action for wrongful dismissal may be tried with a jury.

### Striking Out Jury Notice - Where Jury Trial Inappropriate - rule 47.02(2)

*Gianopoulos v. Olga Management Ltd.* (2004), 4 C.P.C. (6th) 209, 2004 CarswellOnt 4729 (S.C.J.)

The court dismissed the defendant's motion to withdraw its own jury notice in this defamation action.

*Calvin Forest Products Ltd. v. Tembec Inc.* (2004), 2004 CarswellOnt 5607, 5 C.P.C. (6th) 89, 73 O.R. (3d) 114 (S.C.J.)

The court struck out the jury notice where part of the plaintiff's claim was an equitable claim which ought not be determined by a jury.

*Hunt (Litigation Guardian of) v. Sutton Group Incentive Realty Inc.* (2002), 60 O.R. (3d) 665, 2002 CarswellOnt 2604, (sub nom. *Hunt v. Sutton Group Incentive Realty Inc.*) 2002 C.L.L.C. 210-031, 215 D.L.R. (4th) 193, (sub nom. *Hunt v. Sutton Group Incentive Realty Inc.*) 162 O.A.C. 186, 32 M.V.R. (4th) 45, [2002] O.J. No. 3109, 60 O.R. (3d) 665 (C.A.)

The issues arising in a personal injury action based on an employer's and tavern owner's alleged duty to protect the plaintiff from her own alcohol consumption are not so inherently complex as to justify the discharge of a jury. Publicity generally adverse to the plaintiff cannot justify a jury's discharge in the absence of any evidence of what the jury had seen or heard of it.

*Amana Imports Canada Ltd. v. Guardian Insurance Co. of Canada* (2002), 57 O.R. (3d) 587, 2002 CarswellOnt 1509 (S.C.J.)

The court struck a jury notice where adverse publicity against the religion of the plaintiff's principals made a fair jury trial impossible.

*Migos v. Zurich Indemnity Co. of Canada* (1998), 28 C.P.C. (4th) 268, 1998 CarswellOnt 4746 (Gen. Div.); affirmed (October 5, 2000), Doc. CA C31129, 2000 CarswellOnt 3426 (C.A.)

The court struck out the jury notice in this automobile insurance policy case where the plaintiff alleged breach of fiduciary duty and emotional distress, sought aggravated and punitive damages, and the assessment of damages involved consideration of a pre-existing condition.

*Bigelow v. Parra* (1999), 27 E.T.R. (2d) 182, 33 C.P.C. (4th) 80, 1999 CarswellOnt 791, [1999] O.J. No. 858 (Gen. Div.)

In this estate case the court struck out the jury notice. A jury trial was not barred by s. 108 of the *Courts of Justice Act*, despite a nominal claim for declaratory relief. Juries are permissible under s. 8 of the *Estates Act*. However in this case the jury would have been required to determine mixed questions of fact and law, which would be more appropriately determined by a judge.

*Bruce-Grey Roman Catholic Separate School Board v. Carosi Construction Ltd.* (1998), 19 C.P.C. (4th) 372, 39 C.L.R. (2d) 75, 1998 CarswellOnt 1586, [1998] O.J. No. 1618 (Gen. Div.)

Where the plaintiff's action and the defendant's crossclaim where consolidated with construction lien actions, the court held that it was permature to strike out the defendant's jury notice.

JURY NOTICE                                                **R. 47.02**

*Oliver v. Gothard* (1992), 10 O.R. (3d) 309, 11 C.P.C. (3d) 342 (Gen. Div.)

Where two actions were to be tried together, and only one was the subject of a jury notice, the court ordered that the actions be tried without a jury because mixed questions of law and fact were involved.

*Wheater v. Walters* (1992), 7 C.P.C. (3d) 197 (Ont. Gen. Div.)

The court struck out a jury notice where the plaintiff had been involved in four separate motor vehicle accidents, each giving rise to an action with all actions to be tried together. The case was too complex for a jury.

*Jeschkeit v. State Farm Insurance Co.* (1990), 44 C.P.C. (2d) 140 (Ont. H.C.)

A jury notice was not struck out simply because the action was a claim under the unidentified motorist coverage of a standard automobile policy of insurance.

*Strojny v. Chan* (1988), 26 C.P.C. (2d) 38 (Ont. H.C.)

The fact that a judge is better able than a jury to comprehend, recollect, analyze, and weigh evidence is insufficient reason to strike out a jury notice. There is a *prima facie* right to have common law actions tried by jury.

*Irfan v. Loftus* (1987), 22 C.P.C. (2d) 277 (Ont. Dist. Ct.)

Where the plaintiff had been involved in two separate collisions which resulted in overlapping injuries, a jury notice was struck out. It would be unreasonable to expect that a jury could properly assess and differentiate between the injuries in the two collisions.

