IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLAE, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 07-140-JJF |
| HERSHEY CANADA INC., an Ontario, Canada corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF KIMBERLY MCLUCAS

1.  I am an employee of The Hershey Company ("Hershey"). In 2005 and 2006, my responsibilities included negotiating the purchase of ingredients for Hershey's Canadian subsidiary, Hershey Canada Inc. ("Hershey Canada"). Specifically, during that period I was the person responsible for negotiating the purchase of soy lecithin for use at Hershey Canada's plant in Smiths Falls, Ontario.

2.  In the period from December 2005 to January of 2006, I conducted contract negotiations with Solae, LLC ("Solae") on behalf of Hershey Canada. Specifically, I negotiated a one year "Quantity Contract" for the purchase and delivery of soy lecithin to Hershey Canada. The objective of the negotiations was to "lock in" an annual supply contract for ingredients that could be "pulled" throughout the year, on the prices and terms established in the contract.

3.  My counterpart at Solae for the negotiation of the 2006 contract was Ms. Laurie Cradick. At the time Ms. Cradick was an Account Manager in Solae's Lecithin Division.

4.  My negotiations with Ms. Cradick began in December of 2005, following Ms. Cradick's delivery of a "bid" for Hershey's 2006 soy lecithin business (the "Solae Bid"). Ms. Cradick delivered the Solae Bid to me electronically on December 5, 2005. Attached hereto as Exhibit A is a true copy of the Solae Bid. The Solae Bid contained terms that included price, quantity and payment. The Solae Bid also stated that it was "valid upon acceptance".

5.  The Solae Bid contained no terms limiting Solae's liability or requiring the parties to resolve their disputes in Delaware and made no reference to any terms whatsoever that were not actually contained in the Solae Bid.

6.  Following the Solae Bid, my negotiations with Ms. Cradick proceeded by telephone. The focus of the negotiations was to reach agreement on price, volume, delivery period, and

freight for the purchase and delivery of soy lecithin for the 2006 year (the "Contract Terms"). In my negotiations with Ms. Cradick, we never discussed terms related to the forum in which the parties would resolve their disputes, any limitations on liability, or the law that would govern the parties' relationship.

7.    By January 10, 2006, I had reached agreement with Ms. Cradick on the Contract Terms. Accordingly, on January 10, 2006 I sent to Ms. Cradick a Hershey Canada "Quantity Contract" form that set out the terms that had been agreed between us for the 2006 calendar year (the "2006 Quantity Contract"). A true copy of the 2006 Quantity Contract is attached hereto as Exhibit B.

8.    The 2006 Quantity Contract provided on its face that Hershey Canada would purchase 250,000 pounds of identity preserved soy lecithin at a price of $125.65 per 100 pounds to be delivered to the Hershey Canada plant in Smiths Falls. It also provided that the freight terms were "FOB Destination", meaning that Solae would pay the freight charges to the destination in Smiths Falls. The 2006 Quantity Contract provided that it was valid for the period from January 10, 2006 to December 31, 2006.

9.    The 2006 Quantity Contract contained the following words in bold letters: "**Terms and Conditions on Reverse**". This is a reference to Hershey Canada's standard terms and conditions for supply contracts (the "Hershey Canada Standard Terms"). These terms are printed on the back of Hershey Canada's standard Quantity Contract form. Attached hereto as Exhibit C is a true copy of the Hershey Canada Standard Terms found on the back of the 2006 Quantity Contract that I sent to Ms. Cradick on January 10, 2006.

10.    I cannot remember whether the 2006 Quantity Contract that I sent to Ms. Cradick on January 10, 2006 included the Hershey Canada Standard Terms printed on the reverse side of the Quantity Contract. After I sent the 2006 Quantity Contract to her, Ms. Cradick did not make any inquiries of me regarding the "**Terms and Conditions on Reverse**" as printed on the face of the 2006 Quantity Contract, and she did not ask me for a copy of the "**Terms and Conditions on Reverse**".

