## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SOLAE, LLC,                                          )
A Delaware limited liability company,                )
                                                     )
        Plaintiff,                                )
                                                     )    C.A. No. 07-140-JJF
vs.                                                  )
                                                     )
HERSHEY CANADA INC.                                  )
an Ontario, Canada corporation,                      )
                                                     )
        Defendant                                 )

### AFFIDAVIT OF CINDY WRIGHT
### (sworn June 25, 2007)

1.        I am employed by Solae, LLC ("Solae") as a Customer Service Representative. I have worked in the Customer Service department of Solae and two of its predecessors since March 2000. Over the years I have been one of the Customer Service representatives responsible for processing sales of various Solae products to plants of The Hershey Company ("The Hershey Co.") and Hershey Canada Inc. ("Hershey"), and I am employed at Solae's St. Louis, Missouri headquarters.

2.        I have knowledge of the matters to which I hereinafter depose, except for matters that I have stated in this affidavit are based on information provided to me by others, all of which information I believe to be true.

3.        In my capacity as a Customer Service Representative, I received purchase orders for Solae products from customers. I would then process the purchase order and fax back to the customer a Solae business document entitled "Order Confirmation".

4.          Solae's Order Confirmation is a double-sided document. The first page (page 1 of 2) of the Order Confirmation is headed "Attachment 1 - Conditions of Sale" ("Conditions of Sale").

5.          Whenever I faxed an Order Confirmation to the customer, it was, and is, my standard practice to include both pages of the Order Confirmation.

6.          After an Order Confirmation is faxed to a customer, the standard practice in Solae's Customer Service department has been, and is, to place the faxed documents (including the fax transmission sheet) in the applicable account file, and those documents remain stored in that file for future reference, if necessary.

7.          I have obtained from the files in Solae's Customer Service department the Order Confirmation documents relating to a number of sales of Solae products, to The Hershey Co. and Hershey in 2005 and 2006. Copies of those documents, including the applicable fax transmission sheets, are described and attached as exhibits to this affidavit in the following paragraphs of this affidavit.

8.          Attached as **Exhibit 1** is a copy of an Order Confirmation which Customer Service Representative, Delin Reedy, has told me she faxed to the Smith Falls plant of Hershey on February 7, 2006. The Conditions of Sale were included with the front side of the Order Confirmation in that fax. Exhibit 1 was faxed to James Kuehl of the Smith Falls plant. Neither Mr. Kuehl nor anyone else at Hershey ever expressed to myself any objection to the Conditions of Sale that Delin Reedy faxed with that Order Confirmation, and Ms. Delin has told me that neither Mr. Kuehl nor anyone else from Hershey ever expressed any such objection to her either.

9.          Attached as **Exhibit 2** and **Exhibit 3**, respectively, are copies of Order Confirmations which I faxed to the Dartmouth plant of Hershey on August 21, 2006 and September 26, 2006, respectively. The Conditions of Sale were included with the front side of the Order Confirmation in each fax. Exhibits 2 and 3 were faxed to Kim Fleet of the Dartmouth plant. Neither Kim Fleet nor anyone else at Hershey ever expressed to me any objection to the Conditions of Sale that I faxed with those Order Confirmations.

10.         Attached as **Exhibit 4** is a copy of an Order Confirmation which I faxed to the Memphis plant of The Hershey Co. on September 20, 2005. The Conditions of Sale were included with the front side of the Order Confirmation in that fax. (This fax also included two additional pages announcing a new brand name for Solae lecithin products). Exhibit 4 was faxed to Melvin Powers at the Memphis plant. Neither Mr. Powers nor anyone else at The Hershey Co. ever expressed to me any objection to the Conditions of Sale which I faxed with that Order Confirmation.

11.         Attached as **Exhibit 5** and **Exhibit 6**, respectively, are copies of two Order Confirmations which I faxed to the Memphis plant of The Hershey Co. on September 11, 2006. The Conditions of Sale were included with the front side of each Order Confirmation in those faxes. Exhibits 5 and 6 were faxed to Melvin Powers of the Memphis Plant. Neither Mr. Powers nor anyone else at The Hershey Co. ever expressed to me any objection to the Conditions of Sale which I faxed with those Order Confirmations.

12.         Laura Titus was employed as a Customer Service Representative at Solae until around August 2006. Ms. Titus was responsible for some of the accounts with The

Hershey Co. and Hershey.   On several occasions, I faxed to customers Order Confirmations which Ms. Titus had prepared if Ms. Titus was away from the office or unavailable.   Four Order Confirmations to The Hershey Co. and Hershey plants are described and attached as exhibits in paragraphs 11 to 14 below.   Based on the fax transmission sheets, which are included with the exhibits, and the standard practices of Solae's Customer Service department (described above), I believe that those documents were faxed to the stated The Hershey Co. or Hershey plant. However, I cannot recall whether it was I or Ms. Titus who physically sent those faxes.

13.        Attached as **Exhibit 7** and **Exhibit 8**, respectively, are Order Confirmations which either Ms. Titus or I faxed to the Smith Falls plant of Hershey on September 19, 2005 and May 2, 2006, respectively.   The Conditions of Sale were included with the front side of each Order Confirmation in those faxes.   (The Order Confirmation which was faxed on September 19, 2005 also included two additional pages respecting the above-noted announcement of a new brand name of Solae lecithin products).   Exhibits 7 and 8 were faxed to James Kuehl of the Smith Falls plant of Hershey.   Neither Mr. Kuehl nor anyone else at Hershey ever expressed to me any objection to the Conditions of Sale that were faxed with these Order Confirmations. Similarly, Ms. Titus never mentioned to me that Mr. Kuehl or anyone else at Hershey had ever expressed any objection to her about the Conditions of Sale.

14.        Attached at **Exhibit 9** is a copy of an Order Confirmation which either Ms. Titus or I faxed to the Dartmouth plant of Hershey on February 28, 2006.   (This Order Confirmation contains hand writing of Ms. Titus, but that does not necessarily mean that it was physically faxed by Ms. Titus, as opposed to myself or another

Customer Service Representative in our Customer Service Department.)  The Conditions of Sale were included with the front side of the Order Confirmation in that fax.  Exhibit 9 was faxed to Kim Fleet of the Dartmouth plant of Hershey.  Neither Ms. Fleet nor anyone else at Hershey ever expressed to me any objection to the Conditions of Sale that were faxed with this Order Confirmation.  Similarly, Ms. Titus never mentioned to me that Ms. Fleet or anyone else at Hershey had ever expressed any objection to her about the Conditions of Sale.

15.        Attached as **Exhibits 10, 11 and 12** are Order Confirmations which either Laura Titus or I faxed to the Memphis plant of The Hershey Co. on March 16, 2005, July 27, 2005,  and December 14, 2005, respectively.  The Conditions of Sale were included with the front side of each Order Confirmation in these faxes.  Exhibits 11 and 12 were faxed to Melvin Powers of the Memphis plant.  Exhibit 10 was faxed to Kathy Caughron of the Memphis plant.  Neither Mr. Powers, Ms. Caughron, nor anyone else at The Hershey Co. ever expressed to me any objection to the Conditions of Sale that were faxed with those Order Confirmations.  Similarly, Ms. Titus never mentioned to me that Mr. Powers, Ms. Caughron, or anyone else at The Hershey Co. had ever expressed any objection to her about the Conditions of Sale.

16.        Attached as **Exhibit 13** is a copy of an Order Confirmation which either Ms. Titus or I faxed to the Hershey, Pennsylvania plant of The Hershey Co. on November 2, 2005.   The Conditions of Sale were included with the front side of the Order Confirmation in that fax.   Exhibit 13 was faxed to Bill Ehrhorn of the Hershey, Pennsylvania plant.  Neither Mr. Ehrhorn nor anyone else at The Hershey Co. ever expressed to me any objection to the Conditions of Sale which were faxed with this Order

Confirmation. Similarly, Ms. Titus never mentioned to me that Mr. Ehrhorn or anyone else at The Hershey Co. ever objected to her about the Conditions of Sale.

17.        In or around October 2006, Linda Collins became employed as a Customer Service Representative of Solae. I assisted in the training of Ms. Collins, and during Ms. Collins' first two or three months with our department, I worked with her in the processing of most, if not all, of the purchase orders received from accounts for which Ms. Collins' was assigned responsibility. Thus, Order Confirmations in the Fall of 2006 which show Ms. Collins' name, might have been faxed to the customer by me as opposed to Ms. Collins. Based on the fax transmissions records and Solae's above-noted standard practices, I believe that the documents attached as exhibits and described in paragraphs 16 to 18 below were faxed to the stated The Hershey Co. or Hershey plant, but I cannot recall at this time whether it was I or Ms. Collins who physically sent those faxes.

