IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLAE, LLC, a Delaware limited liability company,  ) ) ) Plaintiff,  ) ) vs.  ) ) HERSHEY CANADA INC., an Ontario, Canada corporation,  ) ) ) Defendant.  ) ) | Civil Action No. 07-140-JJF |

## SUPPLEMENTAL DECLARATION OF KIMBERLY MCLUCAS

1. On June 6, 2007, I executed a declaration in support of Hershey Canada's Motion to Dismiss the Complaint in the above-referenced case. That declaration was filed in this Court on June 8, 2007. After reading the affidavits of Laurie Cradick, Carmen Compas and Cindy Wright filed by Solae on June 25, 2007, I am now supplementing my previous declaration with additional facts in support of Hershey Canada's Motion to Dismiss the Amended Complaint in the above-referenced case. Terms that I defined in my first declaration will continue to have the same meaning when I use them in this declaration.

2. In paragraph 24 of her affidavit, Ms. Cradick states that it was never her understanding that Hershey Canada was contractually obligated to purchase the "precise amount" of products that were the subject of supply agreements between Hershey and Solae. Ms. Compas has given similar evidence in her affidavit. I do not believe this statement accurately reflects Hershey Canada's obligation to purchase IP soy lecithin under the 2006 supply agreement. For the reasons explained in the next paragraph, in agreeing to the 2006 Quantity Contract, Hershey Canada did commit to purchase a substantial amount of IP soy lecithin from Solae and to use its best efforts to purchase 250,000 pounds of that product.

3. The 2006 Quantity Contract relates to a special type of soy lecithin known as "identity preserved" or "IP" soy lecithin. During the negotiations leading to the 2006 Quantity Contract, Ms. Cradick informed me that Solae imports IP soy lecithin from Brazil and must make special logistical arrangements in advance if it is to supply this particular product. Ms. Cradick told me that Solae therefore required a volume commitment from Hershey Canada before it could agree to supply IP soy lecithin. Accordingly, on behalf of Hershey Canada, I made the volume commitment to Ms. Cradick, as set out in the 2006 Quantity Contract. In doing so, I understood that Solae was relying upon Hershey Canada's general commitment to purchase significant quantities of IP soy lecithin in making arrangements to supply that product under the 2006 Quantity Contract. I also

understood that Hershey Canada would be breaching its commitment if it were to subsequently purchase all of its IP soy lecithin from another supplier, for example.

4. I note that some supply contracts entered by Hershey (like that attached to Ms. Compas' affidavit) state that "CONTRACT QUANTITIES ARE APPROXIMATE", but no such statement appears on the face of the 2006 Quantity Contract for the supply of IP soy lecithin.

5. Ms. Cradick has testified in her affidavit that she believes she did not receive a copy of the 2006 Quantity Contract that I sent to her on January 10, 2006. She suggests that she did not receive it because I did not send it to the correct address or fax number. Notwithstanding Ms. Cradick's stated belief that she never personally received the 2006 Quantity Contract, I am confident that I sent the 2006 Quantity Contract to Solae on January 10, 2006.

6. As to the suggestion that I may have used out-dated contact information, as a matter of course, I do not rely on the addresses or fax numbers that appear on a Quantity Contract form when it is generated by our enterprise software system. In my experience, the addresses and fax numbers used by sales representatives often change and, for that reason, the information that appears on forms generated by our enterprise software system are sometimes incorrect. Rather than rely on these forms, I will refer to a business card or recent email to obtain an accurate address or fax number before sending a Quantity Contract. As the December 14, 2005 email that Ms. Cradick attached to her affidavit shows, I had current contact information for Ms. Cradick in January of 2006 because Ms. Cradick provided it to me.

7. Ms. Wright states in her affidavit that she sent Solae's "reverse terms" to a number of people working at manufacturing plants operated by Hershey and Hershey Canada. As Ms. Cradick is aware, supply contracts between Solae and Hershey Canada were not negotiated at the plant level. None of the plant employees referred to by Ms. Wright had any authority to negotiate supply contracts or to accept such contract terms on behalf of Hershey Canada.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 5, 2007

*Kimberly McLucas*
Kimberly McLucas

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**HAND DELIVERY**
P. Clarkson Collins, Jr.
Katherine J. Neikirk
Morris James, LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19899

I further certify that on July 5, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**
Scott L. Winkelman
Monica M. Welt
Crowell & Moring LLP
1001 Pennsylvania Ave. N.W.
Washington, D.C. 20004-2595

Steven J. Fineman (#4025)

RLF1-3174800-1