# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JEFFREY L. MOYER
DIRECTOR

DIRECT DIAL NUMBER
302-651-7525
MOYER@RLF.COM

September 26, 2007

**VIA E-FILING and HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

      Re:    **Solae LLC v. Hershey Canada Inc.,**
               **C.A. No. 07-140-JJF**

Dear Judge Farnan:

      I write to advise the Court of recent developments in the related proceedings between the parties pending in the Ontario Superior Court of Justice. As the Court may recall, on August 22, 2007, the Ontario Court denied Solae LLC's motion to stay the Ontario Action in favor of this case. See D.I. 40.

      Solae has elected not to appeal the Ontario Court's decision and on September 24, 2007 Solae filed its Statement of Defense and Counterclaim in the Ontario Action. Thus, Solae has consented to proceeding in the Ontario Action. A copy of Solae's Statement of Defense and Counterclaim is enclosed as Exhibit A for Your Honor's convenience.

      As always, should Your Honor have any questions or require additional information, counsel remains available at the Court's convenience.

                                        Respectfully submitted,

                                        Jeffrey L. Moyer (#3309)

JLM/th
Enclosures
cc:    Clerk, U.S.D.C. (via e-filing)
        P. Clarkson Collins, Jr., Esq. (via hand delivery)
        Katherine J. Neikirk, Esq. (via hand delivery)
        Scott L. Winkelman, Esq. (via Federal Express)
        Monica M. Welt, Esq. (via Federal Express)

RLF1-3205693-1

# EXHIBIT A

Court File No.: 07-CV-329291PD2

*ONTARIO*
SUPERIOR COURT OF JUSTICE

BETWEEN:

HERSHEY CANADA, INC.

Plaintiff

- and -

SOLAE, LLC

Defendant

# STATEMENT OF DEFENCE AND COUNTERCLAIM

1. The Defendant, Solae, LLC ("Solae"), admits the allegations contained in paragraphs 2, 3 (only the first sentence, and only as at the time of the events which gave rise to this action) and 16 (with the exception of the first and third sentences) of the Statement of Claim

2. Solae has no knowledge, or insufficient knowledge for the purpose of pleading, of the allegations contained in paragraph 3 (except the first sentence) of the Statement of Claim.

3. Except as may be otherwise admitted herein, Solae denies all of the other allegations contained in the Statement of Claim.

**Parties**

4 Solae is a limited liability corporation organized pursuant to the laws of the State of Delaware, effective April 1, 2003. Solae is the successor corporation of two other corporations (hereafter, Solae and its predecessors will be referred to collectively as "Solae").

- 2 -

5.  Solae manufactures and sells a range of soy-ingredient products including textured vegetable proteins, textured and functional soy concentrates, soy protein isolates, lecithins and polymers

6.  The plaintiff, Hershey Canada Inc ("Hershey"), is related to The Hershey Company ("Hershey Co."). Hershey Co is incorporated under the laws of Delaware and based in Hershey, Pennsylvania.

**Course of Dealing – Terms of Contract Between the Parties**

7.  Hershey and Hershey Co. had been purchasing various soy-ingredient products from Solae for several years prior to the purchases which are the subject of this legal proceeding

8.  A set of contractual terms, entitled "Conditions of Sale", was included with Order Confirmation and Invoice documents which Solae repeatedly sent to Hershey and Hershey Co. in their purchase transactions over the years.

9.  Clause 18 of the Conditions of Sale provides that:

> "This Agreement contains all of the terms and conditions with respect to the purchase and sale of the Products sold hereunder. . . Unless Buyer shall notify Seller in writing to the contrary as soon as practicable after receipt of this Agreement by Buyer, Buyer shall be deemed to have accepted the terms and conditions hereof and, in the absence of such notification, Buyer's acceptance of the Products shall be equivalent to Buyer's assent to the terms and conditions hereof."

10. The Conditions of Sale were terms of Hershey's and Hershey Co.'s contracts to purchase products from Solae.

- 3 -

## The Contract

11. In late 2005 or early 2006 Solae and Hershey Co. (on behalf of Hershey) agreed that the price of US$1.2565 per pound would apply to purchases of a soy-lecithin product – "SOLEC™IP" – by Hershey from Solae in 2006. At that time, the parties discussed projected volumes but they did not contractually agree on a quantity of SOLEC™IP that Hershey would purchase in 2006.