*Sussman v. Eales* (1987), 61 O.R. (2d) 316, 24 C.P.C. (2d) 99 (H.C.)

A motion to strike out a jury notice prior to discoveries in this libel action was dismissed as premature.

*Pipher v. Shelburne Dist. Hospital* (1985), 5 C.P.C. (2d) 110, 12 C.C.E.L. 182 (Ont. H.C.)

The court declined to strike out a jury notice prior to discoveries in this wrongful dismissal action.

*MacDougall v. Midland Doherty Ltd.* (1984), 48 O.R. (2d) 602, 47 C.P.C. 166, 7 C.C.E.L. 28 (H.C.)

A jury is inappropriate where difficult questions of law are required to be determined. The court struck out a jury notice in a wrongful dismissal case where the plaintiff claimed damages for mental distress.

*Markovski v. Allstate Ins. Co. of Can.*, 42 O.R. (2d) 689, 35 C.P.C. 30, 1 C.C.L.I. 148, [1983] I.L.R. 1-1665 (Div. Ct.)

The court refused to strike out a jury notice served in an action against an insurer pursuant to the uninsured motorist provisions of a standard automobile policy.

*Fulton v. Fort Erie* (1982), 40 O.R. (2d) 235, 31 C.P.C. 47, 142 D.L.R. (3d) 487 (H.C.)

The court struck out the jury notice in this wrongful dismissal action in which a claim for damages for mental distress was being advanced and difficult questions of fact and law were raised.

*Whealy v. Torbar Ltd.* (1982), 40 O.R. (2d) 378 (H.C.)

The court dismissed a jury at trial in a case involving complicated evidence regarding neurological injuries.

*Frederick v. Abstainers' Ins. Co.*, 35 O.R. (2d) 592, 133 D.L.R. (3d) 146, [1982] I.L.R. 1-1494 (H.C.)

A jury notice was struck out in an action against an insurer under the uninsured motorist coverage of a standard automobile policy.

**R. 47.02**            RULES OF CIVIL PROCEDURE

*Rahmaty v. Kentner; Rahmaty v. Jaquith* (1982), 31 C.P.C. 300 (Ont. H.C.)

The jury notices were struck out where two actions arising out of separate motor vehicle accidents were to be tried together and complicated medical and actuarial evidence would be led.

*Demeter v. Occidental Life Ins. Co. of California* (1979), 23 O.R. (2d) 31, 9 C.P.C. 332, 94 D.L.R. (3d) 465; affirmed 26 O.R. (2d) 391, 12 C.P.C. 125 (Div. Ct.)

Substantial publicity concerning previous criminal proceedings and the prospect of a long and complicated trial did not warrant striking out a jury notice in this case.

*Brodie v. Heath* (1975), 13 O.R. (2d) 365, 7 C.P.C. 94 (Dist. Ct.)

A jury notice will not be struck out merely because a claim against one defendant is based in gross negligence and a claim against another defendant is based in negligence.

*Otonabee Motors Ltd. v. B.A. Oil Co.*, [1968] 1 O.R. 573 (C.A.)

Where it is not clearly shown that the issues are too complicated to be tried with a jury, the decision should be left to the trial judge.

*Arrow Transit Lines Ltd. v. Tank Truck Transport Ltd.*, [1968] 1 O.R. 154, 65 D.L.R. (2d) 683 (H.C.)

A jury notice was struck out where the evidence was likely to be technical.

*Cole v. Trans-Canada Air Lines*, [1966] 2 O.R. 188, 56 D.L.R. (2d) 234 (H.C.)

The court refused to strike out a jury notice before trial in a fatal accident case merely because there would be actuarial and other evidence pertaining to the future value of money, the appropriate discounts for the cash value of the verdict, etc.

*Kovacs v. Skelton*, [1966] 1 O.R. 6 (H.C.)

A jury notice was struck out where the case involved seven serious injuries and one fatality, liability was in dispute, and a good deal of medical evidence would be required.

*Ryan v. Whitton*, [1964] 1 O.R. 111 (C.A.)

Where it appears possible, but not certain, that a complicated legal issue may arise at trial, the question of striking out the jury notice should be left for the determination of the trial judge after it is clear whether such an issue has indeed arisen.

*Such v. Dominion Stores Ltd.*, [1961] O.R. 190, 26 D.L.R. (2d) 696 (C.A.)

In an action of a character which may usually be tried by a jury, the jury notice should not be struck out in the absence of special circumstances.

*Martin v. Reutch*, [1943] O.R. 683 (C.A.)

An order striking out a jury notice before trial can be appealed but should not be interfered with unless it can be demonstrated that an injustice will result or the order is clearly wrong.

*Gordon v. Imperial Tobacco Sales Co. Ltd.*, [1937] O.R. 576, 69 C.C.C. 156, [1937] 3 D.L.R. 550 (C.A.)

Where only part of an action is to be tried with a jury, separate trials need not be ordered. The trial judge may deal with the issues at his discretion.