11.    I have read the affidavit sworn by Ms. Cradick that was filed in the Ontario proceeding (and subsequently submitted to this Court on April 27, 2007). I note that in her affidavit, Ms. Cradick admits to negotiating an agreement with me for the supply of soy lecithin for 2006. In paragraph 19 of her affidavit, Ms. Cradick refers to that agreement as the "SOLEC Supply Agreement". The only agreement that I negotiated with Ms. Cradick for the supply of soy lecithin for 2006 was the 2006 Quantity Contract. Though Ms. Cradick makes no reference to a "Quantity Contract" or to the Quantity Contract form that I sent to her on January 10, 2006, I presume that her term "SOLEC Supply Agreement" is actually a reference to the 2006 Quantity Contract.

12.    In referring to sales of soy lecithin under the 2006 Quantity Contract in her affidavit, Ms. Cradick has sworn as follows: "*As far as I am aware, Solae's standard terms would apply to these sales*". I was surprised to read that statement in Ms. Cradick's affidavit. I had no knowledge whatsoever of what Ms. Cradick refers to as "Solae's standard terms" until after the present dispute arose with Solae. At no time before, during or after the

negotiation of the 2006 Quantity Contract did Ms. Cradick ever mention "Solae's standard terms" to me. Ms. Cradick and I never discussed "Solae's standard terms" at any time. Ms. Cradick never indicated to me at any time that "Solae's standard terms" were part of the 2006 Quantity Contract, that there were any limitations on Solae's liability under the 2006 Quantity Contract, or that any disputes related to the 2006 Quantity Contract would be subject to Delaware law or Delaware jurisdiction. What Ms. Cradick refers to as "Solae's standard terms" were never forwarded to me or proposed as part of the 2006 Quantity Contract. Accordingly, I had no reason to believe, and I did not believe, that "Solae's standard terms" would apply to any shipment of soy lecithin made pursuant to the 2006 Quantity Contract. Furthermore, had Ms. Cradick indicated to me during the negotiations that *she* believed "Solae's standard terms" would apply to the 2006 Quantity Contract, I would not have agreed to those terms.

13. As of January 10, 2006, I considered the negotiations for the 2006 Quantity Contract to be concluded and the contract terms agreed upon. I understood that Hershey Canada was now obligated to purchase from Solae the volume of product set out in the Quantity Contract, at the agreed price, and to pay on the terms set out in the Quantity Contract. I also understood that Solae was obligated to deliver the product when ordered, at the agreed price. I certainly did not believe that it was open to Solae, or Hershey Canada for that matter, to unilaterally insert new contractual terms into the 2006 Quantity Contract.

14. On January 10, 2006, after concluding the 2006 Quantity Contract, I sent an e-mail to Mr. James Kuehl at the Hershey Canada plant in Smiths Falls. A copy of my e-mail is attached as Exhibit D. As the e-mail indicates, its purpose was to notify Mr. Kuehl that a new contract was now in place with Solae (and another contract in place with another supplier) so that he could "pull" against the contract by issuing purchase orders to Solae. This e-mail reflects my understanding at the time regarding the contract between Hershey Canada and Solae. Specifically, I understood that since the 2006 Quantity Contract had now been formed and the terms agreed, Hershey Canada could arrange for individual shipments of soy lecithin to be delivered in accordance with the terms of the 2006 Quantity Contract.

15. My understanding of the contractual arrangements with Solae is also reflected in the face of the purchase order for the shipment that gave rise to this dispute. As testified by Mr. Kuehl in his declaration filed in this Court on April 18, 2007, the relevant purchase order was Hershey Canada's Purchase Order #4500257993 ("PO 993"). A true copy of PO 993 is attached hereto as Exhibit E.

16. PO 993 states on its face: "RELEASE AGAINST CONTRACT 46044618". The phrase "CONTRACT 46044618" refers to the 2006 Quantity Contract. This contract number is shown on the upper right hand corner of the 2006 Quantity Contract.

17. PO 993 also refers to "ITEM ON CONTRACT 00010". This is a reference to Item 00010 on the face of the 2006 Quantity Contract. Item 00010 is described on the face of the 2006 Quantity Contract as 250,000 pounds of identity preserved soy lecithin (Stock No. 1-00768-000) at $125.65 per 100 pounds for a total price of $314,125.01.

18.    I understand that Hershey Canada received a form invoice from Solae after Solae delivered the contaminated lot of soy lecithin (the "Invoice"). I never agreed to any of the terms on the back of that form at any time, including in connection with the negotiation of the 2006 Quantity Contract. No one else at Hershey Canada had authority to accept those terms. Accordingly, those terms were not part of the 2006 Quantity Contract that I negotiated with Ms. Cradick.