18.        Attached as **Exhibit 14** is a copy of an Order Confirmation which either Ms. Collins or I faxed to the Smith Falls plant of Hershey on October 19, 2006. The Conditions of Sale were included with the front side of the Order Confirmation in that fax. Exhibit 14 was faxed to James Kuehl of the Smith Falls plant. Neither Mr. Kuehl nor anyone else at Hershey ever expressed to me any objection to the Conditions of Sale that were faxed with that Order Confirmation. Similarly, Ms. Collins has advised me that neither Mr. Kuehl nor anyone else at Hershey ever expressed to her any objection about the Conditions of Sale.

19.        Attached as **Exhibit 15** is a copy of an Order Confirmation which either Ms. Collins or I faxed to the Dartmouth plant of Hershey on December 6, 2006. The

Conditions of Sale were included with the front side of the Order Confirmation in that fax. Exhibit 15 was faxed to Kim Fleet of the Dartmouth plant. Neither Ms. Fleet nor anyone else at Hershey ever expressed to me any objection to the Conditions of Sale that were faxed with this Order Confirmation. Similarly, Ms. Collins has advised me that neither Ms. Fleet nor anyone else at Hershey ever expressed to her any objection about the Conditions of Sale.

20.        Attached as **Exhibit 16** is a copy of an Order Confirmation which either Ms. Collins or I faxed to the Memphis plant of The Hershey Co. on November 8, 2006. The Conditions of Sale were included with the front side of the Order Confirmation in that fax. Exhibit 16 was faxed to Melvin Powers of the Memphis plant. Neither Mr. Powers nor anyone else at The Hershey Co. ever expressed to me any objection to the Conditions of Sale that were faxed with this Order Confirmation. Similarly, Ms. Collins has advised me that neither Mr. Powers nor anyone else at The Hershey Co. ever expressed to her any objection about the Conditions of Sale.

I declare under penalty of perjury that the foregoing is true and correct.

**SWORN BEFORE ME** in St. Louis,      )
MO, this day on June 25, 2007.      )
                    )
                    )
                    )
                    )
**Notary:**                )          _____
                    )          **CINDY WRIGHT**

SHERI P. WEST
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: July 31, 2009
Commission # 05403515

# Exhibit 1

31

*The Solae Company.*

(REVISION)

**Order
Confirmation
208872**

### Shipping Address

HERSHEY CANADA, INC.
HWY 15 SOUTH
SMITH FALLS ON  K7A 4T8
CANADA

### Information

| | |
|---|---|
| Document Date | 14 Dec 2005 |
| Purchase Order No. | 4500178723 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |

### Sold-to Party Address

HERSHEY CANADA SMITH FALLS PLT
1 HERSHEY DRIVE
SMITH FALLS ON  K7A 4T8
CANADA

Page 1

### Sales Order Details

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10005325 SOLEC 3F-UB-IP Standard Soy Lecithin Fluid 1,000 KG ST CAGE Cust. Material No.: 1-00768-000 | ✓ 02/10/2006 | 18 IBC | 18,000 KG | 19,242 KG | 2.7701/ KG | 49,861.80 |
| | | | | | Total Amount | USD | 49,861.80 |

Please fax order confirmation James Kuehl at (613) 283-4844.

**Created By: Cindy A. Wright**
**Shipping Plant: VX07 Gibson City Plant**
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Thanks,
Dylin

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

32

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

P. 1  33

\* \* \*  COMMUNICATION RESULT REPORT ( FEB. 7.2006  3:12PM ) \* \* \*

TTI  SOLAE LLC-CS

RANSMITTED/STORED FEB. 7.2006  3:11PM
ILE MODE      OPTION              ADDRESS            RESULT      PAGE
-------------------------------------------------------------------
857 MEMORY TX                 916132834844          OK          2/2

-------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL              E-2) BUSY
E-3) NO ANSWER                        E-4) NO FACSIMILE CONNECTION

*The Solae Company.*

(REVISION)

**Order Confirmation 208872**

### Shipping Address
HERSHEY CANADA, INC.
HWY 15 SOUTH
SMITH FALLS ON  K7A 4T8
CANADA

### Sold-to Party Address
HERSHEY CANADA SMITH FALLS PLT
1 HERSHEY DRIVE
SMITH FALLS ON  K7A 4T8
CANADA

### Information
| | |
|---|---|
| Document Date | 14 Dec 2005 |
| Purchase Order No. | 4500178723 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |

Page 1

### Sales Order Details
| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10005325 SOLEC 3F-UB-IP Standard Soy Lecithin Fluid 1,000 KG ST CAGE Cust. Material No.: 1-00768-000 | 02/10/2006 | 18 IBC | 18,000 KG | 19,242 KG | 2.7701/ KG | 49,861.80 |
| | | | | | Total Amount   USD | | 49,861.80 |

Please fax order confirmation James Kuehl at (613) 283-4844.

Created By: Cindy A. Wright
Shipping Plant: VX07 Gibson City Plant
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

*Thanks, Dylan*

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1993 Tel  (900) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

# Exhibit 2

√ The Solae
Company.

(8/28)

Allni
Kim

35

# Order
# Confirmation
# 243072

### Shipping Address

HERSHEY MARITIME WAREHOUSE
26 TOPPLE
DARTMOUTH NS  B3B 1L6
CANADA

### Bill-to Party Address

HERSHEY  MOIRS PLT - DARTMOUTH
375 PLEASANT ST
DARTMOUTH NS  B2Y 4N4
CANADA

### Information

| | |
|---|---|
| Document Date | 21 Aug 2006 |
| Purchase Order No. | 4500280719 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |
| Freight Terms | Freight Included in the Price |

21 Aug 2006  15:05:50                    Page 2 of   2

### Sales Order Details

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10004572 | 08/31/2006 | 12 DR | 2,449.440 KG | 2,655 KG | 1.1164 /KG | 2,734.55 |
| | SOLEC 3F-UB-TN PREMIUM Standard Soy Lecithin Fluid 204.12KG DRUM Cust. Material No.: 9-65910-000 | | | | | | |
| | | | | | Total Amount | USD | 2,734.55 |
| | Please fax order confirmation to Kim Fleet at 902-469-7169. | | | | | | |

Created By: Cindy A. Wright
  Shipping Plant: VX69 Decatur Plant
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3468.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

37

# Confirmation Report — Memory Send

Time  : Aug-21-2006  04:01pm
Tel line : 3146595730
Name  : PTI/DUPONT SALES

Job number           :   670

Date                 :   Aug-21 03:55pm

To                   :   919024697169

Document pages       :   002

Start time           :   Aug-21 03:59pm

End time             :   Aug-21 04:01pm

Pages sent           :   002

Status               :   OK

Job number    : 670          *** SEND SUCCESSFUL ***

**The Solae Company**

Attn: Kim

**Order Confirmation 243072**

<table>
<tr><td colspan="2"><b>Shipping Address</b></td><td colspan="2"><b>Information</b></td></tr>
<tr><td colspan="2">HERSHEY MARITIME WAREHOUSE<br>26 TOPPLE<br>DARTMOUTH NS  B3B 1L6<br>CANADA</td><td>Document Date<br>Purchase Order No.<br>Purchase Order Date<br>Incoterms</td><td>21 Aug 2006<br>4500280719<br><br>FOB Shippoint; Frt. PPD/Dlvd</td></tr>
<tr><td colspan="2"><b>Bill-to Party Address</b><br>HERSHEY MOIRS PLT - DARTMOUTH<br>575 PLEASANT ST<br>DARTMOUTH NS  B3Y 4N4<br>CANADA</td><td>Payment Terms<br>Freight Terms</td><td>30 days from invoice date<br>Freight included in the Price</td></tr>
<tr><td colspan="2"></td><td>21 Aug 2006  15:05:50</td><td>Page 2 of  2</td></tr>
</table>

**Sales Order Details**

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10004572 | 08/31/2006 | 12 DR | 2,449.440 KG | 2,655 KG | 1.1164 /KG | 2,734.55 |
|  | SOLEC SF-UB-TN PREMIUM<br>Standard Soy Lecithin Fluid<br>204.12KG DRUM<br>Cust. Material No.: 9-65910-000 |  |  |  |  |  |  |
|  |  |  |  |  |  | Total Amount   USD | 2,734.55 |
|  | Please fax order confirmation to Kim Fleet at 902-469-7169. |  |  |  |  |  |  |

Created By: Cindy A. Wright
Shipping Plant: VX69 Decatur Plant
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3466.
Solae, LLC                        Solae, LLC
P.O. Box 88940                    1034 Danforth Drive
St. Louis, Missouri 63188         St. Louis, Missouri 63102
(314) 982-1933 Tel (800) 325-7108 Toll Free

**Exhibit 3**

39

*Attn:*
*Kim*
(10/16)

**The Solae Company.**

# Order Confirmation 247725

**Shipping Address**
HERSHEY MARITIME WAREHOUSE
26 TOPPLE
DARTMOUTH NS  B3B 1L6
CANADA

**Bill-to-Party Address**
HERSHEY  MOIRS PLT - DARTMOUTH
375 PLEASANT ST
DARTMOUTH NS  B2Y 4N4
CANADA

**Information**

| | |
|---|---|
| Document Date | 21 Sep 2006 |
| Purchase Order No. | 4500301679 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |
| Freight Terms | Freight Included in the Price |
| 26 Sep 2006  01:08:24 | Page 2 of  2 |

**Sales Order Details**

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|------|---------------------|-----------|----------|-----------|-------------|-----------|--------|
| 0010 | 10004572 | 10/19/2006 | 12 DR | 2,449.440 KG | 2,655 KG | 1.1164 /KG | 2,734.55 |
| | SOLEC 3F-UB-TN PREMIUM Standard Soy Lecithin Fluid 204.12KG DRUM Cust. Material No.: 9-65910-000 | | | | | | |
| | | | | | **Total Amount** | **USD** | **2,734.55** |

Please fax order confirmation to Kim Fleet at 902-469-7169.