12. On or about June 21, 2006, Hershey's representative at its Smith Falls plant sent Solae a purchase order for some SOLEC™IP. The Purchase Order stated:

   (a) Hershey would purchase 39,682.8 pounds of SOLEC™IP;

   (b) Hershey would pay a price of US$49,861.44 (being the product of 39,682.8 pounds multiplied by the previously-agreed unit price of US$1.2565 per pound);

   (c) The product would be delivered by Solae to a specified location near Hershey's Smith Falls plant on September 29, 2006; and

   (d) Hershey would pay the purchase price "within 30 days due net".

13. On or about June 23, 2006, Solae sent an Order Confirmation to the designated representative at Hershey's Smith Falls plant.

14. Pursuant to the past business practice between the parties (described above), the Conditions of Sale were terms of this sale transaction (the "Contract").

15. Solae shipped the quantity of SOLEC™IP on September 27, 2006. Solae sent its invoice ("the Invoice") to Hershey. Hershey accepted the SOLEC™IP, and Hershey received and paid Solae's Invoice.

- 4 -

**Terms of Contract**

16. Pursuant to clause 17 of the Conditions of Sale, "[the Contract] is to be construed and the respective rights of the Buyer [Hershey] and Seller [Solae] are to be determined according to the laws of the State of Delaware, U.S.A ---."

17. As permitted by Delaware law, the warranty provided by Solae was limited. Clause 2 of the Conditions of Sale states Solae's warranty respecting the quality and condition of the SOLEC IP, as follows:

> 2   Seller [Solae] warrants only to Buyer [Hershey] that the Product delivered hereunder meets Seller's standard specifications for the Product as in effect on the date of shipment or such other specifications as may have been expressly agreed to herein. EXCEPT AS EXPRESSLY PROVIDED IN SECTION 6 [re patent infringement] HEREOF, SELLER MAKES NO EXPRESSED OR IMPLIED WARRANTY (INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ARISING FROM ANY COURSE OF DEALING OR TRADE USAGE) REGARDING THE PRODUCT. Buyer, having the expertise and knowledge in the intended use of the Product and any articles made therefrom, assumes all risk and liability for results obtained by the use of the Product, whether used alone or in combination with other materials.

18. Clauses 4 and 5 of the Conditions of Sale provide that Hershey's remedy for any claim shall be limited to a refund of the purchase price of the subject SOLEC™IP (clauses 4 and 5 are quoted in full in paragraph 29, below).

**No Breach of Obligations**

19. Solae complied with its warranty and other contractual obligations.

20. Contrary to the allegations contained in the Statement of Claim, Solae did not breach the Contract, and Solae was not negligent.

- 5 -

21      In the alternative, if the SOLEC™IP was defective, which is denied, Hershey caused or contributed to its losses through its own negligent acts and omissions, examples of which include, among other things:

    (a)    Hershey failed to inspect or conduct adequate and timely quality assurance testing of ingredients used in its manufacturing process at the Smith Falls plant;

    (b)    Hershey failed to adopt appropriate policies, practices and procedures for ensuring that (i) it maintained reasonably hygienic conditions at its Smith Falls plant; and (ii) its finished products were free of contamination;

    (c)    To the extent that Hershey had adopted any such policies, practices and procedures referred to above, Hershey failed to implement such policies, practices and procedures;

    (d)    Hershey failed to detect the presence of contamination in a reasonably timely manner; and

    (e)    Hershey failed to suspend production at the Smith Falls plant in a reasonably timely manner after it had detected the presence or potential presence of contamination

22      Where any damages are potentially recoverable in tort, Title 10, Section 8132 of the Delaware Code provides that (a) if a plaintiff's negligence exceeds 50%, the plaintiff is not entitled to recover damages and (b) if a plaintiff's negligence is 50% or less, the amount of damages recoverable is to be diminished in proportion to the percentage amount of negligence of the plaintiff.

23      Hershey's negligence exceeded 50%. Therefore, Hershey is not entitled to recover damages from Solae. In the alternative, if Hershey's negligence was 50% or less, then the extent of Solae's liability for any damages that may be recoverable is reduced in accordance with the degree of negligence attributable to Hershey.