### Striking Out Jury Notice - Professional Malpractice Cases

*Etienne v. McKellar General Hospital* (1998), 16 C.P.C. (4th) 139, 1998 CarswellOnt 804, [1998] O.J. No. 624 (C.A.); leave to appeal refused (1998), 234 N.R. 199 (note), 119 O.A.C. 396 (note) (S.C.C.); reconsideration refused (November 1, 2000), Doc. 26627, 2000 CarswellOnt 5790, 2000 CarswellOnt 5791 (S.C.C.)

The Court of Appeal upheld the decision of the trial judge not to strike the jury in this medical malpractice case.

JURY NOTICE                                    **R. 47.02**

*Campbell v. Singal* (1989), 35 C.P.C. (2d) 283 (Ont. H.C.)

The court dismissed a motion to strike out the jury notice in this medical malpractice action. There is no practice which absolutely precludes juries in such cases and juries should be struck only where they could not reasonably be expected to follow the evidence or properly apply the judge's charge.

*Meringolo v. Oshawa Gen. Hospital* (1986), 10 C.P.C. (2d) 272 (Ont. H.C.)

In a medical malpractice action where expert testimony would be given on complex scientific matters, the jury notice was struck out.

*Anderson v. Wilgress* (1985), 6 C.P.C. (2d) 172 (Ont. H.C.)

The court refused to strike out a jury notice in this medical malpractice case where the medical reports indicated the issues would not be as complex as the pleadings indicated and the effect of striking the notice would be to delay the trial for two years. The motion could be renewed before the pre-trial judge.

*Granger v. Craan* (1985), 7 C.P.C. (2d) 39 (Ont. H.C.)

The court struck out the jury notice in this action against a dermatologist for negligence in prescribing a drug.

*Zeller v. Toronto Gen. Hosp.* (1984), 45 C.P.C. 221 (Ont. H.C.)

The court declined to strike out the jury notice in this medical malpractice case.

*Soldwisch v. Toronto Western Hosp.* (1983), 43 O.R. (2d) 449, 38 C.P.C. 309, 1 D.L.R. (4th) 446 (Div. Ct.)

There is no longer a practice requiring that a jury be struck out in medical malpractice cases. A motions court judge has a discretion separate and distinct from that of the trial judge, but if there is doubt about whether the action ought to be tried without a jury the motion to strike must fail.

*Coop v. Greater Niagara Gen. Hosp.* (1983), 34 C.P.C. 6 (Ont. H.C.)

The court declined to strike out a jury notice in a medical malpractice case where it was not shown the issue would be too complex for a jury.

*Goodman v. Siskind, Taggart and Cromarty* (1980), 31 O.R. (2d) 308, 20 C.P.C. 177, 119 D.L.R. (3d) 438 (H.C.)

An application to strike out a jury notice in a solicitor malpractice action was dismissed.

*McArthur v. McMaster Univ. Medical Centre* (1979), 26 O.R. (2d) 285, 3 L. Med. Q. 149 (H.C.)

There has been a substantial change in the judicial approach to whether juries should be allowed in medical malpractice cases, in favour of allowing juries.

*Law v. Woolford* (1976), 2 C.P.C. 197 (Ont. H.C.)

In a medical malpractice action, a jury notice requiring that only damages be assessed by a jury was not struck out.

*Faffray v. Sisters of St. Joseph of Sault Ste. Marie*, [1966] 2 O.R. 304 (H.C.)

An action against a nurse for negligence in her professional duties should be tried without a jury.

### Extension of Time to Deliver Jury Notice

*Macdonald v. Zurich Life Insurance Co. of Canada* (2003), 37 C.P.C. (5th) 338, 2003 CarswellOnt 2536 (S.C.J.)

Leave to amend pleadings has the effect of re-opening pleadings for all purposes unless it is evident they were re-opened for a limited purpose. The court refused to strike out a jury notice served with an amended statement of claim.

**R. 47.02**          RULES OF CIVIL PROCEDURE

*Wilkinson v. Holtby* (2000), 2000 CarswellOnt 5116, 7 C.P.C. (5th) 181 (S.C.J.)

Delivery of a jury notice after substantial completion of the examinations for discovery will usually prejudice the opposite party and will not be permitted. However, in this case, a jury notice was permitted to be delivered where it had been omitted inadvertently and the party seeking the jury notice had not been examined for discovery.

*Paskie (Litigation Guardian of) v. Canadian Amateur Boxing Assn.* (1999), 45 O.R (3d) 765, (sub nom. *Paskie v. Canadian Amateur Boxing Assn.)* 126 O.A.C. 244, [1999] O.J. No. 3264, 1999 CarswellOnt 2724 (Div. Ct.)

The court permitted the late delivery of a jury notice close to four years after pleadings had closed, where the plaintiff retained new counsel, the delay was not unconscionable, and the defendants would not be prejudiced.