19.    I also understand that the Invoice was sent from Hershey Canada to The Hershey Company's disbursements department in Hershey, Pennsylvania for payment. No person in the disbursements department had any authority to accept any contract terms on the reverse of the Invoice or to negotiate any contract terms with Solae.

20.    I was the person responsible for contract negotiations with Solae for the supply of soy lecithin. Prior to this dispute with Solae, no Solae reverse terms on any document were ever brought to my attention at any time by Ms. Cradick or anyone else, including anyone at Hershey Canada or anyone at the disbursements department in Hershey, Pennsylvania.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2007

_Kimberly McLucas_
Kimberly McLucas

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2007, I electronically filed the foregoing with the Clerk of

Court using CM/ECF which will send notification of such filing(s) to the following and which

has also been served as noted:

### HAND DELIVERY

P. Clarkson Collins, Jr.
Katherine J. Neikirk
Morris James, LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19899


I further certify that on June 8, 2007, the foregoing document was sent to the following

non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Scott L. Winkelman
Monica M. Welt
Crowell & Moring LLP
1001 Pennsylvania Ave. N.W.
Washington, D.C. 20004-2595

_____
Jeffrey L. Moyer (#3309)

# EXHIBIT A

Page 1 of 2

009

## McLucas, Kimberly

From:     LCradick@solae.com
Sent:     Wednesday, December 14, 2005 3:43 PM
To:       McLucas, Kimberly
Subject:  Fw: revised 2006 quotation

Laurie Cradick
Account Manager - Lecithin Division
Solae, LLC
Office phone:  414-427-5067
Office fax:  414-427-5092

---- Forwarded by Laurie Cradick/PROTEIN on 12/14/2005 02:43 PM ----
Laurie Cradick/PROTEIN

                                              To  Kim McLucas
                                              cc
12/05/2005 08:54 PM                           Subject  Fw: revised 2006 quotation

Kim - Sorry I forgot to include the Dartmouth, Nova Scotia ship to location.

SOLEC 3F-UB-TN, packaged in 450-lb. drums, is $0.5064/lb. delivered based upon a minimum order quantity of 5,400 lbs. (12 drums).

Best regards,

Laurie Cradick
Account Manager - Lecithin Division
Solae, LLC
Office phone:  414-427-5067
Office fax:  414-427-5092

---- Forwarded by Laurie Cradick/PROTEIN on 12/05/2005 08:49 PM ----
Laurie Cradick/PROTEIN

                                              To  Kim McLucas
                                              cc
12/05/2005 08:48 PM                           Subject  revised 2006 quotation

Kim --

Sorry for the delay in sending this revised quotation:

SOLEC 3F-UB-TN (formerly CENTROL 3F-UB-TN), packaged in bulk tank loads, is $0.2850/lb. delivered. As in 2005, this bid is for a

11/13/2006

010

volume award of no more than 1.2 million pounds.

SOLEC 3F-UB-IP/SOLEC 162-US-IP, packaged in 1 metric ton tote containers, is $1.2565/lb. delivered. This bid is for a volume award of no more than 250,000 pounds.

Payment terms for all products are Net 30 days. Effective dates are January 01, 2006 through December 31, 2006; valid upon acceptance.

I'll be travelling this week, but please feel free to contact me upon review at 414-305-1086 to discuss how you wish to proceed.

Best regards,

Laurie Cradick
Account Manager - Lecithin Division
Solae, LLC
Office phone:  414-427-5067
Office fax:  414-427-5092

This communication is for use by the intended recipient and contains information that may be Privileged, confidential or copyrighted under applicable law. If you are not the intended recipient, you are hereby formally notified that any use, copying or distribution of this e-mail, in whole or in part, is strictly prohibited. Please notify the sender by return e-mail and delete this e-mail from your system. Unless explicitly and conspicuously designated as "E-Contract Intended", this e-mail does not constitute a contract offer, a contract amendment, or an acceptance of a contract offer. This e-mail does not constitute a consent to the use of sender's contact information for direct marketing purposes or for transfers of data to third parties.

Francais Deutsch Italiano  Espanol  Portugues  Japanese  Chinese  Korean

http://www.DuPont.com/corp/email_disclaimer.html

11/13/2006

# EXHIBIT B

Hershey Canada, Inc.