**Created By: Cindy A. Wright**
**Shipping Plant: VX69 Decatur Plant**
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3468.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

41

# Confirmation Report — Memory Send

Time　　　: Sep-26-2006　10:39am
Tel line　: 3146595730
Name　　　: PTI/DUPONT SALES

| | | |
|---|---|---|
| Job number | : | 418 |
| Date | : | Sep-26 10:31am |
| To | : | 919024697169 |
| Document pages | : | 002 |
| Start time | : | Sep-26 10:38am |
| End time | : | Sep-26 10:39am |
| Pages sent | : | 002 |
| Status | : | OK |

Job number　　　: 418　　　　　　*** SEND SUCCESSFUL ***

*The Solae Company.*

Attn:
Kim

**Order Confirmation 247725**

**Shipping Address**
HERSHEY MARITIME WAREHOUSE
26 TOPPLE
DARTMOUTH NS B3B 1L6
CANADA

**Bill-to Party Address**
HERSHEY MOIRA PLT - DARTMOUTH
375 PLEASANT ST
DARTMOUTH NS B2Y 4N4
CANADA

**Information**
Document Date　　　　　21 Sep 2006
Purchase Order No.　　4500301679
Purchase Order Date
Incoterms　　　　　　　FOB Shippoint; Frt. PPD/Dlvd

Payment Terms　　　　30 days from invoice date
Freight Terms　　　　Freight included in the Price

26 Sep 2006　01:06:24　　　　　　　　Page 2 of　2

**Sales Order Details**

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10004572 | 10/16/2006 | 12 DR | 2,449.440 KG | 2,655 KG | 1.1164 /KG | 2,734.55 |
| | SOLEC 3F-UB-TN PREMIUM Standard Soy Lecithin Fluid 204.12KG DRUM Cust. Material No.: 9-85910-000 | | | | | | |
| | | | | | Total Amount　　USD | | 2,734.55 |
| | Please fax order confirmation to Kim Fleet at 902-469-7169. | | | | | | |

Created By: Cindy A. Wright
Shipping Plant: VX69 Decatur Plant
Price shall be the price in effect on the date of shipment.
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3466.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1803 Tel　(800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

**Exhibit 4**

*The Solae®*
*Company.*



43

# Order
# Confirmation
# 195507

## Shipping Address

HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN 38106

## Information

| | |
|---|---|
| **Document Date** | 20 Sep 2005 |
| **Purchase Order No.** | 4500144824 |
| **Purchase Order Date** | |
| **Incoterms** | FOB Shippoint, Frt. PPD/Add |
| **Payment Terms** | 30 days from invoice date |

Page 1

## Sold to Party Address

HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN 38101-2038

## Sales Order Details

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002463 <br><br> CENTROPHASE® CS 38# PAIL (6050) <br> Soy Lecithin | 11/01/2005 | 2 PL | 34 KG <br> 76 LB | 38 KG | 2.5520/ KG <br> 1.1576/ LB | 87.97 |
| | | | | | **Total Amount** | **USD** | 87.97 |

Please fax order confirmation to Melvin Powers at 901-775-5627

**Created By:** Cindy A. Wright
**Shipping Plant:** VX07 Gibson City Plant
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

**The Solae Company.**

Adam Melvin

**Order** 44
**Confirmation**
**195507**

### Shipping Address

HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN 38106

### Sold-to Party Address

HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN 38101-2038

### Information

| | |
|---|---|
| Document Date | 20 Sep 2005 |
| Purchase Order No. | 4500144824 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint, Frt. PPD/Add |
| Payment Terms | 30 days from invoice date |

Page 1

### Sales Order Details

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002463 | 11/01/2005 | 2 PL | 34 KG 76 LB | 36 KG | 2.5520/ KG 1.1576/ LB | 87.97 |
| | CENTROPHASE® CS 36# PAIL (6050) Soy Lecithin | | | | | | |
| | | | | | | Total Amount    USD | 87.97 |
| | Please fax order confirmation to Melvin Powers at 901-775-5627 | | | | | | |

**Created By: Cindy A. Wright**
**Shipping Plant: VX07 Gibson City Plant**
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLO
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLO
1034 Danforth Drive
St. Louis, Missouri 63102

ВUSУ ИЗУ ГАСSIMILE CONNECTION    {E=3}

REASON FOR ERROR or LINE FAIL.    {E=3}    NO ANSWER

4/4    OK    9190177556627    4293 MEMORY TX

PAGE    RESULT    ADDRESS    OPTION    FILE MODE
TRANSMITTED/STORED SEP. 20. 2005 10:03AM

ITI SOLAE LLC-CS

* * *  COMMUNICATION RESULT REPORT ( SEP. 20. 2005 10:05AM )  * * *

P. 1

45

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

46

Lecithin

# Announcing




**The Solae Company**
**is proud to announce the implementation of a new brand name for our**
**Standard and Value-Added Soy Lecithin Products:**

**— SOLEC™ Brand Soy Lecithin —**

Beginning October 1, 2005, transitioning through December 31, 2005, The Solae Company will be phasing in this brand name change, to allow you adequate time to change your internal processes and references.

For your reference, below is the current Material number and product name reference:

| Material #: | Product Name: | Packaging Size: |
|---|---|---|
| 10002463 | Centrophase CS | 38# pail |

Beginning October 1, 2005, please begin using the following references when ordering:

| Material #: | Product Name: | Packaging Size: |
|---|---|---|
| 10002463 | Solec CS | 38# pail |

Signed: Cindy Wright

Customer Sales Representative
Name: Cindy Wright
Contact number: 800-634-0018

The Solae Company™

The Solae Company Logo, Solae® and SOLEC™ are trademarks or registered trademarks of Solae, LLC© 2005, Solae, LLC. All rights reserved.

47

*Lecithin*

## *Announcing*



**Solec**™
*SOY LECITHIN*

**The Solae Company**
*is proud to announce the implementation of a new brand name for our*
*Standard and Value-Added Soy Lecithin Products:*

*— SOLEC™ Brand Soy Lecithin —*

Beginning October 1, 2005, transitioning through December 31, 2005, we will be phasing in this brand name change, to allow you adequate time to change your internal processes and references.

This change is being implemented as a first step to several Continuous Improvement Projects for our Soy Lecithin offerings to the food industry.

In addition to solidifying the product line under one brand image, throughout 2006, The Solae Company will be working to upgrade the product and application support information, packaging designs, and announcing new offerings for value-added functionality.

No other aspect of the product is changing. Product Material Numbers, packaging, customer ordering process, etc., will remain the same.

If you have questions or need further information, please contact your sales representative, customer service or Marketing in St. Louis at 314.982.3929.

*The Solae Company*™

The Solae Company Logo, Solae® and SOLEC™ are trademarks or registered trademarks of Solae, LLC© 2005, Solae, LLC. All rights reserved.