- 6 -

24. In the alternative, if Ontario law governs, Solae pleads and relies upon the provisions of the *Negligence Act*, R.S.O. 1990, c.N-1 in respect of the reduction of Hershey's damages in proportion with Hershey's contributory negligence

**Limitation of Damages**

25. If this court should find Solae liable to Hershey to any extent, Solae denies that Hershey has suffered the damages claimed in the Statement of Claim or that such damages are recoverable.

26. The damages claimed by Hershey are excessive, overly remote and not causally-related to any acts or omissions of Solae.

27. Further and in any event, Hershey is not legally entitled to the damages claimed. The damages which have been allegedly suffered by Hershey are in the nature of pure economic loss, and are not recoverable in tort under the common law of Delaware.

28. In the alternative, if Ontario law governs, Hershey is similarly precluded from recovering damages for pure economic loss in tort.

29. Similarly, Hershey has no right of entitlement to the damages claimed in breach of contract. Pursuant to the Contract, Hershey's remedy is limited to a refund of the amount of the price it paid to Solae for the SOLEC IP (US$49,861.80). Clauses 4 and 5 of the Contract provide:

> 4. BUYER'S [Hershey's] EXCLUSIVE AND SOLE REMEDY FOR ANY CLAIM SHALL BE A REFUND OF THE AMOUNT OF THE PURCHASE PRICE PAID FOR THE PRODUCT IN RESPECT OF WHICH DAMAGES ARE CLAIMED, AND IN NO EVENT SHALL SELLER'S [Solae's]

LIABILITY FOR ANY CLAIM BE GREATER THAN THAT AMOUNT.

5. NEITHER PARTY SHALL BE LIABLE FOR SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION OR ANY OTHER LOSS), WHETHER OR NOT CAUSED BY OR RESULTING FROM THE BREACH OF CONTRACT, NEGLIGENCE OR OTHER WRONGFUL ACT OR OMISSION OF SUCH PARTY EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

30. In the alternative, to the extent that Hershey is entitled to recover any damages for any losses incurred, which is denied, Hershey failed to mitigate its damages, and its damages should be limited accordingly. Under the common law of Delaware, a plaintiff has an obligation to mitigate its damages, and a plaintiff is barred from recovering damages that could have been avoided through the exercise of reasonable mitigation steps.

31. In the alternative, if Ontario law governs, Hershey's damages should similarly be reduced for Hershey's failure to fulfill its duty to mitigate.

32. Particulars of Hershey's failure to mitigate include, among other things:

    (a) Hershey failed to inspect or conduct adequate and timely quality assurance tests of the SOLEC™IP before commencing to use it in the manufacturing process at the Smith Falls plant;

    (b) Hershey continued producing products at the Smith Falls plant after it knew, or had a reasonable basis to believe, that salmonella was present in the plant;

    (c) Hershey continued distributing products from the Smith Falls plant after it knew, or had a reasonable basis to believe, that salmonella was present in the plant;

    (d) Hershey delayed unduly in commencing to recall potentially affected products;

    (e) Hershey conducted the product recall, the factory rehabilitation, and the product storage and disposal process, inefficiently and ineffectively;

- 8 -

(f) Hershey's product recall was overly broad and excessive, resulting in the recall of significant quantities of product that were not contaminated;

(g) Hershey lacked adequate emergency response and contingency plans for managing this type of adverse event;

(h) Hershey failed to take any and all reasonable steps to find and utilize alternative sources of supply of products to customers of the Smith Falls plant during the times that production at the Smith Falls plant was suspended (e.g. drawing on the inventories and resources of other Hershey and Hershey Co. manufacturing plants);

(i) Hershey failed to take any and all reasonable steps to make alternative use of its supplies of other ingredients at the Smith Falls plant which were not affected by the alleged contamination; and

(j) Hershey paid claims of its customers and other suppliers indiscriminately and unreasonably, without conducting an appropriate investigation, without legal obligation to pay such claims, and without notice to or input from Solae

33. Contrary to paragraphs 21(g) and (h) of the Statement of Claim, at the times material to this action Hershey caused or contributed to any alleged damage to its reputation by announcing its decision to close its plant in Smith Falls and to lay-off virtually all of its employees at the Smith Falls plant, and to transfer the Smith Falls production capacity (and the corresponding employment) from Canada to Mexico.