*Nelson Estate v. Seguin* (2000), 44 C.P.C. (4th) 361, 2000 CarswellOnt 476 (Master)

The court extended the time to serve a jury notice, where discoveries had not occurred and there was no evidence of prejudice.

*Palmer v. Ottawa General Hospital* (1999), 44 C.P.C. (4th) 279, 1999 CarswellOnt 4095, [1999] O.J. No. 4716 (Master)

The court held that an amendment to the statement of claim did not re-open pleadings for the purpose of delivering a jury notice.

*Ampadu v. Novopharm Ltd.* (1998), 27 C.P.C. (4th) 64, 39 C.C.E.L. (2d) 217, 1998 CarswellOnt 4357 (Gen. Div.); leave to appeal refused (January 12, 1999), Doc. Toronto 735/98, 1999 CarswellOnt 305 (Div. Ct.)

Where the defendant failed to deliver a jury notice when the pleadings remained open or when pleadings were re-opened twice on consent, the court refused to validate late service of the jury notice.

*Nardo v. Fluet* (1993), 13 O.R. (3d) 220 (Gen. Div.)

Leave to amend pleadings has the effect of re-opening pleadings for all purposes, including the delivery of a jury notice, unless some limitation in purpose is indicated.

*Vataner v. Rossi* (1991), 2 C.P.C. (3d) 156 (Ont. Master)

Where a jury notice was delivered by the defendant after completion of examinations for discovery, the plaintiff's motion to strike the notice was allowed. A decision to proceed with a trial by jury only after discoveries amounted to an unconscionable and unjustified delay.

*Jeschkeit v. State Farm Insurance Co.* (1990), 44 C.P.C. (2d) 140 (Ont. H.C.)

A one-week extension for delivery of a jury notice was permitted where there was no unconscionable delay or likelihood of prejudice to the defendant.

*Black v. Sinclair* (1989), 16 W.D.C.P. 69 (Ont. H.C.)

The court validated the plaintiffs' jury notice served almost five months late in this medical malpractice case.

*Goldman v. H.A. Brown Ltd.* (1988), 30 C.P.C. (2d) 299 (Ont. H.C.)

Where all parties had delayed the proceedings to some extent, and the delivery of a jury notice would only result in a delay of two or three months, there was no unconscionable delay or significant prejudice.

*Desjardine v. Neron* (1987), 24 C.P.C. (2d) 311 (Ont. Master)

The time for delivery of a jury notice should be extended unless there has been an unconscionable delay or the opposite parties are likely to suffer prejudice. The court granted a six-month extension.

JURY NOTICE                                      **R. 47.02**

*Dragicevic v. Menna* (1987), 25 C.P.C. (2d) 53 (Ont. Master)

The court dismissed a motion to extend the time to file a jury notice by four years. There had been an unconscionable delay in seeking leave and there might be a delay in obtaining a jury trial.

*Jackson v. Hautala* (1983), 42 O.R. (2d) 153, 35 C.P.C. 108 (Div. Ct.)

A party should not be deprived of the right to a jury trial except for cogent reasons. The court extended the time for delivery of a jury notice by three months where the defendant changed his solicitor and where there was no prejudice to the plaintiff.

*Graham v. Smith* (1982), 38 O.R. (2d) 404, 27 C.P.C. 237 (Master); affirmed 38 O.R. (2d) 404 at 410 (H.C.)

Where an amendment is not such as to suggest for the first time that a jury trial would be appropriate, pleadings are not thereby re-opened to allow delivery of a jury notice.

*Waters v. Cadillac Fairview Corp.* (1981), 33 O.R. (2d) 778, 22 C.P.C. 271 (H.C.)

Where the defendant had delivered an amended statement of defence on consent after discoveries, the plaintiff was permitted to serve a jury notice as pleadings had been re-opened.

*Levin v. T.T.C.* (1977), 18 O.R. (2d) 231 (Master)

Where a plaintiff was given leave to bring a motion to amend his pleading after certifying his readiness for trial, and the motion was granted, pleadings were not re-opened for the purpose of serving a jury notice.

*Westall v. Smith* (1977), 15 O.R. (2d) 695, 4 C.P.C. 61 (H.C.)

An insurer added as a third party pursuant to the *Insurance Act* cannot require trial by jury.

*Warren v. Lowery* (1976), 2 C.P.C. 137 (Ont. H.C.)

An extension of time for delivering a jury notice was refused where a considerable time had passed from the date prescribed.

*Pankowski v. Halifax Ins. Co.*, [1960] O.W.N. 383 (H.C.)

A jury notice served after the close of pleadings is not necessarily validated by the re-opening of pleadings.

*Freeman v. Parker*, [1956] O.W.N. 561 (H.C.)

An order amending a statement of claim and permitting consequent amendment of the statement of defence and reply re-opens pleadings and unless it is specifically otherwise provided any party may serve a jury notice.