A Hershey Foods Company/
Une Compagnie de Hershey Foods

Quantity Contract/Quantité du Contrat 46044618    012

Page 1
Date 01/10/2006

Invoice To/
Facturer à:
THE HERSHEY COMPANY
DISBURSEMENTS DEPARTMENT
PO BOX 806 - 100 CRYSTAL A DR
HERSHEY PA 17033-0808

Terms and Conditions on Reverse / Modalités au Verso

Vendor /
Fournisseur:
3008099
THE SOLAE CO LLC
23091 NETWORK PLACE
CHICAGO, IL 60673-1217
USA

Ship To /
Expédier à:
Moirs Plant - Dartmouth
Hershey Canada, Inc.
375 Pleasant Street
Dartmouth NS  B2Y 4N4

Vendor Phone/Tél: 800-348-0960    Fax: 219-425-5301
Confirming to/Confirmer à:AMY
Date/Date:

Incoterms/Incoterms: FOB DESTINATION
Contact: Kim McLucas

Phone/Tél: 717-534-6680
Fax: 717-534-8230

Vendor Contract/
Contrat de Fournisseur:

Terms/Conditions de Paiement: Within 30 days Due net

Valid From: 01/10/2006
Valid To:   12/31/2006

Currency/Monnaie:  USD

| Item/Article | Quantity/Quantité | UM | Stk No/Code de Produit / Description | Price/Prix | | Amount/Montant |
|---|---|---|---|---|---|---|
| 00010 | 250,000.000 | Pound | 1-00768-000<br>Lecithin, Soy, Identity Preserved | 125.65 | 100/LB | 314,125.01 |

Material must meet most recent Hershey Foods Corporation specifications.
Ship To:
    Smiths Falls Plant
    Hershey Canada, Inc.
    1 Hershey Drive
    Smiths Falls, ON  K7A 4T8

| 00020 | 25,000.000 | Pound | 9-65910-000<br>Lecithin, Soya, Unbleached, Drum | 50.54 | 100/LB | 12,635.00 |

MATERIAL MUST MEET MOST RECENT HERSHEY FOODS CORPORATION SPECIFICATION.
Ship To:
    Moirs Plant - Dartmouth
    Hershey Canada, Inc.
    375 Pleasant Street
    Dartmouth, NS  B2Y 4N4

Acknowledgement Not Required

The above prices on this purchase order excludes the Goods and Services Tax (GST) and Quebec Sales Tax (QST).

All correspondence including acknowledgements, quotations and invoices must indicate the following:
1) Vendor GST and/or QST registration number
2) The GST and/or QST item tax status
3) The GST and/or QST separately by each line item
4) Total GST and/or QST amount of the invoice

Ontario retail sales tax exempt vendor permit No. 1233-6386

Total Amount/Montant Total  (USD)    326,760.00

Dans le prix indiqué ci-dessus dans de bon de commande, la taxe sur les produits et services (TPS) et la taxe de vente du Québec (TVQ) ne sont pas comprises.

Toute la correspondance, y compris les accusés de réception, le propositions de prix et les factures doivent mentionner les renseignements suivants:
1) Le numéro d'enregistrement du fournisseur pour la TPS et/ou TVQ
2) La situation fiscale de l'article en ce qui concerne la TPS et/ou TVQ
3) Le montant de la TPS et/ou TVQ séparé pour chaque article de la gamme
4) Le montant de la TPS et/ou TVQ pour la facture

No. 1233-6386 d'exemption de taxe de vente au détail de l'Ontario

Hershey  Canada,  Inc.

# EXHIBIT C

014

# EXHIBIT D

**McLucas, Kimberly**                                                                 016

| | |
|---|---|
| From: | McLucas, Kimberly |
| Sent: | Tuesday, January 10, 2006 9:52 AM |
| To: | Kuehl, James |
| Subject: | IP lecithin |

Good morning James,
Wanted to review IP lecithin for 2006 with you.

We have 2 contracts in the system...as follows....

46044618 with Solae for 250,000 lbs
46044619 with Cargill for 250,000 lbs

Both are delivered shipments, in totes and cover the year. I would say that you can pull evenly throughout the year (barring any hold-ups with the supplier) and basically go back and forth between the contracts. I noticed that there are already 2 orders with Solae, which is fine, we will just need to move them to the new contract. The pos are 4500164248 and 4500178723. Please move them when you can.