**Exhibit 5**

49





**The Solae Company.**

Attn: Melvin

(10/5)

# Order Confirmation 245762

**Shipping Address**

HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN 38106

**Bill-to Party Address**

HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN 38101-2038
USA

**Information**

| | |
|---|---|
| Document Date | 08 Sep 2006 |
| Purchase Order No. | 4500293694-A |
| Purchase Order Date | |
| Incoterms | FOB Shippoint, Frt. PPD/Add |
| Payment Terms | 30 days from invoice date |
| Freight Terms | Freight Not Included in the Price |

09 Sep 2006  01:03:48          Page 2 of   2

**Sales Order Details**

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002558 | 10/09/2006 | 4 DR | 816.480 KG 1,800 LB | 885 KG | 0.9500 /KG 0.4309 /LB | 775.66 |
| | SOLEC 1P-UB Standard Soy Lecithin Fluid 204.12 KG DRUM Cust. Material No.: 184070100 | | | | | | |
| | | | | | Total Amount    USD | | 775.66 |

Please fax order confirmation to Melvin Powers at 901-775-5627

**Created By: Cindy A. Wright**
**Shipping Plant: VX69 Decatur Plant**
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3468.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

51

# Confirmation Report — Memory Send

Time     : Sep-11-2006  12:05pm
Tel line : 3146595730
Name     : PT1/DUPONT SALES

| | | |
|---|---|---|
| Job number | : | 208 |
| Date | : | Sep-11  11:59am |
| To | : | 919017755627 |
| Document pages | : | 002 |
| Start time | : | Sep-11  12:02pm |
| End time | : | Sep-11  12:04pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 208          *** SEND SUCCESSFUL ***

*The Solae&
Company.*

Attn: Melvin

**Order
Confirmation
245762**

| Shipping Address | Information | |
|---|---|---|
| HERSHEY CHOCOLATE USA<br>875 KANSAS ST<br>MEMPHIS TN 38106 | Document Date<br>Purchase Order No.<br>Purchase Order Date<br>Incoterms | 08 Sep 2006<br>4500293894-A<br><br>FOB Shippoint, Frt. PPD/Add |
| **Bill-to Party Address**<br>HERSHEY CHOCOLATE USA<br>PO Box 2089<br>MEMPHIS TN 38101-2038<br>USA | Payment Terms<br>Freight Terms | 30 days from invoice date<br>Freight Not included in the<br>Price |
| | 09 Sep 2006  01:03:46 | Page 2 of  2 |

### Sales Order Details

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002558<br><br>SOLEC 1P-US<br>Standard Soy Lecithin Fluid<br>204.12 KG DRUM<br>Cust. Material No.: 184070100<br><br>Please fax order confirmation to Melvin Powers at 901-775-5627 | 10/06/2006 | 4 DR | 816.480<br>KG<br>1,800 LB | 865 KG | 0.9500 /KG<br><br>0.4309 /LB<br><br>Total Amount    USD | 775.86<br><br><br><br>775.86 |

Created By: Cindy A. Wright
Shipping Plant: VX69 Decatur Plant
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 – Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 9469.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 659-1899 Tel  (800) 325-7108 Toll Free

Solae, LLC
1044 Danforth Drive
St. Louis, Missouri 63102

# Exhibit 6

53

The Solae Company.

ATTN: Melvin



11/7

**Order Confirmation 245773**

## Shipping Address

HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN  38106

## Bill-to Party Address

HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN  38101-2038
USA

## Information

| | |
|---|---|
| Document Date | 08 Sep 2006 |
| Purchase Order No. | 4500293694-B |
| Purchase Order Date | |
| Incoterms | FOB Shippolnt, Frt. PPD/Add |
| Payment Terms | 30 days from invoice date |
| Freight Terms | Freight Not Included in the Price |

09 Sep 2006  01:03:51          Page 2 of  2

## Sales Order Details

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002558 | 11/09/2006 | 4 DR | 816.480 KG 1,800 LB | 885 KG | 0.9500 /KG 0.4309 /LB | 775.66 |
| | SOLEC 1P-UB Standard Soy Lecithin Fluid 204.12 KG DRUM Cust. Material No.: 184070100 | | | | | | |
| | | | | | Total Amount    USD | | 775.66 |
| | Please fax order confirmation to Melvin Powers at 901-775-5627 | | | | | | |

**Created By: Cindy A. Wright**
   **Shipping Plant: VX69 Decatur Plant**
 Price shall be the price in effect on the date of shipment
 Prices reflected in the order confirmation are subject to change.
 Please see Attachment 1 - Conditions of Sale on reverse side.
 If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3468.

Solae, LLC                                    Solae, LLC
P.O. Box 88940                              1034 Danforth Drive
St. Louls, Missouri 63188              St. Louis, Missouri 63102
(314) 982-1983 Tel  (800) 325-7108 Toll Free

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

55

# Confirmation Report — Memory Send

Time    : Sep-11-2006  12:06pm
Tel line : 3146595730
Name    : PTI/DUPONT SALES

| | | |
|---|---|---|
| Job number | : | 209 |
| Date | : | Sep-11 12:00pm |
| To | : | 919017755627 |
| Document pages | : | 002 |
| Start time | : | Sep-11 12:03pm |
| End time | : | Sep-11 12:05pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 209          *** SEND SUCCESSFUL ***

**The Solae Company.**

Attn: Melvin

**Order Confirmation 245773**

**Shipping Address:**
HERSHEY CHOCOLATE USA
978 KANSAS ST
MEMPHIS TN 38106

**Bill-to Party Address:**
HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN 38101-2038
USA

**Information**

| | |
|---|---|
| Document Date | 08 Sep 2006 |
| Purchase Order No. | 4500293694-B |
| Purchase Order Date | |
| Incoterms | FOB Shippoint, Frt. PPD/Add |
| Payment Terms | 30 days from invoice date |
| Freight Terms | Freight Not Included in the Price |

09 Sep 2006 01:03:51          Page 2 of  2

**Sales Order Details**

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002558 | 11/09/2006 | 4 DR | 816.480 KG 1,800 LB | 866 KG | 0.9500 /KG 0.4309 /LB | 775.66 |
| | SOLEC 1P-UB Standard Soy Lecithin Fluid 204.12 KG DRUM Cust. Material No.: 184070100 | | | | | | |
| | | | | | Total Amount    USD | | 775.66 |
| | Please fax order confirmation to Melvin Powers at 901-775-5827 | | | | | | |

Created By: Cindy A. Wright
Shipping Plant: VX89 Decatur Plant
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3486.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1969 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

# Exhibit 7



57

**Order Confirmation 194937**

| Shipping Address |
|---|
| HERSHEY CANADA SMITH FALLS PLT |
| 1 HERSHEY DRIVE |
| SMITH FALLS ON  K7A 4T8 |
| CANADA |

| Sold to Party Address |
|---|
| HERSHEY CANADA SMITH FALLS PLT |
| 1 HERSHEY DRIVE |
| SMITH FALLS ON  K7A 4T8 |
| CANADA |

**Information**

| | |
|---|---|
| Document Date | 15 Sep 2005 |
| Purchase Order No. | 4500143401 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |

Page 1

**Sales Order Details**

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10005325 CENTROL® 3F-UB-IP ONE METRIC TON ST CAGE Soy Lecithin Cust. Material No.: 1-00768-000 | 11/04/2005 | 18 IBC | 18,000 KG | 19,242 KG | 2.7700/ KG | 49,860.00 |
| | | | | | Total Amount   USD | | 49,860.00 |

Please fax order confirmation James Kuehl at (613) 283-4844.

**Created By: Laura Titus**
**Shipping Plant: VX07 Gibson City Plant**
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

P. 158

```
*  *  *  COMMUNICATION RESULT REPORT ( SEP. 19. 2005  4:47PM )  *  *  *
```

TTI  SOLAE LLC-CS

TRANSMITTED/STORED SEP. 19. 2005  4:46PM

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|------|------|--------|---------|--------|------|
| 4245 | MEMORY TX | | 9-16132834844 | OK | 4/4 |

```
----------------------------------------------------------------------------
     REASON FOR ERROR
       E-1) HANG UP OR LINE FAIL              E-2) BUSY
       E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
----------------------------------------------------------------------------
```

*The Solae Company*

# Order Confirmation
# 194937

### Shipping Address

HERSHEY CANADA SMITH FALLS PLT
1 HERSHEY DRIVE
SMITH FALLS ON  K7A 4T8
CANADA

### Information

| | |
|---|---|
| Document Date | 15 Sep 2005 |
| Purchase Order No. | 4500143401 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Divd |
| Payment Terms | 30 days from invoice date |

### Sold-to Party Address

HERSHEY CANADA SMITH FALLS PLT
1 HERSHEY DRIVE
SMITH FALLS ON  K7A 4T8
CANADA

Page 1

### Sales Order Details

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|------|---------------------|-----------------|----------|------------|--------------|------------|--------|
| 0010 | 10005325 CENTROL® 3F-UB-IP ONE METRIC TON ST CAGE Soy Lecithin Cust. Material No.: 1-00768-000 | 11/04/2005 | 18 IBC | 18,000 KG | 19,242 KG | 2.7700/ KG | 49,860.00 |
| | Please fax order confirmation James Kuehl at (613) 283-4844. | | | | Total Amount    USD | | 49,860.00 |

Created By: Laura Titus
Shipping Plant: VX07 Gibson City Plant
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1883 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

59

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

*TO: Hershey.*                                                                    *60*

# *Announcing*

## Solec™
### SOY LECITHIN

**The Solae Company
is proud to announce the implementation of a new brand
name for our
Standard and Value-Added Soy Lecithin Products:**

**— SOLEC™ Brand Soy Lecithin —**

Beginning October 1, 2005, transitioning through December 31, 2005,
The Solae Company will be phasing in this brand name change, to allow
you adequate time to change your internal processes and references.