34. In addition, Hershey caused damage to its reputation by negligently permitting recalled products to re-enter the marketplace months after its recall, resulting in a second recall of the same products.

35. Based on the foregoing, this action should be dismissed with costs to Solae.

- 9 -

## COUNTERCLAIM

36.  Solae claims against Hershey, for:

   (a) The sum of Canadian currency sufficient to purchase the amount of US$49,861.80 at a bank in Ontario listed in Schedule 1 to the Bank Act (Canada) at the close of business on the first day on which the bank quotes a Canadian dollar rate for purchase of US currency before the day payment of this obligation is received by Solae, for breach of contract;

   (b) Prejudgment interest pursuant to s. 128 of the *Courts of Justice Act*, R.S.O. 1990, c.C-43, as amended;

   (c) Post-judgment interest pursuant to s. 129 of the *Courts of Justice Act*, R.S.O. 1990, c.C-43;

   (d) Costs of this entire action, including the defence of this action and the conduct of this counterclaim; and

   (e) Such further and other relief as this Honourable Court may deem just.

37.  Solae repeats and relies upon the allegations contained in the Statement of Defence above.

38.  On or about October 17, 2006, Hershey sent a Purchase Order to Solae by which Hershey offered to purchase from Solae 39,682.8 pounds of SOLEC™IP at the price of US$49,861.44 (based on the previously-agreed unit price for 2006 of US$1.2565 per pound), to be delivered to Hershey's designated location on November 14, 2006.

39.  On or about October 18, 2006, Solae sent an Order Confirmation to Hershey. Pursuant to the Order Confirmation, Solae agreed to sell the specified quantity (converted to metric units of measurement) of SOLEC™IP at the price of $49,861.80, and to be delivered on November 14, 2006. The Conditions of Sale were terms of this contract.

- 10 -

40.     On or about December 8, 2006, Hershey gave notice to Solae that it was terminating this contract, and that it would not accept delivery of or pay for this quantity of SOLEC™IP. By that date, Solae had already manufactured this lot of SOLEC™IP for the purpose of its sale to Hershey under this contract.

41     In so acting, Hershey repudiated this contract and is liable to Solae for the price payable under this contract.

September 24, 2007

FASKEN MARTINEAU DuMOULIN LLP
Barristers & Solicitors
66 Wellington Street West
Suite 4200, Toronto Dominion Bank Tower
P.O. Box 20, Toronto-Dominion Centre
Toronto, Ontario  M5K 1N6

**Peter J. Pliszka** (LSUC#29634T)
Tel: 416 868 3336
**Robin P. Roddey** (LSUC#38427G)
Tel: 416 865 4473
Fax: 416 364 7813
Solicitors for the Defendant

TO:   McMILLAN BINCH MENDELSOHN LLP
Barristers & Solicitors
BCE Place, Suite 4400
Bay Wellington Tower
181 Bay Street
Toronto, Ontario  M5J 2T3

**Scott Maidment** (LSUC #33797R)
Tel: 416 865 7911
**Lisa Parliament**
Tel: 416 865 7801
Fax: 416 865 7048
Solicitors for the Plaintiff

| Hershey Canada, Inc. | - and - | Solae, LLC | Court File No.: 07-CV-329291PD2 |
|---|---|---|---|
| Plaintiff | | Defendant | ***ONTARIO*** <br> **SUPERIOR COURT OF JUSTICE** <br><br> Proceeding commenced at Toronto <br><br><br> **STATEMENT OF DEFENCE AND COUNTERCLAIM** <br><br><br> **FASKEN MARTINEAU DUMOULIN LLP** <br> Barristers and Solicitors <br> Box 20, Suite 4200 <br> Toronto-Dominion Centre <br> Toronto, ON  M5K 1N6 <br><br> Peter J. Pliszka (LSUC#29634T) <br> Tel: 416 868 3336 <br> Robin P. Roddey (LSUC#38427G) <br> Tel: 416 865 4473 <br> Fax: 416 364 7813 <br> Solicitors for the Defendant |

DM_TOR/272673-00001/2292457.1