### *Discretion of Trial Judge - Generally - rule 47.02(3)*

*Desjardins v. Arcadian Restaurants Ltd.* (2005), 77 O.R. (3d) 27, 2005 CarswellOnt 3391 (S.C.J.)

A jury notice filed by the defendant was struck on the defendant's motion where the court's assistance to an unrepresented plaintiff would significantly disadvantage the defendant.

*Gorman v. Falardeau* (2005), 15 C.P.C. (6th) 158, 2005 CarswellOnt 2214, [2005] O.J. No. 2213, 23 C.C.L.I. (4th) 167, 254 D.L.R. (4th) 347, 18 M.V.R. (5th) 194, 197 O.A.C. 316 (C.A.)

The trial judge struck out the jury in this case involving complex issues spanning more than a decade, involving three litigated motor vehicle accidents, three non-litigated accidents, and multiple tortfeasors.

**R. 47.02**                RULES OF CIVIL PROCEDURE

*Russett v. Bujold* (November 26, 2003), Doc. 98-CV-8205, 2003 CarswellOnt 5501 (S.C.J.)

The court refused to dismiss the jury on the basis of alleged misconduct by defence counsel.

*Bartosek (Litigation Guardian of) v. Turret Realties Inc.* (2000), 2000 CarswellOnt 5163, 7 C.P.C. (5th) 372 (S.C.J.)

The trial judge struck out a jury notice where, *inter alia*, several of the parties had entered into a "Mary Carter" agreement.

*O'Brien v. Shantz* (1998), 167 D.L.R. (4th) 132, 113 O.A.C. 346, 31 C.P.C. (4th) 297, 1998 CarswellOnt 3965 (C.A.)

The trial judge properly discharged the jury and gave judgment herself, where a party had violated the rule in *Brown v. Dunn* (1893), 6 R. 67 (H.L.) and ss. 20 and 21 of the *Evidence Act*.

*Pietkiewicz v. Sault Ste. Marie District Roman Catholic Separate School Board* (1999), 30 C.P.C. (4th) 172, 1999 CarswellOnt 474, [1999] O.J. No. 445 (Gen. Div.)

The court dismissed the defendant's motion to discharge the jury based, *inter alia*, on inflammatory media comments about the case.

*Chrastina v. Patterson Estate* (1995), 81 O.A.C. 52 (C.A.); leave to appeal to Supreme Court of Canada refused  (1996), 201 N.R. 398 (note) (S.C.C.)

Where the plaintiff withdrew its motion to strike the jury, the court held that the trial judge could no longer discharge the jury on his own initiative.

*Wilson v. Martinello* (1993), 29 C.P.C. (3d) 18 (Ont. Gen. Div.)

The court struck out the jury where an early ruling required hearing evidence in two stages.

*Ball v. Vincent* (1993), 27 C.P.C. (3d) 148 (Ont. Gen. Div.)

The trial judge discharged the jury at the outset of trial where a number of issues made the case too complex for a jury trial.

*Cosford v. Cornwall* (1992), 9 O.R. (3d) 37, 7 C.P.C. (3d) 387, 93 D.L.R. (4th) 123, 56 O.A.C. 47 (C.A.)

The trial judge may not discharge the jury on his own initiative but rather, in general, may do so only on motion by one of the parties. The Court of Appeal ordered a new trial where the trial judge had done so on his own initiative.

*De Boer v. Bosweld* (1991), 5 O.R. (3d) 413 (Gen. Div.)

Only when the facts, the law, or both are such that a jury cannot reasonably be expected to be able to follow the evidence properly or to apply the judge's charge properly should a jury be struck. The trial judge can exercise such discretion at any point in the proceedings.

*Sloane v. Toronto Stock Exchange* (1991), 5 O.R. (3d) 412, 4 C.P.C. (3d) 278, 52 O.A.C. 177 (C.A.)

The right to trial by jury is an important substantive right. The Court of Appeal ordered a new trial in this wrongful dismissal case where the trial judge had dismissed the jury due to complexity of the claims for mental distress and punitive damages.

*Aitken v. Forsell* (1991), 50 C.P.C. (2d) 176, 30 M.V.R. (2d) 125, 81 D.L.R. (4th) 542, 50 O.A.C. 337 (C.A.)

Appellate review of a trial judge's exercise of discretion to discharge a jury is limited. The test is whether justice can be done to the litigants in the particular case and whether that is better accomplished by retention or by discharge of the jury.

**R. 47.02**

*Graham v. Rourke* (1990), 75 O.R. (2d) 622, 74 D.L.R. (4th) 1, 40 O.A.C. 301 (C.A.); affirmed on reconsideration 75 O.R. (2d) 622 at 644 (C.A.)

Appellate review of a trial judge's exercise of the discretion to discharge a jury is limited. If the trial judge has considered the relevant factors and committed no error of law, the discretion cannot be interfered with.