Also, both would like forecasts for the year...and although I said that that would be fine, but of course the forecast is subject to change....they both said that is no problem, they just want something to go on (for the next couple of months , at least)...since both we'll be bringing in from Brazil. Cargill, I think, will try to ship direct to Canada....as opposed to Solae, who brings it into the US first, then transports it to Canada. So if you could work on that and provide your contacts at either company with forecasts, that would be great!

Please let me know if you have any questions or concerns......I'm hoping that we have a smoother 2006 with this stuff......we're due for an uneventful year!

Take care, kim

1

EXHIBIT E

Hershey Canada, Inc.

**HERSHEY'S** A Subsidiary of / une filiale de
The Hershey Company

Purchase Order/Bon d'Achat    4500257993

Page  1
Date   06/21/2006

Invoice To/
Facturer à:
THE HERSHEY COMPANY
DISBURSEMENTS DEPARTMENT
PO BOX 806  - 100 CRYSTAL A DR
HERSHEY PA 17033-0806

The Purchase order number and product code must appear on all invoices, correspondence, packing slips, etc. Packing slip must be included with all shipments. Le numéro de bon de commande ainsi que le numéro de produit doivent figurer sur toute correspondance, factures, bons de connaissement, etc. Le bon connaissement doit être inclus avec tout envoi.

Terms and Conditions on Reverse / Modalités au Verso

Vendor /
Fournisseur:
3008099
THE SOLAE CO LLC
23091 NETWORX PLACE
CHICAGO, IL 60673-1217
USA

Ship To /
Expédier à:
~~Smiths Falls Plant~~
~~Hershey Canada, Inc.~~
~~1 Hershey Drive~~
~~Smiths Falls, ON  K7A 4T8~~

*WILLS warehouse*
*HWY 15 south*
*Smiths Falls, ON.*
*Appt: (613) 283-5194*

Vendor Phone/Tél:  800-348-0960    Fax: ~~419-425-5501~~ (314) 982-1015
Vendor Contact/Représentant: AMY
Date/Date:
*Laura*
Vendor Contract/
Contrat de Fournisseur:
Terms/Conditions de Paiement: Within 30 days Due net

Incoterms/Incoterms: FOB DESTINATION
Contact: James Kuehl ext353

Phone/Tél: 613 283-3300
Fax: (613) 283-4844

Currency/Monnaie:  USD

| Item/Article | Quantity/Quantité | UM | Prod. No/No. de Produit | Price/Prix | Amount/Montant |
|---|---|---|---|---|---|
| 00010 | 39,682.800 | Pound | I-00768-000 | 125.65   100/LB | 49,861.44 |

Lecithin, Soy, Identity Preserved

Delivery date: 09/29/2006
RELEASE AGAINST CONTRACT 46044618
ITEM ON CONTRACT 00010

*(18 x 1000 kg totes)*

*Material code*
*1000 5325*

Material must meet most recent Hershey Foods Corporation specifications.

*Our next order.*

The above prices on this purchase order exclude the Goods and Services Tax (GST) and Quebec Sales Tax (QST).

All correspondence, including acknowledgements, quotations and invoices must indicate the following:

1) Vendor GST and/or QST registration number
2) The GST and/or QST item tax status
3) The GST and/or QST separately by each line item
4) Total GST and/or QST amount of the invoice

**Total Amount/Montant Total  USD**    49,861.44

Dans le prix indiqué ci-dessus dans le bon de commande, la taxe sur les produits et services (TPS) et la taxe de vente du Québec (TVQ) ne sont pas comprises.

Toute la correspondance, y compris les accusés de réception, le propositions de prix et les factures doivent mentionner les renseignements suivants:

1) Le numéro d'enregistrement du fournisseur pour la TPS et/ou TVQ
2) La situation fiscale de l'article en ce qui concerne la TPS et/ou TVQ
3) Le montant de la TPS et/ou TVQ séparé pour chaque article de la gamme
4) Le montant de la TPS et/ou TVQ pour la facture

Ontario retail sales tax exempt vendor permit No. 1233-6386
No. 1233-6386 d'exemption de taxe de vente au détail de l'Ontario

Hershey Canada, Inc.