For your reference, below is the current Material number and product
name reference:

| Material #: | Product Name: | Packaging Size: |
|---|---|---|
| *10005325* | *Centrol 3F U B 1P* | *1 MT* |

Beginning October 1, 2005, please begin using the following references
when ordering:

| Material #: | Product Name: | Packaging Size: |
|---|---|---|
| | | |

Signed:

*Laura Titus*

(Local sales / cust service rep
Name:                           )
Contact Number:                 )

The Solae Company Logo, Solae® and SOLEC™ are trademarks or registered trademarks of Solae,
LLC© 2005, Solae, LLC. All rights reserved.

**The Solae
Company™**

*Lecithin*

*194936· 61*
*194937·*

*Lecithin*

# Announcing



## SOY LECITHIN

**The Solae Company**
**is proud to announce the implementation of a new brand**
**name for our**
**Standard and Value-Added Soy Lecithin Products:**

**— SOLEC™ Brand Soy Lecithin —**

Beginning October 1, 2005, transitioning through December 31, 2005, we will be phasing in this brand name change, to allow you adequate time to change your internal processes and references.

This change is being implemented as a first step to several Continuous Improvement Projects for our Soy Lecithin offerings to the food industry.

In addition to solidifying the product line under one brand image, throughout 2006, The Solae Company will be working to upgrade the product and application support information, packaging designs, and announcing new offerings for value-added functionality.

No other aspect of the product is changing. Product Material Numbers, packaging, customer ordering process, etc., will remain the same.

If you have questions or need further information, please contact your sales representative, customer service or Marketing in St. Louis at 314.982.3929.

**The Solae**
**Company**™

The Solae Company Logo, Solae® and SOLEC™ are trademarks or registered trademarks of Solae, LLC© 2005, Solae, LLC. All rights reserved.

# Exhibit 8

**The Solae Company.**

 

63

# Order Confirmation 227690

### Shipping Address

HERSHEY CANADA, INC.
C/O WILLS WAREHOUSE
HWY 15 SOUTH
SMITH FALLS ON  K7A 4T6
CANADA

### Bill-to Party Address

HERSHEY CANADA SMITH FALLS PLT
1 HERSHEY DRIVE
SMITH FALLS ON  K7A 4T8
CANADA

### Information

| | |
|---|---|
| Document Date | 02 May 2006 |
| Purchase Order No. | 4500233191 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |
| Freight Terms | Freight Included in the Price |

02 May 2006 10:57:25          Page 2 of  2

### Sales Order Details

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10005325 | 07/21/2006 | 18 IBC | 18,000.000 KG | 19,242 KG | 2.770 /KG | 49,861.80 |
| | SOLEC 3F-UB-IP Standard Soy Lecithin Fluid 1,000 KG ST CAGE Cust. Material No.: 1-00768-000 | | | | | | |
| | | | | | Total Amount    USD | | 49,861.80 |
| | Please fax order confirmation James Kuehl at (613) 283-4844. | | | | | | |

**Created By: Laura Titus**
**Shipping Plant: VX07 Gibson City Plant**
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3468.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued United States patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond the control of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have been completed and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

**The Solae Company.**

*[signature: James]*

**Order Confirmation 227690** 6.5

| **Shipping Address** | | **Information** | |
|---|---|---|---|
| HERSHEY CANADA, INC. C/O WILLS WAREHOUSE HWY 15 SOUTH SMITH FALLS ON K7A 4T6 CANADA | | Document Date | 02 May 2006 |
| | | Purchase Order No. | 4500233191 |
| | | Purchase Order Date | |
| | | Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| **Bill-to Party Address** | | | |
| HERSHEY CANADA SMITH FALLS PLT 1 HERSHEY DRIVE SMITH FALLS ON K7A 4T6 CANADA | | Payment Terms | 30 days from invoice date |
| | | Freight Terms | Freight Included in the Price |
| | | 02 May 2006  10:57:25 | Page 2 of   2 |

**Sales Order Details**

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10005325<br><br>SOLEC 3F-UB-IP<br>Standard Soy Lecithin Fluid<br>1,000 KG ST CAGE<br>Cust. Material No.: 1-00768-000 | 07/21/2006 | 18 IBC | 18,000.000 KG | 19,242 KG | 2.770 /KG | 49,861.80 |
| | | | | | **Total Amount** | **USD** | 49,861.80 |
| | Please fax order confirmation James Kuehl at (613) 283-4844. | | | | | | |

Created By: Laura Titus
Shipping Plant: VX07 Gibson City Plant
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3466.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLO
1034 Danforth Drive
St. Louis, Missouri 63102

---

*[facsimile transmission report, printed inverted at bottom of page]*

E=3) BUSY  NO FACSIMILE CONNECTION          E=3) NO HANG UP OR LINE FAIL.     REASON FOR ERROR

| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|---|---|---|---|---|
| 1863 MEMORY TX | | 916132834844 | OK | 2/2 |

TRANSMITTED/STORED MAY. 2. 2006 10:59AM

TTI SOLAE LLC-CS

*  *  *  COMMUNICATION RESULT REPORT ( MAY. 2. 2006 11:00AM )  *  *  *

P. 1

# Exhibit 9

67

*The Solae Company.*

**Order Confirmation 218771**

---

**Shipping Address**

HERSHEY MARITIME WAREHOUSE
26 TOPPLE
DARTMOUTH NS  B3B 1L6
CANADA

**Sold-to Party Address**

HERSHEY CANADA INC
375 PLEASANT STREET
DARTMOUTH NS  B2Y 4N4
CANADA

**Information**

| | |
|---|---|
| Document Date | 24 Feb 2006 |
| Purchase Order No. | 4500206614 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Divd |
| Payment Terms | 30 days from invoice date |

Page 1

---

**Sales Order Details**

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10004572 SOLEC 3F-UB-TN PREMIUM Standard Soy Lecithin Fluid 204.12KG DRUM Cust. Material No.: 9-65910-000 | 03/22/2006 | 12 DR | 2,449 KG | 2,655 KG | TBA | |

Total Amount  USD

Please fax order confirmation to Kim Fleet at 902-469-7169.

*Kim- I am waiting on pricing to be updated + will re-fax once I receive. Thanks! Laura*

**Created By: Laura Titus**
**Shipping Plant: VX69 Decatur Plant**
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

---

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

68

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

69

*The Solae*
*Company.*

**Order Confirmation 218771**

Attn Kim

| Shipping Address | Information | |
|---|---|---|
| HERSHEY MARITIME WAREHOUSE<br>26 TOPPLE<br>DARTMOUTH NS  B3B 1L8<br>CANADA | Document Date<br>Purchase Order No.<br>Purchase Order Date<br>Incoterms | 24 Feb 2006<br>4500206614<br><br>FOB Shippoint; Frt. PPD/Divd |
| **Sold-to Party Address**<br>HERSHEY CANADA INC<br>375 PLEASANT STREET<br>DARTMOUTH NS  B2Y 4N4<br>CANADA | Payment Terms | 30 days from invoice date |
| | | Page 1 |

### Sales Order Details

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10004572<br>SOLEC 3F-UB-TN PREMIUM<br>Standard Soy Lecithin Fluid<br>204.12KG DRUM<br>Cust. Material No.: 9-65910-000 | 03/22/2006 | 12 DR | 2,449 KG | 2,655 KG | TBA | |
| | | | | | | Total Amount    USD | |

Please fax order confirmation to Kim Fleet at 902-469-7169.