*Murray v. Collegiate Sports Ltd.* (1989), 40 C.P.C. (2d) 1 (Ont. C.A.)

The presence of difficult and unsettled questions of law is not in itself grounds for discharging a jury.

*Iona Corp. v. Rooney* (1987), 62 O.R. (2d) 179, 25 C.P.C. (2d) 174 (H.C.)

The court struck out a jury notice in one of three related actions because injunctive relief was claimed. Jury notices were permitted to stand in the other two actions subject to the discretion of the trial judge. The effect of pre-trial publicity should be left to the trial judge to consider at the time of trial.

*Kostopoulos v. Jesshope* (1985), 50 O.R. (2d) 54, 48 C.P.C. 209, 6 O.A.C. 326 (C.A.); leave to appeal to S.C.C. refused 50 O.R. (2d) 800n, 61 N.R. 319

The trial judge discharged the jury where a member of the jury was a former patient of a psychiatrist who gave evidence. There was a risk the juror may have conveyed her opinion of the witness to the other jurors.

*Isaacs v. MHG Int. Ltd.* (1984), 45 O.R. (2d) 693, 4 C.C.E.L. 197, 7 D.L.R. (4th) 570, 3 O.A.C. 301 (C.A.)

Where there is a possibility that complicated legal issues may arise at trial, the trial judge should not exercise his or her discretion until evidence is heard and a determination made that such an issue has, in fact, arisen.

*Nag v. McKellar*, [1969] 1 O.R. 764, 4 D.L.R. (3d) 53 (C.A.)

The trial judge should not discharge the jury merely because visual evidence in the form of motion pictures is introduced.

*Majcenic v. Natale*, [1968] 1 O.R. 189, 66 D.L.R. (2d) 50 (C.A.)

Motions at trial to discharge a jury should be heard either in open court in the absence of the jury or in chambers in the presence of a court reporter.

*Martin v. St. Lawrence Cement Co.*, [1968] 1 O.R. 94 (C.A.)

A new trial was ordered where the trial judge had discharged the jury before any evidence had been led in an uncomplicated occupier's liability case.

*Neelands v. Haig*, [1957] O.W.N. 337, 9 D.L.R. (2d) 165 (C.A.)

A new trial was ordered where the trial judge discharged the jury without sufficient reason.

*Flynn v. Saunders*, [1947] O.W.N. 975 (C.A.)

The power of the trial judge to dispense with a jury ends when the case is submitted to the jury.

### Discretion of Trial Judge - Mention of Insurance - rule 47.02(3)

*Hamstra v. British Columbia Rugby Union* (1997), 9 C.P.C. (4th) 2 (S.C.C.)

It can no longer be assumed a juror will be prejudiced against the defendant if the defendant is covered by insurance. The trial judge should consider whether a mention of insurance prejudiced the interests of the parties and, if so, fashion an appropriate remedy. As a last resort the judge may discharge the jury.

*Schon v. Hodgins* (1988), 11 W.D.C.P. 273 (Ont. Dist. Ct.)

In a motor vehicle case the judge has a discretion to dismiss the jury if insurance is mentioned. In this case there was a risk of injustice and the jury was dismissed.

**R. 47.02**          RULES OF CIVIL PROCEDURE

*Jackson v. Inglis* (1985), 50 C.P.C. 126, 7 O.A.C. 377 (C.A.)

The Court of Appeal refused to interfere with the discretion of a trial judge who discharged a jury because of the mention of a possible claim under Schedule C of a standard automobile policy.

*Morin v. Rochon*, 42 O.R. (2d) 301, 1 C.C.L.I. 139, 38 C.P.C. 215, 148 D.L.R. (3d) 573, [1983] I.L.R. 1-1679 (H.C.)

Where the plaintiff in a motor vehicle case mentioned the insurer of one of the defendants at trial, the judge refused to discharge the jury.

*Dickison v. Montgomery*, [1960] O.R. 544 (C.A.)

The Court of Appeal refused to set aside the verdict of a jury notwithstanding that the trial judge had mentioned possible recourse to the unsatisfied judgment fund in response to a question regarding insurance from the foreman.

*Koebel v. Rive*, [1958] O.R. 448 (C.A.)

Where something occurs during trial from which the jury may reasonably infer that a defendant is insured, the jury should be discharged and counsel should elect whether to obtain another jury or proceed without one.

*Poyner v. Ferguson*, [1955] O.W.N. 1, [1955] 2 D.L.R. 281 (H.C.)

A jury was discharged where there had been mention of insurance premiums and, more importantly, the press had published reports of the amount of damages claimed.

*Theakston v. Bowhey*, [1950] O.R. 524, [1950] 3 D.L.R. 804; affirmed [1951] S.C.R. 679, [1951] 4 D.L.R. 150

Where the mention of insurance is not such that the jury is likely to infer that the defendant is insured, the jury may be retained.