*Kim- I am waiting on pricing to be updated + will re-fax once I receive. Thanks! Laura*

Created By: Laura Titus
Shipping Plant: VX69 Decatur Plant
Price shall be the price in effect on the date of shipment
Please see Attachment 1 – Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

NO FACSIMILE CONNECTION    E-3) BUSY    E-3) NO ANSWER    TO HANG-UP OR LINE FAIL.    REASON FOR ERROR

7361 MEMORY TX    9190244697169    ADDRESS    OPTION    FILE MODE    TRANSMITTED/STORED FEB. 28. 2006 11:35AM

PAGE    RESULT    OK    2/2

TTI  SOLAE LLC-CS    * * * ( FEB. 28. 2006 11:41AM ) COMMUNICATION RESULT REPORT * * *

# Exhibit 10

*71*

*The Solae Company.*

**Order Confirmation 164927**

**Shipping Address**

HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN  38106

**Information**

| | |
|---|---|
| **Document Date** | 14 Mar 2005 |
| **Purchase Order No.** | 4500067090 |
| **Purchase Order Date** | |
| **Incoterms** | FOB Shippoint, Frt. PPD/Add |
| **Payment Terms** | 30 days from Invoice date |

**Sold-to Party Address**

HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN  38101-2038

Page 1

**Sales Order Details**

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002561 CENTROL® 2F-UB 450# DR (6625) Soy Lecithin Cust. Material No.: 184070700 | 03/31/2005 *3/16/05* | 4 DR | 816 KG 1,800 LB | 885 KG | 0.5250/ KG 0.2381/ LB | 428.65 |
| | | | | | **Total Amount**   USD | | 428.65 |

Please fax order confirmation to Kathy Caughron at 901-775-5627

*SHIPPED 3/15*

*CCX 811 426 545*

**Created By: Laura Titus**
**Shipping Plant: VX07 Gibson City Plant**
Reminder - Solae is now using kilograms as its base unit of measure. Here are the conversion factors you will need to use:
1 KG = 2.2046 LB    1 LB = 0.4536 KG    Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by Seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

**The Solae Company.**

*[signature: Attn Cathey]*

# Order Confirmation
## 164927

73

### Shipping Address
HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN 38106

### Sold-to Party Address
HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN 38101-2038

### Information

| | |
|---|---|
| Document Date | 14 Mar 2005 |
| Purchase Order No. | 4500067090 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint, Frt. PPD/Add |
| Payment Terms | 30 days from Invoice date |

Page 1

### Sales Order Details

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002561 | 03/17/2005 3/16/05 | 4 DR | 816 KG 1,800 LB | 885 KG | 0.5250/ KG 0.2381/ LB | 428.65 |
| | CENTROL® 2F-UB 450# DR (6625) Soy Lecithin Cust. Material No.: 184070700 | | | | | | |
| | | | | | Total Amount USD | | 428.55 |

Please fax order confirmation to Kathy Caughron at 901-775-5627

*SHIPPED 3/15*
*CCX 811 426 545*

Created By: Laura Titus
Shipping Plant: VX07 Gibson City Plant
Reminder - Solae is now using kilograms as its base unit of measure. Here are the conversion factors you will need to use:
1 KG = 2.2046 LB   1 LB = 0.4536 KG   Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

COMMUNICATION RESULT REPORT ( MAR. 16, 2005 12:21PM )   * * *   TTI SOLAE LLC-CS

FILE MODE   OPTION   ADDRESS   RESULT   PAGE
7762 MEMORY TX   9190117755627   OK   2/2
TRANSMITTED/STORED MAR. 16, 2005 12:18PM

E-3) BUSY   E-3) NO FACSIMILE CONNECTION
E-2) NO ANSWER   REASON FOR ERROR   E-1) HANG UP OR LINE FAIL

P. 1

# Exhibit 11

*The Solae Company.*



**Order Confirmation 187197**

*75*

**Shipping Address**

HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN  38106

**Sold to Party Address**

HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN  38101-2038

**Information**

| | |
|---|---|
| Document Date | 22 Jul 2005 |
| Purchase Order No. | 4500118796 (2) |
| Purchase Order Date | |
| Incoterms | FOB Shippoint, Frt. PPD/Add |
| Payment Terms | 30 days from invoice date |

Page 1

**Sales Order Details**

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002558 | 09/19/2005 | 4 DR | 816 KG 1,800 LB | 885 KG | 0.9259/ KG 0.4200/ LB | 755.98 |
| | CENTROL® 1P-UB 450# DR (6602) Soy Lecithin Cust. Material No.: 184070100 | | | | | | |
| | | | | | Total Amount    USD | | 755.98 |

Please fax order confirmation to Melvin Powers at 901-775-5627

**Created By: Laura Titus**
**Shipping Plant: VX69 Decatur Plant**
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

76

ATTACHMENT 1 - CONDITIONS OF SALE
1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

*Company.*

**Confirmation**
**187197** 77

<table>
<tr><td colspan="2">

**Shipping Address**

HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN 98106
</td><td colspan="2">

**Information**

Document Date          22 Jul 2005
Purchase Order No.     4500118796 (2)
Purchase Order Date
Incoterms              FOB Shippoint, Frt. PPD/Add

Payment Terms          30 days from invoice date
</td></tr>
</table>

**Sold-to Party Address**

HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN 38101-2038

Page 1

## Sales Order Details

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|------|---------------------|-----------------|----------|------------|--------------|------------|--------|
| 0010 | 1000255B | 08/19/2005 | 4 DR | 816 KG 1,800 LB | 885 KG | 0.9259/ KG 0.4200/ LB | 755.98 |
|      | CENTROL® 1P-UB 450# DR (6602) Soy Lecithin Cust. Material No.: 184070100 | | | | | | |
|      | | | | | Total Amount | USD | 755.98 |
|      | Please fax order confirmation to Melvin Powers at 901-775-5627 | | | | | | |

Created By: Laura Titus
Shipping Plant: VX69 Decatur Plant
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1953 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

REASON FOR ERROR OR LINE FAIL.                    REASON FOR ERROR OR LINE FAIL.

9743 MEMORY TX                                    TRANSMITTED/STORED JUL.27. 2005  3:41PM
FILE MODE          OPTION
PAGE          RESULT          ADDRESS

2/2          OK          9190177556527

TTI  SOLAE LLC-CS

* * * *  COMMUNICATION RESULT REPORT ( JUL.27. 2005  3:43PM )  * * * *

P. 1

# Exhibit 12





*79*

**The Solae Company.**

**Order Confirmation 208566**

**Shipping Address**

HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN 38106

**Information**

| | |
|---|---|
| Document Date | 13 Dec 2005 |
| Purchase Order No. | 4500178678 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint, Frt. PPD/Add |
| Payment Terms | 30 days from invoice date |

Page 1

**Sold-to Party Address**

HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN 38101-2038

**Sales Order Details**

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002558 <br><br> SOLEC 1P-UB <br> Standard Soy Lecithin Fluid <br> 204.12 KG DRUM <br> Cust. Material No.: 184070100 | 01/18/2006 | 4 DR | 816 KG <br> 1,800 LB | 885 KG | 0.0000 <br> 0.0000/ LB | |
| | | | | | | **Total Amount** USD | |
| | Please fax order confirmation to Melvin Powers at 901-775-5627 | | | | | | |

Created By: Laura Titus
    Shipping Plant: VX69 Decatur Plant
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n  Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

**The Solae Company.**

Attn: Melvin

**Order Confirmation 208566**

81

## Shipping Address

HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN 38108

## Sold-to Party Address

HERSHEY CHOCOLATE USA
PO Box 2036
MEMPHIS TN 38101-2036

## Information

| | |
|---|---|
| Document Date | 13 Dec 2005 |
| Purchase Order No. | 4500178678 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint, Frt. PPD/Add |
| Payment Terms | 30 days from invoice date |

Page 1

## Sales Order Details

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002558<br><br>SOLEC 1P-UB<br>Standard Soy Lecithin Fluid<br>204.12 KG DRUM<br>Cust. Material No.: 184070100<br><br>Please fax order confirmation to Melvin Powers at 901-775-5627 | 01/18/2006 | 4 DR | 816 KG<br>1,800 LB | 885 KG | 0.0000<br>0.0000/ LB | |
| | | | | | Total Amount | USD | |

Created By: Laura Titus
Shipping Plant: VX69 Decatur Plant
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1963 Tel (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

---

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL    E-3) NO ANSWER
E-2) BUSY    E-4) NO FACSIMILE CONNECTION

---

1674 MEMORY TX

| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|---|---|---|---|---|
| TRANSMITTED/STORED DEC.14.2005 5:22PM | | 919017755627 | OK | 2/2 |

TTI SOLAE LLC-CS

\* \* \* COMMUNICATION RESULT REPORT ( DEC. 14. 2005  5:30PM ) \* \* \*

P. 1

# Exhibit 13

83



*The Solae Company*



# Order Confirmation 202263

### Shipping Address

HERSHEY CHOCOLATE CO
19 E CHOCOLATE AVE
HERSHEY PA 17033

### Sold-to Party Address

HERSHEY CHOCOLATE CO
PO Box 806
HERSHEY PA 17033-0816

### Information

| | |
|---|---|
| Document Date | 01 Nov 2005 |
| Purchase Order No. | 4500163268 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |

Page 1

## Sales Order Details

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002585 | 12/08/2005 | 21,773 KG | 21,773 KG 48,001 LB | 21,773 KG | 0.4872/ KG 0.2210/ LB | 10,607.81 |
| | SOLEC 3F-UB-TN Standard Soy Lecithin Fluid BULK Cust. Material No.: 9-65900-000 | | | | | | |
| | | | | | | **Total Amount** USD | 10,607.81 |

Please fax order confirmation to Bill Ehrhorn at 717-508-3188.

**Created By: Laura Titus**
**Shipping Plant: VX69 Decatur Plant**
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

84

ATTACHMENT 1 - CONDITIONS OF SALE
1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued United States patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond the control of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have been completed and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be deemed Buyer's assent to the terms and conditions hereof.