This is Exhibit "7" referred to in the
Affidavit of John T. Morin sworn
before me, this 3ʳᵈ day of May, 2007

_____

A Commissioner for Taking Affidavits

ALEKSANDAR NIKOLIC, a
Commissioner, etc., Province of Ontario,
while a Student-at-Law.
Expires February 29, 2000.

FASKEN CAMPBELL GODFREY
LIBRARY

JUL 15 1997

# REPORT

## ON

## THE USE OF JURY TRIALS IN CIVIL CASES

ONTARIO LAW REFORM COMMISSION



Ontario

1996

8

Given the origin of the jury as a means of tempering the perception of abuse of power, it is significant that jury trials are not available in actions against the government. Section 108(2)12 of the *Courts of Justice Act,* reproduced above, prohibits jury trials in civil actions against a municipality. Similarly, section 11 of the *Proceedings Against the Crown Act*[17] prohibits jury trials in civil actions against the provincial Crown. Juries are prohibited in proceedings against the federal Crown by section 26 of the federal *Crown Liability and Proceedings Act.*[18]

In 1989, two additions were made to the *Courts of Justice Act* that are relevant to the arguments for and against civil jury trials.[19] Section 118 of the Act provides that, "[i]n an action for damages for personal injury, the court may give guidance to the jury on the amount of damages and the parties may make submissions to the jury on the amount of damages". Section 119 provides that, "[o]n an appeal from an award for damages for personal injury, the court may, if it considers it just, substitute its own assessment of the damages".

## 3.  THE USE OF CIVIL JURIES

Although the frequency of jury trials for civil cases in Ontario has been diminishing generally over time,[20] statistics gathered by the Ministry of the Attorney General suggest that there has been a slight increase in the use of the civil jury in recent years.[21] According to the Ministry's statistics, there has been a seven percent increase in the proportion of civil cases tried by jury over the past seven reported years. Table No. 1, below, sets out the civil trial statistics for

---

[17]  R.S.O. 1990, c. P.27.

[18]  R.S.C. 1985, c. C-50, s. 26, as en. by S.C. 1990, c. 8, s. 31. The title of the statute was changed by S.C. 1990, c. 8, s. 21.

[19]  *Courts of Justice Act, 1984,* S.O. 1984, c. 11, ss. 130a and 130b, as en. by S.O. 1989, c. 67, s. 4. See, now, *Courts of Justice Act, supra,* note 10, ss. 118 and 119. These amendments implemented recommendations made by the Commission in Ontario Law Reform Commission, *Report on Compensation for Personal Injuries and Death* (1987), at 108-09. See, also, ss. 15 and 16(1) of the draft *Personal Injuries Compensation Act* proposed by the Commission in Appendix 1 of the report.

[20]  See *Report on Administration of Ontario Courts, supra,* note 7, at 329-31.

[21]  Unless otherwise indicated, the statistics provided in this chapter are derived from the Ministry of the Attorney General, *Court Statistics Annual Reports,* which compile statistics based on the fiscal year ending on March 31st.

9

a seven-year period between 1988 and 1995. These figures disclose a small increase in the use of juries for civil trials since 1990/91.[22]

Table No. 1
Civil Trials—Ontario Court (General Division)

|  | 1988/89 | 1989/90 | 1990/91 | 1991/92 | 1992/93 | 1993/94 | 1994/95 |
|---|---|---|---|---|---|---|---|
| non-jury | 2,292 (84.6%) | 2,055 (86.5%) | 2,024 (84.7%) | 2,400 (81.6%) | 2,744 (79.6%) | 2,473 (78.2%) | 2,032 (77.8%) |
| jury | 418 (15.4%) | 318 (13.4%) | 367 (15.3%) | 540 (15.3%) | 702 (20.4%) | 688 (21.7%) | 577 (22.1%) |
| total | 2,710 | 2,373 | 2,391 | 2,391 | 3,446 | 3,161 | 2,609 |

In compiling its statistics on civil trials, the Ministry distinguishes between motor vehicle actions, on the one hand, and all other kinds of action, on the other. Table No. 2, below, provides a breakdown of civil trials by type of action. These figures reveal that approximately three-quarters of all civil jury trials involve motor vehicle actions.