*The Solae Company.*

**Order** 85
**Confirmation**
**202263**

**Shipping Address**
HERSHEY CHOCOLATE CO
19 E CHOCOLATE AVE
HERSHEY PA 17033

**Information**

| | |
|---|---|
| Document Date | 01 Nov 2005 |
| Purchase Order No. | 4500163268 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Fr. PPD/Dlvd |

**Sold-to Party Address**
HERSHEY CHOCOLATE CO
PO Box 805
HERSHEY PA 17033-0816

| | |
|---|---|
| Payment Terms | 30 days from invoice date |

Page 1

**Sales Order Details**

| Item | Material Description | Conf. Del. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002585 | 12/06/2005 | 21,773 KG | 21,773 KG 48,001 LB | 21,773 KG | 0.4872/ KG 0.2210/ LB | 10,607.81 |
| | SOLEC 3F-UB-TN Standard Soy Lecithin Fluid BULK Cust. Material No.: 9-65900-000 | | | | | | |
| | | | | | Total Amount    USD | | 10,607.81 |
| | Please fax order confirmation to Bill Ehrhorn at 717-508-3188. | | | | | | |

Created By: Laura Titus
Shipping Plant: VX69 Decatur Plant
Price shall be the price in effect on the date of shipment
Please see Attachment 1 - Conditions of Sale on reverse side.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63166
(314) 982-1963 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

E-3) BUSY            E-3) NO ANSWER
E-4) NO FACSIMILE CONNECTION        E-5) EXCEEDED MAX E-MAIL SIZE        F-4) NO LINE FAIL
REASON FOR ERROR

8319 MEMORY TX                                 917175008188                              OK            2/2
PAGE      RESULT      ADDRESS            OPTION
FILE MODE
TRANSMITTED/STORED NOV. 2, 2005  3:59PM
TTI SOLAE LLC-CS
*  *  *  COMMUNICATION RESULT REPORT ( NOV. 2, 2005  4:12PM )  *  *  *

P. 1

**Exhibit 14**

*87*

The Solae Company.

  

# Order Confirmation 251428

## Shipping Address

HERSHEY CANADA, INC.
C/O WILLS WAREHOUSE
HWY 15 SOUTH
SMITH FALLS ON  K7A 4T6
CANADA

## Bill-to Party Address

HERSHEY CANADA SMITH FALLS PLT
1 HERSHEY DRIVE
SMITH FALLS ON  K7A 4T8
CANADA

## Information

| | |
|---|---|
| Document Date | 18 Oct 2006 |
| Purchase Order No. | 4500314153 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |
| Freight Terms | Freight Included in the Price |

18 Oct 2006  09:14:44                    Page 2 of   2

## Sales Order Details

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10005325 <br><br> SOLEC 3F-UB-IP <br> Standard Soy Lecithin Fluid <br> 1,000 KG ST CAGE <br> Cust. Material No.: 1-00768-000 | ~~11/14/2006~~ 11/13/06 | 18 IBC | 18,000.000 KG | 19,242 KG | 2.7701 /KG | 49,861.80 |
| | | | | | Total Amount    USD | | 49,861.80 |

Please fax order confirmation James Kuehl at (613) 283-7625.

*✱ Will deliver 11/13/06*

**Created By: Linda A. Collins**
   **Shipping Plant: VX07 Gibson City Plant**
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3468.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

ATTACHMENT 1 - CONDITIONS OF SALE

1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

89.

# Confirmation Report – Memory Send

Time    : Oct-19-2006  09:04am
Tel line : 3146595730
Name    : PTI/DUPONT SALES

| | | |
|---|---|---|
| Job number | : | 419 |
| Date | : | Oct-19 09:03am |
| To | : | 916132837625 |
| Document pages | : | 002 |
| Start time | : | Oct-19 09:03am |
| End time | : | Oct-19 09:04am |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 419          *** SEND SUCCESSFUL ***

*The Solae Company.*

**Order Confirmation 251428**

**Shipping Address**
HERSHEY CANADA, INC.
C/O WILLS WAREHOUSE
HWY 15 SOUTH
SMITH FALLS ON  K7A 4T8
CANADA

**Bill-to Party Address**
HERSHEY CANADA SMITH FALLS PLT
1 HERSHEY DRIVE
SMITH FALLS ON  K7A 4T8
CANADA

**Information**
| | |
|---|---|
| Document Date | 18 Oct 2006 |
| Purchase Order No. | 4500314153 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |
| Freight Terms | Freight included in the Price |

18 Oct 2006  09:14:44          Page 2 of  2

### Sales Order Details

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10006325 | 11/14/2006 | 18 ISO | 18,000.000 KG | 18,342 KG | 2.7701 /KG | 49,861.80 |
| | SOLEC 3F-US-IP Standard Soy Lecithin Fluid 1,000 KG ST CAGE Cust. Material No.: 1-00766-000 | | | | | | |
| | | | | | Total Amount   USD | | 49,861.80 |
| | Please fax order confirmation James Kuehl at (613) 283-7625. | | | | | | |

Created By: Linda A. Collins
Shipping Plant: VX07 Gibson City Plant
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 8468.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1890  Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

# Exhibit 15



*The Solae Company.*



*91*

# Order Confirmation 258372

**Shipping Address**

HERSHEY MARITIME WAREHOUSE
26 TOPPLE
DARTMOUTH NS B3B 1L6
CANADA

**Bill-to Party Address**

HERSHEY MOIRS PLT - DARTMOUTG
375 PLEASANT ST
DARTMOUTH NS B2Y 4N4
CANADA

**Information**

| | |
|---|---|
| **Document Date** | 06 Dec 2006 |
| **Purchase Order No.** | 4500335563 |
| **Purchase Order Date** | |
| **Incoterms** | FOB Shippoint; Frt. PPD/Dlvd |
| **Payment Terms** | 30 days from invoice date |
| **Freight Terms** | Freight Included in the Price |

06 Dec 2006 13:40:29                    Page 2 of  2

**Sales Order Details**

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|------|---------------------|-----------|----------|-----------|-------------|-----------|--------|
| 0010 | 10004572 <br><br>SOLEC 3F-UB-TN PREMIUM <br>Standard Soy Lecithin Fluid <br>204.12KG DRUM <br>Cust. Material No.: 9-65910-000 | 12/15/2006 | 12 DR | 2,449.440 KG | 2,655 KG | 1.1164 /KG | 2,734.55 |
| | | | | | Total Amount    USD | | 2,734.55 |

Please fax order confirmation to Kim Fleet at 902-469-7169.

**Created By: Linda A. Collins**
**Shipping Plant: VX69 Decatur Plant**
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3468.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

ATTACHMENT 1 - CONDITIONS OF SALE
1. Unless otherwise indicated on the face of this Agreement, title, liability for and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be. No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller. No claim shall be allowed for Product that has been processed in any manner. n Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller. Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any validly issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement. Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to Buyer's financial responsibility, Seller, without advance notice and as Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable, this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller. No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions. Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

Q3

```
*********** -COMM. JOURNAL- ******************** DATE DEC-06-2006 ***** TIME 16:37 ***********

              MODE = MEMORY TRANSMISSION          START=DEC-06 16:36    END=DEC-06 16:37

              FILE NO.=004

        STN NO.   COMM.   ABBR NO.    STATION NAME/TEL. NO.   PAGES   DURATION

         001      OK      ▪           919024697169            002/002  00:00:35

                                                   -SOLAE

*********************************** -SOLAE SOURCING  - ***** -      314 659 5732- *********
```

# The Solae Company.

Attn: Kim

# Order Confirmation 258372

**Shipping Address**

HERSHEY MARITIME WAREHOUSE
28 TOPPLE
DARTMOUTH NS B3B 1L6
CANADA

**Information**

| | |
|---|---|
| Document Date | 06 Dec 2006 |
| Purchase Order No. | 4500335563 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint; Frt. PPD/Dlvd |
| Payment Terms | 30 days from invoice date |
| Freight Terms | Freight included in the Price |

**Bill-to Party Address**

HERSHEY MOIRS PLT - DARTMOUTG
375 PLEASANT ST
DARTMOUTH NS B2Y 4N4
CANADA

06 Dec 2006 13:40:29                Page 2 of  2

**Sales Order Details**

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10004572 | 12/15/2006 | 12 DR | 2,449,440 KG | 2,655 KG | 1.1164 /KG | 2,734.55 |
| | SOLEC 3F-UB-TN PREMIUM Standard Soy Lecithin Fluid 204.12KG DRUM Cust. Material No.: 9-65910-000 | | | | | | |
| | | | | | | **Total Amount    USD** | **2,734.55** |
| | Please fax order confirmation to Kim Fleet at 902-469-7169. | | | | | | |

**Created By: Linda A. Collins**
**Shipping Plant: VX69 Decatur Plant**
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3468.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

# Exhibit 16





95

# Order Confirmation 254336

**Shipping Address**

HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN 38106

**Bill to Party Address**

HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN 38101-2038
USA

**Information**

| | |
|---|---|
| Document Date | 07 Nov 2006 |
| Purchase Order No. | 4500324235 |
| Purchase Order Date | |
| Incoterms | FOB Shippoint, Frt. PPD/Add |
| Payment Terms | 30 days from invoice date |
| Freight Terms | Freight Not Included in the Price |

08 Nov 2006  01:11:27                    Page 2 of   2

## Sales Order Details

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002558 | 01/02/2007 | 8 DR | 1,632.960 KG 3,600 LB | 1,770 KG | | ✳ |
| | SOLEC 1P-UB Standard Soy Lecithin Fluid 204.12 KG DRUM Cust. Material No.: 184070100 | | | | | | |
| | | | | | Total Amount | USD | |
| | Please fax order confirmation to Melvin Powers at 901-775-5627 | | | | | | |

✳ *Pricing to be added.*

**Created By: Linda A. Collins**
**Shipping Plant: VX69 Decatur Plant**
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3468.