Table No. 2
Civil Actions—Mode of Trial
Ontario Court (General Division)

|  | 1991/92 | 1992/93 | 1993/94 | 1994/95 |
|---|---|---|---|---|
| MV–non-jury | 450 (15.3%) | 473 (13.7%) | 357 (11.3%) | 281 (10.8%) |
| other–non-jury | 1,950 (66.3%) | 2,271 (65.9%) | 2,116 (66.9%) | 1,751 (67.1%) |
| MV–jury | 394 (13.4%) | 520 (15.1%) | 499 (15.8%) | 389 (14.9%) |
| other–jury | 146 (5.0%) | 182 (5.3%) | 189 (6.0%) | 188 (7.2%) |
| total | 2,940 (100%) | 3,446 (100%) | 3,161 (100%) | 2,609 (100%) |

A review of the statistics over the past two decades reveals that jury trials have become more popular over time. In the 1988 *Report of Inquiry into Motor Vehicle Accident Compensation in Ontario,*[23] the use of civil juries in motor vehicle actions was studied over a four-year period. As Table No. 3 demonstrates, motor vehicle jury trials increased in popularity over the four-year span.[24]

---

[22] In light of the empirical study conducted by the Commission in connection with this report, there is some evidence to suggest that the statistics provided by the Ministry in respect to the number of jury trials are somewhat inflated. See *infra*, ch. 6, sec. 1(b).

[23] Ontario, *Report of Inquiry into Motor Vehicle Accident Compensation in Ontario* (1988).

[24] *Ibid.*, Vol. 1, at 368-69. The table presents the aggregate statistics for motor vehicle actions set down for trial in both the Supreme Court of Ontario and the District Court of Ontario.

10

Table No. 3
Motor Vehicle Actions Set Down for Trial

|          | 1982        | 1983        | 1984        | 1985        |
|----------|-------------|-------------|-------------|-------------|
| Non-jury | 3,134 (58%) | 2,918 (56%) | 2,793 (51%) | 2,861 (51%) |
| Jury     | 2,239 (42%) | 2,328 (44%) | 2,634 (49%) | 2,722 (49%) |
| Total    | 5,373 (100%)| 5,246 (100%)| 5,427 (100%)| 5,583 (100%)|

More recent data for the 1992 and 1993 calendar years reveal a sharper increase in the use of juries in motor vehicle actions. Table No. 4 discloses a marked increase in the number of motor vehicle cases in both 1992 and 1993. Anecdotal evidence suggests that this trend is a consequence of the greater use of the jury by defendants, whose defences are usually conducted by the insurance companies that insure them. Anecdotal evidence further suggests that the appeal of the jury for insurance companies stems from the tendency of juries, in Ontario, to make smaller awards of damages than judges. This observation will be discussed in greater detail, below.[25]

Table No. 4
Motor Vehicle Actions Set Down for Trial

|          | 1992            | 1993            |
|----------|-----------------|-----------------|
| Non-jury | 2,822 (33.8%)   | 1,835 (29.3%)   |
| Jury     | 5,528 (66.2%)   | 4,419 (70.7%)   |
| Total    | 8,350 (100%)    | 6,254 (100%)    |

As a result of the enactment of legislation limiting tort claims for motor vehicle actions,[26] there is reason to believe that the frequency of motor vehicle actions, including those before juries, will be reduced further as the full impact of this legislation is realized.* The effect of this legislation to date is reflected in

---

[25]    See infra, ch. 4, sec. 3(b).

[26]    Insurance Act, R.S.O. 1990, c. I.8, s. 267.1, as en. by S.O. 1993, c. 10, s. 25.

*    The prediction of a long term reduction in the number of motor vehicle actions is contingent upon the continued existence of the current legislation. As this report was prepared for press, the Ministry of Finance issued draft legislation to amend the Insurance Act and other Acts related to automobile insurance. Among other things, s. 14 of the proposed Insurance Statute Law Amendment Act, 1996 would restore the right to sue for significant economic loss in excess of the no-fault benefits. This legislation, if enacted, might have a significant affect on the number

11

the Ministry statistics set out in Table No. 5, below. The table discloses a marked decrease in the number of motor vehicle actions commenced in the 1992/93 fiscal year, and a further significant decrease in the number of motor vehicle actions commenced in the 1993/94 fiscal year. Interestingly, while the total number of motor vehicle actions decreased sharply in 1992/93, the actual number of motor vehicle actions tried with a jury increased. A somewhat similar phenomenon occurred in 1993/94. These increases, however, are likely related to cases commenced in previous years that are only now proceeding to trial. Accordingly, it will probably take a few more years before the full impact of "no-fault" legislation on civil juries can be observed. It would seem reasonable to assume, however, that a substantial decrease in motor vehicle actions would result in fewer civil jury trials.

Table No. 5
Motor Vehicle Actions Commenced
Ontario Court (General Division)

|  | 1988/89 | 1989/90 | 1990/91 | 1991/92 | 1992/93 | 1993/94 | 1994/95 |
|---|---|---|---|---|---|---|---|
| actions | 26,394 | 35,874 | 26,064 | 22,930 | 7,032 | 3,651 | 3,752 |

Given that the majority of civil jury trials involve motor vehicle actions, and that the number of such actions has decreased dramatically over the past few years, there is a basis for predicting that, in the absence of further statutory reform concerning motor vehicle actions, a sharp decrease in civil jury trials will occur.

---

of motor vehicle actions commenced and, consequently, on the number of jury trials conducted in the province.