Solae, LLC
P.O. Box 88940
St. Louis, Missouri 63188
(314) 982-1983 Tel  (800) 325-7108 Toll Free

Solae, LLC
1034 Danforth Drive
St. Louis, Missouri 63102

ATTACHMENT 1 - CONDITIONS OF SALE
1. Unless otherwise indicated on the face of this Agreement, title, liability and risk of loss to Product sold hereunder (the "Product") pass to Buyer upon loading for shipment at Seller's producing location.

2. Seller warrants only to Buyer that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 HEREOF, SELLER MAKES NO EXPRESS OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

3. Failure to give notice of claim within ninety (90) days from date of delivery, or the date fixed for delivery (in case of non-delivery), shall constitute a waiver by Buyer of all claims in respect of the Product so delivered or not delivered, as the case may be.  No Product shall be returned to Seller without Seller's prior written permission, and then only in the manner prescribed by Seller.  No claim shall be allowed for Product that has been processed in any manner. n  Any claims of Buyer may be setoff by seller in any amounts due and payable to Seller.  Claims include claims of any kind, including without limitation those (a) for loss, damage, expense or injury, (b) with respect to the Product delivered or for non-delivery of the Product, or (c) based upon Seller's (i) breach of warranty, contract, statute, or regulation or (ii) negligence, strict liability or any other tort.

4. BUYER'S EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6. Seller warrants that the use or sale of the Product delivered hereunder will not infringe the claims of any issued UnitedStates patent covering the Product itself, but does not warrant against infringement due to: (a) the use of Products in combination with other products or materials or in the operation of any process, or (b) the compliance by Seller with any specifications provided to the Seller by Buyer.

7. No liability shall result from delay in performance or non-performance, directly or indirectly caused by circumstances beyond thecontrol of the Party affected ("Force Majeure"), including, but not limited to Act of God, fire, explosion, flood, war, act of or authorized by any government, accident, labor trouble or shortage, equipment failure, inability to obtain from its usual sources of supply fuel, power, material, equipment or transportation or commercial impracticability. Quantities so affected may be eliminated from this Agreement without liability, but this Agreement shall remain otherwise unaffected. Seller shall have no obligation to purchase supplies of the Products specified herein to enable Seller to perform this Agreement.

8. It is understood and agreed between Buyer and Seller that if this Agreement covers Products that must be manufactured especially for Buyer and is suspended or terminated for any reason, Buyer will take delivery of and make payment for such Products as have beencompleted and such Products as are in process on the date notice of suspension or termination is received by Seller. If Buyer for any reason cannot accept delivery of such Products, Buyer will make payment therefor as though delivery has been made and Seller will store such Products for Buyer's account and at Buyer's expense.

9. If for any reason, including without limitation, Force Majeure, Seller is unable to supply the total demand for Products specified herein, Seller may distribute its available supply among any or all purchasers as well as business units, including affiliates and subsidiaries, of Seller on such basis as Seller may deem fair and practical without liability for any failure of performance that may result therefrom. Seller shall have no obligation to purchase Product to enable Seller to supply Buyer under this Agreement.

10. At Buyer's request, Seller may, at its option, furnish such technical information as Seller has available with respect to the use of the Products covered by this Agreement.  Unless otherwise agreed in writing, all such technical assistance and information will be provided gratis, and Buyer assumes sole responsibility for results obtained in reliance thereon.

11. Buyer acknowledges that it has received and is familiar with Seller's labeling and literature concerning the Products and their properties. Buyer will forward such information to Buyer's employees and any others, including Buyer's customers, who may handle, process or sell such Products and advise such parties to familiarize themselves with such information.

12. Buyer shall reimburse Seller for all taxes, licenses, or other charges, by whatever name, (other than taxes based upon Seller's income) which Seller may be required to pay to any Government (National, Foreign, State or Local) upon the sale, production, or transportation of the Products sold hereunder.

13. In the event Buyer fails to fulfill Seller's terms of payment completely, or in case Seller shall have any doubt at any time as to. Buyer's financial responsibility, Seller, without advance notice and at Seller's sole option, may decline to make further deliveries, except upon payment of all arrearages and receipt of cash in advance or delivery of security satisfactory to Seller.

14. This Agreement is not assignable or transferable by Buyer, in whole or in part, except with the prior written consent of Seller. This Agreement shall be binding upon the Parties, their successors and permitted assigns.

15. Failure by either Party to require performance by the other Party or to claim a breach of any provision of this Agreement shall not be construed as a waiver of any right arising under this Agreement, including the right to require subsequent performance or contest any subsequent breach.

16. If any term or provision of this Agreement shall be found to be invalid, illegal or unenforceable,  this Agreement shall remain in full force and effect and such term or provision shall be deemed stricken. Seller and Buyer shall promptly agree upon a substitute for any such term or provision.

17. This Agreement is to be construed and the respective rights of Buyer and Seller are to be determined according to the laws of the State of Delaware, U.S.A., without regard to choice of law or conflicts principles of Delaware or any other jurisdiction, and the courts of Delaware shall have exclusive jurisdiction over any disputes or issues arising under this Agreement. The United Nations Convention on Contracts for the International Sale of Goods shall not govern this Agreement or the performance thereof or any aspect of any dispute arising therefrom.

18. This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. These terms and conditions supersede any of previous date and no modification thereof shall be binding on Seller unless separately contracted in writing and agreed to by a duly authorized representative of Seller.  No modification shall be effected by the acknowledgment or acceptance of purchase order forms stipulating different conditions.  Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof.

Q7

**Confirmation Report — Memory Send**

Time    : Nov-08-2006  08:45am
Tel line : 314-982-2107
Name    : PTI NUTRITIONAL SCIENCES

| | | |
|---|---|---|
| Job number | : | 314 |
| Date | : | Nov-08 08:42am |
| To | : | 919017755627 |
| Document pages | : | 002 |
| Start time | : | Nov-08 08:43am |
| End time | : | Nov-08 08:45am |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 314          *** SEND SUCCESSFUL ***

*The Solae Company.*                          Order Confirmation
                                              254336

**Shipping Address**
HERSHEY CHOCOLATE USA
975 KANSAS ST
MEMPHIS TN 38108

**Bill-to Party Address**
HERSHEY CHOCOLATE USA
PO Box 2038
MEMPHIS TN 38101-2038
USA

**Information**
Document Date          07 Nov 2006
Purchase Order No.     4500324235
Purchase Order Date
Incoterms              FOB Shippoint, Frt. PPD/Add

Payment Terms          30 days from invoice date
Freight Terms          Freight Not included in the
                       Price
06 Nov 2006  01:11:27              Page 2 of  2

**Sales Order Details**

| Item | Material Description | Conf. Date | Quantity | Net Weight | Gross Weight | Unit Price | Amount |
|---|---|---|---|---|---|---|---|
| 0010 | 10002556 | 01/09/2007 | 8 DR | 1,632.960 KG 3,600 LB | 1,770 KG | | * |
| | SOLEO 1P-UB Standard Soy Lecithin Fluid 204.12 KG DRUM Cust. Material No.: 184070100 | | | | | | |
| | | | | | Total Amount    USD | | |
| | Please fax order confirmation to Melvin Powers at 901-775-5627 | | | | | | |

* *Pricing to be added.*

Created By: Linda A. Collins
Shipping Plant: VX69 Decatur Plant
Price shall be the price in effect on the date of shipment
Prices reflected in the order confirmation are subject to change.
Please see Attachment 1 - Conditions of Sale on reverse side.
If you have any questions regarding this invoice please contact Financial Services at 1-800-325-7108 extension 3496.
Solae, LLC                              Solae, LLC
P.O. Box 88940                          1034 Danforth Drive
St. Louis, Missouri 63188               St. Louis, Missouri 63102
(314) 982-1895 Tel  (800) 325-7108 Toll Free